**FILED**
AUG. 18, 2006
AUG 18 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation,<br><br>Defendants. | 06CV4481<br>JUDGE ZAGEL<br>MAG. JUDGE ASHMAN<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Dr. Leonard E. Saltzman, individually and on behalf of all others similarly situated, alleges as and for his Class Action Complaint against defendants Pella Corporation and Pella Windows and Doors, Inc. (collectively "Pella" or "Defendants"), upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation made by his attorneys, as follows:

### INTRODUCTION

1. This is a proposed class action brought by Plaintiff on behalf of himself and other consumers of Pella brand windows and doors (collectively, "Pella windows"), as defined more fully herein. Plaintiff and the proposed class are owners of structures that contain Pella aluminum-clad windows. Unknown to Plaintiff and the Class, Pella aluminum-clad windows contain a latent defect that allows water to penetrate and leak behind the aluminum cladding, resulting in premature wood rot and other physical damage to both the window and main structure. Pella's acts and omissions in connection with its sale and delivery of these defective

windows violate the consumer protection laws of the states of residence of Plaintiff and the other members of the class, and constitute common law fraud, breach of implied warranty and unjust enrichment.

## PARTIES

2. *Dr. Leonard E. Saltzman.* Plaintiff Dr. Leonard E. Saltzman is a natural person and citizen of Illinois.

3. *Pella Corporation.* Defendant Pella Corporation is a corporation organized under the laws of Iowa with its principal place of business in Pella, Iowa.

4. *Pella Windows and Doors, Inc.* Defendant Pella Windows and Doors, Inc., is a Delaware corporation with its principal place of business in Pella, Iowa.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1332(d)(2)(A) in that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the putative plaintiff class are citizens of States different from Defendants.

6. Venue is proper pursuant to 15 U.S.C. § 80b-14 and 28 U.S.C. § 1391. Defendants regularly transact and solicit business in this District.

## OVERVIEW

7. This case concerns Pella's failure to disclose to purchasers of its aluminum clad windows and doors (collectively, "Pella windows") that there was a substantial risk those windows would develop leaks because of the defect alleged herein, and that (a) the defect might not exhibit itself until after the warranty period expired, and that (b) if the latent defect did not exhibit itself until after the warranty expired, Pella was not committing to repair it.

8. In essence, Pella knew, prior to sale to Plaintiff and the Class that, for the indefinite future, there was a substantial risk that its windows would leak. Nevertheless, Pella failed to disclose that risk and thereby deprived consumers of the opportunity to negotiate additional warranty coverage, negotiate a lower price to reflect the risk or simply avoid the risk altogether by purchasing a different manufacturer's windows. Thereafter, the undisclosed risk occurred – Plaintiff's windows (and thousand of others) have leaked – and Plaintiff and the Class have been damaged in the amount it will cost, or they paid, to repair the condition.

9. U.S. consumers reasonably expect that their windows will not leak due to defective design and manufacturing processes, and U.S. consumers simply had no expectation that Pella's windows would leak.

10. Further, consumers reasonably expect that if Pella knew that it had an inherent defect problem with leaks developing:

    (a)    that a manufacturer such as Pella would make a disclosure to consumers if it determined there was a widespread leakage problem – i.e., that Pella would make a disclosure if it determined that the leakage risk was no longer insubstantial;

    (b)    that a manufacturer such as Pella would repair the latent defect – even if the defect did not exhibit itself until after the warranty period expired – because the potential causes of the defect are within the control and responsibility of the manufacturer (not the consumer).

## PELLA'S CONDUCT WITH RESPECT TO THE WIDESPREAD LEAKAGE PROBLEM AT ISSUE HERE

11. Prior to plaintiff's purchase, if not before, Pella was aware that its windows contained an inherent defect that permitted leakage.

12. Pella knew (or but for its reckless indifference would have known) that it was receiving and was going to continue receive reports of leakage. Based on its leakage experience, Pella also knew that even if it diligently investigated its widespread problem, it could take years to: (a) determine why the problem had developed, (b) conclude what steps should be taken to solve the problem, and then (c) implement those fixes.

13. Thus, Pella knew (or but for its reckless indifference would have known) that for the indefinite future: (a) the risk of leakage was substantial, (b) Pella's customers were unaware of that substantial risk, and (c) those customers had a reasonable expectation that Pella would disclose that risk and cure the latent defect, even if the defect (leakage) did not exhibit itself until after the warranty period had expired.

