**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, LUBO and MAIRA HADJIPPETKOV, WILLIAM and NANCY EHORN, individually and on behalf of all other similarly situated; Plaintiff,<br><br>v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, Defendants. | 06 CV 4481<br><br>**JUDGE ZAGEL**<br>**MAGISTRATE JUDGE ASHMAN**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' RULE 26(a)(1) DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Pella

Corporation ("Pella") and Pella Windows and Doors, Inc. ("PWD") (collectively "Defendants")

make the following disclosures concerning the disputed facts alleged in the pleadings:

**INTRODUCTORY STATEMENT**

The following disclosures are based on the information reasonably available to

Defendants as of today's date. By making these disclosures, Defendants do not represent that

they are identifying all documents, tangible things, electronically stored information ("ESI") or

witness possibly relevant to its claims in this lawsuit. Nor do Defendants waive their right to

object to the production of any document, tangible thing or ESI disclosed herein on the basis of

any privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection.

Rather, Defendants' disclosures represent a good faith effort to identify information they

reasonably believes to be relevant to the factual disputes alleged with particularity in the pleadings, as required by Fed. R. Civ. P. 26(a)(1).

Defendants make the following disclosures pursuant to Defendant's proposed Rule 26(f) discovery plan which proposes that discovery in this matter be conducted in two phases:

**Phase I:**     Discovery limited to those issues necessary for the determination of Rule 23 certification in order to ensure that a class certification decision be issued as soon as practicable

**Phase II:**    After the Court's decision regarding discovery, discovery on the merits of Plaintiffs' claims, either individually or on a class basis, depending on the outcome of class certification.

At the initiation of Phase II discovery, consistent with the parties' Rule 26(f) discovery plan, Pella will supplement these disclosures as necessary.

Defendants' Phase I disclosures are made without in any way waiving:

1.     The right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground to any such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action.

2.     The right to object on any and all grounds at any time to any other discovery request or proceeding involving or relating to the subject matter of these disclosures, including without limitation objections on the basis of the limited standard of review applicable in this case, any privilege, the work product doctrine, relevancy, or undue burden;

3.     The right to object to the production of any document, tangible thing or ESI disclosed in these disclosures on the basis of a privilege or other valid objection; and

4.     The right to object to the production of any document, tangible thing or ESI disclosed in these disclosures on the basis of confidentiality, absent an appropriate protective order.

2

## DISCLOSURES

All of the disclosures set forth below are made subject to the above objections and qualifications.

**I.    Rule 26(a)(1)(A):  Phase I Witnesses**

Defendants identify the following individuals who may have discoverable information that Defendants may use to support its defenses:

### A.    Pella

| Witness | Subject of Information |
|---|---|
| Andy Middleswart | Architect Series Casement Design; ProLine Series Casement Design |
| Jay Jungling | ProLine Series Casement Design |
| Bruce Sievers | Double Hung Design |
| Brian Kolb | Manufacturing Process |
| Tim Dorenkamp | Returns rate information |
| Brian Metcalf | ProLine Service Enhancement |
| Pella witness re inspection of plaintiffs' homes and installation issues generally | Once the inspection of plaintiffs' homes are scheduled and completed, Pella may identify additional witnesses re those inspection and installation issues in general |

### B.    PWD

| Witness | Subject of Information |
|---|---|
| Tom Wengel | Customer Service regarding Dr. Saltzman |

**II.    Rule 26(a)(1)(B):  Phase I Documents**

Defendants identify the following documents that are in Defendants' custody, possession, and control, and that Defendants reasonably believes it may use to support its position regarding Phase I issues:

3

**A.    Pella**

Defendants identify the following categories of documents as they relate to the Design and Architect Series casement and double-hung windows for the following vintages claimed to have been purchased by the named plaintiffs:

> **Vintage:**     1990 Architect
> 1992 ProLine
> 1996 ProLine
> 2001 Architect Series
> 2001 ProLine
> 2003 Architect Series

1. Advertisements

2. Installation Instructions

3. Owners Manuals

4. Architectural Design Manual

6. Warranties

7. Sales Figures

8. ProLine Service Enhancement Documents

9. R&A Data

10. ProLine and Architect Design Drawings for Casement and Double Hung windows.

**B.    PWD**

1. Sales records, if any, for named plaintiffs

1. Customer Service Records, if any, for named plaintiffs

**III.    Rule 26(a)(1)(C):  Damages**

N/A

4

IV.     **Rule 26(a)(1)(D):  Insurance**

Defendants have a variety of insurance policies in effect which may provide coverage for all or part of the claims herein.  Defendants' counsel is willing to provide more information as to available insurance, upon request by plaintiffs.

Dated: _Dec. 22_____, 2006

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone:  (312) 201-2121

and

_____
James A. O'Neal
John P. Mandler
Angela M. Crandall
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN  55402-3901
Phone:  (612) 766-7000

**ATTORNEYS FOR DEFENDANTS**

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, LUBO and
MAIRA HADJIPPETKOV, WILLIAM and
NANCY EHORN, individually and on behalf
of all other similarly situated; Plaintiff,

v.

PELLA CORPORATION, an Iowa
corporation, and PELLA WINDOWS AND
DOORS, INC., a Delaware corporation,
Defendants.

**06 CV 4481**

**JUDGE ZAGEL
MAGISTRATE JUDGE ASHMAN**

**JURY TRIAL DEMANDED**

**DEFENDANTS' RULE 26(a)(1) AND 26(f) DISCLOSURES REGARDING
ELECTRONICALLY STORED INFORMATION**

Pursuant to Rule 26(a)(1) and 26(f) of the Federal Rules of Civil Procedure, Defendants

Pella Corporation ("Pella") and Pella Windows and Doors, Inc. ("PWD") (collectively

"Defendants") make the following disclosures and proposals concerning the preservation of

discoverable information and the production and discoverability of electronically stored

information ("ESI").

**INTRODUCTORY STATEMENT**

The following disclosures are based on the information reasonably available to

Defendants as of today's date. By making these disclosures, Defendants do not represent that

they are identifying all ESI possibly relevant to Plaintiffs' claims in this lawsuit. Nor do

Defendants waive their right to object to the production of any ESI disclosed herein on the basis

of any privilege, the work-product doctrine, relevancy, undue burden, or any other valid

1

objection. Rather, Defendants' disclosures represent a good faith effort to identify any issues

relating to discovery of ESI  as required by Fed. R. Civ. P. 26(f)(3).

Defendants make the following disclosures pursuant to Defendant's proposed Rule 26(f)

discovery plan which proposes that discovery in this matter be conducted in two phases:

**Phase I:**    Discovery limited to those issues necessary for the determination of Rule
23 certification in order to ensure that a class certification decision be
issued as soon as practicable

**Phase II:**    After the Court's decision regarding discovery, discovery on the merits of
Plaintiffs' claims, either individually or on a class basis, depending on the
outcome of class certification.

At the initiation of Phase II discovery, consistent with the parties' Rule 26(f) discovery

plan, Pella will supplement these disclosures as necessary.

