**RESPONSE TO NO. 7:** Subject to and without waiving the foregoing objections, Pella will produce a list of outside vendor suppliers, after the Court has signed and entered the Confidentiality Order.

**Request No. 8.** Documents sufficient to show the manufacturing process, steps and methods, including changes and modifications, equipment purchases (of over $20,000) for each model aluminum clad window and door manufactured during the class period.

**OBJECTION TO NO. 8:** Pella objects to Plaintiffs' definition of aluminum clad windows and doors. Pella objects to this Request as overly broad, unduly burdensome and because "steps and methods, including changes and modifications" is vague and ambiguous. Pella objects to the production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 8:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 9.** Documents sufficient to show all routine tests and test results conducted on aluminum clad windows and doors and/or their component as part of the manufacturing process.

**OBJECTION TO NO. 9:** Pella objects to this Request because "routine tests" and "test results" is vague and ambiguous and because this Request is unduly burdensome. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 9:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 10.** Documents sufficient to show all non-routine tests and test results conducted on aluminum clad windows and doors and/or their component as part of the manufacturing process.

**OBJECTION TO NO. 10:** Pella objects to this Request because "non-routine tests" and "test results" is vague and ambiguous and because this Request is unduly burdensome. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 10:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 11.** Any and all documents referring to communications with Pella consumers regarding aluminum clad windows and doors based upon performance problems.

**OBJECTION TO NO. 11:** Pella objects to this Request because "communications with … customers" is vague, ambiguous and overly broad and objects based upon Plaintiffs' definition of class period and performance problems. Pella further objects in that this Request is unduly burdensome and objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 11:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. Pella further refers Plaintiffs generally to the information at Pella.com regarding the Pella Express Warranty.

**Request No. 12.** Any and all tests and test results conducted on aluminum clad windows and doors and/or their component parts as part of failure analysis, quality control, pre-production testing and/or post-production testing.

**OBJECTION TO NO. 12:** Pella objects to this Request because "tests and test results" is vague and ambiguous and because this Request is unduly burdensome. Pella further objects to

8

production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 12:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 13.** Any and all documents referring to communications with dealers, retail outlets, retailers, installers and repairers concerning performance problems.

**OBJECTION TO NO. 13:** Pella objects to this Request because "communications with" is overly broad, vague and ambiguous and based upon Plaintiffs' definition of performance problems. Pella further objects to this Request as overly broad in the use of "referring to" and unduly burdensome. Pella objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 13:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures, specifically documents communicating the ProLine Service Enhancement to the branches. Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 14.** Any and all documents referring to communications with suppliers of materials and/or components used to manufacture aluminum clad windows and doors, including formulas used to treat the wood behind the aluminum cladding, regarding performance problems and corrective measures.

**OBJECTION TO NO. 14:** Pella objects to this Request because "communications with" is vague and ambiguous and because this Request is overly broad and unduly burdensome. Pella objects to this Request because it seeks proprietary and trade secret information. Pella

9

further objects to production of any documents related to this Request as a violation of the Joint

Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 14:** Subject to and without waiving the foregoing objections,

Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 15:** Documents sufficient to show all warranty claims for aluminum clad windows

and doors manufactured during the class period based upon performance problems, and the total

number of those claims denied in whole or in part.

**OBJECTION TO NO. 15:** Pella objects to Plaintiffs' definition of class period as

overly broad. Pella further objects to Plaintiffs' definition of aluminum clad windows and doors.

Subject to and without waiving these objections, Pella will agree to produce the Returns and

Allowances data for each of the identified problem codes for the vintages of windows purchased

by the named Plaintiffs as alleged in the First Amended Complaint.

**RESPONSE TO NO. 15:** Subject to and without waiving the foregoing objections,

Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures,

specifically the Returns and Allowances data for each of the identified problem codes for the

vintages of windows purchased by the named Plaintiffs as alleged in the First Amended

Complaint. This information will be produced when the Court has signed and entered the

Confidentiality Order.

**Request No. 16.** Documents sufficient to show all complaints or inquiries from consumers for

aluminum clad windows and doors manufactured during the class period based upon performance

problems.

10

**OBJECTION TO NO. 16:** See Objection to No. 15. Pella further objects to the term "inquiries" as vague and overly broad. Pella also objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 16:** Subject to and without waiving the foregoing objections, see Response to No. 15.

**Request No. 17.** Documents sufficient to show the procedure you undertake to investigate a aluminum clad window or door warranty claim for water penetration.

**OBJECTION TO NO. 17:** Pella objects to Plaintiffs' definition of aluminum clad windows and doors. Pella objects to the use of "water penetration" as vague and ambiguous. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 17:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 18.** Any and all documents maintained by or for persons who investigated design and manufacturing issues during the class period relating to those investigations.

**OBJECTION TO NO. 18:** Pella objects to this Request based upon Plaintiffs' definition of class period and the General objection. Pella also objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 18:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures, specifically design drawings for ProLine Series windows and Architect Series windows in the manner they are kept in the ordinary course of business, which will show the most significant

11

design changes in the respective lines of windows. These documents will be produced after the Court has signed and entered the Confidentiality Order.

**Request No. 19.** Documents sufficient to identify any and all persons who investigated consumer complaints of aluminum clad windows and doors during the class period.

**OBJECTION TO NO. 19:** Pella objects to Plaintiffs' definition of class period and aluminum clad windows and doors. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery. Pella further objects that this Request is overly broad to the extent it requests all documents regarding every response to a customer complaint relating to all designs and types of aluminum clad windows and doors for a period in excess of sixteen years.

**RESPONSE TO NO. 19:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to its Answer to Plaintiffs' Interrogatory No. 3. Pella further states that Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 20.** Any and all documents maintained by or for persons who investigated consumer complaints of aluminum clad windows and doors during the class period relating to those investigations.

**OBJECTION TO NO. 20:** See Objection No. 19.

**RESPONSE TO NO. 20:** Subject to and without waiving the foregoing objections, Pella will produce all non-privileged documents in files maintained by the individuals listed in Pella's Answer to Plaintiffs' Interrogatory No. 3 that pertain specifically to the named Plaintiffs.

**Request No. 21.** Any and all documents that refer or relate to every law suit brought against you based upon aluminum clad windows or doors alleged or alleging performance problems.

12

**OBJECTION TO NO. 21:** Pella objects to this Request because it seeks production of information which is not reasonably calculated to lead to the discovery of admissible evidence and is publicly available and, therefore, equally accessible to the Plaintiffs. Pella also objects to this Request to the extent it seeks privileged communications or work-product and because the terms "refer" and "relate to" are vague, ambiguous and overly broad. Pella further objects to Plaintiffs' definition of aluminum clad windows and doors and performance problems. Pella also objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery. Finally, Pella objects this Request because it is overly broad to the extent it requests all litigation regarding all designs and types of aluminum clad windows and doors for a period in excess of sixteen years.

**RESPONSE TO NO. 21:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 22.** Any and all documents that refer or relate to any judicial, administrative or other proceeding relating to aluminum clad windows or doors alleged or alleging performance problems.

