**RESPONSE TO NO. 28:** Subject to and without waiving the foregoing objection, PWD states that PWD is not involved in the manufacture of Pella windows. This information is best obtained from Pella Corporation.

**Request No. 29.** Any and all internal memorandum, studies, analyses, reports, white papers, summaries, projections, board minutes or board presentations prepared by you or on your behalf, or provided to you, reflecting or referring to performance problems of aluminum clad windows and doors.

**OBJECTION TO NO. 29:** PWD objects to this Request to the extent it seeks privileged communications and objects to Plaintiffs' definition of performance problems and aluminum clad windows and doors. PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 29:** Subject to and without waiving the foregoing objections, PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 30.** Any and all board minutes, reports to (or from) the board, communications to shareholders, risk managers, insurance companies, or any other entity or person concerning performance problems of aluminum clad windows and doors.

**OBJECTION TO NO. 30:** See Objection to No. 29.

**RESPONSE TO NO. 30:** See Response to No. 29.

**Request No. 31.** Any and all Pella documents, such as technical training materials or bulletins that refer or relate to performance problems of aluminum clad windows and doors.

**OBJECTION TO NO. 31:** See Objection to No. 29.

**RESPONSE TO NO. 31:** See Response to No. 29.

15

**Request No. 32.**  Documents sufficient to identify any and all third parties consulted regarding performance problems of aluminum clad windows and doors.

OBJECTION TO NO. 32: See Objection to No. 29.

RESPONSE TO NO. 32: See Response to No. 29.

**Request No. 33.**  Documents sufficient to show any and all recalls, the suspension or termination of any product line (irrespective of date), the basis for the action taken, and the alleged problem(s) with the product.

OBJECTION TO NO. 33: PWD objects to this Request to the extent it seeks privileged communications and objects to Plaintiffs' use of "problems" as vague, ambiguous and overly broad.  PWD further objects to the extent this Request seeks documents "irrespective of date" as overly broad and to the extent it seeks documents to show "any and all" suspension of product lines as vague, ambiguous, overly broad and unduly burdensome.  PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

RESPONSE TO. NO. 33: Subject to and without waiving the foregoing objections, PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 34.**  Documents sufficient to identify all problem codes and definitions for both the Old Code (to 1999) and the New Code (2000 to present) referenced in Defendants' Rule 26(a)(l) and 26(f) Disclosures Regarding Electronically Stored Information.

OBJECTION TO NO. 34: No objection.

RESPONSE TO NO. 34: Subject to and without waiving the foregoing general objections, PWD states that information pertaining to definition of problem codes has not been created by PWD. This information is best obtained from Pella Corporation.

**Request No. 35.**  Your financial statements and annual reports for each year during the class period.

**OBJECTION TO NO. 35:**  PWD objects to this Request as not relevant and not likely to lead to the admissibility of relevant evidence.  PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 35:**  Subject to and without waiving the foregoing objections, PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 36.**  Organizational charts for each division, department, unit or subdivision of your company responsible for developing, deciding and/or implementing the Service Enhancement, and the individuals working in those divisions, departments, units or subdivisions.

**OBJECTION TO NO. 36:**  PWD objects to the extent this Request seeks the listing of each individual working for PWD in any given division, department, unit or subdivision as such a request is overly broad and unduly burdensome.  PWD further objects to production of any documents related to this Request as a violation of the Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 36:**  Subject to and without waiving the foregoing objections, PWD will provide organization charts within its possession.

**Request No. 37.**  Any and all documents proposing, describing, shaping, defining, constituting or otherwise relating to the Service Enhancement.

**OBJECTION TO NO. 37:**  PWD objects to the use of "any and all documents … relating" as overly broad and unduly burdensome.

**RESPONSE TO NO. 37:**  Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

17

PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 38.** Any and all marketing materials concerning the Service Enhancement, including without limitation any scripts, guidelines and/or protocols for service calls.

**OBJECTION TO NO. 38:** PWD objects to the use of "any and all" as overly broad and unduly burdensome.

**RESPONSE TO NO. 38:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 39.** Any and all training materials concerning the Service Enhancement.

**OBJECTION TO NO. 39:** See Objection to No. 38. PWD further objects because the term "training materials" is vague, ambiguous and overly broad.

**RESPONSE TO NO. 39:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 40.** Any and all form releases to be signed by consumers in connection with the Service Enhancement.

**OBJECTION TO NO. 40:** No Objection.

**RESPONSE TO NO. 40:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

18

PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 41.**  Any and all documents relating to the Service Enhancement that refer to this lawsuit.

    **OBJECTION TO NO. 41:**  No objection.

    **RESPONSE TO NO. 41:**  Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 42.**  Any and all files relating to the Service Enhancement maintained by or for any person identified in response to the Interrogatories regarding the Service Enhancement.

    **OBJECTION TO NO. 42:**  See Objection to No. 38.

    **RESPONSE TO NO. 42:**  Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**Request No. 43.**  All documentation constituting or explaining your refund, repair or replacement policies applicable to performance problems.

    **OBJECTION TO NO. 43:**  PWD objects to this Request because "documentation consisting or explaining" is vague and overly broad.  PWD further objects to Plaintiffs' definition of performance problems as overly broad.  Subject to and without waiving these objections, PWD will produce warranties related to the vintages of windows purchased by the named Plaintiffs.

