**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, and WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS & DOORS, a Delaware corporation,<br><br>Defendants. | No.: 06 C 4481<br><br>The Honorable James B. Zagel<br><br>Magistrate Judge Martin Ashman |

## **PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiffs hereby move the Court, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, for certification of the following class:

> All persons who own structures with Pella ProLine aluminum clad wood casement windows.[1]

Plaintiffs hereby also move the Court, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, for certification of cohesive multi-state subclasses:

> Consumer Protection Act Subclass:
>
> All persons in Illinois, Florida, California, Michigan, New Jersey, New York and North Carolina who own structures with Pella ProLine aluminum clad wood casement windows[2]

---

[1] The First Amended Complaint alleges defects in the Architect and Designer Series windows along with ProLine windows including ProLine double hung. These additional windows and lines show the same characteristic failures as the ProLine aluminum clad wood casement windows when exposed to the same elements over the same amount of time. ProLine double hung, Architectural and Designer Series aluminum clad wood windows appear to contain the same latent defect as ProLine aluminum clad wood casement windows. Plaintiffs reserve the right to amend the class definition should Phase II discovery warrant.

[2] *Id.*

Unjust Enrichment Subclass:

All persons in Illinois, Iowa, Florida, California, Michigan, New Jersey, New York, North Carolina, Ohio and Texas who own structures with Pella ProLine aluminum clad wood casement windows[3]

Specifically excluded are the Pella defendants, any entity in which they have a controlling interest and any parents, subsidiaries, affiliates and their officers and directors. Also excluded are any members of the Federal judiciary and their immediate families, and Plaintiffs' counsel.

In support of their motion, Plaintiffs state the following:

1. The Classes satisfy all of the statutory prerequisites for class certification.

2. Joinder of all members of the Classes is not practical, as it consists of thousands of persons who reside throughout Illinois, Iowa, Florida, California, Michigan, New Jersey, New York, North Carolina, Ohio, Texas and the United States. Rule 23(a)(1). The precise scope of the Class will be ascertained in Phase II discovery.

3. There are common questions of fact and law that predominate over any issues affecting only individual Class members. As set forth more fully in Plaintiffs' First Amended Class Action Complaint (D.E. 20), the claims of the Class arise from the same design characteristics and manufacturing methods. Rule 23(a)(2). There are questions of law and fact that are common to Plaintiffs and all Class members, including <u>inter alia</u>:

    (a)    Whether Pella aluminum clad windows and doors contain the latent defect alleged herein;

    (b)    Whether the complained of defect caused the damages of Plaintiffs and other members of the Class;

    (c)    Whether the latent defect is a necessary cause of the water leaks and resulting wood rot and damage;

---

[3]    *Id.*

  (d)  Whether Defendants had actual or imputed knowledge of the defect but failed to disclose it to Plaintiffs or the Class;

  (e)  Whether Defendants have a pattern and practice of attributing damages claimed by Plaintiffs and the Class to "faulty installation" or improper maintenance, and not due to the complained of defect;

  (f)  Whether Defendants have a pattern and practice of denying Plaintiffs' and the Class' claims as 'out of warranty', and not due to the complained of defect;

  (g)  Whether Defendants have acted or refused to act on grounds generally applicable to the Class;

  (h)  Whether Defendants' conduct violates constitutes consumer protection acts;

  (i)  Whether Defendants were unjustly enriched by their conduct;

  (j)  Whether Plaintiffs and other members of the Class have been damaged, and if so, what is the proper measure of such damages?

  4.  Plaintiffs will fairly and adequately represent and protect the Class, and have no interests antagonistic to the interests of the Class. Plaintiffs' claims are typical of the claims of the Class. By proving their claims, Plaintiffs will prove the claims of the Class. Rule 23(a)(3) and Rule23(a)(4).

  5.  Plaintiffs have retained competent counsel, experienced in the prosecution of class actions. Counsel has prosecuted and will continue to prosecute this action vigorously in the interests of Plaintiff and the Class. Rule 23(g).

  6.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy, because (a) design characteristics and manufacturing methods predominate, (b) window failure can be confirmed with a simple unbiased inspection, and (c)

individual joinder of all members of the Class is impractical, if not impossible. The significant expense and burden required to prove these individual claims makes individual litigation economically prohibitive.

WHEREFORE**,** for all of the foregoing reasons, Plaintiffs respectfully pray for an order certifying the Class described herein, appointing Plaintiffs as the representatives of the Class and counsel as Class counsel, and for such further relief as the Court deems appropriate.

**DATED: May 19, 2008**     Respectfully submitted,

**CLASS PLAINTIFFS,**

By: s/ George K. Lang
   One of His Attorneys

Paul M. Weiss #6217260
William M. Sweetnam # 6226203
George K. Lang #6211537
**FREED & WEISS LLC**
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000
paul@freedweiss.com
bills@freedweiss.com
george@freedweiss.com

Richard J. Burke
**RICHARD J. BURKE, P.C.**
1010 Market Street, Suite 650
St. Louis, MO 63101
(314) 621-8647
rich@richardjburke.com

Jonathan Shub
Scott A. George
**SEEGER WEISS LLP**
1515 Market St.
Suite 1380
Philadelphia, PA 19102
(215) 564-2300
jshub@seegerweiss.com
sgeorge@seegerweiss.com

-5-

       Tod N. Aronovitz
       Steven R. Jaffe
       Mark S. Fistos
       **ARONOVITZ JAFFE**
       150 W. Flagler Street
       Museum Tower, Suite 2700
       Miami, FL 33130
       (305) 372-2772
       ta@aronovitzlaw.com
       srj@aronovitzlaw.com

       Benjamin A. Schwartzman
       **BANDUCCI WOODARD SCHWARTZMAN**
       803 West Bannock Street, Suite 700
       Boise, ID 83702
       (208) 342-4411
       bschwartzman@bwslawgroup.com

       **Attorneys for Plaintiffs and**
       **Proposed Class**

-6-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, affirms that he served a copy of the attached pleading pursuant to Fed. R. Civ. P. 5(b)(2)(D) upon:

John A. Roberts
Douglas L. Prochnow
**Wildman, Harrold, Allen & Dixon**
225 W. Wacker Drive
Suite 3000
Chicago, IL 60606-1229
roberts@wildmanharrold.com
prochnow@wildmanharrold.com

John P. Mandler
Angela M.Crandall
James A. O'Neal
**Faegre & Benson LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Fax: 612-766-1600
jmandler@faegre.com
acrandall@faegre.com
joneal@faegre.com

DATED: May 19, 2008

By:    s/George K. Lang