**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, KENT
EUBANK, THOMAS RIVA, and WILLIAM
and NANCY EHORN, individually and on
behalf of all others similarly situated,

No.: 06 C 4481

                         Plaintiffs,

Honorable James B. Zagel

    v.

Magistrate Judge Martin Ashman

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC., a
Delaware corporation

                         Defendants.

**APPENDIX 2 TO PLAINTIFFS' STATEMENT OF PROPOSED**
**CLASS STRUCTURE AND REMEDIES**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, and WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | No.: 06 C 4481 |
| | Honorable James B. Zagel |
| v. | Magistrate Judge Martin Ashman |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation | |
| Defendants. | |

## PLAINTIFFS' STATEMENT OF STATE LAW REQUIREMENTS

**I.    Introduction**

Plaintiffs seek certification of a single Statutory Consumer Fraud

Class, or alternative state-wide classes, defined as follows:

### Rule 23(b)(3) Statutory Consumer Fraud Class

All persons in the states of Illinois, California, Florida, Michigan, New Jersey, New York, and North Carolina, who purchased a Pella ProLine aluminum clad casement window and/or own a structure containing a Pella ProLine aluminum clad case window, between January 1, 1991 and present (date of certification).

Plaintiffs seek certification of a single Unjust Enrichment Class, or alternative state-wide classes, defined as follows:

### Rule 23(b)(3)  Unjust Enrichment Class

All persons in the states of Illinois, California, Florida, Iowa, Michigan, New Jersey, New York, North Carolina and Ohio who purchased a Pella ProLine aluminum clad casement window, between January 1, 1991 and present (date of certification).

**II.**      **Rule 23(b)(3)  "Statutory Consumer Fraud Class"**

**A.**      **Illinois**

815 ILCS 505/2 "Unlawful Practices; construction with Federal trade Commission Act" provides "§ 2 Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act'…in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.  In construing this section consideration shall be given to the interpretations of the Federal Trade Commission."

815 ILCS 505/10 "Action for actual damages" provides "§10a. (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person.  The court, in its discretion may award actual economic damages or any other relief which the court deems proper."

2

*Connick v. Suzuki Motors Company*, 174 Ill. 2d 482, 504, 675 N.E. 2d 584, 595

(Ill. 1997). Elements: (1) a deceptive act or practice by defendant; (2) the defendant's

intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the

course of conduct involving trade or commerce; (4) actual injury to the plaintiff; and (5)

the injury was proximately caused by the deception. An omission or concealment of a

material fact in the conduct of trade or commerce constitutes consumer fraud. Materiality

is determined by an objective standard. A material fact exists where a buyer would have

acted differently knowing the information, or if it concerned the type of information upon

which a reasonable buyer would be expected to rely in making a decision whether to

purchase. It is unnecessary to plead a common law duty to disclose in order to state a

valid claim for consumer fraud based on an omission or concealment. Cost of repair, and

diminution in value are correct measure of damages.

## B.   California

California Business & Professional Code §17200 prohibits "unlawful, unfair or

fraudulent business acts or practice" a cause of action will be provided where there is a

predicate act involving the violation of another statute. California's Consumer Legal

Remedies Act, (CLRA), West's Ann. Civil Code §1750 et seq., and specifically West's

Ann. Civil Code §1770 "List of proscribed practices" includes subsec. "(5) Representing

that goods or services have sponsorship, approval, characteristics, ingredients, uses,

benefits, or quantities which they do not have or that a person has sponsorship, approval,

status, affiliation, or connection which he or she does not have" and "(7) Representing

that goods or services are of a particular standard, quality, or grade, or that goods are of a

particular style or model, if they are of another." §1780 (a) provides "Any consumer who

suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain the following: (1) Actual damages."

*Falk v. General Motors Corporation*, 496 F. Supp. 2d 1088, 1094 - 95 (N.D. Cal. 2007) held that a CLRA claim exists for a failure to disclose or concealment when (1) the defendant had exclusive knowledge of material facts not known to the plaintiff; or (2) the defendant actively conceals a material fact from the plaintiff materiality under the CLRA is judged by the effect on a "reasonable consumer". Materiality is therefore resolved without individualized proof but rather is measured by an objective standard.

### C.   Florida

West's F.S.A. §501.201, et seq. "Florida Deceptive and Unfair Trade Practices Act". F.S.A. §501.204 "(1) Unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful; (2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act." F.S.A. §501.211 provides for a private right of action for damages:  "(2) In any action brought by a person who has suffered loss as a result of a violation of this part, such person may recover actual damages, plus attorneys fees and court costs."

*Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006) the elements of violation of FDUTPA are (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. Federal Trade Commission Act, 15 U.S.C.A § 45 declares as unlawful

(1) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." Section 5 of the Act vests the Commission with broad authority to determine what constitutes unfair and deceptive acts and practices in commerce. Misrepresentations or omissions of material facts made to induce the purchase of goods or services constitute deceptive acts or practices that violate § 5(a) of the FTC Act. The representation or omission is material if it is of the kind usually relied on by a reasonably prudent person. *Federal Trade Commission v. Slimamerica*, 77 F. Supp. 2d 12631272, (S.D. Fla. 1999), Unfair and deceptive trade practices in the Federal Trade Commission Act are provided in 15 U.S.C.A. §45. In an unfair or deceptive trade practice claim for failure to disclose material facts, the measure of damages is the difference between the represented condition and the true condition of the product. *Turner Greenberg Assoc. v. Pathman*, 885 So. 2d 1004, 1008 (4th DCA 2004).

