UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, and WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br> v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation<br><br>         Defendants. | No.: 06 C 4481<br><br>Honorable James B. Zagel<br><br>Magistrate Judge Martin Ashman |

**PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S ORDER
REGARDING CERTIFICATION OF THE RULE 23(b)(2) CLASS**

  Class Plaintiffs, through Class Counsel, hereby move this Court for clarification of the Court's definition of the Rule 23(b)(2) contained in its Order (D.E. # 163) regarding certification of the class. Plaintiffs so move to clear up an apparent language error which creates an internally contradictory set of criterion for class membership. In support of their motion, Plaintiffs state as follows:

  1. The Court's Order granting certification of the Rule 23(b)(2) class defined the class in pertinent part as:

> . . . all class members whose windows have not manifested the alleged defect *and* whose windows have some wood rot but have not yet been replaced . . .

D.E. # 163, pgs. 5, 30 (emphasis added). The purpose of this motion is to determine whether the Court meant to use the word "and" in the conjunctive sense, thereby establishing two

requirements for class membership, or whether instead the Court meant to use the word "or" so that a class member need only meet one of the two requirements.

    2.      The use of the conjunctive 'and' joining the two requirements appears to require that an individual must have a window that shows no rot while at the same time having a window that shows wood rot, a set of circumstances that appears impossible to meet.

    3.      Based upon the certification briefing submitted as well as the mutual exclusivity of requirements for membership in the (b)(2) class, Plaintiffs request clarification as to whether the conjunctive 'and' is to be read as 'or', and thus the class would be defined as follows:

> . . . all class members whose windows have not manifested the alleged defect *or* whose windows have some wood rot but have not yet been replaced . . .

    4.      Such a definition appears to be consistent with the Court's intent in establishing the (b)(2) and (b)(3) classes. The (b)(2) class appears to include all persons who have the ProLine windows and have not replaced them, whether or not those windows have yet to manifest rot, whereas the (b)(3) includes persons who have replaced their ProLine windows because of wood rot.

    5.      Clarification of the Court's intent will prevent confusion on the part of class members who will be receiving the class notice required by Rule 23, and such clarification motions have been granted in this District. *See Castaneda v. Greyhound Retirement and Disability Plan*, 1991 WL 47377 at *2 (March 27, 1991) (Hart, J.) (granting motion to clarify class definition because "[t]he court also added the language 'and who are *not* qualified for a Deferred Vested Retirement Allowance under § 14-A of the Plan.' This additional phrase was meant to further limit the class to those who qualified for deferred retirement benefits; thus

excluding those who may have retired or been terminated during the class period, but who immediately qualified for benefits because they were old enough. *Including 'not' in this phrase was a clerical error, which is evident by the fact that the inclusion of 'not' made it impossible for most persons to qualify for the class. . . . The word 'not' will be deleted from this phrase of the definition."*) (emphasis added).  *See also Lister v. Stark*, 942 F.2d 1183, 1190 n. 12 (7th Cir. 1991) ("Although the composition of the certified class is not an issue in this appeal, there is some lack of clarity in the record regarding the precise definition of the class. . . . Upon remand, the district court will have the opportunity to clarify which definition is the correct one.").

## **CONCLUSION**

Wherefore, Plaintiff requests clarification as to the Rule 23(b)(2) class definition.

DATED:  June 17, 2009

Respectfully submitted,

**DR. LEONARD E. SALTZMAN**, *et al.*,

By:      s/George K. Lang
           One of Plaintiffs' Attorneys

George K. Lang
Jeffrey A. Leon
**FREED & WEISS LLC**
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

Richard J. Burke
**RICHARD J. BURKE LLC**
1010 Market Street, Suite 660
St. Louis, MO  63101

Jonathan Shub
**SEEGER WEISS LLP**
1200 Walnut St., 5th Floor
Philadelphia, PA  19107
*Class Counsel for Plaintiffs and
 Classes*

Mark S. Fistos
**ROTHSTEIN, ROSENFELDT, ADLER**
401 East Las Olas Blvd, Suite 1650
Fort Lauderdale, FL  33301

-4-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, affirms that he served a copy of the attached pleading pursuant to Fed. R. Civ. P. 5(b)(2)(D) upon:

John A. Roberts
Douglas L. Prochnow
Wildman, Harrold, Allen & Dixon
225 W. Wacker Drive
Suite 3000
Chicago, IL  60606-1229
roberts@wildmanharrold.com
prochnow@wildmanharrold.com

John P. Mandler
Angela M.Crandall
James A. O'Neal
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Fax:  612-766-1600
jmandler@faegre.com
acrandall@faegre.com
joneal@faegre.com

DATED:  June 17, 2009

By:   s/George K. Lang