IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, WILLIAM and NANCY EHORN, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation,<br><br>　　　　Defendants. | No.: 06 C 4481<br><br>The Honorable James B. Zagel |

**MOTION TO (a) SUBSTITUTE COUNSEL FOR KENT EUBANK, THOMAS RIVA AND WILLIAM AND NANCY EHORN, (b) APPOINT NEW FED R. CIV. P. 23(g) CLASS COUNSEL BASED ON EXCEPTIONAL CIRCUMSTANCES AND, (c) REMOVE CLASS REPRESENTATIVE DR. LEONARD SALTZMAN BASED ON EXCEPTIONAL CIRCUMSTANCES**

Pursuant to Fed. R. Civ. P. 23(a), (g) and governing case law, Plaintiffs and named Class Representatives Kent Eubanks, Thomas Riva, and William and Nancy Ehorn, by their new counsel, move this Court for leave to (a) substitute the undersigned as counsel in this litigation, (b) appoint new Rule 23(g) class counsel based on exceptional circumstances, and (c) remove Dr. Leonard Saltzman as an inadequate Class Representative based on exceptional circumstances, and in support state as follows:

**INTRODUCTION AND BACKGROUND**

This motion is submitted pursuant to Fed. Rules Civ. P. 23(g) and (a). This certified class action until recently has been litigated on behalf of the Classes by the firm of Freed & Weiss

LLC n/k/a Complex Litigation Group LLC ("Freed & Weiss").[1] Exceptional circumstances have both occurred and been brought to light which have resulted in 75% of the Class Representatives, pursuant to their obligations to the Classes they represent, to seek new Class Counsel. Those exceptional circumstances include the following:

1) ***That Freed & Weiss is in disarray because of litigation between the two named partners.*** Paul Weiss has admitted in court filings in those cases that the firm is hopelessly deadlocked and has grinded to a halt – facts which Paul Weiss has failed to communicate to the Class Representatives, Co-counsel or this Court;

2) That the majority owner of Freed & Weiss, Eric Freed, did not agree to authorize the proposed settlement of the Pella case, meaning that ***on behalf of Freed & Weiss Paul Weiss did not have authority to settle the Pella case on behalf of Freed & Weiss*** – a fact which Paul Weiss has failed to communicate to the Class Representatives, Co-counsel or this Court;

3) ***That Paul Weiss has sought judicial dissolution of Freed & Weiss*** the firm currently in the lead counsel role in this case – a fact which Paul Weiss has failed to communicate to the Class Representatives, Co-counsel or this Court;

4) That in the litigation against Paul Weiss and other partners of Freed & Weiss, ***Paul Weiss is alleged to have breached fiduciary duties to Eric Freed, misappropriated firm assets and monies, committed bank fraud and otherwise attempted to steal the firm away from its majority owner*** – facts which Paul Weiss has failed to communicate to the Class Representatives, Co-counsel or this Court;

5) That in recently filed litigation ***Paul Weiss is alleged to be a serial sexual assaulter*** – a fact which Paul Weiss has failed to communicate to the Class Representatives, Co-counsel or this Court;

6) That ***Paul Weiss and Richard Burke have put their own interests before that of the Classes*** and directly ignored the Class Representatives' disapproval of the proposed settlement terms as being inadequate – facts directly reflective of their inadequacy to represent the Classes;

---

[1] On December 22, 2011, minority owner Paul Weiss unilaterally attempted to change the name of Freed & Weiss LLC to Complex Litigation Group LLC.