14. Despite such knowledge, Pella did not disclose to prospective purchasers that: (a) there was a substantial risk there windows would manifest the defect (leaks), (b) the defect might not exhibit itself until after the warranty expired, and that (c) if the latent defect did not exhibit itself until after the warranty expired, Pella was not committing to repair it.

15. On information and belief, in an attempt to correct the defect, Pella recently changed the way it applies glue sealant to the window's sash line. While the sealant had previously been applied manually, in or about April 2006, Pella purchased a new million-dollar machine that now applies the glue sealant.

## NAMED PLAINTIFF'S ALLEGATIONS

16. On or about August 31, 1995, Plaintiff purchased several Pella "ProLine" aluminum-clad wood windows for installation at his residence in Lake Forest, Illinois. The cost of the windows and installation was $29,846.03.

17. Pella aluminum-clad wood windows, unknown to Plaintiff, were defective in that they allowed water to penetrate the area behind the aluminum cladding, which caused condensation, wood rot, leaks and other failures.

18. The characteristics of the window defect (that allowed for the water to penetrate the aluminum cladding) were present in the windows when they left the factory, and were part of the window by design and manufacture.

19. In or about May, 2005, Plaintiff discovered that the aforementioned defect resulted in damage to the windows and main structure of his home.

20. Upon discovering the aforesaid damage, Plaintiff contacted Pella and requested repair or replacement of the windows at Pella's expense, which it refused on grounds that the windows were no longer under warranty.

21. Pella further, as part of its scheme to defraud, attributed the damage to faulty installation.

22. The latent defect described herein is found on Pella's ProLine, Architect Series and Designer Series aluminum-clad windows. With respect to the defect at issue, these aluminum-clad wood windows share the same design characteristics and manufacturing methods. The design characteristics and manufacturing methods used by Pella to produce aluminum-clad wood windows resulted in the damages caused Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class defined below.

### A. Class Definition(s)

24. The Class consists of:

> All persons who own a structure with Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors (the "Class").[1]

25. (Alternative) Illinois-only sub-class:

> All persons who own a structure, on property located in Illinois, with Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors (the "Class").

Excluded from the Class are: Defendants, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, and the presiding judge(s) in this case and his, her or their immediate family.

### B. Numerosity

26. At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiffs believe that the Class members are so numerous that joinder of all members is impracticable. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery.

---

[1] Plaintiff reserves the right to amend the class definition based upon future investigation, discovery and the proofs at trial.

### C. Commonality

27. There are questions of law or fact common to the class, including at least the following:

(a) Whether Pella aluminum clad windows and doors contain the latent defect alleged herein;

(b) Whether the complained of defect caused the damages of Plaintiff and other members of the Class;

(c) Whether Defendants had actual or imputed knowledge of the defect but did not disclose such defect to Plaintiff or the Class;

(d) Whether Defendants had a pattern and practice of attributing the damages claimed by Plaintiff and the Class to "faulty installation" or improper maintenance, and not due to the complained of defect;

(e) Whether Defendants' conduct constitutes consumer fraud and/or common law fraud;

(f) Whether Defendants were unjustly enriched by their conduct;

(g) Whether Plaintiff and other members of the Class have been damaged, and if so, what is the proper measure of such damages?

### D. Typicality

28. Plaintiff has the same interests in this matter as all other members of the Class, and his claims are typical of all members of the class.

E. **Adequacy**

29. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class members and does not have interests adverse to the Class.

F. **The Prerequisites of Rule 23(b)(2) are Satisfied**

30. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

31. The prosecution of separate actions by members of the class would create a risk of establishing incompatible standards of conduct for Defendants. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of Class members, who would not be parties to those actions.

32. Defendants' actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the class as a whole.

33. Defendants' systemic policy and practices make declaratory relief with respect to the class as a whole appropriate.

G. **The Prerequisites of Rule 23(b)(3) are Satisfied**

34. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication

of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class defined above.

## FRAUDULENT CONCEALMENT

35. Throughout the Class period, Defendants affirmatively concealed from Plaintiff and Class the defect described herein.

36. Defendants had a duty to inform Plaintiff and Class of the defect described herein, which it knew of or should have known. Notwithstanding their duty, Defendants never disclosed the defects to Plaintiff or the Class; rather, Defendants attributed resulting damage to faulty installation, maintenance or other third-party conduct.