**I.      RETENTION**

**A.      Document Retention**[1]

Pella has issued the Document Retention Directive attached hereto as Exhibit A.   The

Directive was sent to: Pella - Finance; Executive Staff; Engineering; Marketing; Manufacturing

Managers; Production Managers; Architect, Designer and ProLine Series Wood Divisions;

Customer Service; IT Staff; Sales; National Accounts and dealer contacts as well as to additional

persons who may have functions related to these departments.   Periodic reminders are scheduled.

Individuals receiving the Directive are instructed to hold all documents relating to:

1.      Claimed defects, or performance or quality issues related to Pella ProLine,
Architect Series and Designer Series aluminum-clad windows and doors.

2.      The design, description, promotion, and advertisement of Pella ProLine, Architect
Series and Designer Series aluminum-clad windows and doors.

---

[1] Defendants disclose the terms of the Document Retention Directive put in place at the initiation of this litigation  in
order to comply with the requirements of Federal Rule of Civil Procedure 26(f) that the parties "discuss any issues
relating to preserving discoverable information."   Defendants do not waive any claim of attorney client privilege
attached to communications regarding the initiation of the Document Retention Directive.

2

4.     Any documents relating to standards and codes for quality and testing of Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors.

5.     Any documents relating to Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors quality control and testing.

Individuals were requested to continue to keep (documents related to the hold) as follows:

- <u>Hard copy documents</u>: at your desk or storage area.
- <u>E-mails</u>: In your normal storage folders or, if you need to remove them, move them to the "Saltzman (ProLine)" public folder in Outlook. The path is Public Folders \ All Public Folders \ Legal Dept. \ Saltzman (ProLine).
- <u>Electronic Documents</u>: In your normal storage folders, or if you need to remove them, drop them into the public folder on the network. The path is \\pelsithd\LegalFiles\Saltzman. (Alternatively, non-email electronic documents can be copied to your H:\ drive).

## B.    <u>Standard Back-up of ESI</u>

Defendants have the following procedures in place for backing up ESI

### 1.    **Pella**

**Server stored electronic files backed up (Pella, IA):**
- Bi-weekly (overwritten on a 14 day cycle)
- Monthly (kept for 2 years)
- Annually (kept indefinitely back to early 90's stored off-site)

**Server E-mail**
- Backed up for two weeks for disaster recovery purposes

### 2.    **Pella Window and Doors**

**Server stored electronic files backed up**
- Bi-weekly (overwritten on a 14 day cycle)
- Monthly (kept for 2 years)
- Annually (kept indefinitely back to late 90's stored off-site)

**Sever E-mail**
- Backed up for two weeks for disaster recovery purposes

### 3.    **Defendants' Position re Back-Up ESI:** Defendants do not have a retention policy that requires the periodic or scheduled deletion of ESI from any Pella system. Pella now has a hold order in place as set forth above. Therefore, protections have been put in place to protect existing ESI that may be related to this litigation from being deleted from Pella's

3

systems. Because of the retention system in place and because any potentially relevant data existing on back-up tapes is either redundant or not reasonably accessible because of undue burden and cost, Pella does not propose to search for or collect ESI from any of the back-up tapes identified above. Further, Pella does not propose to alter the overwriting of its bi-weekly and monthly back-up tapes. The Pella annual back-up tapes will continue to be retained indefinitely.

## II. DISCLOSURE OF ESI SOURCES RE PHASE I DISCOVERY

### A. Design Drawings

Pella will produce the window (casement and double-hung) design drawings for the following vintages claimed to have been purchased by the named plaintiffs:

| Vintage: | 1990 Architect |
|---|---|
| | 1992 ProLine |
| | 1996 ProLine |
| | 2001 Architect Series |
| | 2001 ProLine |
| | 2003 Architect Series |

**Suggested Format for Production:** While design drawings may exist as ESI, Pella maintains design drawings and design modifications as paper records in the normal course of business. Pella will produce design drawings for the vintages of the class representatives as scanned images, multi-page **.tif format** with endorsed bates labels and confidentiality designations, pursuant to the protective order. A load file is available upon request (document break and image path).

### B. ProLine Enhancement Information

ProLine Enhancement information is kept in electronic and paper. Paper forms are kept for each program participant. PWD maintains an excel spreadsheet which tracks this information.

**Suggested Format for Production:** Defendants will produce as .tif images non-privileged Pella documents that relate to the creation of the ProLine Enhancement program. Defendants will produce the excel spreadsheet in native form from PWD for ProLine Enhancement Program.

### C. Installation Instructions

Historical installation information is maintained in paper form and also included as part of the ADM (see below).

4

**Suggested Format for Production:** Defendants will produce as .tif images, the installation instructions specific to the windows purchased by the class members.

**D.    ADM (Architectural Design Manual)**

The Architectural Design Manual includes information on the window lines, including installation information and window options. This manual is used mostly by the branches in connection with sales and is historically maintained in electronic and paper format.

**Suggested Format for Production:** Defendants will produce, as .tif images, the information from the ADM resource specific to the windows purchased by named plaintiffs. A load file is available upon request (document break and image path).

**E.    PERL (Pella Electronic Reference Library)**

PERL is a Pella resource used by Pella and its branches that includes information such as the ADM, marketing programs, custom options and installation information.

**Suggested Format for Production:** Defendants will produce as .tif images, the information from the PERLS resource specific to the windows purchased by named plaintiffs. A load file is available upon request (document break and image path).

**F.    Warranty**

The Pella warranty information is supplied in paper form when windows are purchased. The Pella warranty is maintained as a paper record in the normal course of business.

**Suggested Format for Production:** Defendants will product the applicable warranties for the vintages of the named plaintiffs as .tif images, with a load file available upon request.

**G.    Sales Information**

Sales information is entered in electronic form into a Sybase database (PDQ Poets) initially and maintained in Pella's data-warehouse. We will provide sales information for the vintages[2] purchased by the class representatives.

**Suggested Format for Production:** The sales information will be exported from the Sybase database and produced in an excel spreadsheet.

_____

[2] Sales data for earlier vintages was maintained by "booked orders." Sales data is currently maintained by "shipped orders."

**H.     Returns and Allowances Database Information**

Pella maintains data specific to requests for credit for product or labor supplied pursuant to a Pella warranty. This information is maintained in an Oracle database. Defendants will produce the following information from the database for the vintages[3] purchased by the named plaintiffs:

Incidents of claims for returns and allowances compared to sales relating to the following problem codes:

| Old Code (to 1999) | New  Code (2000 to present) |
| --- | --- |
| frame wood rot | wood rot |
| sash/slab wood rot | |
| air infiltration | air infiltration |
| water infiltration | water infiltration |
| IG seal failure | glazing seal |
| glass IG seal failure | |
| sash/slab defective cladding | damaged defective cladding |

**Suggested Format for Production:** Pella will produce this information in an excel spreadsheet which includes the fields listed above.

**I.     Advertisements**

Pella maintains its advertisements in paper form in the normal course of business.

**Suggested Format of Production:** Advertisements for the vintages of the class representatives will be produced as images, multi-page **.tif format** with endorsed bates labels and confidentiality designations, pursuant to the protective order. A load file is available upon request (document break and image path).