**OBJECTION TO NO. 22:** See Objection No. 21.

**RESPONSE TO NO. 22:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 23.** Documents sufficient to identify the machine referenced in Paragraph 20 of the First Amended Class Action Complaint, purchased in approximately April 2006, that applies the glue sealant to sashes.

**OBJECTION TO NO. 23:** Pella objects to this Request because documents related to this Request are irrelevant given the vintages of windows alleged to be in Plaintiffs' homes. The latest vintage of windows alleged to be in a home of any named Plaintiff is 2003. Pella also

13

objects to the Request as vague to the extent that Paragraph 20 of the First Amended Complaint does not accurately describe any machine purchased by Pella for manufacture of wood products. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 23:** Subject to and without waiving the foregoing objections, Pella will produce documents regarding a machine purchase in 2006 that *may* be the machine reference in Paragraph 20 of the First Amended Complaint. These documents will be produced when the Court has signed and entered the Confidentiality Order.

**Request No. 24.** Documents sufficient to show the reasons, decision process, and analysis forming the basis to purchase the machine referenced in Paragraph 20 of the First Amended Class Action Complaint, in approximately April 2006, that applies the glue sealant to sashes.

**OBJECTION TO NO. 24:** See Objection to No. 23.

**RESPONSE TO NO. 24:** Subject to and without waiving the foregoing objections, see response to No. 23.

**Request No. 25.** Any and all advertising, marketing materials and labeling for aluminum clad windows and doors manufactured during the class period.

**OBJECTION TO NO. 25:** Pella objects to Plaintiffs' definition of class period and aluminum clad windows and doors.

**RESPONSE TO NO. 25:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures, specifically to the advertising material, installation instructions, owners manuals and architectural design manuals for ProLine and Architect Series windows for the period 1990 to 2003 as they are kept in the ordinary course of business.

14

**Request No. 26.**  Any and all documentation included with aluminum clad windows and doors sold to consumers during the class period.

 **OBJECTION TO NO. 26:**  See Objection to No. 25.

 **RESPONSE TO NO. 26:**  Subject to and without waiving the foregoing objections, see Response to No. 25.

**Request No. 27.**  For each year during the class period, organizational charts sufficient to show the organization of each division, department, unit or subdivision of your company which had any role relating to the design, production, manufacturing, quality control, distribution, marketing, customer service or sale of aluminum clad windows and doors, and the individuals working in those divisions, departments, units or subdivisions.

 **OBJECTION TO NO. 27:**  Pella objects to Plaintiffs' definition of class period and aluminum clad windows and doors.  Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

 **RESPONSE TO NO. 27:**  Subject to and without waiving the foregoing objections, Pella states that Pella does not keep organizational charts in the normal course of business.  Pella will produce organization charts it is able to locate.

**Request No. 28.**  A floor plan for each manufacturing facility producing aluminum clad windows and doors and/or their components, including any changes to the floor plans made during the class period.

 **OBJECTION TO NO. 28:**  See Objection to No. 27.

 **RESPONSE TO NO. 28:**  Subject to and without waiving the foregoing objections, Pella states that Pella does not retain historical floor plans for its manufacturing facilities.  Pella will produce manufacturing floor plans it is able to locate.

15

**Request No. 29.** Any and all internal memorandum, studies, analyses, reports, white papers, summaries, projections, board minutes or board presentations prepared by you or on your behalf, or provided to you, reflecting or referring to performance problems of aluminum clad windows and doors.

**OBJECTION TO NO. 29:** Pella objects to this Request to the extent it seeks privileged communications and objects to Plaintiffs' definition of performance problems and aluminum clad windows and doors. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 29:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 30.** Any and all board minutes, reports to (or from) the board, communications to shareholders, risk managers, insurance companies, or any other entity or person concerning performance problems of aluminum clad windows and doors.

**OBJECTION TO NO. 30:** See Objection to No. 29.

**RESPONSE TO NO. 30:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 31.** Any and all Pella documents, such as technical training materials or bulletins that refer or relate to performance problems of aluminum clad windows and doors.

**OBJECTION TO NO. 31:** See Objection to No. 29.

**RESPONSE TO NO. 31:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 32.** Documents sufficient to identify any and all third parties consulted regarding performance problems of aluminum clad windows and doors.

16

**OBJECTION TO NO. 32:** See Objection to No. 29.

**RESPONSE TO NO. 32:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 33.** Documents sufficient to show any and all recalls, the suspension or termination of any product line (irrespective of date), the basis for the action taken, and the alleged problem(s) with the product.

**OBJECTION TO NO. 33:** Pella objects to this Request to the extent it seeks privileged communications and objects to Plaintiffs' use of "problems" as vague, ambiguous and overly broad. Pella further objects to the extent this Request seeks documents "irrespective of date" as overly broad and to the extent it seeks documents to show "any and all" suspension of product lines as vague, ambiguous, overly broad and unduly burdensome. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 33:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 34.** Documents sufficient to identify all problem codes and definitions for both the Old Code (to 1999) and the New Code (2000 to present) referenced in Defendants' Rule 26(a)(l) and 26(f) Disclosures Regarding Electronically Stored Information.

**OBJECTION TO NO. 34:** No objection.

**RESPONSE TO NO. 34:** Subject to an without waiving the foregoing general objections, Pella states that it maintains an internal document that contains descriptions of the new problem codes referred to in Pella's Rule 26 disclosures. Pella will produce this information

17

related to the new codes identified in Pella's Rule 26. Pella is conducting further investigation to determine if definitions exist for old codes and will supplement accordingly.

**Request No. 35.** Your financial statements and annual reports for each year during the class period.

**OBJECTION TO NO. 35:** Pella objects to this Request as not relevant and not likely to lead to the admissibility of relevant evidence. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 35:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 36.** Organizational charts for each division, department, unit or subdivision of your company responsible for developing, deciding and/or implementing the Service Enhancement, and the individuals working in those divisions, departments, units or subdivisions.

**OBJECTION TO NO. 36:** Pella objects to the extent this Request seeks the listing of each individual working for Pella in any given division, department, unit or subdivision as such a request is overly broad and unduly burdensome. Pella further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 36:** Subject to and without waiving the foregoing objections, Pella states that it does not have a division, department, unit or subdivision of Pella that was responsible for developing, deciding and/or implementing the Service Enhancement. Pella further refers plaintiffs to Pella's Answer to Interrogatory No. 9, for a list of individuals who were the key decision makers with regard to the creation and implementation of the ProLine Service Enhancement.

**Request No. 37.** Any and all documents proposing, describing, shaping, defining, constituting or otherwise relating to the Service Enhancement.

**OBJECTION TO NO. 37:** Pella objects to the use of "any and all documents … relating" as overly broad and unduly burdensome. Subject to and without waiving these objections, Pella Corporation will produce its documents related to creation of the ProLine Service Enhancement.