**RESPONSE TO NO. 43:** Subject to and without waiving the foregoing objections,

PWD states that any relevant refund, repair or replacement policy for PWD would be created by

Pella Corporation, and is best obtained through them.

**Request No. 44.** Documents sufficient to identify all corporations, entities, affiliates or partners

taking part in the manufacture, assembly, and/or testing of aluminum clad windows and doors.

**OBJECTION TO NO. 44:** PWD objects to this Request because "taking part" is vague

and ambiguous. PWD also objects to Plaintiffs' definition of aluminum clad windows and doors.

PWD further objects to production of any documents related to this Request as a violation of the

Joint Report related to Phase I and Phase II discovery.

**RESPONSE TO NO. 44:** Subject to and without waiving the foregoing objections,

PWD is not involved in the manufacture of Pella windows.

**Request No. 45.** All documents necessary to specify the dollar value of the reserves set aside by

you, on a quarterly basis, to cover actual or potential warranty claims relating to aluminum clad

windows and doors.

**OBJECTION TO NO. 45:** PWD objects to production of any documents related to this

Request as a violation of the Joint Report related to Phase I and Phase II discovery. PWD also

objects to this Request because documents regarding reserves are confidential and not reasonably

calculated to lead to the discovery of admissible evidence.

**RESPONSE TO NO. 45:** Subject to and without waiving the foregoing objections,

PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 46.** All documents relating to increases or decreases in the monthly reserves set aside

by you to cover actual or potential warranty claims relating to aluminum clad windows and doors.

**OBJECTION TO NO. 46:** See Objection to No. 45.

**RESPONSE TO NO. 46:** Subject to and without waiving the foregoing objections, PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 47.** All documents relating to any insurance coverage you may have for any claim set forth in the complaint, including documents relating to a reservation of rights, declaratory relief action, policy limits and/or depletion of policy limits.

**OBJECTION TO NO. 47:** See Objection to No. 45.

**RESPONSE TO NO. 47:** Subject to and without waiving the foregoing objections, PWD will supplement its response, if necessary, during Phase II discovery.

**Request No. 48.** Any and all documents relating to service enhancements for Architectural and/or Designer Series windows and doors.

**OBJECTION TO NO. 48:** See Objection to No. 45.

**RESPONSE TO NO. 48:** Subject to and without waiving the foregoing objections, PWD states PWD is not aware of any Service Enhancement and/or similar programs for Architect and/or Designer Series windows and doors, and information related to any Pella Corporation program is best obtained through them.

**Request No. 49.** Any and all documents referred to or relied on in preparing Defendants' answers to Plaintiffs First Set of Interrogatories to Defendants.

**OBJECTION TO NO. 49:** PWD objects to the extent this Request seeks privileged information or work-product.

21

**RESPONSE TO NO. 49:** Subject to and without waiving the foregoing objections, PWD states

that it will produce all non-privileged or work-product information relied upon as outlined in

PWD's Answers to Interrogatories.

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

and

Dated: March 1, 2007

**s/ John P. Mandler**
James A. O'Neal
John P. Mandler
Angela M. Crandall
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

**ATTORNEYS FOR PELLA WINDOWS AND
DOORS AND PELLA CORPORATION**

fb.us.1851654.06

22

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, individually and on behalf of all others similarly situated, | **Court File No.: 06 CV 4481** |
| Plaintiff, | **AFFIDAVIT OF SERVICE VIA E-MAIL AND U.S. MAIL** |
| v. | |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

STATE OF MINNESOTA   )
                               ) ss.
COUNTY OF HENNEPIN  )

        SCOTT VEENENDALL of the City of Hudson, County St. Croix, in the State of Wisconsin, being duly sworn, says that on the 1st day of March, 2007, I electronically served by e-mail the following:

- Pella Corp.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

- Pella Corp.'s Objections and Responses to Plaintiffs' First Set of Requests for Production;

- Pella Windows and Doors, Inc.'s Objections and Answers to Plaintiffs' First Set of Interrogatories;

- Pella Windows and Doors, Inc.'s Objections and Responses to Plaintiffs' First Set of Requests for Production.

on the following attorney:
**george@freedweiss.com (George K. Lang)**

I further hereby certify that on March 1, 2007, I mailed by United States Postal Service, the same documents to the following attorney:

George K. Lang
FREED & WEISS LLC
111 West Washington Street
Chicago, IL 60602

_____
Scott Veenendall

Subscribed and sworn to before me
this ___1___ day of ___March___, 2007.

_____
Notary Public

fb.us.1862202.01

MICHELE A. KNOER
Notary Public
Minnesota
My Commission Expires January 31, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, LUBO and MARIA HADJIPPETKOV, WILLIAM and NANCY EHORN, individually and on behalf of all other similarly situated; | | |
| Plaintiffs, | | No: 06 C 4481 |
| v. | | Judge James Zagel Magistrate Judge Martin Ashman |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | | |
| Defendants. | | |

**DEFENDANT PELLA CORPORATION'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Pella Corporation ("Pella") hereby incorporates Pella's **GENERAL
OBJECTIONS** and **OBJECTIONS TO PLAINTIFFS' DEFINITIONS** as stated in
**DEFENDANT PELLA CORPORATION'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES.** Pella provides supplemental answers
to certain of Plaintiffs' First Set of Interrogatories as follows:

**Interrogatory No. 4.**   State the total number of aluminum clad windows and doors, by model,
by state, sold during the class period.