### D.     Michigan

Michigan Consumer Protection Act, §445.903 "Sec.3. (1) unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade ot business are unlawful and are defined as follows:… (s) failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known to the consumer…(cc) Failing to reveal facts material to the transaction in light of representations of fact made in a positive manner." §445.911(2) provides a right of action for actual damages. Materiality is defined as a fact that is important to the transaction or affects the consumer. *Zine v. Chrysler Corporation*, 216 Mich. App. 261, 283, 600 N.W. 2d 284 (Mich. App. 1999).

5

### E.    New Jersey

New Jersey Consumer Fraud Act, § 56:8-2:  "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice ...".  There is a duty to disclose conditions that are material to the transaction.  *Strawn v. Caruso*, 657 A.2d 420, 430 (N.J. 1995).  In New Jersey, "a matter is material if: '(a) a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question; or (b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.'"  *Id.* at 431 n.4.  A plaintiff may recover actual damages. N.J. Rev. Stat. § 56:8-19.

### G.    New York

New York Consumer Protection Act, N.Y. Gen. Bus. Law § 349(a):  "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  A duty to disclose exists where a material omission is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995).  A matter is material if it is relevant to a

"reasonable consumer acting reasonably under the circumstances." *Id.* "Any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages … or both such actions." N.Y. Gen. Bus. Law § 349(h).

### H.    North Carolina

North Carolina Consumer Protection Act, N.C. Gen. Stat. § 75-1.1(a) "[U] unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."

Failure to disclose material facts is actionable under North Carolina's consumer protection statute. "[A] failure to disclose information may be tantamount to a misrepresentation and thus an unfair or deceptive practice in violation of the statute." *Kron Medical Corp. v. Collier Cobb & Assocs., Inc.*, 420 S.E.2d 192, 196 (N.C. Ct. App. 1992). Further, North Carolina follows the FTC and the federal courts, because the statute is similarly worded to the FTC Act.  *Hardy v. Toler*, 218 S.E. 2d 342, 345 (N.C. 1975). Federal decisions interpreting the FTC Act may be used as guidance in determining the scope and meaning of N.C. Stat. § 75-1.1. *Marshall v. Miller*, 276 S.E.2d 397, 399 (N.C. 1981). The F.T.C. and the federal courts have ruled that material facts must be disclosed.

A plaintiff may recover actual damages. N.C. Gen. Stat. § 75-16.

### III.    Rule 23(b)(3) Unjust Enrichment Class

### A.    Illinois

*F.H. Prince & Co., Inc. v. Towers Fin. Corp.*, 275 Ill. App. 3d 792, 656 N.E. 2d 142, 151 (Ill. App. 1 Dist. 1995) elements are: (1) defendant must receive a benefit (2)

the benefit must be at the expense of plaintiff (3) defendant must have knowledge of the benefit and (4) the retention of the benefit by defendant must be unjust.

### B.  California

*Ghirardo v. Antonioli,* 14 Cal. 4th 39, 57 Cal. Rptr. 2d 687 (Cal. 1996) elements are: (1) defendant must receive a benefit (2) the benefit must be at the expense of plaintiff (3) defendant must have knowledge of the benefit and (4) the retention of the benefit by defendant must be unjust.

### C.  Florida

*Della Ratta v. Della Ratta,* 927 So. 2d 1055, 1059 (Fla. App. 4 Dist. 2006) elements are: (1) the plaintiff has conferred a benefit on the defendant (2) the defendant has knowledge of the benefit (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

### D.  Iowa

*State, Dept. of Human Services ex rel. Palmer v. Unisys Corp.,* 637 N.W. 2d 142, 154-55 (Iowa 2001) elements are: (1) defendant was enriched by the receipt of a benefit (2) the enrichment was at the expense of the plaintiff; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances.

### E.  Michigan

*Barber v. SMH (US), Inc.,* 509 N.W. 2d 791, 796 (Mich. App. 1993) elements are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant.

**F.     North Carolina**

*Jackson v. Carolina Hardwood, Inc.*, 463 S.E. 2d 571, 573 (N.C. App. 1995)

elements are: (1) a benefit was conferred on the defendant (2) that the defendant accepted

the benefit and (3) that the benefit was not gratuitous.

**G.     New Jersey**

*Russell-Stanley Corp. v. Plant Indus.*, 595 A. 2d 534, 550 (N.J. Super. Ch. Div.

1991) elements are: (1) that defendant received a benefit and (2) that the retention of that

benefit without payment would be unjust.

**H.     New York**

*Guggenheimer v. Bernstein Litowitz Berger & Grossmann LLP*, 810 N.Y.S. 2d

880, 888 (N.Y. Sup. 2006) elements are:  (1) defendant must receive a benefit (2) the

benefit must be at the expense of plaintiff (3) defendant must have knowledge of the

benefit and (4) the retention of the benefit by defendant must be unjust.

**I.     Ohio**

*Hambleton v. R.G. Barry Corp.*, 465 N.E. 2d 1298, 1302 (Ohio 1984) elements

are: (1) a benefit conferred by a plaintiff upon a defendant (2) knowledge by the

defendant of the benefit and (3) retention of the benefit by the defendant under

circumstances where it would be unjust to do so without payment.