2

7) That ***Paul Weiss and Richard Burke have put their own interests before that of the Classes*** by directly ordering (their then-partner employee) undersigned counsel to "make" the Class Representatives accept the terms of the proposed settlement after (their then partner) undersigned counsel stated the Class Representatives' disapproval of settlement terms as inadequate – facts directly reflective of their inadequacy to represent the Classes;

8) That ***Paul Weiss and Richard Burke have put their own interests before that of the Classes*** by stating to (their then partner) undersigned counsel that they "needed the money [from the Pella settlement] to start the new firm" – facts directly reflective of their inadequacy to represent the Classes; and

9) That the only named Class Representative Freed & Weiss now represents, Dr. Saltzman, is the father-in-law of Paul Weiss and father of Jamie Saltzman-Weiss, also a partner in Freed & Weiss and also named as a defendant in the litigation with Eric Freed where she is also alleged to have ***breached fiduciary duties to Eric Freed, misappropriated firm assets and monies, committed bank fraud and otherwise attempted to steal the firm away from its majority owner***, thus making Dr Saltzman ***subject to undue influence*** by his son-in-law and daughter and which has put him ***in conflict with every other Class member*** because of his family relationship – facts directly reflective of the inadequacy of Dr. Saltzman to continue to represent the Class – and facts that Paul Weiss and Richard Burke have failed to communicate to this Court.

Each of these exceptional circumstances, discussed below, are arguably individually enough to meet the burden to appoint new Class Counsel and remove Dr. Saltzman as a named Class Representative. However, taken in any of the possibly pairings – or in total – there is no question that the Freed & Weiss firm should be removed as Class Counsel and Dr. Saltzman be removed as a Class Representative.

**Current Status Of The Freed & Weiss Firm**

The Freed & Weiss firm is in disarray and incapable of meeting its obligations to the Classes. First, minority owner Paul Weiss has undertaken to oust majority owner Eric Freed. These actions included changing the door locks to keep Mr. Freed out of the firm, telling the

3

employees not to talk to Mr. Freed even though his name still appeared on their paychecks, removing Mr. Freed from the firm's website, attempting to change the name of the firm to Complex Litigation Group LLC, and unilaterally relocating the firm's offices in violation of an Illinois appellate court order. Messrs. Freed and Weiss are currently involved in litigation arising from these events; *Freed et al. v. Weiss et al.*, Circuit Court of Cook County, Chancery Division, Case No. 11 CH 41529. See Exhibit A[2]. In the *Freed et al. v. Weiss et al.*, matter on February 6, 2012, Paul Weiss filed "Counter-Plaintiffs' Emergency Motion To Dissolve Complex Litigation Group LLC. See Exhibit B. Consequently, Paul Weiss has asked *another* Court to dissolve the *very* entity that is currently acting as Lead Class Counsel *in this case*.

The undersigned also has filed an action against Paul Weiss in the Circuit Court of Cook County, Chancery Division, Case No. 12 CH 05808, based on damages caused by Weiss' multiple breaches of fiduciary duties as well as breaches of contractual duties. See Exhibit C. In addition, Freed also has brought an action against Richard Burke in the Circuit Court of Cook County, Law Division, Case No. 2012 L 002190, alleging that Burke breached his fiduciary duties, tortuously induced Weiss to breach the parties' partnership agreement, and engaged in additional wrongdoing against Freed. See Exhibit D.

Further, as a result of this litigation, Paul Weiss has admitted to the Circuit Court that the Freed & Weiss firm is incapable of reaching a consensus among partners on case decisions, has no operational computer system, and has no functioning offices, and its functions have come to a screeching halt. Thus, Paul Weiss has admitted, in essence, to another judicial body that Freed & Weiss can not meet its obligations to its clients, *i.e.*, the Classes in this case. See Exhibit B. Moreover, the litigation between Paul Weiss and Eric Freed is so contested that the First District

---

[2] A related proceeding is also before the American Arbitration Association, titled *Paul M. Weiss and Freed & Weiss LLC and Eric D. Freed*, 51 194 Y – 1499 11.

Appellate Court of Illinois, after hearing the facts from both sides, has already ruled twice prohibiting Paul Weiss from moving the firm's offices, furniture, client files, employees and computer system. See orders attached as Exhibit E.

Moreover, Freed & Weiss still is owned in the majority by Eric Freed (53%) and in the minority by Paul Weiss (47%). Despite this, Paul Weiss has been making firm decisions without the authority or approval of Eric Freed. Mr. Freed does not approve of the proposed Pella settlement, thus establishing that Paul Weiss has made a commitment to settle the case without the authority to do so.