37. Despite exercising reasonable diligence, Plaintiff and Class could not have discovered the defects or Defendants' scheme to avoid disclosure of the defect. Thus, running of the statute of limitations has been tolled with respect to any claims that Plaintiff or the Class have brought or could have brought as a result of the unlawful and fraudulent course of conduct described herein.

38. Defendants are further estopped from asserting any statute of limitations defense, contractual or otherwise, to the claims alleged herein by virtue of its acts of fraudulent concealment.

## CAUSES OF ACTION

### COUNT I
### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and Substantially Similar Laws of Other States)

39.  Plaintiff repeats and realleges the allegations of the prior paragraphs as if fully stated herein.

40.  At all times relevant hereto, there was in full force and effect the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. and substantially similar state consumer protection statutes (the "Act"). Similar statutes, identical in their material respects, are in effect in most other jurisdictions within the United States.[2]

41.  Section 2 of the Act provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of or employment of any deceptive, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby, In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2 (footnotes omitted).

42.  Plaintiff and other Class members, as purchasers of Pella windows, are consumers within the meaning of Consumer Fraud Acts given that Defendants' business activities involve

---

[2] The consumer fraud claims of Plaintiff and resident absent class members is brought under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. The consumer fraud claims of nonresident absent class members are brought under the consumer protection statute(s) of their respective states of residence.

trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

43. Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, renders unlawful the "use or employment of any deception [including the] concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the conduct of any trade or commerce..." Illinois case law holds that reliance on the deception is not an element of a consumer fraud claim.

44. Except as noted below, the consumer fraud statutes and/or interpretative case law of Illinois' sister states have also either: (a) expressly prohibited omissions of material fact, without regard for reliance on the deception, or (b) have not addressed those issues.[3]

45. Once the defect's risk became significant, consumers (such as Plaintiff) were entitled to disclosure of that fact because:

(a) A significant risk of leakage would be a material fact in a consumer's decision-making process, and

(b) Without Pella's disclosure, consumers would not know that there is any risk of leakage.

46. Moreover, because Pella's warranties are limited in duration, consumers were further entitled to know that leakage might not exhibit itself until after their warranties expired, and if that occurred, Pella was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiff's) purchase decisions.

---

[3] Excluded from the consumer fraud class are: (1) all persons and commercial entities in Indiana, Iowa and Utah, and (2) all commercial entities in the District of Columbia, Florida, Hawaii, Kansas, Kentucky, Maine, Maryland, Michigan, Mississippi, Missouri, Montana, Ohio, Oregon, Rhode Island, Vermont, Virginia, West Virginia and Wyoming.

-11-

47. Pella intended that Plaintiff and the Class would rely on the deception by purchasing its windows, unaware of the material facts described above. This conduct constitutes consumer fraud within the meaning of the various consumer protection statutes.

48. Plaintiff and the Class have been damaged by Pella's deception because: (a) they purchased Pella windows that developed the undisclosed risk/defect – leakage, (b) in many instances the condition exhibited itself after Plaintiff's warranty period expired, and (c) Pella refused to pay to repair the condition because the warranty had expired.

49. If Pella had disclosed the above facts to Plaintiff, he could have (and would have) prevented economic injury by either negotiating additional warranty coverage, negotiating a lower price to reflect risk or simply avoiding the risk altogether by purchasing a different manufacturer's windows.

50. Defendants have committed deceptive acts or practices within the meaning of the Act by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

51. Defendants' conduct alleged herein is furthermore unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

52. As a direct and proximate result of the unfair acts or practices of Defendants alleged herein, Plaintiff and other members of the Class were damaged.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

C. Entering judgment in favor or Plaintiff and the Class and against Defendant;

D. Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon; and

E. Granting such further relief as the Court deems just.

## COUNT II
### (Violation of the Uniform Deceptive Trade Practices Act)

53. Plaintiff repeats and realleges the allegations of the prior paragraphs as if fully stated herein.

54. At all times relevant hereto, there was in full force and effect the Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS 510/1. Similar statutes, identical in their material respects, are in effect in most other jurisdictions within the United States.

55. The UDTPA prohibits, *inter alia*, representing that goods have characteristics, ingredients, uses, or benefits that they do not have. 815 ILCS 510/2(5).

56. Defendants have committed deceptive acts or practices within the meaning of UDTPA by engaging in the acts and practices alleged herein, including, but not limited to, its failure to disclose the material defects.