## III.     DISCLOSURE OF ADDITIONAL ESI SOURCES

The following is a summary of additional sources of ESI, that may contain information related to Phase II issues regarding the merits of plaintiffs' claims:

---

[3]Because Pella's ten-year warranty was adopted mid-1996, data for vintages prior to 1997 is based on a one year warranty period only.

6

### A.    Other E-mail

Defendants use Microsoft Exchange for their e-mail system. They have used this for over 9 years. They are currently running Exchange 2003.

There are 3,500 active email mailboxes at Pella and 190 at PWD.

<u>Defendants' Position:</u>  No collection and production of individual email files for Phase I discovery. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery.

### B.    General User Files

Pella uses MS Office Suite applications. Users are given network space (home directory) to which they are able to store their documents. Local drives are generally synched up with the My Documents locations for users. Users also have the ability to store information on their local drive, although this is not encouraged.

<u>Defendants' Position:</u>  No collection and production from individual user files for Phase I discovery. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery.

### C.    Network Shares

Users typically have access to shared drives needed for the particular group for which they work.

<u>Defendants' Position:</u>  The majority of network shares are unrelated to Phase I class certification issues. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery. Defendants have identified specific files from network shares relevant to Phase I discovery issues identified in Pella's Rule 26(a)(1) disclosures as outlined above.

### D.    Testing Data

Pella conducts a number of different tests on its windows. Pella's lab test results are stored on a network share kept in Microsoft Word.

<u>Defendants' Position:</u>  The majority of network shares are unrelated to Phase I class certification issues. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery. Defendants have identified specific files from network shares relevant

to Phase I discovery issues identified in Pella's Rule 26(a)(1) disclosures as outlined above.

### E. Databases

Pella has potentially related data that is kept in a number of different databases, maintained in a variety of forms.

### 1. Manufacturing

#### Oracle and Related Programs

Pella maintains most of its manufacturing related databases in Oracle. Pella uses a legacy system for manufacturing of some product lines. Wood based windows (with the exception of ProLine, although not accessories) are run through the legacy system, Progress. Each plant has its own databases, and data sets, to track manufacturing (including quality).

<u>Defendants' Position:</u> No collection and production manufacturing related databases for Phase I discovery. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery.

### 2. Finance/Sales

Pella keeps its finance information in Oracle. Sales data regarding the vintages of the windows purchased by named plaintiffs data will be produced as discussed above.

### 3. Customer Service/Sales

#### a. ILS (Internet, Letters and Surveys)

Pella maintains an Access database that includes all correspondence and e-mails (through Pella.com) it receives from customers. It also includes information related to surveys that customers fill out and return to Pella. Letters are scanned into the system and a link is provided within the customer record through Oracle to the image. Pella's response letters are also included.

<u>Defendants' Position:</u> No collection and production from ILS database for Phase I discovery. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery.

8

    **b.**    **Customer Contact Database**

Pella maintains a Customer Contact Database is an Oracle database set up to track Dealer and National Account customer calls to the customer service department. Information specific to the call are entered into the database in various fields. Data is from February of 2003 to the present.

This type of data was previously stored in an Access database that spanned 1995-2003. During this time frame the data was split between Dealer and National Accounts.

<u>Defendants' Position:</u>  No collection and production from Customer Contact database for Phase I discovery. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery.

    **c.**    **Service Module (Sybase)**

The Service Module database is in Sybase SQL. The program started around 1998. This database tracks service information for warranty claims.

<u>Defendants' Position:</u>  No collection and production from Customer Contact database for Phase I discovery. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery.

    **d.**    **PDQ Poets (Sybase)**

PDQ/Poets is the Sybase database set up for order entry. Specific data imputed into this database will be exported along with the R&A and sales data as detailed above.

**4.**    **Quality Databases**

    **a.**    **Quality Alerts**

The Quality Alerts Database is an Access Database. MyPella.com supplies a form that is filled out by the dealers or national accounts related to quality observations in the field. The forms are e-mailed or faxed to Pella and the information is entered into the Quality Alerts Database and sent to the appropriate plant for further handling. Data goes back to September of 2002. For more recent

9

alerts, there may be links to photographs that are saved on the Pella network.

Defendants' Position: No collection and production from the Quality Alerts database for Phase I discovery. This information is being retained in accordance with the hold order, and discovery of the information can be addressed during Phase II discovery

**b.** **Plant Quality Databases**

Manufacturing quality is documented in databases maintained by each plant. This includes gauge tracking, mistake-proofing, etc. This information is tracked in a SQL database. As stated above, Defendants propose no collection and production of manufacturing related databases for Phase I discovery.

## IV. STANDARD PRODUCTION FORMAT FOR LITIGATION

Defendants propose that production of paper documents be made as scanned images, provided in multi-page .tif format with endorsed bates labels and confidentiality designations, pursuant to the protective order. Production of any e-mails, word documents, PDF files will be made in multi-page .tif format with endorsed bates labels and confidentiality designations, pursuant to the protective order. Load files (document break and image path) are available upon request. Text from documents originally stored in electronic form, will be provided along with the load file, upon request. (No text will be provided for those documents originally maintained in paper form). Database information will be produced as outlined above, typically in Excel or Access. For production of this type of information, the electronic file name will include an assigned tracking bates number. Designation of Confidentiality for this type of information will be noted in discovery pleading or cover letter designating confidentiality.

10

Dated: _Dec 22_____, 2006

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

and

James A. O'Neal
John P. Mandler
Angela M. Crandall
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

**ATTORNEYS FOR DEFENDANTS**

fb.us.1725127.01

11

# EXHIBIT A

Interoffice

**DOCUMENT RETENTION DIRECTIVE (LITIGATION NON- DESTRUCT)**

*Saltzman v. Pella Corporation*

**IMPORTANT NOTICE REGARDING DOCUMENT RETENTION**

Pella Corporation has been named in a lawsuit in Federal Court in Illinois seeking class certification of all persons who own a structure with Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors. The action alleges that there are defects in the design and manufacture of Pella's windows and doors, which allegedly result in water intrusion which causes property damage to the window/door and main structure.

Given this pending litigation, all related documents MUST be preserved and cannot be destroyed or discarded until further notice. Relevant documents include files, correspondence, memoranda, notes, reports, photographs, e-mails, databases, diaries, and any other written, recorded or electronically stored materials which in any way relate to these matters. Recipients of this notice should take appropriate steps to preserve any such relevant documents, including notification to other persons who have or control such relevant documents. Please follow the attached instructions for retention of e-mail and word documents that you no longer want on your system. Any document retention policy that would otherwise apply to these documents and which would otherwise permit their destruction is suspended until further notice.

**DOCUMENTS COVERED BY THIS ORDER:**

Any documents relating to:

1) Claimed defects, or performance or quality issues related to Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors.

2) The design, description, promotion, and advertisement of Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors.

4) Any documents relating to standards and codes for quality and testing of Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors.

5) Any documents relating to Pella ProLine, Architect Series and Designer Series aluminum-clad windows and doors quality control and testing.