**RESPONSE TO NO. 37:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

**Request No. 38.** Any and all marketing materials concerning the Service Enhancement, including without limitation any scripts, guidelines and/or protocols for service calls.

**OBJECTION TO NO. 38:** Pella objects to the use of "any and all" as overly broad and unduly burdensome. Subject to and without waiving these objections, Pella Corporation will produce its documents related to creation of the ProLine Service Enhancement.

**RESPONSE TO NO. 38:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

**Request No. 39.** Any and all training materials concerning the Service Enhancement.

**OBJECTION TO NO. 39:** See Objection to No. 38. Pella further objects because the term "training materials" is vague, ambiguous and overly broad.

**RESPONSE TO NO. 39:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 40.** Any and all form releases to be signed by consumers in connection with the Service Enhancement.

> **OBJECTION TO NO. 40:** No Objection.

> **RESPONSE TO NO. 40:** None.

**Request No. 41.** Any and all documents relating to the Service Enhancement that refer to this lawsuit.

> **OBJECTION TO NO. 41:** No objection.

> **RESPONSE TO NO. 41:** Subject to and without waiving the foregoing general objections, refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

**Request No. 42.** Any and all files relating to the Service Enhancement maintained by or for any person identified in response to the Interrogatories regarding the Service Enhancement.

> **OBJECTION TO NO. 42:** See Objection to No. 38.

> **RESPONSE TO NO. 42:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 43.** All documentation constituting or explaining your refund, repair or replacement policies applicable to performance problems.

> **OBJECTION TO NO. 43:** Pella objects to this Request because "documentation consisting or explaining" is vague and overly broad. Pella further objects to Plaintiffs' definition of performance problems as overly broad. Subject to and without waiving these objections, Pella will produce warranties related to the vintages of windows purchased by the named Plaintiffs.

**RESPONSE TO NO. 43:** Subject to and without waiving the foregoing objections,

Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and

designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 44.** Documents sufficient to identify all corporations, entities, affiliates or partners

taking part in the manufacture, assembly, and/or testing of aluminum clad windows and doors.

**OBJECTION TO NO. 44:** Pella objects to this Request because "taking part" is vague

and ambiguous. Pella also objects to Plaintiffs' definition of aluminum clad windows and doors.

Pella further objects to production of any documents related to this Request as a violation of the

Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 44:** Subject to and without waiving the foregoing objections, Pella

will supplement its response, if necessary, during Phase II discovery.

**Request No. 45.** All documents necessary to specify the dollar value of the reserves set aside by

you, on a quarterly basis, to cover actual or potential warranty claims relating to aluminum clad

windows and doors.

**OBJECTION TO NO. 45:** Pella objects to production of any documents related to this

Request as a violation of the Joint Report related to Phase I and Phase II discovery. Pella also

objects to this Request because documents regarding reserves are confidential and not reasonably

calculated to lead to the discovery of admissible evidence.

**RESPONSE TO NO. 45:** Subject to and without waiving the foregoing objections,

Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 46.** All documents relating to increases or decreases in the monthly reserves set aside

by you to cover actual or potential warranty claims relating to aluminum clad windows and doors.

21

**OBJECTION TO NO. 46:** See Objection to No. 45.

**RESPONSE TO NO. 46:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 47.** All documents relating to any insurance coverage you may have for any claim set forth in the complaint, including documents relating to a reservation of rights, declaratory relief action, policy limits and/or depletion of policy limits.

**OBJECTION TO NO. 47:** See Objection to No. 45.

**RESPONSE TO NO. 47:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 48.** Any and all documents relating to service enhancements for Architectural and/or Designer Series windows and doors.

**OBJECTION TO NO. 48:** See Objection to No. 45.

**RESPONSE TO NO. 48:** Subject to and without waiving the foregoing objections, Pella will supplement its response, if necessary, during Phase II discovery.

**Request No. 49.** Any and all documents referred to or relied on in preparing Defendants' answers to Plaintiffs First Set of Interrogatories to Defendants.

**OBJECTION TO NO. 49:** Pella objects to the extent this Request seeks privileged information or work-product.

22

**RESPONSE TO NO. 49:** Subject to and without waiving the foregoing objections, Pella states

that it will produce all non-privileged or work-product information relied upon as outlined in

Pella's Answers to Interrogatories.

<div style="margin-left: 40%;">

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

and

</div>

Dated: March 1, 2007

<div style="margin-left: 40%;">

**s/ John P. Mandler**
James A. O'Neal
John P. Mandler
Angela M. Crandall
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

**ATTORNEYS FOR PELLA CORPORATION**

</div>

fb.us.1848213.06

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, individually and on behalf of all others similarly situated, | **Court File No.: 06 CV 4481** |
| Plaintiff, | **AFFIDAVIT OF SERVICE VIA E-MAIL AND U.S. MAIL** |
| v. | |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

STATE OF MINNESOTA   )
                             ) ss.
COUNTY OF HENNEPIN   )

       SCOTT VEENENDALL of the City of Hudson, County St. Croix, in the State of Wisconsin, being duly sworn, says that on the 1st day of March, 2007, I electronically served by e-mail the following:

- Pella Corp.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

- Pella Corp.'s Objections and Responses to Plaintiffs' First Set of Requests for Production;

- Pella Windows and Doors, Inc.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

- Pella Windows and Doors, Inc.'s Objections and Responses to Plaintiffs' First Set of Requests for Production.

on the following attorney:
**george@freedweiss.com (George K. Lang)**

I further hereby certify that on March 1, 2007, I mailed by United States Postal Service, the same documents to the following attorney:

George K. Lang
FREED & WEISS LLC
111 West Washington Street
Chicago, IL 60602

Scott Veenendall

Subscribed and sworn to before me
this __1__ day of __March__, 2007.

_____
Notary Public

fb.us.1862202.01

MICHELE A. KNOER
Notary Public
Minnesota
My Commission Expires January 31, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, LUBO and
MARIA HADJIPPETKOV, WILLIAM and
NANCY EHORN, individually and on behalf
of all other similarly situated;

                    Plaintiffs,

          v.

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC.,
a Delaware corporation,

                    Defendants.

No: 06 C 4481

Judge James Zagel
Magistrate Judge Martin Ashman

## DEFENDANT PELLA WINDOWS AND DOORS, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Pella Windows and Doors, Inc. ("PWD") hereby provides the following

objections to Plaintiffs' First Set of Interrogatories.

**GENERAL OBJECTIONS:** PWD objects to these Interrogatories to the extent they seek

information about products, brands, and vintages other than those which the named Plaintiffs

allege are defective and that they purchased or installed. Accordingly, PWD will respond only

with regard to the products, brands, and vintages the named Plaintiffs allege are defective and

that they purchased or installed.

PWD objects to each of these Interrogatories to the extent the Interrogatories seek

information protected by the attorney-client privilege and work-product doctrine. Additionally,

Plaintiffs, in the Joint Report of the Parties and Proposed Scheduling and Discovery Order (the

"Joint Report"), agreed not to engage in Phase II discovery on the merits of Plaintiffs' claims

1

until after the resolution of class certification issues. PWD objects to each of these Interrogatories to the extent that it violates the Joint Report bifurcating discovery into Phase I and Phase II. The majority of Plaintiffs' Interrogatories seek information outside the scope of Phase I discovery and are not limited to information necessary for a determination of Rule 23 certification.