**OBJECTION TO NO. 4:** Pella objects to Plaintiffs' definition of class period and
aluminum clad windows and doors and further objects as this Interrogatory violates the Joint
Report related to Phase I and Phase II discovery.  As set forth in Defendants' Rule 26(a)(1)
disclosure, Pella will produce sales information for the vintages of windows purchased by the

1

named Plaintiffs as alleged in the First Amended Complaint. Pella objects to producing sales data by state, because it is not kept or available in that manner in the ordinary course of business.

**ANSWER TO NO. 4:** Subject to and without waiving the foregoing objections, to the extent available, Pella will provide sales information for the vintages of windows purchased by the named Plaintiffs as alleged in the First Amended Complaint once the Court has signed and entered the Confidentiality Order. This data will be provided as kept by Pella in the ordinary course of business. As such, information regarding pre-1997 vintages is retained and available only in number of units booked, and information regarding post-1997 vintages is provided in number of units shipped.

**SUPPLEMENTAL ANSWER TO NO. 4:** Please see attached "Exhibit A".

**Interrogatory No. 11.** State the total amount(s) paid to aluminum clad window and door owners pursuant to the Service Enhancement to date.

**OBJECTION TO NO. 11:** See Objection to No. 10.

**ANSWER TO NO. 11:** Subject to and without waiving the foregoing objections, Pella states that it is not the normal practice of Pella to pay any amount directly to owners of Pella aluminum clad windows pursuant to the ProLine Service Enhancement. Instead, Pella reimburses the branch where the customer either (1) purchased the ProLine windows, or (2) is directed by Pella to obtain service for the ProLine windows in the event the windows have been purchased at a national retailer. The total additional cost to Pella from the ProLine Service Enhancement through January, 2007 will be produced after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL ANSWER TO NO. 11:** Please see attached "Exhibit B".

2

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

**As to Objections:**

And

Dated: March 29 2007

James A. O'Neal
John P. Mandler
Angela M. Crandall
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

**ATTORNEYS FOR PELLA CORPORATION**

fb.us.1897362.01

3

*Saltzman v. Pella*
**PELLA's ANSWERS TO INTERROGATORIES**
**EXHIBIT A**

**CONFIDENTIAL- ACCESSIBLE TO PARTIES**

## Pre-1997 (Bookings)

### Architect Series

- o 1990 Architect Casement - 24,014
- o 1990 Architect Double-Hung - 13,876

### ProLine

- o 1992 ProLine Casement - 107,515
- o 1992 ProLine Double-Hung - 44,331
- o 1996 ProLine Casement - 333,062
- o 1996 ProLine Double-Hung - 201,383

## Post 1997 (Shipments)

# Architect Series

| Fiscal Year | | Brand ID | Brand | Operating Type | Qty |
|---|---|---|---|---|---|
| | 2001 | AS | Architect Series | Casements/Awnings/Transoms | 135,613 |
| | 2001 | DC | Architect Series Classic | Casements/Awnings/Transoms | 299,925 |
| | | | | *Architect Brand Total* | 435,538 |

| Fiscal Year | | Brand ID | Brand | Operating Type | Qty |
|---|---|---|---|---|---|
| | 2001 | AS | Architect Series | Double Hung | 115,832 |
| | 2001 | DC | Architect Series Classic | Double Hung | 208,041 |
| | | | | *Architect Brand Total* | 323,873 |

| Fiscal Year | | Brand ID | Brand | Operating Type | Qty |
|---|---|---|---|---|---|
| | 2003 | AS | Architect Series | Casements/Awnings/Transoms | 141,361 |
| | 2003 | DC | Architect Series Classic | Casements/Awnings/Transoms | 327,216 |
| | | | | *Architect Brand Total* | 468,577 |

| Fiscal Year | | Brand ID | Brand | Operating Type | Qty |
|---|---|---|---|---|---|
| | 2003 | AS | Architect Series | Double Hung | 127,834 |
| | 2003 | DC | Architect Series Classic | Double Hung | 246,792 |
| | | | | *Architect Brand Total* | 374,626 |

# ProLine

| Fiscal Year | | Brand ID | Brand | Operating Type | Qty |
|---|---|---|---|---|---|
| | 2001 | PL | ProLine | Casements/Awnings/Transoms | 576,313 |
| | 2001 | PL | ProLine | Double Hung | 690,299 |

fb.us.1896803.01

**CONFIDENTIAL- ACCESSIBLE TO PARTIES**

*Saltzman v. Pella*
**PELLA's ANSWERS TO INTERROGATORIES**
**EXHIBIT B**

**CONFIDENTIAL- ACCESSIBLE TO PARTIES**

## ProLine Service Enhancement Expense Through January, 2007

|  | Monthly Expense | Fiscal YTD | Project to Date Expense |
|---|---|---|---|
| Sep-06 | 89,100 | 89,100 | 89,100 |
| Oct-06 | 47,890 | 136,990 | 136,990 |
| Nov-06 | 157,800 | 294,790 | 294,790 |
| Dec-06 | 150,310 | 150,310 | 445,100 |
| Jan-07 | 149,120 | 299,430 | 594,220 |

fb.us.1896832.01

**CONFIDENTIAL- ACCESSIBLE TO PARTIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, LUBO and
MARIA HADJIPPETKOV, WILLIAM and
NANCY EHORN, individually and on behalf
of all other similarly situated;

                                    Plaintiff,

           v.