**Past and Present Ethical Violations of Paul Weiss**

Ethical violations can and do affect the adequacy of counsel. Whether unethical or questionable conduct will affect adequacy will depend on the seriousness and the particular facts and circumstances of the violation. Newberg on Class Actions § 3:78 (2011). Moreover, a history of numerous violations, especially when other negative factors are present, will likely lead to a finding of inadequacy. *Id.* (citing *Walter v. Palisades Collection, LLC,* 2010 WL 308978, at *10 (E.D. Pa. 2010)). Here, recent allegations against Paul Weiss show his inadequacy to represent a substantial nationwide class.

First, in the *Freed et al. v. Weiss et al.*, Circuit Court of Cook County case, majority owner Eric Freed has alleged that in attempting to steal the firm minority owner Paul Weiss has committed acts of dishonesty, misrepresentation, fraud and deceit including but not limited to:

    1) Directing monies paid to the firm be paid in the name of "Paul Weiss" instead of "Freed & Weiss LLC";

    2) Changing bank accounts to remove Eric Freed's signatory authority;

    3) Forging Eric Freed's name on a lease;

    4) Breaking a lease with Eric Freed's name on it, subjecting Eric Freed to

        a lawsuit from that breach;

5)     Changing the locks on the office door to keep Mr. Freed out of the firm;

6)     Removing Mr. Freed's name from the firm's website while still practicing in California under Mr. Freed's California law license;

7)     Creating a new firm, Weiss and Burke LLC, while still owing fiduciary obligations to Eric Freed;

8)     Changing the name of the firm to Complex Litigation Group LLC; and

9)     Attempting to relocate the firm's office.

Many of these same allegations and claims are at issue in the litigation by Lang against Weiss, and by Freed against Burke. *See generally* Exibits A, C, D and E. These acts of alleged fraud and deceit tarnish Paul Weiss' adequacy and raise serious questions of his ability to act forthright on behalf of the Classes.

      Secondly, in 1997 Paul Weiss had his Illinois attorney license suspended for sexual misconduct, and then was placed on probation following that suspension. See Exhibit F. Currently another ARDC investigation has been opened up, *In re Paul Weiss,* 08CH0116, based on several acts of sexual misconduct occurring following that suspension period through the present. See Exhibit G. It is believed that as many as seven women have alleged acts of sexual misconduct against Paul Weiss. *Id.* Included in the recent investigation are the alleged sexual assaults against Angela Aneiros occurring in 2010, after Paul Weiss became lead Class Counsel in this case. See Exhibit H. This pattern of repeated sexual misconduct also tarnish's Paul Weiss's ability to warrant the judicial approval of his representing a nationwide Class. And taken with his alleged acts of fraud and deceit, there is at minimum a serious doubt of Paul Weiss' adequacy to represent the Classes.

**Acts of Two Freed & Weiss Partners Putting their Own Interests Before Those of The Class**

Further supporting change in Class Counsel are the acts of two Freed & Weiss partners, Paul Weiss and Richard Burke, in putting their own interests ahead of the interests of the Classes. During the course of settlement discussions with Pella's counsel, both Paul Weiss and Richard Burke made statements that their "new firm needed the money" from Pella and "[we] need the money" and "we need this settlement or [we] run out of money." See Exhibit I. Following these statements Paul Weiss and Richard Burke agreed to settle class terms that were specifically rejected by three of the four Class Representatives, and agreed to settle attorney fees for approximately 39% of an expected reasonable amount. *Id.* This is also an issue in the *Freed et al. v. Weiss et al.*, Circuit Court of Cook County case in that Eric Freed (majority owner) alleges that not only did Paul Weiss not have authority to make this firm decision on his own, but also that Paul Weiss sold short the attorneys' fees for his own benefit, that is Paul Weiss' personal need of a quick payment. See Exhibit A at ¶ 79.