57. As a result of Defendants' violation of UDTPA, Plaintiff and other members of the Class sustained a loss or damages.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

C. Entering judgment in favor or Plaintiff and the Class and against Defendant;

D. Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon; and

E. Granting such further relief as the Court deems just.

## COUNT III
### (Common Law Fraud by Omission)

58. Plaintiff repeats and realleges the allegations of the prior paragraphs, as if fully stated herein.

59. Pella, through its experience, was in a position of superiority over Plaintiff and class members with respect to knowledge that: (a) there was a substantial risk that its windows would develop leaks, (b) the defect might not exhibit itself until after the warranty period expired, and that (c) Pella was not committing to repair the latent defect if it exhibited itself after the warranty period expired.

60. In other words, once the risk of the leaks became significant, consumers (such as Plaintiff) were entitled to disclosure of that fact because:

(a) A significant risk of window leakage would be a material fact in a consumer's decision-making process; and

(b) without Pella's disclosure, consumers would not know that there is any risk of leakage.

61. Moreover, because Pella's warranties are limited in duration, consumers were further entitled to know that leakage might not exhibit itself until after their warranties expire, and if that occurred, Pella was not committing to repair the condition. All of these facts were material to consumers' (such as Plaintiff's) purchase decisions.

62. Plaintiff and the class reasonably relied on Pella to disclose those material facts. If Pella had disclosed the above facts to Plaintiff and the Class, they could have (and would have) prevented economic injury by either negotiating additional warranty coverage, negotiating a lower price to reflect the risk or simply avoiding the risk by purchasing a different manufacturer's windows.

63. Pella failed to disclose those material facts and, as a proximate result, Plaintiff and the Class have been damaged because: (a) they purchased Pella windows that developed the undisclosed risk – leakage, (b) the condition exhibited itself after Plaintiff's warranty period expired, and (c) Pella refused to repair the condition because the warranties had expired.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B.  Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

C.  Entering judgment in favor or Plaintiff and the Class and against Defendant;

D.  Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon; and

E.  Granting such further relief as the Court deems just.

## COUNT IV
### (Breach of Implied Warranty of Merchantability)

64. Plaintiff repeats and realleges the allegations of the prior paragraphs as if fully stated herein.

65. At all times relevant hereto, there was duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used, and that product be acceptable in trade for the product description.

66. Notwithstanding the aforementioned duty, at the time of delivery, Pella aluminum-clad windows sold to Plaintiff and the Class were not merchantable.

67. As documented in its own business records and elsewhere, Defendants were notified that its aluminum-clad windows were not merchantable with a reasonable time after the latent defect manifested itself to Plaintiff and the Class.

68. As a result of the non-merchantability of the Pella aluminum-clad windows described herein, Plaintiff and other members of the Class sustained a loss or damages.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

C. Entering judgment in favor or Plaintiff and the Class and against Defendant;

D. Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon; and

E. Granting such further relief as the Court deems just.

## COUNT IV
## (Unjust Enrichment
## (Alternative Count)

69. Plaintiff repeats and realleges the allegations of the prior paragraphs, as if fully stated herein.

70. Plaintiff and the Class have conferred benefits on Defendants by purchasing Pella windows.

71. Defendants have knowingly and willingly accepted these benefits from Plaintiff and the Class.

72. Under the circumstances, it is inequitable for Defendants to retain these benefits at the expense of Plaintiff and the Class.

73. Defendants have been unjustly enriched at the expense of and detriment of Plaintiff and the Class by wrongfully collecting money to which Defendants, in equity, is not entitled.

74. Plaintiff and the Class are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants, plus interest thereon.

75. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiffs and the Class.

76. Plaintiff and the Class have no adequate remedy at law.

77. Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of all reimbursement, restitution and disgorgement from Defendants. Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

C. Entering judgment in favor or Plaintiff and the Class and against Defendants;

D. Awarding Plaintiff and Class members their individual damages and attorneys' fees and allowing costs, including interest thereon; and

E. Granting such further relief as the Court deems just

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: August 18, 2006

Respectfully submitted,

**DR. LEONARD E. SALTZMAN,**
**Class Plaintiff,**

By: _____
One of His Attorneys

Paul M. Weiss
William M. Sweetnam
Jonathan B. Piper
George K. Lang
**FREED & WEISS LLC**
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

Bradley M. Lakin
Charles Chapman
**THE LAKIN LAW FIRM, P.C.**
301 Evans Avenue, P.O. Box 27
Wood River, Illinois 62095

Jonathan Shub
**SHELLER LUDWIG & SHELLER**
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102

**Attorneys for Plaintiff and**
**Proposed Class**