If you have any questions regarding this notice please contact Theresa Keninger 641-621-6672 (Pella) or 515-254-1034 (Des Moines office) E-mail: THKeninger@Pella.com.

2

**USE OF CORPORATE RECORDS RETENTION FOLDER TO PRESERVE**

**YOUR E-MAILS AND ELECTRONIC DOCUMENTS**

**The following steps allow you to preserve documents and clear up space on your system. This should be used for documents covered by the RECORD RETENTION DIRECTIVE and to which you no longer need access.**

**E-MAILS**

1.    In Outlook there is a folder set up under Public Folders. When you expand the public folder tree you should see a subfolder titled "Legal Dept". Under the Legal Dept folder there is a subfolder "Saltzman (ProLine)".

2.    Please highlight any message which relates to this retention and drag the message to the "Saltzman (ProLine)" public folder.

**DOCUMENTS (WORD, EXCEL, ETC.)**

1.    For documents related to this record hold, we have set up a public folder on the network. The path is `\\pelsithd\LegalFiles\Saltzman`

2.    Please highlight and drag documents related to this retention to the folder named Saltzman.

3.    This is a write only folder, so you will not be able to open the folder.

3



UNITED STATES | ENGLAND | GERMANY | CHINA

JOHN P. MANDLER
jmandler@faegre.com
(612) 766-7221

February 14, 2007

George K. Lang Esq.
Freed & Weiss
111 West Washington, Suite 1331
Chicago, IL  60602

   Re: <u>Saltzman, et al. v. Pella, et al.</u>

Dear George:

  We are in receipt of Plaintiffs' First Set of Interrogatories to Defendants, Plaintiffs' First Set of Requests for Production to Defendants and Plaintiffs' Notice of Rule 30(b)(6) Deposition of Pella.  Attached hereto are objections by Pella Corporation and Pella Windows and Doors, Inc. to Plaintiffs' discovery.  We are serving our objections to the scope of Plaintiffs' Phase I discovery at this time before Defendants' answers are due so that the parties can meet and confer in attempt to resolve the dispute, before bringing the issue to the Court's attention.  As specifically identified in the attached objections, to the extent that plaintiffs' Interrogatories and Requests for Production are within the scope of Phase I discovery, defendants intend to respond by the deadline provided by the Federal Rules.

  Plaintiffs' discovery is contrary to the agreement between the parties to bifurcate discovery into two phases and violates the Joint Report of the Parties and Proposed Scheduling and Discovery Order stipulated to after much discussion and executed by counsel.  Many of Plaintiffs' document requests and interrogatories have no relevancy to the issue of class certification and are improper during Phase I of discovery.  Moreover, many of the discovery requests are, in general, overly broad and vague and not limited to Plaintiffs' allegations of defects in aluminum clad windows leading to wood rot.  We also note that Plaintiffs include requests for Designer Series information even though no named plaintiff alleges to have defective Designer Series windows.  For many reasons, this discovery would be overly broad and burdensome even without the stipulated bifurcation order.  With it, there is no excuse at all for this sort of discovery.

  We also have concerns with the scope of Plaintiffs' Notice of Rule 30(b)(6) Deposition and, pursuant to Fed. R. Civ. P. 26(c), believe that the parties should address the dispute over the scope of Phase I discovery before Pella produces any witnesses for the deposition.  Pursuant L.R. 37.2, we request that you contact us to set a time so we can discuss the scope of Plaintiffs' discovery.

2200 WELLS FARGO CENTER | 90 SOUTH SEVENTH STREET | MINNEAPOLIS MINNESOTA 55402-3901

TELEPHONE 612-766-7000 | FACSIMILE 612-766-1600 | WWW.FAEGRE.COM

George K. Lang Esq.
February 14, 2007
Page 2

As you know, the closure of discovery for Phase I is quickly approaching and we would like to resolve these issues short of Court involvement. Please let me know if you have any questions. I look forward to hearing from you.

Sincerely,

FAEGRE & BENSON LLP

John P. Mandler

cc:  Jonathan B. Piper
     Paul M. Weiss
     John A. Roberts

fb.us.1805397.03



UNITED STATES | ENGLAND | GERMANY | CHINA

JOHN P. MANDLER
jmandler@faegre.com
(612) 766-7221

March 1, 2007

George K. Lang Esq.                          ***VIA E-MAIL AND U.S. MAIL***
Freed & Weiss
111 West Washington, Suite 1331
Chicago, IL  60602

      Re:    Saltzman et al. v. Pella Corp. et al.

Dear Mr. Lang:

Enclosed and served upon you please find:

1.    Pella Corp.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

2.    Pella Corp.'s Objections and Responses to Plaintiffs' First Set of Requests for Production;

3.    Pella Windows and Doors, Inc.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

4.    Pella Windows and Doors, Inc.'s Objections and Responses to Plaintiffs' First Set of Requests for Production.

During the meet and confer conference yesterday among counsel for Plaintiffs and Defendants regarding the scope of Plaintiffs' discovery and Defendant's objections thereto, we decided the following:

1.    Upon entry by the Court of the jointly proposed Confidentiality Order, Pella will produce those documents identified in its Rule 26(a)(1) disclosures, and identified as "confidential."   Pella will likewise produce those documents identified for production in the discovery responses list above and designated as "confidential."

2.    After Plaintiffs have had a reasonable time to review those documents, the Parties will re-convene their meet and confer conference to determine if the Parties can reach any agreement on the appropriate scope of additional discovery, if any, necessary regarding Phase I issues relating to Rule 23.

George K. Lang Esq.
March 1, 2007
Page 2

3.　　In the meantime, Pella will consider whether it will agree to produce design drawings for Designer Series windows for the period 1990 – 2003, as it has agreed to do for the ProLine and Architect Series windows purchased by the named plaintiffs (upon entry of the Confidentiality Order).  If it so agrees, Pella would do so without waiving and without prejudice to its objection to broad Phase II discovery regarding Designer Series related documents.

4.　　Neither Party waives or compromises its present discovery positions. Likewise, we assume you agree that while the Parties are actively engaged in the meet and confer process, neither Party will seek court involvement via a motion to compel or motion for a protective order without first completing the meet and confer process.

Finally, Pella objects to the scope of the areas covered by the 30(b)(6) deposition notice served by Plaintiffs with their written discovery, for all the same reasons set forth in the documents served herewith.   Further, because the Parties are waiting for entry of the stipulated Confidentiality Order, those documents identified by Pella in its Rule 26(a)(1) report and designated as "confidential" have not yet been produced.   Given this, we assume that Plaintiffs will want to wait until they have those documents before proceeding with the deposition.  Accordingly, we do not intend to produce a 30(b)(6) witness at the time designated by the notice.  We will work with you to find a mutually convenient time for the deposition after the production of the "confidential" designated documents.

Thank you for your cooperation in these matters.  Please feel free to contact me if you have questions or concerns.