Further, PWD objects to each of these Interrogatories as overly broad to the extent it seeks information unrelated to Plaintiffs' allegations in the First Amended Complaint regarding window defects and alleged damages resulting there from. Many of Plaintiffs' Interrogatories seek information that would be overly broad and irrelevant as Phase II discovery and no response herein waives this objection.

No individual objection below waives any of these general objections. PWD reserves the right to raise additional objections up to the date it answers these Interrogatories.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS:

1.     PWD objects to Plaintiffs' definition of *Aluminum Clad Windows and Doors* as overly broad and further objects to any and all attempts by Plaintiffs to propound any interrogatories related to Pella Designer Series aluminum clad windows and doors. No named plaintiff is alleged to have defective Designer Series windows or doors in their home and information related to Designer Series windows and doors is irrelevant to claims made regarding the ProLine and Architect Series windows. Additionally, PWD objects to any interrogatory related to any Pella doors as Plaintiffs, in the First Amended Complaint, make no allegations regarding Pella door defects.

2.     PWD objects to Plaintiffs' definition of *Class Period* as overly broad as no class period has been established by the Court. In addition to our General objections, the latest vintage

2

of windows alleged to be in a home of any named Plaintiff is 2003. Any request for information after 2003 is overly broad and not related to this Action.

      3.      PWD objects to Plaintiffs' definition of *Performance Problems* as overly broad. Plaintiffs allege, in the First Amended Complaint, that latent defects in Pella windows allow water to penetrate and leak behind aluminum cladding resulting in wood rot and other physical damage to both the window and main structure. PWD objects to the inclusion of air infiltration, IG seal failures, glass IG seal failure, glazing seal failure and any other unrelated claims in the definition of *Performance Problems* given that Plaintiffs do not allege that the infiltration of water behind the cladding is related to such alleged failures.

      Without waiving the above objections, PWD objects as follows:

**Interrogatory No. 1.** Identify every person who participated and/or was consulted in preparing your answers to these interrogatories.

**OBJECTION TO NO. 1:** No objections.

<table>
<tr><td>Pella Windows and Doors<br>2505 Enterprise Circle<br>West Chicago, Illinois 60185</td><td>Angela M. Crandall, Esq.<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South 7th Street<br>Minneapolis, Minnesota 55402</td></tr>
<tr><td></td><td>Theresa Keninger, Esq.<br>Pella Corporation<br>102 Main Street<br>Pella, Iowa 50219</td></tr>
</table>

**Interrogatory No. 2.** Identify all departments, units, groups, committees, special committees, teams, project teams, task forces, Kaizen teams, special projects, programs or other internal business organizations whose primary responsibilities included investigating complaints, design,

3

defects or other problems with aluminum clad windows and doors, including without limitation issues as to:

<table>
<tr><td>(a)</td><td>leaks,</td></tr>
<tr><td>(b)</td><td>water damage,</td></tr>
<tr><td>(c)</td><td>frame wood rot,</td></tr>
<tr><td>(d)</td><td>wood rot,</td></tr>
<tr><td>(e)</td><td>sash/slab wood rot,</td></tr>
<tr><td>(f)</td><td>air infiltration,</td></tr>
<tr><td>(g)</td><td>water infiltration,</td></tr>
<tr><td>(h)</td><td>IG seal failure,</td></tr>
<tr><td>(i)</td><td>glazing seal,</td></tr>
<tr><td>(j)</td><td>glass IG seal failure,</td></tr>
<tr><td>(k)</td><td>sash/slab defective cladding,</td></tr>
<tr><td>(l)</td><td>damaged defective cladding.</td></tr>
</table>

**OBJECTION TO NO. 2(a):** PWD objects to this Interrogatory because the terms "leaks" and "primary responsibilities" are vague, ambiguous and overly broad. PWD further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(b):** PWD objects to this Interrogatory because the terms "water damage" and "primary responsibilities" are vague, ambiguous and overly broad. PWD objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(c):** PWD objects to this Interrogatory because the phrases "wood rot" and "primary responsibilities" are vague, ambiguous and overly broad. PWD objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(d):** PWD objects to this Interrogatory because the phrases "wood rot" and "primary responsibilities" are vague, ambiguous and overly broad. PWD objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(e):** PWD objects to this Interrogatory because the phrase "wood rot" and "primary responsibilities" are vague, ambiguous and overly broad. PWD objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(f):** PWD objects to this Interrogatory as irrelevant because the Plaintiffs make no allegation in the First Amended Complaint of any defects in Pella windows leading to "air infiltration" problems. PWD objects to this Interrogatory because the phrase "primary responsibilities" is vague, ambiguous and overly broad. PWD further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(g):** PWD objects to this Interrogatory because the terms "water infiltration" and "primary responsibilities" are vague, ambiguous and overly broad. PWD further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(h):** PWD objects to this Interrogatory as irrelevant because the Plaintiffs make no allegation in the First Amended Complaint of any defects in Pella windows leading to or resulting from "IG seal failure." PWD objects to this Interrogatory because the phrase "primary responsibilities" is vague, ambiguous and overly broad. PWD further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(i):** PWD objects to this Interrogatory as irrelevant because the Plaintiffs make no allegation in the First Amended Complaint of any defects in Pella windows leading to or resulting from failures in the "glazing seal." PWD objects to this Interrogatory because the phrase "primary responsibilities" is vague, ambiguous and overly broad. PWD further objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(j):** PWD objects to this Interrogatory as irrelevant because the Plaintiffs make no allegation in the First Amended Complaint of any defects in Pella windows leading to or resulting from "glass IG seal failure." PWD objects to this Interrogatory because the phrase "primary responsibilities" is vague, ambiguous and overly broad. PWD further objects to this Interrogatory as improper under the Joint Report.

5

**OBJECTION TO NO. 2(k):** PWD objects to this Interrogatory because the word "defective" and phrase "primary responsibilities" are vague, ambiguous and overly broad. PWD objects to this Interrogatory as improper under the Joint Report.

**OBJECTION TO NO. 2(l):** PWD objects to this Interrogatory because the word "defective" and phrase "primary responsibilities" and vague, ambiguous and overly broad. PWD further objects to this Interrogatory as improper under the Joint Report.

**ANSWER TO NO. 2:** Subject to and without waiving the foregoing objections, PWD states that it is the primary responsibility of the Field Service Representatives, including Field Service Technicians and Field Service Managers, within the Customer Service Group to investigate customer complaints. PWD is not involved with the design of Pella windows.

**Interrogatory No. 3.** For each entity identified in Interrogatory No. 2, identify all members of each such entity and state the time period each such entity existed.