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC.,
a Delaware corporation,

                                   Defendant.

No: 06 C 4481

Judge James Zagel
Magistrate Judge Martin Ashman

**DEFENDANT PELLA CORPORATION'S OBJECTIONS AND SUPPLEMENTAL
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant Pella Corporation ("Pella") hereby incorporates Pella's **GENERAL
OBJECTIONS** and **OBJECTIONS TO PLAINTIFFS' DEFINITIONS** as stated in
**DEFENDANT PELLA CORPORATION'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION.** Pella provides
supplemental responses to certain of Plaintiffs' First Set of Requests as follows:

**Request No. 5.** Documents sufficient to show, by model, the number of aluminum clad windows
and doors, by year, by state, you sold during the class period.

**OBJECTION TO NO. 5:** See Objection to No. 4. As set forth in Defendants' Rule
26(a)(1) Disclosure, Pella will produce the sales information for the vintages of windows
purchased by the named Plaintiffs as alleged in the First Amended Complaint. Pella objects to

1

producing sales data by state, because it is not kept or available in that manner in the ordinary course of business.

**RESPONSE TO NO. 5:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures, specifically the sales information for the vintages of windows purchased by the named Plaintiffs as alleged in the First Amended Complaint. This information will be produced once the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 5:** Please see Pella's Supplemental Answer to Interrogatory No. 4.

**Request No. 37.** Any and all documents proposing, describing, shaping, defining, constituting or otherwise relating to the Service Enhancement.

**OBJECTION TO NO. 37:** Pella objects to the use of "any and all documents … relating" as overly broad and unduly burdensome. Subject to and without waiving these objections, Pella Corporation will produce its documents related to creation of the ProLine Service Enhancement.

**RESPONSE TO NO. 37:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

**SUPPLEMENTAL RESPONSE TO NO. 37:** Please see documents PELSALT00012728-PELSALT00012759 related to the implementation of the ProLine Service Enhancement. Please see Pella's Supplemental Answer to Interrogatory No. 11 for costs associated with the Enhancement Program.

**Request No. 38.** Any and all marketing materials concerning the Service Enhancement, including without limitation any scripts, guidelines and/or protocols for service calls.

2

**OBJECTION TO NO. 38:** Pella objects to the use of "any and all" as overly broad and unduly burdensome. Subject to and without waiving these objections, Pella Corporation will produce its documents related to creation of the ProLine Service Enhancement.

**RESPONSE TO NO. 38:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

**SUPPLEMENTAL RESPONSE TO NO. 38:** Please see documents PELSALT00012728-PELSALT00012759 related to the implementation of the ProLine Service Enhancement. Please see Pella's Supplemental Answer to Interrogatory No. 11 for costs associated with the Enhancement Program.

**Request No. 39.** Any and all training materials concerning the Service Enhancement.

**OBJECTION TO NO. 39:** See Objection to No. 38. Pella further objects because the term "training materials" is vague, ambiguous and overly broad.

**RESPONSE TO NO. 39:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 39:** Please see documents PELSALT00012728-PELSALT00012759 related to the implementation of the ProLine Service Enhancement. Please see Pella's Supplemental Answer to Interrogatory No. 11 for costs associated with the Enhancement Program.

**Request No. 41.** Any and all documents relating to the Service Enhancement that refer to this lawsuit.

**OBJECTION TO NO. 41:** No objection.

3

**RESPONSE TO NO. 41:** Subject to and without waiving the foregoing general objections, refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures.

**SUPPLEMENTAL RESPONSE TO NO. 41:** Please see documents PELSALT00012728-PELSALT00012759 related to the implementation of the ProLine Service Enhancement. Please see Pella's Supplemental Answer to Interrogatory No. 11 for costs associated with the Enhancement Program.

**Request No. 42.** Any and all files relating to the Service Enhancement maintained by or for any person identified in response to the Interrogatories regarding the Service Enhancement.

**OBJECTION TO NO. 42:** See Objection to No. 38.

**RESPONSE TO NO. 42:** Subject to and without waiving the foregoing objections, Pella refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. Pella will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 42:** Please see documents PELSALT00012728-PELSALT00012759 related to the implementation of the ProLine Service Enhancement. Please see Pella's Supplemental Answer to Interrogatory No. 11 for costs associated with the Enhancement Program.

4

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

And

Dated: March 29, 2007

James A. O'Neal
John P. Mandler
Angela M. Crandall
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

**ATTORNEYS FOR PELLA CORPORATION**

fb.us.1897379.02

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, LUBO and
MARIA HADJIPPETKOV, WILLIAM and
NANCY EHORN, individually and on behalf
of all other similarly situated;

                              Plaintiffs,              No: 06 C 4481

       v.