During conversations within the Freed & Weiss firm, it was clear that Paul Weiss and Richard Burke were putting their own self interests before the class, including giving specific instructions to "make [the Class Representatives] accept the settlement" which of course could not be done. See Exhibit I. Paul Weiss and Richard Burke were specifically told at least three times that the Class Representatives bringing forth this motion did not accept the terms of the proposed settlement. Each time Paul Weiss and Richard Burke were told they ignored the concerns of the Class Representatives. These acts of ignoring the Class Representatives and putting their own monetary interests before the interests of the Classes, as well as the issue as to whether Paul Weiss even had the authority to bind the Freed & Weiss firm, all strongly require that Freed & Weiss be removed as Class Counsel and that Paul Weiss and Richard Burke not be

allowed to participate further in decisions affecting the Classes.

### Exodus of 75% of Class Representatives

The undersigned counsel has more lodestar in this case and more knowledge of the case than any other individual. Notwithstanding his employment was terminated by Paul Weiss. Thereafter, three of the four named Class Representatives, pursuant to their obligations to make decisions in the best interests of the Classes, fired the Freed & Weiss firm and requested instead that the undersigned represent (or continue to represent) them in this matter.[3] Those three are Kent Eubank, Thomas Riva and William and Nancy Ehorn. These three Class Representatives cover all three lines of Pella windows at issue (ProLine, Architect and Designers).

### The Named Class Representative Dr. Saltzman is Now in Conflict and Subject to Undue Influence Making Him Inadequate to Continue as a Class Representative

The fourth named Class Representative, Dr. Saltzman (ProLine only), is the father-in-law of Paul Weiss, and father of Jamie Saltzman-Weiss. Both Weiss and Saltzman-Weiss are defendants in the *Freed et al. v. Weiss et al.*, case in Cook County. See Exhibit A. Jamie Saltzman-Weiss is alleged to have also breached her fiduciary duties to Eric Freed by participating in Paul Weiss' unsuccessful take over of the firm, among other like allegations. *Id.* Consequently, not only is Dr. Saltzman subject to undue influence by his son-in-law and daughter, with the allegations lodged against Paul Weiss and Jamie Saltzman-Weiss, but Dr. Saltzman is now in conflict with every other Class member by this family relationship.

---

[3] Attached as Exhibit J are the letters wherein each of these Class Representatives ask for the change in their representation.

**Current Status of The Case and Current Objectors To The Agreement In Principle to Settle The Case Orchestrated By Messrs. Weiss And Burke**

Paul Weiss and Richard Burke have negotiated an agreement in principle with Pella and are now in the process of drafting settlement papers and implementing the settlement. The amount of the proposed settlement is inadequate and has been rejected by Class Representatives Kent Eubank, Thomas Riva and William and Nancy Ehorn. Paul Weiss and Richard Burke have agreed to this settlement solely because of their need to eliminate their financial dependence on Mr. Freed. Furthermore, the attorney fees which have been negotiated in principle are also inadequate and were agreed to only in consequence of Messrs. Weiss and Burke's desperate need for money.

The current settlement in principle spearheaded by Messrs. Weiss and Burke was, after careful review, specifically rejected by the named Class Representative Kent Eubank, Thomas Riva and William and Nancy Ehorn. Their disapproval of the settlement was specifically stated to Paul Weiss and Richard Burke of Freed & Weiss, and those rejections were not only ignored, but Messrs. Paul Weiss and Richard Burke specifically instructed the undersigned to "make them" accept it. See Exhibit I.

Further, Freed & Weiss majority owner Eric Freed and independent counsel for Freed & Weiss LLC, Randy Gold, both have stated their objections to the proposed Pella settlement. *Id.*

**EXCEPTIONAL CIRCUMSTANCES WARRANT APPOINTMENMT OF NEW CLASS COUNSEL**

Petitioners submit that in the best interests of the Classes these exceptional circumstances require the appointment of new Rule 23(g) counsel Lang Law Offices in substitution of Freed & Weiss and the removal of Dr. Saltzman as a Class Representative.