Sincerely,

FAEGRE & BENSON LLP

/s/

John P. Mandler

MANDJ
Enclosures
cc:　James A. O'Neal (w/o enc.)
　　　John A. Roberts (via e-mail, w/enc.)
fb.us.1860807.01

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, LUBO and
MARIA HADJIPPETKOV, WILLIAM and
NANCY EHORN, individually and on behalf
of all other similarly situated;

                            Plaintiffs,

        v.

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC.,
a Delaware corporation,

                            Defendants.

No: 06 C 4481

Judge James Zagel
Magistrate Judge Martin Ashman

## DEFENDANT PELLA CORPORATION'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Pella Corporation ("Pella") hereby provides the following objections and answers to Plaintiffs' First Set of Interrogatories.

**GENERAL OBJECTIONS:** Pella objects to these Interrogatories to the extent they seek information about products, brands, and vintages other than those which the named Plaintiffs allege are defective and that they purchased or installed. Accordingly, Pella will respond only with regard to the products, brands, and vintages the named Plaintiffs allege are defective and that they purchased or installed.

Pella objects to each of these Interrogatories to the extent the Interrogatories seek information protected by the attorney-client privilege and work-product doctrine. Additionally, Plaintiffs, in the Joint Report of the Parties and Proposed Scheduling and Discovery Order (the "Joint Report"), agreed not to engage in Phase II discovery on the merits of Plaintiffs' claims

1

until after the resolution of class certification issues. Pella objects to each of these Interrogatories to the extent that it violates the Joint Report bifurcating discovery into Phase I and Phase II. The majority of Plaintiffs' Interrogatories seek information outside the scope of Phase I discovery and are not limited to information necessary for a determination of Rule 23 certification.

Further, Pella objects to each of these Interrogatories as overly broad to the extent it seeks information unrelated to Plaintiffs' allegations in the First Amended Complaint regarding window defects and alleged damages resulting there from. Many of Plaintiffs' Interrogatories seek information that would be overly broad and irrelevant as Phase II discovery and no response herein waives this objection.

No individual objection below waives any of these general objections. Pella reserves the right to raise additional objections up to the date it answers these Interrogatories.

### **OBJECTIONS TO PLAINTIFFS' DEFINITIONS:**

1.     Pella objects to Plaintiffs' definition of *Aluminum Clad Windows and Doors* as overly broad and further objects to any and all attempts by Plaintiffs to propound any interrogatories related to Pella Designer Series aluminum clad windows and doors. No named plaintiff is alleged to have defective Designer Series windows or doors in their home and information related to Designer Series windows and doors is irrelevant to claims made regarding the ProLine and Architect Series windows. Additionally, Pella objects to any interrogatory related to any Pella doors as Plaintiffs, in the First Amended Complaint, make no allegations regarding Pella door defects.

2.     Pella objects to Plaintiffs' definition of *Class Period* as overly broad as no class period has been established by the Court. In addition to our General objections, the latest vintage

2

of windows alleged to be in a home of any named Plaintiff is 2003. Any request for information after 2003 is overly broad and not related to this Action.

3.      Pella objects to Plaintiffs' definition of *Performance Problems* as overly broad. Plaintiffs allege, in the First Amended Complaint, that latent defects in Pella windows allow water to penetrate and leak behind aluminum cladding resulting in wood rot and other physical damage to both the window and main structure. Pella objects to the inclusion of air infiltration, IG seal failures, glass IG seal failure, glazing seal failure and any other unrelated claims in the definition of *Performance Problems* given that Plaintiffs do not allege that the infiltration of water behind the cladding is related to such alleged failures.

Without waiving the above objections, Pella objects as follows:

**Interrogatory No. 1.** Identify every person who participated and/or was consulted in preparing your answers to these interrogatories.

      **ANSWER TO NO. 1:**

Pella Corporation
102 Main Street
Pella, Iowa 50219

Angela M. Crandall, Esq.
Faegre & Benson LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota 55402

Theresa Keninger, Esq.
Pella Corporation
102 Main Street
Pella, Iowa 50219

**Interrogatory No. 2.** Identify all departments, units, groups, committees, special committees, teams, project teams, task forces, Kaizen teams, special projects, programs or other internal business organizations whose primary responsibilities included investigating complaints, design,

3

defects or other problems with aluminum clad windows and doors, including without limitation issues as to:

    (a)    leaks,
    (b)    water damage,
    (c)    frame wood rot,
    (d)    wood rot,
    (e)    sash/slab wood rot,
    (f)    air infiltration,
    (g)    water infiltration,
    (h)    IG seal failure,
    (i)    glazing seal,
    (j)    glass IG seal failure,
    (k)    sash/slab defective cladding,
    (l)    damaged defective cladding.

**OBJECTION TO NO. 2(a):** Pella objects to this Interrogatory because the terms "leaks" and "primary responsibilities" are vague, ambiguous and overly broad. Pella further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(b):** Pella objects to this Interrogatory because the terms "water damage" and "primary responsibilities" are vague, ambiguous and overly broad. Pella objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(c):** Pella objects to this Interrogatory because the phrases "wood rot" and "primary responsibilities" are vague, ambiguous and overly broad. Pella objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(d):** Pella objects to this Interrogatory because the phrases "wood rot" and "primary responsibilities" are vague, ambiguous and overly broad. Pella objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(e):** Pella objects to this Interrogatory because the phrases "wood rot" and "primary responsibilities" are vague, ambiguous and overly broad. Pella objects to this Interrogatory as improper under the Joint Report.

4

**OBJECTION TO NO. 2(f):** Pella objects to this Interrogatory as irrelevant because the Plaintiffs make no allegation in the First Amended Complaint of any defects in Pella windows leading to "air infiltration" problems. Pella objects to this Interrogatory because the phrase "primary responsibilities" is vague, ambiguous and overly broad. Pella further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(g):** Pella objects to this Interrogatory because the terms "water infiltration" and "primary responsibilities" are vague, ambiguous and overly broad. Pella further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(h):** Pella objects to this Interrogatory as irrelevant because the Plaintiffs make no allegation in the First Amended Complaint of any defects in Pella windows leading to or resulting from "IG seal failure." Pella objects to this Interrogatory because the phrase "primary responsibilities" is vague, ambiguous and overly broad. Pella further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(i):** Pella objects to this Interrogatory as irrelevant because the Plaintiffs make no allegation in the First Amended Complaint of any defects in Pella windows leading to or resulting from failures in the "glazing seal." Pella objects to this Interrogatory because the phrase "primary responsibilities" is vague, ambiguous and overly broad. Pella further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(j):** Pella objects to this Interrogatory as irrelevant because the Plaintiffs make no allegation in the First Amended Complaint of any defects in Pella windows leading to or resulting from "glass IG seal failure." Pella objects to this Interrogatory because the phrase "primary responsibilities" is vague, ambiguous and overly broad. Pella further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(k):** Pella objects to this Interrogatory because the word "defective" and the phrase "primary responsibilities" are vague, ambiguous and overly broad. Pella objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(l):** Pella objects to this Interrogatory because the word "defective" and the phrase "primary responsibilities" are vague, ambiguous and overly broad. Pella further objects to this Interrogatory as improper under the Joint Report.