**OBJECTION TO NO. 3:** See each individual Objections to Nos. 2(a) – 2(l). PWD further objects because this Interrogatory is overly broad and unduly burdensome as PWD does not retain the requested information. Additionally, PWD objects to this Interrogatory as improper under the Joint Report.

**ANSWER TO NO. 3:** Subject to and without waiving the foregoing objections, PWD states that the Field Service Technician and Field Service Manager who responded to the Salzman's request for service were Steve Tanis and Tom Wengel, respectively.

**Interrogatory No. 4.** State the total number of number of aluminum clad windows and doors, by model, by state, sold during the class period.

**OBJECTION TO NO. 4:** PWD objects to Plaintiffs' definition of class period and aluminum clad windows and doors and further objects as this Interrogatory violates the Joint

6

Report related to Phase I and Phase II discovery. PWD objects to producing sales data by state, because it is not kept or available in that manner in the ordinary course of business.

**ANSWER TO NO. 4:** Subject to and without waiving the foregoing objection, PWD states that total sales data is located at Pella Corporation, and is best obtained through them.

**Interrogatory No. 5.** For each model of aluminum clad window and doors, state the number of units sold by state, during the class period.

**OBJECTION TO NO. 5:** See Objection to No. 4.

**ANSWER TO NO. 5:** See Answer to No. 4.

**Interrogatory No. 6.** For each model of aluminum clad windows and doors, state the number of complaints received for each problem code identified in your Rule 26 disclosures during the class period.

**OBJECTION TO NO. 6:** PWD objects to plaintiffs' definition of "class period" and "aluminum clad windows and doors" and further objects to their use of the word "complaints" because they are vague, ambiguous and overly broad.

**ANSWER TO NO. 6:** Subject to and without waiving the foregoing objections, PWD states total Returns and Allowances problem code information is maintained by PWD, but is located at Pella Corporation, and is best obtained through them.

**Interrogatory No. 7.** Define each Old Code (to 1999) and New Code (2000 to present) problem code identified in your Rule 26 disclosures, and also define all non-disclosed problem codes relevant to performance problems.

**OBJECTION TO NO. 7:** No objections.

7

**ANSWER TO NO. 7**: Subject to and without waiving the foregoing general objections, PWD states that definitions of problem codes have not been created by PWD. This information is best obtained from Pella Corporation.

**Interrogatory No. 8.** Identify the person(s) most knowledgeable about:

    (a) unit sales and revenues of aluminum clad windows by state per year during the class period;

    (b) the manufacture and design of aluminum clad windows and doors during the class period (which may be two people);

    (c) warranty claims on aluminum clad windows and doors regarding performance problems;

    (d) consumer complaints and the investigation of consumer complaints of performance problems of aluminum clad windows and doors (which may be two people);

    (e) the Service Enhancement.

**OBJECTION TO NO. 8(a):** PWD objects to Plaintiffs' definition of class period and aluminum clad windows and doors as vague, ambiguous and unduly burdensome. PWD also objects to producing sales data by state, because it is not kept in that manner in the ordinary course of business.

**OBJECTION TO NO. 8(b):** PWD objects to Plaintiffs' definition of class period and aluminum clad windows and doors as vague, ambiguous and unduly burdensome.

**OBJECTION TO NO. 8(c):** PWD objects to Plaintiffs' definition of performance problems and aluminum clad windows and doors as vague, ambiguous and unduly burdensome.

**OBJECTION TO NO. 8(d):** PWD objects to Plaintiffs' definition of "performance problems", "aluminum clad windows and doors" and the use of "consumer complaints" as vague and ambiguous.

**OBJECTION TO NO. 8(e):** No objection.

**ANSWER TO 8:** Subject to and without waiving the foregoing objections, PWD states:

8

(a)     that total sales data is not located at PWD, but is located at Pella Corporation, and is best obtained through them;

(b)     that the design and manufacture of Pella windows is under the control of Pella Corporation, and this type of information is best obtained through them;

(c)     Kathy McGuine, Customer Service Manager, has knowledge regarding warranty claims on aluminum clad windows for PWD;

(d)     Kathy McGuine, Customer Service Manager; and Chris Carpenter, Customer Service Manager, have knowledge on consumer complaints of performance problems of aluminum clad windows for PWD;

(e)     Kathy McGuine, Customer Service Manager, has knowledge regarding PWD's implementation of the ProLine Service Enhancement.

**Interrogatory No. 9.** Identify all people who participated in the decision to provide the Service Enhancement.

**OBJECTION TO NO. 9:** PWD objects to this Interrogatory to the extent it seeks privileged communications and because "participated in" is vague and ambiguous. PWD also objects in that this Interrogatory is overly broad and unduly burdensome.

**ANSWER TO NO. 9:** Subject to and without waiving the foregoing objections, PWD states that PWD was not involved in the decision process related to the creation of the Service Enhancement. Kathy McGuine, Customer Service Manager, has knowledge regarding PWD's implementation of the ProLine Service Enhancement.

**Interrogatory No. 10.**     State the number of Pella aluminum clad window and door owners you have contacted, and best estimate(s) of owners you will contact (if such estimate has been made), pursuant to the Service Enhancement.

9

**OBJECTION TO NO. 10:** PWD objects to the definition of aluminum clad windows and doors.

**ANSWER TO NO. 10:** Subject to and without waiving the foregoing objections, PWD states that it has not contacted, nor will it contact, any owners of Pella aluminum clad windows pursuant to the ProLine Service Enhancement. Instead, information about the ProLine Service Enhancement is provided to those customers who contact PWD with service requests, questions, or concerns. PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures related to Service Enhancement materials.

**Interrogatory No. 11.** State the total amount(s) paid to aluminum clad window and door owners pursuant to the Service Enhancement to date.

**OBJECTION TO NO. 11:** See Objection to No. 10.

**ANSWER TO NO. 11:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures related to Service Enhancement materials.

**Interrogatory No. 12.** Identify all "Service Enhancements" and/or similar programs for Architect and/or Designer Series windows and doors.

**OBJECTION TO NO. 12:** PWD objects to the request for information related to "Designer Series" windows as such windows are not relevant to this Action because no named plaintiff is alleged to have defective designer series windows or doors in their home.

**ANSWER TO NO. 12:** Subject to and without waiving the foregoing objections, PWD states PWD is not aware of any Service Enhancement and/or similar programs for Architect and/or Designer Series windows and doors, and information related to any Pella Corporation program is best obtained through them.

10

**Interrogatory No. 13.**     Identify all manufacturing facilities producing aluminum clad windows and doors during the class period, and state the time period for each.

**OBJECTION TO NO. 13:** PWD objects to the definition of aluminum clad windows and doors and class period. PWD further objects to this Interrogatory as improper under the Joint Report.

**ANSWER TO NO. 13:** Subject to and without waiving the foregoing objections, PWD does not manufacture Pella windows, this information is best obtained from Pella Corporation.

**Interrogatory No. 14.**     Identify all subcontractors providing labor, parts and/or components for aluminum clad windows and doors manufactured during the class period, and state the time period for each.