                                             Judge James Zagel
PELLA CORPORATION, an Iowa corporation,      Magistrate Judge Martin Ashman
and PELLA WINDOWS AND DOORS, INC.,
a Delaware corporation,

                            Defendants.

---

**DEFENDANT PELLA WINDOWS AND DOORS, INC.'S OBJECTIONS AND**
**SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Pella Windows and Doors, Inc. ("PWD") hereby incorporates PWD's **GENERAL**

**OBJECTIONS** and **OBJECTIONS TO PLAINTIFFS' DEFINITIONS** as stated in

**DEFENDANT PWD INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST**

**SET OF INTERROGATORIES.** PWD provides supplemental answers to certain of Plaintiffs'

First Set of Interrogatories as follows:

**Interrogatory No. 11.**         State the total amount(s) paid to aluminum clad window and door

owners pursuant to the Service Enhancement to date.

       **OBJECTION TO NO. 11:** See Objection to No. 10.

       **ANSWER TO NO. 11:** Subject to and without waiving the foregoing objections,

PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures

related to Service Enhancement materials.

1

**SUPPLEMENTAL ANSWER TO NO. 11:** Please see excel spreadsheet described in Defendant's Rule 26 disclosures produced at PELSALT00012760. This spreadsheet contains closed PWD Service Enhancement files, without specific customer information, through January, 2007.

<div style="margin-left:40%">

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

</div>

**As to Objections:**

Dated: March 29, 2007

<div style="margin-left:40%">

and

James A. O'Neal
John P. Mandler
Angela M. Crandall
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

**ATTORNEYS FOR PELLA WINDOWS AND DOORS, INC.**

</div>

fb.us.1911073.01

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, LUBO and
MARIA HADJIPPETKOV, WILLIAM and
NANCY EHORN, individually and on behalf
of all other similarly situated;

                        Plaintiff,

      v.

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC.,
a Delaware corporation,

                        Defendant.

No:  06 C 4481

Judge James Zagel
Magistrate Judge Martin Ashman

**DEFENDANT PELLA WINDOWS AND DOORS INC.'S OBJECTIONS AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION**

Defendant Pella Windows and Doors ("PWD") hereby incorporates PWD's **GENERAL**

**OBJECTIONS** and **OBJECTIONS TO PLAINTIFFS' DEFINITIONS** as stated in

**DEFENDANT PWD INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST**

**SET OF REQUESTS FOR PRODUCTION.** PWD provides supplemental responses to certain

of Plaintiffs' First Set of Requests as follows:


**Request No. 37.**  Any and all documents proposing, describing, shaping, defining, constituting or

otherwise relating to the Service Enhancement.

      **OBJECTION TO NO. 37:**  PWD objects to the use of "any and all documents …

relating" as overly broad and unduly burdensome.

1

**RESPONSE TO NO. 37:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 37:** Please see excel spreadsheet described in Defendant's Rule 26 disclosures produced at PELSALT00012760. This spreadsheet contains closed PWD Service Enhancement files, without specific customer information, through January, 2007. Information on the implementation of the Enhancement program is best obtained through Pella Corporation.

**Request No. 38.** Any and all marketing materials concerning the Service Enhancement, including without limitation any scripts, guidelines and/or protocols for service calls.

**OBJECTION TO NO. 38:** PWD objects to the use of "any and all" as overly broad and unduly burdensome.

**RESPONSE TO NO. 38:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 38:** Please see excel spreadsheet described in Defendant's Rule 26 disclosures produced at PELSALT00012760. This spreadsheet contains closed PWD Service Enhancement files, without specific customer information, through January, 2007. Information on the implementation of the Enhancement program is best obtained through Pella Corporation.

**Request No. 39.** Any and all training materials concerning the Service Enhancement.

2

**OBJECTION TO NO. 39:** See Objection to No. 38. PWD further objects because the term "training materials" is vague, ambiguous and overly broad.

**RESPONSE TO NO. 39:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 39:** Please see excel spreadsheet described in Defendant's Rule 26 disclosures produced at PELSALT00012760. This spreadsheet contains closed PWD Service Enhancement files, without specific customer information, through January, 2007. Information on the implementation of the Enhancement program is best obtained through Pella Corporation.

**Request No. 40.** Any and all form releases to be signed by consumers in connection with the Service Enhancement.

**OBJECTION TO NO. 40:** No Objection.

**RESPONSE TO NO. 40:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 40:** Please see excel spreadsheet described in Defendant's Rule 26 disclosures produced at PELSALT00012760. This spreadsheet contains closed PWD Service Enhancement files, without specific customer information, through January, 2007. Information on the implementation of the Enhancement program is best obtained through Pella Corporation.

3

**Request No. 41.** Any and all documents relating to the Service Enhancement that refer to this lawsuit.

**OBJECTION TO NO. 41:** No objection.

**RESPONSE TO NO. 41:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 41:** Please see excel spreadsheet described in Defendant's Rule 26 disclosures produced at PELSALT00012760. This spreadsheet contains closed PWD Service Enhancement files, without specific customer information, through January, 2007. Information on the implementation of the Enhancement program is best obtained through Pella Corporation.

**Request No. 42.** Any and all files relating to the Service Enhancement maintained by or for any person identified in response to the Interrogatories regarding the Service Enhancement.