9

Regarding 23(g) counsel, Petitioners submit that the simplest and least disruptive change to the Classes is simply to remove Freed & Weiss from its leadership and appoint the remaining firms, together with the undersigned, as Class Counsel. Petitioners therefore strongly argue that Lang Law Office be appointed new Class Counsel in conjunction with be the remaining current co-counsel in the case: Farmer Jaffe Weissing Edwards Fistos & Lehrman, P.L., Seeger Weiss LLP, Banducci Woodard Schwartzman PLLC in substitution for Freed & Weiss. These firms will then have responsibility for strategic decisions associated with the prosecution of this class action and any subsequently filed related case. Note that Farmer Jaffe Weissing Edwards Fistos & Lehrman, P.L., and Banducci Woodard Schwartzman PLLC do not have an objection to working with Mr. Lang on this matter. See Exhibit I.

Proposed new Class Counsel each have significant experience and a long record of success in representing classes challenging fraudulent conduct and corporate wrongdoing. This class action, which challenges Pella's fraudulent business practices, is of a type consistent with Class Counsels' wealth of experiences.

Mr. Lang is the case originator, and having the largest individual attorney lodestar in the case has performed a substantial amount of work in this action, including obtaining class certification, which was affirmed after being accepted by the Seventh Circuit for Rule 23(f) review. See *Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010). Mr. Lang also was involved in defeating Defendants' Petition for Writ of Certiorari. *Pella Corp. v. Saltzman,* (U.S. Jan. 18, 2011), *cert denied.* At Freed & Weiss, Mr. Lang filed the original Complaint in 2006, and has performed a substantial amount of discovery, depositions and briefing on this case from its inception up to being specifically excluded from settlement by Messrs. Weiss and Burke. These facts alone demonstrate Mr. Lang's qualification as Co-Lead Counsel.

Furthermore, Mr. Lang has a demonstrated track record of litigating complex class actions throughout the country, and he has been appointed as Lead Counsel or in other leadership positions in numerous class actions, such as *In re LG Front Load Washing Machine Class Action Litigation,* United States District Court of New Jersey, case no 2:08-cv-00051; In re Whirlpool Corp. Front-

10

Loading Washer Products Liability Litigation, United States District Court Northern District of Ohio, Eastern Division, case no. 1:08-wp-6500, MDL No. 2001; and *Butler et al. v. Sears, Roebuck and Co.*, United States District Court Northern District of Illinois, Eastern Division, case no. 06 C 7023. The firms comprising Plaintiffs' Proposed Executive Committee have a similar wealth of qualifications and experience. The resumes of the other firms already on the case have previously been submitted. Attached is the resume of Lang Law Offices as Exhibit K.

For these reasons, and those discussed in detail below, Petitioners respectfully request that the Court grant this motion creating the new leadership structure proposed herein.

Regarding removing Dr. Saltzman as a Class Representative, there is no question that by the actions of his son-in-law and daughter that Dr. Saltzman now stands in conflict with every other Class member. Further, as the only Class Representative now represented by Freed & Weiss, Paul Weiss is in a position to exert undue or inappropriate influence over his father-in-law, which also makes Dr. Saltzman inadequate to represent the Classes.

## ARGUMENT

### I. THE BEST INTERESTS OF THE CLASS REQUIRE NEW CLASS COUNSEL

Removing Class Counsel is unusual, but not unheard of. In this District the issue has presented itself several times.[4] The standard to be applied in this Circuit when considering the adequacy and removal of Class Counsel has been recently set out in *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 919 (7th Cir. 2011):

> Rule 23 was amended in 2003—long after *Halverson*—by the addition of a new subsection, (g), "to guide the court in assessing proposed class counsel as part of the certification decision." Committee Note to 2003 Amendments to Rule 23, Subdivision (g). The new subsection emphasizes

---

[4] *Se e.g.,See CE Design, LTD. V. Cy's Crab House North, Inc.*, 2011 WL 6001709 (N.D. IL. Dec. 1, 2011)(intervener's motion to disqualify based on class counsel misconduct was untimely); *Rosen v. Mystery Method, Inc.*, 2008 WL 410642 (N.D. IL. Feb. 13, 2008). )(class certification not yet applied for so motion to disqualify was not ripe); *Blanchard v. Edgemark Financial Corp.,* 175 F.R.D. 293 (N.D. IL 1997)(defense counsel lacked standing to move to disqualify class counsel); *In re Wiley*, 224 B.R. 58 (N.D. Il. 1998)(defendant's argument that class counsel was inadequate during certification were unfounded).