**ANSWER TO NO. 2:** Subject to and without waiving the foregoing objections, Pella states that it is the primary responsibility of the Field Service Representatives and Senior Field Service Representatives within the Customer Service Group to investigate customer complaints. It is the primary responsibility of Design Engineers to address window design.

**Interrogatory No. 3.** For each entity identified in Interrogatory No. 2, identify all members of each such entity and state the time period each such entity existed.

**OBJECTION TO NO. 3:** See each individual Objection to Nos. 2(a) – 2(l). Pella further objects because this Interrogatory is overly broad and unduly burdensome as Pella does not retain the requested information. Additionally, Pella objects to this Interrogatory as improper under the Joint Report.

**ANSWER TO NO. 3:** Subject to and without waiving the foregoing objections, Pella states that the following individuals are currently in the position of Field Service Representative or Senior Field Service Representative: Greg Gerdes, Gene Kamerick, and Doug Pfadenhauer.

Pella Corporation has a large number of engineers in a variety of capacities. Plaintiffs' interrogatories and definitions of terms are so broad as to the time period and window designs at issue and so vague as to alleged design defect that Pella is unable to identify specific Design Engineers responsive to this interrogatory. There are a number of engineers that have been

6

involved in the design of the windows, Pella lists the following engineers generally have knowledge about the window designs of the named plaintiffs: Andy Middleswart, Jay Jungling, Bruce Sievers and Dean Rennich.

**Interrogatory No. 4.** State the total number of aluminum clad windows and doors, by model, by state, sold during the class period.

**OBJECTION TO NO. 4:** Pella objects to Plaintiffs' definition of class period and aluminum clad windows and doors and further objects as this Interrogatory violates the Joint Report related to Phase I and Phase II discovery. As set forth in Defendants' Rule 26(a)(1) disclosure, Pella will produce sales information for the vintages of windows purchased by the named Plaintiffs as alleged in the First Amended Complaint. Pella objects to producing sales data by state, because it is not kept or available in that manner in the ordinary course of business.

**ANSWER TO NO. 4:** Subject to and without waiving the foregoing objections, to the extent available, Pella will provide sales information for the vintages of windows purchased by the named Plaintiffs as alleged in the First Amended Complaint once the Court has signed and entered the Confidentiality Order. This data will be provided as kept by Pella in the ordinary course of business. As such, information regarding pre-1997 vintages is retained and available only in number of units booked, and information regarding post-1997 vintages is provided in number of units shipped.

**Interrogatory No. 5.** For each model of aluminum clad window and doors, state the number of units sold by state, during the class period.

**OBJECTION TO NO. 5:** See Objections to No. 4 and Answer to No. 4.

7

**Interrogatory No. 6.** For each model of aluminum clad windows and doors, state the number of complaints received for each problem code identified in your Rule 26 disclosures during the class period.

**OBJECTION TO NO. 6:** Pella objects to plaintiffs' definition of "class period" and "aluminum clad windows and doors" and further objects to their use of the word "complaints" because they are vague, ambiguous and overly broad. As stated in Defendants' Rule 26(a)(1) disclosure, Pella agrees to produce the Returns and Allowances data for each identified problem code for the vintages of windows purchased by the named Plaintiffs as alleged in the First Amended Complaint.

**ANSWER TO NO. 6:** Subject to an without waiving the foregoing objections, Pella will provide Returns and Allowances information, as described in Defendants Rule 26(a)(1) disclosures, for the vintages of windows purchased by the named Plaintiffs as alleged in the First Amended Complaint once the Court has signed and entered the Confidentiality Order.

**Interrogatory No. 7.** Define each Old Code (to 1999) and New Code (2000 to present) problem code identified in your Rule 26 disclosures, and also define all non-disclosed problem codes relevant to performance problems.

**OBJECTION TO NO. 7:** No objections.

**ANSWER TO NO. 7:** Subject to and without waiving the foregoing objections, Pella states that it maintains no formal definition of code terms. An informally used internal document that contains descriptions of the problem codes referred to in Pella's Rule 26 disclosures will be provided. Pella is investigating to determine if definitions exist for old codes and will supplement accordingly.

**Interrogatory No. 8.** Identify the person(s) most knowledgeable about:

8

(a)  unit sales and revenues of aluminum clad windows by state per year during the class period;

(b)  the manufacture and design of aluminum clad windows and doors during the class period (which may be two people);

(c)  warranty claims on aluminum clad windows and doors regarding performance problems;

(d)  consumer complaints and the investigation of consumer complaints of performance problems of aluminum clad windows and doors (which may be two people);

(e)  the Service Enhancement.

**OBJECTION TO NO. 8(a):** Pella objects to Plaintiffs' definition of class period and aluminum clad windows and doors as vague, ambiguous and unduly burdensome. Pella also objects to producing sales data by state, because it is not kept in that manner in the ordinary course of business.

**OBJECTION TO NO. 8(b):** Pella objects to Plaintiffs' definition of class period and aluminum clad windows and doors as vague, ambiguous and unduly burdensome and to the limitation of only two persons.

**OBJECTION TO NO. 8(c):** Pella objects to Plaintiffs' definition of performance problems and aluminum clad windows and doors as vague, ambiguous and unduly burdensome.

**OBJECTION TO NO. 8(d):** Pella objects to Plaintiffs' definition of "performance problems," "aluminum clad windows and doors" and the use of "consumer complaints" as vague and ambiguous.

**OBJECTION TO NO. 8(e):** No objection.

**ANSWERS TO NO. 8:**    Subject to and without waiving the foregoing objections, Pella states:

9

(a) sales information is not available by state, only by sales location. Tim Dorenkamp has knowledge regarding unit sales and Brian Metcalf has knowledge regarding revenues of aluminum clad windows;

(b) Jay Jungling, Andy Middleswartz, Bruce Sievers and Dean Rennich have knowledge regarding the manufacture and design of the aluminum clad windows at issue;

(c) Brian Metcalf, Loretta Spunk, and Dave Cody have knowledge regarding warranty claims on aluminum clad windows;

(d) Brian Metcalf, Loretta Spunk, and Dave Cody have knowledge regarding consumer complaints and the investigation of consumer complaints of performance problems of aluminum clad windows;

(e) Brian Metcalf has knowledge regarding the ProLine Service Enhancement.

**Interrogatory No. 9.** Identify all people who participated in the decision to provide the Service Enhancement.

**OBJECTION TO NO. 9:** Pella objects to this Interrogatory to the extent it seeks privileged communications and because "participated in" is vague and ambiguous. Pella also objects in that this Interrogatory is overly broad and unduly burdensome. Subject to and without waiving these objections, Pella will respond and identify key decision makers that participated in the decision to provide the Service Enhancement.

**ANSWER TO NO. 9:** Subject to and without waiving the foregoing objections, Pella states that a number of people participated in the and made decisions regarding the development and implementation of the ProLine Service Enhancement. The following individuals were key decision makers with regard to that development or implementation: Bruce Baier, Rob Bradley, Dave Cody, Sam Iogha, Rob Jablonski, Brian Metcalf, Aaron Mahan, Elaine Sagers, Chris Simpson, Loretta Sprunk, Darin Wogen and legal advise was provided through Pella's legal department.