**OBJECTION TO NO. 14:** PWD objects to the definition of aluminum clad windows and doors and class period. PWD further objects to this Interrogatory as a violation of the Joint Report related to Phase I and Phase II discovery, overly broad, unduly burdensome and not reasonably related to any issue pled in the First Amended Complaint.

11

**ANSWER TO NO. 14:** Subject to and without waiving the foregoing objections, PWD states that they will produce this information after the Court has signed and entered the Confidentiality Order.

<div style="margin-left:40%">

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

</div>

**As to Objections:**                              and

Dated:  March 1, 2007                         **s/ John P. Mandler**
                                                          James A. O'Neal
                                                          John P. Mandler
                                                          Angela M. Crandall
                                                          FAEGRE & BENSON LLP
                                                          2200 Wells Fargo Center
                                                          90 South Seventh St.
                                                          Minneapolis, MN  55402-3901
                                                          Phone: (612) 766-7000

                                                          **ATTORNEYS FOR PELLA WINDOWS AND DOORS, INC.**

fb.us.1840164.07

## VERIFICATION

STATE OF CHICAGO      )
                      )
COUNTY OF DUPAGE      )

     Kathy McGuine, being first duly sworn, deposes and states that she is a Customer Service Manager for Pella Windows and Doors; that she has read the foregoing:

**DEFENDANT PELLA WINDOWS AND DOORS, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

and knows the contents thereof and that the same are true and correct to the best of her information, knowledge and belief.

_____
Kathy McGuine

Subscribed and sworn to before me
this _1st_ day of _March_, 2007.

_____
Notary Public

```
OFFICIAL SEAL
PATRICIA MORELLI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/30/10
```

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, individually and on behalf of all others similarly situated, | **Court File No.: 06 CV 4481** |
| Plaintiff, | **AFFIDAVIT OF SERVICE VIA E-MAIL AND U.S. MAIL** |
| v. | |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

STATE OF MINNESOTA    )
                                           ) ss.
COUNTY OF HENNEPIN   )

      SCOTT VEENENDALL of the City of Hudson, County St. Croix, in the State of Wisconsin, being duly sworn, says that on the 1st day of March, 2007, I electronically served by e-mail the following:

- Pella Corp.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

- Pella Corp.'s Objections and Responses to Plaintiffs' First Set of Requests for Production;

- Pella Windows and Doors, Inc.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

- Pella Windows and Doors, Inc.'s Objections and Responses to Plaintiffs' First Set of Requests for Production.

on the following attorney:
**george@freedweiss.com (George K. Lang)**

I further hereby certify that on March 1, 2007, I mailed by United States Postal Service, the same documents to the following attorney:

George K. Lang
FREED & WEISS LLC
111 West Washington Street
Chicago, IL 60602

_____
Scott Veenendall

Subscribed and sworn to before me
this ___1___ day of __March__, 2007.

_____
Notary Public

fb.us.1862202.01

MICHELE A. KNOER
Notary Public
Minnesota
My Commission Expires January 31, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, LUBO and
MARIA HADJIPPETKOV, WILLIAM and
NANCY EHORN, individually and on behalf
of all other similarly situated;

                                     Plaintiff,               No: 06 C 4481

        v.                                          Judge James Zagel
                                               Magistrate Judge Martin Ashman

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC.,
a Delaware corporation,

                                   Defendant.

**DEFENDANT PELLA WINDOWS AND DOORS INC.'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

     Defendant Pella Windows and Doors Inc. ("PWD") hereby provides the following

objections to Plaintiffs' First Set of Requests for Production.

     **GENERAL OBJECTIONS:** PWD objects to these Requests to the extent they seek

information about products, brands, and vintages other than those which the named Plaintiffs

allege are defective and that they purchased or installed. Accordingly, PWD will respond only

with regard to the products, brands, and vintages the named Plaintiffs allege are defective and

that they purchased or installed.

     PWD objects to each of these Requests to the extent the Requests seek documents

protected by the attorney-client privilege and work-product doctrine. Additionally, Plaintiffs, in

the Joint Report of the Parties and Proposed Scheduling and Discovery Order (the "Joint

Report"), agreed not to engage in Phase II discovery on the merits of Plaintiffs' claims until after

<div align="center">1</div>

the resolution of class certification issues. PWD objects to each of these Requests to the extent that it violates the Joint Report bifurcating discovery into Phase I and Phase II. A majority of Plaintiffs' Requests seek information outside the scope of Phase I discovery and are not limited to documents necessary for the determination of Rule 23 certification.

Further, PWD objects to each of these Requests as overly broad to the extent it seeks documents unrelated to Plaintiffs' allegations in the First Amended Complaint regarding window defects and alleged damages resulting there from. Many of Plaintiffs' Requests seek information that would be overly broad and irrelevant as Phase II discovery and no response herein waives this objection.

No individual objection set forth below waives any of these general objections. PWD reserves the right to raise additional objections up to the date it responds to these Requests.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS:

1.    PWD objects to Plaintiffs' definition of *Aluminum Clad Windows and Doors* as overly broad and further objects to any and all requests by Plaintiffs to seek any documents related to Pella Designer Series aluminum clad windows and doors. No named plaintiff is alleged to have defective Designer Series windows or doors in their home and information related to Designer Series windows and doors is irrelevant to claims made regarding the ProLine and Architect Series windows. Additionally, PWD objects to any request regarding the production of any documents related to any Pella doors as Plaintiffs, in the First Amended Complaint, make no allegations regarding Pella door defects.

2.    PWD objects to Plaintiffs' definition of *Class Period* as overly broad as no class period has been established by the Court. In addition to our General objection, the latest vintage

2

of windows alleged to be in a home of any named Plaintiff is 2003. Any request for information after 2003 is overly broad and not related to this Action.

      3.     PWD objects to Plaintiffs' definition of *Performance Problems* as overly broad. Plaintiffs allege, in the First Amended Complaint, that latent defects in Pella windows allow water to penetrate and leak behind aluminum cladding resulting in wood rot and other physical damage to both the window and main structure. PWD objects to the inclusion of air infiltration, IG seal failures, glass IG seal failure, glazing seal failure, and any other unrelated claims in the definition of *Performance Problems* given that Plaintiffs do not allege that the infiltration of water behind the cladding is related to such alleged failures.

      Without waiving the above objections, PWD objects as follows:

**Request No. 1:** All documents designated as discoverable pursuant to Phase I discovery in Defendants' Rule 26(a)(l) and 26(f) Disclosures Regarding Electronically Stored Information.

     **OBJECTION TO NO. 1:** PWD objects to this Request to the extent it seeks documents beyond those specifically disclosed in Defendants' Rule 26(a)(1) Disclosures. Defendants' Disclosure of ESI Sources provides only those such ESI Sources which *may* contain discoverable information, it does not designate all information in such ESI Sources as "discoverable," and does not designate all such ESI sources as discoverable regarding Phase I issues.

     **RESPONSE TO NO. 1:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 2.** All documents that refer or relate to the named plaintiffs.