**OBJECTION TO NO. 42:** See Objection to No. 38.

**RESPONSE TO NO. 42:** Subject to and without waiving the foregoing objections, PWD refers Plaintiffs to documents produced pursuant to Defendants Rule 26(a)(1) disclosures. PWD will produce all documents identified in Defendants Rule 26(a)(1) disclosures and designated as "confidential" after the Court has signed and entered the Confidentiality Order.

**SUPPLEMENTAL RESPONSE TO NO. 42:** Please see excel spreadsheet described in Defendant's Rule 26 disclosures produced at PELSALT00012760. This spreadsheet contains closed PWD Service Enhancement files, without specific customer information, through January,

4

2007. Information on the implementation of the Enhancement program is best obtained through Pella Corporation.

**WILDMAN, HARROLD, ALLEN & DIXON**
Douglas L. Prochnow
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

and

Dated: March 29 2007

James A. O'Neal
John P. Mandler
Angela M. Crandall
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

**ATTORNEYS FOR PELLA WINDOWS AND DOORS AND PELLA CORPORATION**

fb.us.1911037.01

5

# FREED & WEISS LLC

ATTORNEYS AT LAW

111 WEST WASHINGTON STREET, SUITE 1331
CHICAGO, ILLINOIS 60602
TELEPHONE (312) 220-0000
FACSIMILE (312) 220-7777
WEBSITE www.freedweiss.com

**GEORGE K. LANG**
DIRECT LINE: (312) 855-2628
E-MAIL: george@freedweiss.com

April 12, 2007

**Via Email**

John Mandler
Feagre & Benson, LLP
2200 Wells Fargo Center
93 South Seventh Street
Minneapolis, MN 55402-3901

Re: *Saltzman, et al. v. Pella, et al.*

Dear John,

There are matters raised by the limitations placed on your Initial Disclosures, particularly as regards to Electronically Stored Information ("ESI") – Disclosure of Additional ESI Sources, that we feel were not fully addressed during our *Meet and Confer* that we would like to address in the spirit of working out discovery differences. These differences also affect your clients' responses to our discovery requests. The items we would like to address are:

1. **Limitation of Disclosures.** The limitation of disclosures solely to the vintage and series window purchased by class representatives. Plaintiffs are not seeking relief solely for themselves, but for the purchasers of all Pella windows that contain the same defect. It is Plaintiffs' position that each of the three series, for the designated class period are defective in the same way, and will be seeking certification of such a class. Accordingly, disclosure of documents and information for each of the three series for the entire class period is necessary to support Plaintiffs' motion.

2. **The Scope of Problem Codes.** The scope of disclosed "problem codes" for the purposes of the Returns and Allowances database. To fully assess the problem codes your client has chosen to include, we would like to review the complete list of codes (both pre 2000 and from 2000 to the present).

John Mandler
April 12, 2007
Page 2

3. **Withholding disclosure of emails**. Your client proposes disclosing absolutely no emails until Phase II. The conduct of Pella – through its employees – is central to certification. Emails are also crucial evidence of such conduct.

4. **Withholding disclosure of "general user files" and "network shares."** The general limitation of disclosures at this stage too narrowly construes design, warranty and marketing documents in advance of class certification and is improper.

5. **Disclosure of testing data.** This litigation asserts that each of the three series of windows and doors at issue in this litigation suffer from common defects. Design plans are only part of the equation. Testing data could provide direct evidence of the scope and extent of the uniform defect. Your Initial Disclosures discuss general network shares, but not testing data. Please clarify the extent, if any that your client will be disclosing testing data.

6. **Withholding disclosure of manufacturing data (Oracle, Progress, and plant quality databases).** As with testing data, the design of any product is only part of the picture. As you well know, manufacturing data completes the common proofs necessary for class certification, particularly when, as here, the information includes quality data. There is little explanation about the nature of the information residing in these databases, information some of which could lead to discoverable and relevant data. Accordingly, please provide further explanation of the manufacturing ESI available.

7. **Withholding disclosure of communications with customers.** Such communications evidence both a common problem faced by Pella's consumers and Pella's responses there to – two sides of class certification coin in a consumer fraud case. Disclosure of such communications is relevant and necessary for multiple Phase I issues.

8. **Withholding disclosures from the Service Module (service information) database.** The express terms of the warranty (which is being disclosed, at least for select series and vintages) is only half of the picture of the warranty program at Pella. The Service Module would provide insight into actual warranty practice as it impacted class members. However, there is little explanation about the nature of the information residing in these databases, information some of which could lead to

John Mandler
April 12, 2007
Page 3

discoverable and relevant data. Accordingly, please provide further explanation of the ESI available in the Service Module.

9.     **The PDQ Poets database.** It is not clear what the PDQ Poets database is. Again, there is little explanation about the nature of the information residing in this database, information some of which could lead to discoverable and relevant data. Please provide more information about this database and an explanation of the scope of information residing therein.

10.     **Withholding disclosures from the Quality Alerts database.** As with all of the foregoing, such information relevant to establish the scope and extent of the defect in the windows and doors, and the common experience of putative class members is fairly the subject of discovery at this stage.

Finally, to the extent any of the information your client intends to withhold is, in whole or in part, a matter of the burden of such disclosure, please make this known.