11

> that class counsel must "fairly and adequately" represent the entire class. Fed.R.Civ.P. 23(g)(1)(B). There is reason to doubt that class counsel in this case will do that. The certification of the class is therefore vacated and the case remanded with directions that the district court, applying the *Culver* standard rather than the "egregious misconduct" standard, re-evaluate the gravity of class counsel's misconduct and its implications for the likelihood that class counsel will adequately represent the class.

In reaching this rule, the Seventh Circuit stated:

> When class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1, pp. 468–69 (3d ed.2005); see, e.g., *Wagner v. Lehman Bros. Kuhn Loeb Inc.,* 646 F.Supp. 643, 661–62 (N.D.Ill.1986); *Stavrides v. Mellon National Bank & Trust Co.,* 60 F.R.D. 634, 637 (W.D.Pa.1973); see also *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726 (11th Cir.1987); cf. *Howard v. Ray's LLC,* No. 1:08–cv–627–RLY–MJD, 2011 WL 4625735, at *5 (S.D.Ind. Sept. 30, 2011).

*Id.*, at 918. And the Seventh Circuit Court also stated "[m]isconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification. See *Culver v. City of Milwaukee, supra,* 277 F.3d at 913." *Id*.

In applying the *Culver* standard, it is clear that Freed & Weiss and Paul Weiss and Richard Burke have committed misconduct requiring their removal as Class Counsel.

As an initial matter, this case was certified as a class action on June 4, 2009. The conduct giving rise to the exceptional circumstances at issue herein only began in December of 2010. Three other law firms have participated in this instant case and contributed to the development of the case and the certification process. Thereafter all counsel were nearly excluded as settlement talks were ostensibly undertaken by Messrs. Weiss and Burke. As such, decertification of the class would be entirely unnecessary and extremely unfair. Unlike the situation in the *Culver* there is no need to decertify the class here since the Class Representatives are satisfying their obligations by bringing this motion, and remaining Class Counsel have to this day demonstrated

12

integrity to the Classes. Decertification also would bring an inequitable windfall to the Defendant. Moreover, removal and replacement of Class Counsel – rather than decertification – is consistent with the *Culver* standard itself. The unethical conduct at issue in *Creative Montessori Learning Centers* centered on origination of that case. As explained:

> Class counsel . . . specialize in bringing class action suits under the [Telephone Consumer Protection] Act. The class certified in this case consists of 14,574 persons, who are alleged to have received a total of 22,222 unsolicited faxed advertisements from the defendant.
>
> The lawyers learned about these faxes not from a recipient, but from a fax broadcaster . . . a company that faxes advertisements as an agent of the advertiser. The lawyers asked [the fax broadcaster] for transmission reports of faxes that she had sent and information on how to communicate with the intended recipients, but promised not to disclose any of this material to a third party. On the basis of this assurance of confidentiality she turned over material that evidenced (or so it is alleged) faxes of advertisements that . . . had sent to the 14,574 persons constituting the class. . . One of the recipients was the Creative Montessori Learning Center . . . The lawyers notified Creative Montessori that "during our investigation, we have determined that you are likely to be a member of the class. You might not remember receiving the junk faxes, but if the lawsuit is successful, you would receive compensation (up to $1,500) for each junk fax sent. We would like to discuss this issue with you. Please call me [telephone number]." Which it seems Creative Montessori did— though actually it seems that the junk faxes supposedly sent to Creative Montessori were images from Abraham's computer of advertisements that never had been sent. Nevertheless Creative Montessori became the named plaintiff and (therefore) class representative.