**Interrogatory No. 10.** State the number of Pella aluminum clad window and door owners you have contacted, and best estimate(s) of owners you will contact (if such estimate has been made), pursuant to the Service Enhancement.

**OBJECTION TO NO. 10:** Pella objects to the definition of aluminum clad windows and doors.

**ANSWER TO NO. 10:** Subject to and without waiving the foregoing objections, Pella states that it has not contacted, nor will it contact, any owners of Pella aluminum clad windows pursuant to the ProLine Service Enhancement. Instead, information about the ProLine Service Enhancement is provided to those customers who contact either Pella or the branch with service requests, questions, or concerns.

**Interrogatory No. 11.** State the total amount(s) paid to aluminum clad window and door owners pursuant to the Service Enhancement to date.

**OBJECTION TO NO. 11:** See Objection to No. 10.

**ANSWER TO NO. 11:** Subject to and without waiving the foregoing objections, Pella states that it is not the normal practice of Pella to pay any amount directly to owners of Pella aluminum clad windows pursuant to the ProLine Service Enhancement. Instead, Pella reimburses the branch where the customer either (1) purchased the ProLine windows, or (2) is directed by Pella to obtain service for the ProLine windows in the event the windows have been purchased at a national retailer. The total additional cost to Pella from the ProLine Service Enhancement through January, 2007 will be produced after the Court has signed and entered the Confidentiality Order.

**Interrogatory No. 12.** Identify all "Service Enhancements" and/or similar programs for Architect and/or Designer Series windows and doors.

**OBJECTION TO NO. 12:** Pella objects to the request for information related to "Designer Series" windows as such windows are not relevant to this Action.

**ANSWER TO NO. 12:** Subject to and without waiving the foregoing objections, Pella states that it had an out-of-warranty program associated with Sunroom customers that has expired. Pella previously also developed out-of-warranty customer service guidelines for glazing bead failure and product failure.

**Interrogatory No. 13.** Identify all manufacturing facilities producing aluminum clad windows and doors during the class period, and state the time period for each.

**OBJECTION TO NO. 13:** Pella objects to the definition of aluminum clad windows and doors and class period. Pella further objects to this Interrogatory as improper under the Joint Report.

**ANSWER TO NO. 13:** Subject to and without waiving the foregoing objections, Pella has manufactured aluminum clad windows at the following locations:

Pella, Iowa (1926 to present)
Shenandoah, Iowa (1992 to present)
Story City, Iowa (1983 to present)
Sioux Center, Iowa (1998 to present)
Carroll, Iowa (2000 to present)
McCombs, Ill (2006 to present)

**Interrogatory No. 14.** Identify all subcontractors providing labor, parts and/or components for aluminum clad windows and doors manufactured during the class period, and state the time period for each.

**OBJECTION TO NO. 14:** Pella objects to the definition of aluminum clad windows and doors and class period. Pella further objects to this Interrogatory as a violation of the Joint Report related to Phase I and Phase II discovery, overly broad, unduly burdensome and not reasonably related to any issue pled in the First Amended Complaint.

12

**ANSWER TO NO. 14:** Subject to and without waiving the foregoing objections, Pella

states that it will produce a list that includes those outside entities or persons that provide labor,

parts and/or components for Pella Corporation after the Court has signed and entered the

Confidentiality Order.

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

As to Objections:                          And

Dated:  March 1, 2007                 **s/ John P. Mandler**
                                       James A. O'Neal
                                       John P. Mandler
                                       Angela M. Crandall
                                       FAEGRE & BENSON LLP
                                       2200 Wells Fargo Center
                                       90 South Seventh St.
                                       Minneapolis, MN  55402-3901
                                       Phone: (612) 766-7000

                                       **ATTORNEYS FOR PELLA CORPORATION**

fb.us.1840162.07

13

## VERIFICATION

STATE OF IOWA            )
                         )
COUNTY OF _MARION_       )


Brian Metcalf, being first duly sworn, deposes and states that he is _Field Service & Support Manager_
for Pella Corporation; that he has read the foregoing:

## DEFENDANT PELLA CORPORATION'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

and knows the contents thereof and that the same are true and correct to the best of his
information, knowledge and belief.


_____
Brian Metcalf



Subscribed and sworn to before me
this _1st_ day of _March_, 2007.

_Teresa L. Van Weelden_
Notary Public



TERESA L VAN WEELDEN
Commission Number 736861
My Commission Expires
_9-27-2008_

14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DR. LEONARD E. SALTZMAN, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

PELLA CORPORATION, an Iowa
corporation, and PELLA WINDOWS AND
DOORS, INC., a Delaware corporation,

Defendants.

**Court File No.: 06 CV 4481**

**AFFIDAVIT OF SERVICE VIA E-MAIL
AND U.S. MAIL**

STATE OF MINNESOTA )
                      ) ss.
COUNTY OF HENNEPIN )

        SCOTT VEENENDALL of the City of Hudson, County St. Croix, in the State of
Wisconsin, being duly sworn, says that on the 1st day of March, 2007, I electronically served by
e-mail the following:

- Pella Corp.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

- Pella Corp.'s Objections and Responses to Plaintiffs' First Set of Requests for Production;

- Pella Windows and Doors, Inc.'s Objections and Answers to Plaintiffs' First Set of
  Interrogatories;

- Pella Windows and Doors, Inc.'s Objections and Responses to Plaintiffs' First Set of
  Requests for Production.

on the following attorney:
**george@freedweiss.com (George K. Lang)**

I further hereby certify that on March 1, 2007, I mailed by United States Postal Service, the same documents to the following attorney:

George K. Lang
FREED & WEISS LLC
111 West Washington Street
Chicago, IL 60602

Scott Veenendall

Subscribed and sworn to before me
this ___1___ day of ___March___, 2007.

_____
Notary Public

fb.us.1862202.01

MICHELE A. KNOER
Notary Public
Minnesota
My Commission Expires January 31, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, LUBO and
MARIA HADJIPPETKOV, WILLIAM and
NANCY EHORN, individually and on behalf
of all other similarly situated;

                                  Plaintiff,

         v.

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC.,
a Delaware corporation,

                                  Defendant.

No: 06 C 4481

Judge James Zagel
Magistrate Judge Martin Ashman

## DEFENDANT PELLA CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Pella Corporation ("Pella") hereby provides the following objections to

Plaintiffs' First Set of Requests for Production.

**GENERAL OBJECTIONS:** Pella objects to these Requests to the extent they seek

information about products, brands, and vintages other than those which the named Plaintiffs

allege are defective and that they purchased or installed. Accordingly, Pella will respond only

with regard to the products, brands, and vintages the named Plaintiffs allege are defective and

that they purchased or installed.

Pella objects to each of these Requests to the extent the Requests seek documents

protected by the attorney-client privilege and work-product doctrine. Additionally, Plaintiffs, in

the Joint Report of the Parties and Proposed Scheduling and Discovery Order (the "Joint

Report"), agreed not to engage in Phase II discovery on the merits of Plaintiffs' claims until after

1

the resolution of class certification issues. Pella objects to each of these Requests to the extent that it violates the Joint Report bifurcating discovery into Phase I and Phase II. A majority of Plaintiffs' Requests seek information outside the scope of Phase I discovery and are not limited to documents necessary for the determination of Rule 23 certification. Pella will produce all documents identified in Defendants' Rule 26(a)(1) Disclosures regarding Phase I issues.