<center>3</center>

**OBJECTION TO NO. 2:** PWD objects to this Request because "relate to" the named Plaintiffs is vague. Subject to and without waiving this objection, PWD will respond.

**RESPONSE TO NO. 2:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 3.** For all individuals identified in Interrogatory No. 3 of Plaintiff's First Set of Interrogatories to Defendants, all files maintained by or for such individuals relating to leaks or other defects of aluminum clad windows and doors.

**OBJECTION TO NO. 3:** PWD incorporates all objections to Interrogatory No. 3 herein. PWD further objects to this Request because phrase "relating to" and the word "leaks" are vague, ambiguous and overly broad. This Request also violates the Joint Report bifurcating discovery into two phases. Plaintiffs' request for all documents maintained by the listed individuals regarding "leaks or other defects" improperly requests documents not necessary to determine class certification. Additionally, PWD objects to Plaintiffs' requests for documents related to "other defects" as overly broad, vague, outside the scope of Phase I discovery and not related to Plaintiff's claims of alleged wood rot in aluminum clad windows.

**RESPONSE TO NO. 3:** Subject to and without waiving the foregoing objections, PWD will produce all non-privileged documents in the files maintained by the individuals listed in PWD's Answer to Plaintiffs' Interrogatory No. 3 that pertain specifically to the named Plaintiffs.

**Request No. 4.** Documents sufficient to identify all models of aluminum clad windows and doors you manufactured during the class period.

4

**OBJECTION TO NO. 4:** PWD objects to Plaintiffs' definition of class period as overly broad. PWD further objects to this Request as seeking information outside the scope of Phase I discovery and not relevant to the claim made regarding the specific models of windows in Plaintiffs' homes with alleged defects. PWD objects to Plaintiffs' definition of aluminum clad windows and doors.

**RESPONSE TO NO. 4:** Subject to and without waiving the foregoing objections, PWD states that they do not manufacture Pella windows. Documents identifying windows manufactured by Pella is best obtained through Pella Corporation.

**Request No. 5.** Documents sufficient to show, by model, the number of aluminum clad windows and doors, by year, by state, you sold during the class period.

**OBJECTION TO NO. 5:** See Objection to No. 4. PWD objects to producing sales data by state, because it is not kept or available in that manner in the ordinary course of business. PWD has no documents on nationwide sales of any vintage of windows.

**RESPONSE TO NO. 5:** Subject to and without waiving the foregoing objection, PWD states that total sales data is located at Pella Corporation, and is best obtained through them.

**Request No. 6.** Documents sufficient to show the design specifications, technical drawings and blueprints, including changes and modifications, for each model of aluminum clad window and door manufactured during the class period.

**OBJECTION TO NO. 6:** PWD objects to Plaintiffs' definition of class period, objects to any Request to seek documents not related to the brand, type and vintage of Pella windows installed in Plaintiffs' homes. PWD objects to Plaintiffs' definition of aluminum clad windows and doors and objects in that this Request as it is unduly burdensome.

**RESPONSE TO NO. 6:**  Subject to and without waiving the foregoing objection, PWD states that PWD does not design or manufacture Pella windows.  This information is best obtained from Pella Corporation.

**Request No. 7.**  Documents sufficient to identify each and every component part used to make up each model of aluminum clad window and door manufactured during the class period, and their suppliers, including without limitation the make and suppliers of aluminum; the grade, source and suppliers of wood; the name, formula and suppliers of wood sealant or wood treatments; the name and suppliers of butyl tape; and the name and suppliers of IG seals.

**OBJECTION TO NO. 7:**  PWD objects to the definition of "class period" as overly broad.  Additionally, PWD objects to this Request to the extent it seeks information related to IG seal failure as Plaintiffs do not allege any defects with IG seals of windows.  Additionally, PWD objects because this Request is unduly burdensome and because this Request seeks changes to window components that could have no relation to the damages alleged by Plaintiffs.  PWD also objects because this Request seeks documents outside of Phase I discovery as detailed in the Joint Report.

**RESPONSE TO NO. 7:**  Subject to and without waiving the foregoing objection, PWD states that PWD does not manufacture Pella windows.  This information is best obtained from Pella Corporation.

**Request No. 8.**  Documents sufficient to show the manufacturing process, steps and methods, including changes and modifications, equipment purchases (of over $20,000) for each model aluminum clad window and door manufactured during the class period.

**OBJECTION TO NO. 8:**  PWD objects to Plaintiffs' definition of aluminum clad windows and doors.  PWD objects to this Request as overly broad, unduly burdensome and

because "steps and methods, including changes and modifications" is vague and ambiguous. PWD objects to the production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE NO. 8:** Subject to and without waiving the foregoing objection, PWD states that PWD does not manufacture Pella windows.

**Request No. 9.** Documents sufficient to show all routine tests and test results conducted on aluminum clad windows and doors and/or their component as part of the manufacturing process.

**OBJECTION TO NO. 9:** PWD objects to this Request because "routine tests" and "test results" is vague and ambiguous and because this Request is unduly burdensome. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 9:** Subject to and without waiving the foregoing objection, PWD states that PWD does not manufacture Pella windows.

**Request No. 10.** Documents sufficient to show all non-routine tests and test results conducted on aluminum clad windows and doors and/or their component as part of the manufacturing process.

**OBJECTION TO NO. 10:** PWD objects to this Request because "non-routine tests" and "test results" is vague and ambiguous and because this Request is unduly burdensome. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 10:** Subject to and without waiving the foregoing objection, PWD states that PWD does not test Pella windows.

**Request No. 11.** Any and all documents referring to communications with Pella consumers regarding aluminum clad windows and doors based upon performance problems.

7

**OBJECTION TO NO. 11:** PWD objects to this Request because "communications with ... customers" is vague, ambiguous and overly broad and objects based upon Plaintiffs' definition of class period and performance problems. PWD further objects in that this Request is unduly burdensome and objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 11:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs generally to the information at Pella.com regarding the Pella Express Warranty. Other information sent to Pella customers would be created by or at the request of Pella Corporation, and is best obtained through them.

**Request No. 12.** Any and all tests and test results conducted on aluminum clad windows and doors and/or their component parts as part of failure analysis, quality control, pre-production testing and/or post-production testing.

**OBJECTION TO NO. 12:** PWD objects to this Request because "tests and test results" is vague and ambiguous and because this Request is unduly burdensome. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 12:** Subject to and without waiving the foregoing objections, PWD states that PWD does not test Pella windows.

**Request No. 13.** Any and all documents referring to communications with dealers, retail outlets, retailers, installers and repairers concerning performance problems.

**OBJECTION TO NO. 13:** PWD objects to this Request because "communications with" is overly broad, vague and ambiguous and based upon Plaintiffs' definition of performance problems. PWD further objects to this Request as overly broad in the use of "referring to" and

8

unduly burdensome. PWD objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 13:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 14.** Any and all documents referring to communications with suppliers of materials and/or components used to manufacture aluminum clad windows and doors, including formulas used to treat the wood behind the aluminum cladding, regarding performance problems and corrective measures.