We are willing to discuss potential ways to compromise the scope of any of the above, but may require some preliminary disclosure on your part so that we fully understand the nature of one or more of the above databases so that a beneficial compromise can be reached.

I look forward to receiving a response to my questions and request the same before next Tuesday, April 17, 2007, at which time I am prepared to file a Motion to Compel regarding these issues.

Best Regards,

George K. Lang

Cc Paul Weiss



UNITED STATES | ENGLAND | GERMANY | CHINA

JOHN P. MANDLER
jmandler@faegre.com
(612) 766-7221

April 13, 2007

**<u>VIA EMAIL - ORIGINAL TO FOLLOW</u>**

George K. Lang Esq.
Freed & Weiss
111 West Washington, Suite 1331
Chicago, IL 60602

    Re:   *Saltzman, et al. v. Pella et al.*

Dear George:

    I am writing in response to your letter dated April 12, 2007. As you suggest, I agree that the parties should reconvene the "*meet and confer*" discussion regarding the scope of discovery. At that time we will attempt to answer some of the questions posed in your correspondence regarding the purpose and use of the identified databases. I propose Monday, April 16 at 11:00 as a time that both John Roberts and I can be available and prior to the deadline set in your letter.

    In the meantime, in response to paragraph 2 of your letter, we have already provided plaintiffs this information. You will find the lists of *all* "problem codes" (both pre and post 2000) produced in the form of excel spreadsheets on the cd we produced on March 6, 2007 and designated as documents nos. PELSALT00008488, 8489 and 8492.

    Thank you for your cooperation in these matters

        Sincerely,

        FAEGRE & BENSON LLP

        John P. Mandler

MANDJ

George K. Lang Esq.
April 13, 2007
Page 2


cc:    Paul A. Weiss
        John A. Roberts
        James A. O'Neal


Document2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, LUBO and MARIA HADJIPPETKOV, WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated;<br><br>                                  Plaintiff,<br><br>    v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation,<br><br>                              Defendants. | No.: 06 C 4481<br><br>Judge James Zagel |

## PLAINTIFF DR. LEONARD E. SALTZMAN'S ANSWERS TO DEFENDANTS' PHASE I INTERROGATORIES AND RESPONSES TO DEFENDANTS' PHASE 1 REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Dr. Leonard E. Saltzman answers and responds to Pella Corporation and Pella Windows And Doors, Inc.'s interrogatories and requests for production as follows:

### INTERROGATORIES

**INTERROGAOTRY NO. 1:** Identify all persons who have knowledge regarding the alleged water infiltration or penetration, moisture infiltration or penetration, leakage, condensation, or wood rot in Dr. Saltzman's home at 1189 Windwood Drive, Lake Forest, Illinois, 60045, (hereinafter referred to as "the Project'), or any other facts relevant to the subject matter of the lawsuit, and for each such person specify the nature of his or her knowledge.

**ANSWER:**

1.  Kevin Flannary, Blair Construction, P.O. Box 4352, Northbrook, Illinois, 60065, phone number unknown. Has knowledge of the allegations in the complaint.

2.  Kevin Flannary, Pella Windows and Doors, Inc., 101 Regency Drive, Glendale Heights, Illinois, 60139, (708) 894-1000. Has knowledge of the allegations in the complaint.

3.  Rick Hides, Pella Windows and Doors, Inc., 101 Regency Drive, Glendale Heights, Illinois, 60139, (708) 894-1000. Has knowledge of the allegations in the complaint.

4.  Steve Tanis, Pella Windows & Doors, Inc., 2505 Enterprise Cr., West Chicago, Illinois, (630) 588-3870. Has knowledge of the allegations in the complaint.

5.  Tom Wengel, Pella Windows & Doors. Has knowledge of the allegations in the complaint.

6.  Investigation continues.

**INTERROGATORY NO. 2:**     Identify all of the contractors, subcontractors and suppliers involved in any way with the Project or the building products or applications used in the Project. Include in your answer the nature and extent of involvement of each such entity and the dates of the entity's involvement.

**ANSWER:**

See answer to Interrogatory No. 1.

2

**INTERROGATORY NO. 3:**     For the Pella windows used in the Project and identified in the Amended Complaint for which you allege water infiltration or penetration, moisture infiltration or penetration, leakage, condensation, or wood rot, state or describe:

 a. The exact location of the Pella window in your residence;

 b. The approximate date you first noticed water infiltration or penetration, moisture infiltration or penetration, leakage, condensation, or wood rot;

 c. The nature and extent of the damage caused by the alleged water infiltration or penetration, moisture infiltration or penetration, leakage, condensation, or wood rot, specifically including damage to any property other than the window itself;

 d. All subsequent attempted repairs that have been made to the windows or any property other than the windows, including the nature of the repairs, the date of the repairs, and the identity of the entities making each such attempted repair.

Also include in your answer the identity of all documents and witnesses evidencing or substantiating the above facts.

**ANSWER:**

 a. The windows have already been inspected, also see photos previously provided.

 b. Approximately May 2005.

 c. See Plaintiffs' complaint. Investigation continues.

 d. See Plaintiffs' complaint, also see Defendants' discovery responses.