> \*   \*   \*

> The misconduct had taken two forms: obtaining material from Abraham's files on the basis of a promise of confidentiality that concealed the purpose of obtaining the material, a purpose inconsistent with maintaining confidentiality and likely to destroy Abraham's business; and implying in the letter to Creative Montessori that there already was a certified class to which the school belonged. (This second allegation would constitute misconduct not because the lawyers communicated with a potential class action plaintiff personally, but because the communication was misleading.)

*Id.* at 916-17.

Here, the unethical conduct occurred after certification when Paul Weiss and Jamie Saltzman-Weiss attempted to take Freed & Weiss from majority owner Eric Freed, when Paul

13

Weiss and Richard Burke attempted an unauthorized and inadequate settlement to generate funds for their new firm, and when Paul Weiss started again his pattern of serial sexual misconduct. Consequently, their unethical conduct is not representative of all counsel in this case, nor did their unethical conduct contribute to the success of the certification.

 The exceptional circumstances presented herein go well beyond creating a serious doubt as to whether Freed & Weiss or Paul Weiss or Richard Burke can represent the Classes loyally. Rather, these circumstances demonstrate that Weiss and Burke failed to appreciate their fiduciary obligations to the Classes as they have undertaken substantial efforts to ignore the specific objections of the Class Representatives and usurp the settlement exclusively for self serving personal financial gain. Instructing Class Representatives to accept settlement terms that those Class Representatives have carefully reviewed and rejected is most egregious. In demanding that their then partner, the undersigned, force the settlement upon the Class Representatives Messrs. Weiss and Burke not only put their own interests ahead of the Classes but blatantly disregarded their obligations to the Classes, obligations which are fundamental to the smooth function of the judicial machinery. See *Byes v. Telecheck Recovery Services, Inc*., 173 F.R.D. 421, 428 (E.D. LA 1997). This disregard reflects directly upon their inadequacy to continue to represent the Classes.

 Further, they have breached their fiduciary obligations to their partner Eric Freed in such a way that independently demonstrates they are not adequate representatives of the interests of the Classes as a whole – a minority owner in a law firm who changes the locks on the door to keep out the majority owner out clearly lacks the integrity to represent hundreds of thousands of people across the country.

## II. THE BEST INTERESTS OF THE CLASS REQUIRE REMOVING DR. SALTZMAN AS A CLASS REPRESENTATIVE

 With the exceptional change in the circumstances of the Freed & Weiss firm, so too has there been a change in circumstances of Class Representative Dr. Saltzman. Being the only

14

Class Representative represented by Freed & Weiss and being the father-in-law and father of two partners in that firm, Dr. Saltzman is in conflict which sets him apart from every other Class member. The close relationship between Dr. Saltzman and the Freed & Weiss firm creates an inherent conflict of interest, especially when considered in conjunction with public perception. *Susman v. Lincoln American Corp.,* 561 F.2d 86, 95 (7th 1977); *Jaroslawicz v. Safety Kleen Corp.*, 151 F.R.D. 324, 328-9 (N.D. IL. 1993). Setting aside the financial conflict of interest, Dr. Saltzman now has to balance his obligations as a Class Representative against his obligations as a father and father-in-law to support his daughter and son-in-law as they now are subject to civil litigation and ARDC investigations for their wrongful conduct. Clearly these circumstances render him inadequate to continue in his Class Representation role.

## CONCLUSION

For the reasons set forth above, Petitioners respectfully request that the Court (a) substitute the undersigned as counsel for Class Representatives Kent Eubank, Thomas Riva and William and Nancy Ehorn in this litigation; (b) appoint new Class Counsel, specifically Farmer Jaffe Weissing Edwards Fistos & Lehrman, P.L, Seeger Weiss LLP, Banducci Woodard Schwartzman PLLC and the Lang Law Office, and (3) remove Dr. Saltzman as a Class Representative, and other relief as the Court deems fit

DATED:  February 28, 2012,  Respectfully submitted:

Kent Eubank, Thomas Riva and
William and Nancy Ehorn, Class Plaintiffs,


By: _____

By their counsel

George K. Lang
**Lang Law Office**
415 N. LaSalle Street
Suite 301
Chicago, Illinois  60654
773-575-5848

15

langlawoffice@att.net