Further, Pella objects to each of these Requests as overly broad to the extent it seeks documents unrelated to Plaintiffs' allegations in the First Amended Complaint regarding window defects and alleged damages resulting there from. Many of Plaintiffs' Requests seek information that would be overly broad and irrelevant as Phase II discovery and no response herein waives this objection.

No individual objection set forth below waives any of these general objections. Pella reserves the right to raise additional objections up to the date it responds to these Requests.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS:

1.      Pella objects to Plaintiffs' definition of *Aluminum Clad Windows and Doors* as overly broad and further objects to any and all requests by Plaintiffs to seek any documents related to Pella Designer Series aluminum clad windows and doors. No named plaintiff is alleged to have defective Designer Series windows or doors in their home and information related to Designer Series windows and doors is irrelevant to claims made regarding the ProLine and Architect Series windows. Additionally, Pella objects to any request regarding the production of any documents related to any Pella doors as Plaintiffs, in the First Amended Complaint, make no allegations regarding Pella door defects.

2.      Pella objects to Plaintiffs' definition of *Class Period* as overly broad as no class period has been established by the Court. In addition to our General objection, the latest vintage

2

of windows alleged to be in a home of any named Plaintiff is 2003. Any request for information after 2003 is overly broad and not related to this Action.

3.     Pella objects to Plaintiffs' definition of *Performance Problems* as overly broad. Plaintiffs allege, in the First Amended Complaint, that latent defects in Pella windows allow water to penetrate and leak behind aluminum cladding resulting in wood rot and other physical damage to both the window and main structure. Pella objects to the inclusion of air infiltration, IG seal failures, glass IG seal failure, glazing seal failure, and any other unrelated claims in the definition of *Performance Problems* given that Plaintiffs do not allege that the infiltration of water behind the cladding is related to such alleged failures.

Without waiving the above objections, Pella objects as follows:

**Request No. 1:** All documents designated as discoverable pursuant to Phase I discovery in Defendants' Rule 26(a)(l) and 26(f) Disclosures Regarding Electronically Stored Information.

**OBJECTION TO NO. 1:** Pella objects to this Request to the extent it seeks documents beyond those specifically disclosed in Defendants' Rule 26(a)(1) Disclosures. Defendants' Disclosure of ESI Sources provides only those such ESI Sources which *may* contain discoverable information, it does not designate all information in such ESI Sources as "discoverable," and does not designate all such ESI sources as discoverable regarding Phase I issues.

**RESPONSE TO NO. 1:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 2.** All documents that refer or relate to the named plaintiffs.

3

**OBJECTION TO NO. 2:** Pella objects to this Request because "relate to" the named Plaintiffs is vague.

**RESPONSE TO NO. 2:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

**Request No. 3.** For all individuals identified in Interrogatory No. 3 of Plaintiff s First Set of Interrogatories to Defendants, all files maintained by or for such individuals relating to leaks or other defects of aluminum clad windows and doors.

**OBJECTION TO NO. 3:** Pella incorporates all objections to Interrogatory No. 3 herein. Pella further objects to this Request because the phrase "relating to" and the word "leaks" are vague, ambiguous and overly broad. This Request also violates the Joint Report bifurcating discovery into two phases. Plaintiffs' request for all documents maintained by the listed individuals regarding "leaks or other defects" improperly requests documents not necessary to determine class certification. Additionally, Pella objects to Plaintiffs' requests for documents related to "other defects" as overly broad, vague, outside the scope of Phase I discovery and not related to Plaintiff's claims of alleged wood rot in aluminum clad windows.

**RESPONSE TO NO. 3:** Subject to and without waiving the foregoing objections, Pella will produce all non-privileged documents in files maintained by the individuals listed in Pella's Answer to Plaintiffs' Interrogatory No. 3 that pertain specifically to the named Plaintiffs.

**Request No. 4.** Documents sufficient to identify all models of aluminum clad windows and doors you manufactured during the class period.

**OBJECTION TO NO. 4:** Pella objects to Plaintiffs' definition of class period as overly broad Pella further objects to this Request as seeking information outside the scope of Phase I discovery and not relevant to the claim made regarding the specific models of windows in

4

Plaintiffs' homes with alleged defects. Pella objects to Plaintiffs' definition of aluminum clad windows and doors.

**RESPONSE TO NO. 4:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 5.** Documents sufficient to show, by model, the number of aluminum clad windows and doors, by year, by state, you sold during the class period.

**OBJECTION TO NO. 5:** See Objection to No. 4. As set forth in Defendants' Rule 26(a)(1) Disclosure, Pella will produce the sales information for the vintages of windows purchased by the named Plaintiffs as alleged in the First Amended Complaint. Pella objects to producing sales data by state, because it is not kept or available in that manner in the ordinary course of business.

**RESPONSE TO NO. 5:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures, specifically the sales information for the vintages of windows purchased by the named Plaintiffs as alleged in the First Amended Complaint. This information will be produced once the Court has signed and entered the Confidentiality Order.

**Request No. 6.** Documents sufficient to show the design specifications, technical drawings and blueprints, including changes and modifications, for each model of aluminum clad window and door manufactured during the class period.

**OBJECTION TO NO. 6:** Pella objects to Plaintiffs' definition of class period, objects to any Request to seek documents not related to the brand, type, and vintage of Pella windows

5

installed in Plaintiffs' homes. Pella objects to Plaintiffs' definition of aluminum clad windows and doors and objects in that this Request as it is unduly burdensome. Subject to and without waiving these objections, Pella will produce design drawings for ProLine Series windows for the period of 1992 to 2003 and Architect Series windows for the period 1990 to 2003 in the manner they are kept in the ordinary course of business.

**RESPONSE TO NO. 6:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures, specifically design drawings for ProLine Series windows and Architect Series windows in the manner they are kept in the ordinary course of business, which will show the most significant design changes in the respective lines of windows. These documents will be produced after the Court has signed and entered the Confidentiality Order.

**Request No. 7.** Documents sufficient to identify each and every component part used to make up each model of aluminum clad window and door manufactured during the class period, and their suppliers, including without limitation the make and suppliers of aluminum; the grade, source and suppliers of wood; the name, formula and suppliers of wood sealant or wood treatments; the name and suppliers of butyl tape; and the name and suppliers of IG seals.

**OBJECTION TO NO. 7:** Pella objects to the definition of "class period" as overly broad. Additionally, Pella objects to this Request to the extent it seeks information related to IG seal failure as Plaintiffs do not allege any defects with IG seals of windows. Additionally, Pella objects because this Request is unduly burdensome and because this Request seeks changes to window components that could have no relation to the damages alleged by Plaintiffs. Pella also objects because this Request seeks documents outside of Phase I discovery as detailed in the Joint Report.

6