**OBJECTION TO NO. 14:** PWD objects to this Request because "communications with" is vague and ambiguous and because this Request is overly broad and unduly burdensome. PWD also objects to this Request because it seeks proprietary and trade secret information. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 14:** Subject to and without waiving the foregoing objection, PWD states that PWD does not manufacture Pella windows.

**Request No. 15:** Documents sufficient to show all warranty claims for aluminum clad windows and doors manufactured during the class period based upon performance problems, and the total number of those claims denied in whole or in part.

**OBJECTION TO NO. 15:** PWD objects to Plaintiffs' definition of class period as overly broad. PWD further objects to Plaintiffs' definition of aluminum clad windows and doors.

9

**RESPONSE TO NO. 15:** Subject to and without waiving the foregoing objection, PWD states that warranty claim information, including Returns and Allowances, is not generated or maintained by PWD. This information is best obtained through Pella Corporation.

**Request No. 16.** Documents sufficient to show all complaints or inquiries from consumers for aluminum clad windows and doors manufactured during the class period based upon performance problems.

**OBJECTION TO NO. 16:** See Objection to No. 15. PWD further objects to the term "inquiries" as vague and overly broad. PWD also objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 16:** Subject to and without waiving the foregoing objections, see Response to No. 15.

**Request No. 17.** Documents sufficient to show the procedure you undertake to investigate a aluminum clad window or door warranty claim for water penetration.

**OBJECTION TO NO. 17:** PWD objects to Plaintiffs' definition of aluminum clad windows and doors. PWD objects to the use of "water penetration" as vague and ambiguous. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 17:** Subject to and without waiving the foregoing objections, PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 18.** Any and all documents maintained by or for persons who investigated design and manufacturing issues during the class period relating to those investigations.

**OBJECTION TO NO. 18:** PWD objects to this Request based upon Plaintiffs' definition of class period and the general objection. PWD also objects to production of any

10

documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 18:** Subject to and without waiving the foregoing objection, PWD states that PWD is not involved in the manufacture or design Pella windows. This information is best obtained from Pella Corporation.

**Request No. 19.** Documents sufficient to identify any and all persons who investigated consumer complaints of aluminum clad windows and doors during the class period.

**OBJECTION TO NO. 19:** PWD objects to Plaintiffs' definition of class period and aluminum clad windows and doors. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery. PWD further objects that this Request is overly broad to the extent it requests all documents regarding every response to a customer complaint relating to all designs and types of aluminum clad windows and doors for a period in excess of sixteen years.

**RESPONSE TO NO. 19:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to its Answer to Plaintiffs' Interrogatory No. 3.

**Request No. 20.** Any and all documents maintained by or for persons who investigated consumer complaints of aluminum clad windows and doors during the class period relating to those investigations.

**OBJECTION TO NO. 20:** See Objection No. 19.

**RESPONSE TO NO. 20:** Subject to and without waiving the foregoing objections, PWD will produce all non-privileged documents in files maintained by the individuals listed in PWD's Answer to Plaintiffs' Interrogatory No. 3 that pertain specifically to the named Plaintiffs.

11

**Request No. 21.** Any and all documents that refer or relate to every law suit brought against you based upon aluminum clad windows or doors alleged or alleging performance problems.

**OBJECTION TO NO. 21:** PWD objects to this Request because it seeks production of information which is not reasonably calculated to lead to the discovery of admissible evidence and is publicly available and, therefore, equally accessible to the Plaintiffs. PWD also objects to this Request to the extent it seeks privileged communications or work-product and because the terms "refer" and "relate to" are vague, ambiguous and overly broad. PWD further objects to Plaintiffs' definition of aluminum clad windows and doors and performance problems. PWD also objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery. Finally, PWD objects to this Request is overly broad to the extent it requests all litigation regarding all designs and types of aluminum clad windows and doors for a period in excess of sixteen years.

**RESPONSE TO NO. 21:** Subject to and without waiving the foregoing objections, PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 22.** Any and all documents that refer or relate to any judicial, administrative or other proceeding relating to aluminum clad windows or doors alleged or alleging performance problems.

**OBJECTION TO NO. 22:** See Objection No. 21.

**RESPONSE TO NO. 22:** Subject to and without waiving the foregoing objections, PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 23.** Documents sufficient to identify the machine referenced in Paragraph 20 of the First Amended Class Action Complaint, purchased in approximately April 2006, that applies the glue sealant to sashes.

**OBJECTION TO NO. 23:** PWD objects to this Request because documents related to this Request are irrelevant given the vintages of windows alleged to be in Plaintiffs' homes. The latest vintage of windows alleged to be in a home of any named Plaintiff is 2003. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 23:** Subject to and without waiving the foregoing objection, PWD states that PWD is not involved in the manufacture or design Pella windows. This information is best obtained from Pella Corporation.

**Request No. 24.** Documents sufficient to show the reasons, decision process, and analysis forming the basis to purchase the machine referenced in Paragraph 20 of the First Amended Class Action Complaint, in approximately April 2006, that applies the glue sealant to sashes.

**OBJECTION TO NO. 24:** See Objection to No. 23.

**RESPONSE TO NO. 24:** Subject to and without waiving the foregoing objection, PWD states that PWD is not involved in the manufacture or design Pella windows. This information is best obtained from Pella Corporation.

**Request No. 25.** Any and all advertising, marketing materials and labeling for aluminum clad windows and doors manufactured during the class period.

**OBJECTION TO NO. 25:** PWD objects to Plaintiffs' definition of class period and aluminum clad windows and doors.

**RESPONSE TO NO. 25:** Subject to and without waiving the foregoing objection, PWD states that marketing, advertisement and labeling information is generally generated by Pella Corporation, and is best obtained from Pella Corporation. In isolated instances, PWD may have

13

worked to create advertisements or marketing materials. PWD will produce any of these documents that it is able to locate.

**Request No. 26.** Any and all documentation included with aluminum clad windows and doors sold to consumers during the class period.

**OBJECTION TO NO. 26:** See Objection to No. 25.

**RESPONSE TO NO. 26:** Subject to and without waiving the foregoing objections, see Response to No. 25.

**Request No. 27.** For each year during the class period, organizational charts sufficient to show the organization of each division, department, unit or subdivision of your company which had any role relating to the design, production, manufacturing, quality control, distribution, marketing, customer service or sale of aluminum clad windows and doors, and the individuals working in those divisions, departments, units or subdivisions.

**OBJECTION TO NO. 27:** PWD objects to Plaintiffs' definition of class period and aluminum clad windows and doors. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 27:** Subject to and without waiving the foregoing objections, PWD states that PWD will produce organization charts it is able to locate.

**Request No. 28.** A floor plan for each manufacturing facility producing aluminum clad windows and doors and/or their components, including any changes to the floor plans made during the class period.

**OBJECTION TO NO. 28:** See Objection to No. 27.

14