3

**INTERROGATORY NO. 4:** Describe in complete detail all facts which support your claim that the Pella windows used in the Project and identified in the Amended Complaint were defective. Include in your answer the following:

     a.     The identity and location of each such Pella window;

     b.     A detailed description of the scope and nature of each defect in each Pella window and the tests or inspections used to determine the nature and scope of each such defect.

Also include in your answer the identity of all documents and witnesses evidencing or substantiating those facts.

**ANSWER:**

     a.     See answer to Interrogatory 3.a. above.

     b.     See Plaintiffs' complaint. Investigation continues.

**INTERROGATORY NO. 5:** For the Pella windows used in the Project and identified in the Amended Complaint for which you allege water infiltration or penetration, moisture infiltration or penetration, leakage, condensation, or wood rot, state or describe:

     a.     The nature of any service, inspection, deconstruction, or analysis of the windows ever performed and by whom it was performed;

     b.     The location and availability for inspection of each, if any, of the windows that have been removed from the Project.

**ANSWER:**

     a.     See Defendants' discovery responses.

     b.     See Defendants' discovery responses.

4

**INTERROGATORY NO. 6:** Identify any sources, other than Pella windows used in the Project and identified in the Amended Complaint, of water infiltration or penetration, moisture infiltration or penetration, or leakage into the Project at any time during or subsequent to its completion, including, but not limited to infiltration, penetration, or leaks from the roof, siding, and plumbing. For each such occurrence, identify the nature of any service, repair, inspection, deconstruction, or analysis performed and by whom it was performed.

**ANSWER:**

Not applicable.

**INTERROGATORY NO. 7:** Identify the entity from which you purchased the Pella windows used in the Project and identified in the Amended Complaint and the person or entity who installed such windows and each contact with such entity or person. Include:

a.      The date and nature of each contact with the person or entity;

b.      All representations made in the course of each contact.

**ANSWER:**

a.      See Defendants' discovery responses, also see answer to Interrogatory No. 1.

b.      See answer to Interrogatory No. 9 below.

**INTERROGATORY NO. 8:** Describe in complete detail the nature of the damages and other relief being claimed in the Amended Complaint: purchase price

5

refund, disgorgement, injunctive relief, property damage, personal injury, or any other form of damages or relief.

**ANSWER:**

See Plaintiffs' complaint. Investigation continues.

**INTERROGATORY NO. 9:**   With the particularity required by Federal Rule of Civil Procedure 9(b), identify all representations, oral or written, made to you by Pella or PWD prior to your purchase of the Pella windows identified by you in the Amended Complaint, including the date, content, and form of the representation and the identity of the person(s) or document(s) making the representations.

**ANSWER:**

During planning and construction selection and purchase of Pella windows was based on the campaign of quality, longevity and durability of Pella products as well as the reputation Pella maintained. Additional factors such as style and/or features were also part of the decision. But for these Pella windows would not have been selected and purchased.

At no time during selection and purchase was it disclosed that there were inherent defects with the windows, including that they would leak and/or result in wood rot. It was also not disclosed that problems of this type would not be covered under warranty. Had these been disclosed, Pella windows would not have been selected and purchased.

**INTERROGATORY NO. 10:**   With the particularity required by Federal Rule of Civil Procedure 9(b) state all facts and information that you contend that Pella or

6

PWD failed to disclose to you prior to your purchase of the Pella windows identified by you in the Amended Complaint.

**ANSWER:**

See answer to Interrogatory No. 9.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    All documents that refer or relate in any way to the Pella windows installed in Dr. Saltzman's home at 1189 Windwood Drive, Lake Forest, Illinois, 60045, (hereinafter referred to as "the Project") or to any other building products or applications installed in the Project, including, but not limited to, the entire Project file, purchase receipts or sales documents, construction contracts, construction design drawings, and installation instructions.

**RESPONSE:**

All documents in Plaintiff's possession have been provided except Plaintiff retains a set of oversized plans to the residence. Documents relevant to this Request are expected to be contained in Defendants' discovery responses.

**REQUEST NO. 2:**    All communications and correspondence with the builder(s), correspondence with the contractor(s), correspondence with the building

7

inspector(s), correspondence with subcontractor(s), correspondence with the material provider(s), all other correspondence, logs, diaries, applications for payment, progress reports, change orders or requests for extras, invoices, purchase orders, diaries, plans, notes, cancelled checks, photographs, and videos, and any documents that refer or relate in any way to such communications and correspondence.

**RESPONSE:**

Not applicable.

**REQUEST NO. 3:**    All documents that refer or relate in any way to any alleged water infiltration or penetration, moisture infiltration or penetration, leakage, condensation, or wood rot in the Project, including, but not limited to, all documents relating to any identification, investigation, test, remediation, or attempted or demanded repair of said alleged water infiltration or penetration, moisture infiltration or penetration, leakage, condensation, or wood rot.

**RESPONSE:**

All documents in Plaintiff's possession have been provided.

**REQUEST NO. 4:**    All communications or correspondence between plaintiff or his representatives, on one hand, and Pella, PWD, or the window installer(s) on the other hand.

**RESPONSE:**

All documents in Plaintiff's possession have been provided. Documents relevant to this Request are expected to be contained in Defendants' discovery responses