**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, BRAD ZURN, TIM BASTIAANSE, JOSEPH PALMIOTTO,  and JUDITH MCCLOSKY, individually and on behalf of all others similarly situated; | 06 CV 4481 |
| | Judge James Zagel |
| Plaintiffs, | |
| | **JOINT MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT** |
| v. | |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

Plaintiffs Dr. Leonard E. Saltzman, Brad Zurn, Tim Bastiaanse, Joseph Palmiotto, and Judith McClosky, individually and on behalf of the Class, and Defendants Pella Corporation and Pella Windows and Doors, Inc. jointly and respectfully move this Court, pursuant to Federal Rule of Civil Procedure 23(e), for preliminary approval of a proposed class action settlement (the "Settlement"), the terms of which are set forth in a Class Action Settlement Agreement ("the Settlement Agreement" or "Agreement") submitted concurrently herewith.  The Parties note that the Court has indicated the likelihood of a briefing schedule to be set in relation to preliminary approval, and therefore reserve the right to file supporting memoranda pursuant to the Court's direction.  Nevertheless, the Settlement reached between Plaintiffs and Defendants is fair, adequate, and reasonable and clearly passes muster to be preliminary approved.

The Settlement will provide direct and immediate benefits to settlement class members that are both current owners of structures with Pella ProLine® brand casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation between

1

January 1, 1991 and December 31, 2006 ("Pella ProLine Casement Windows") and previous owners that paid out of pocket to repair Pella ProLine Casement Windows and/or property surrounding such windows.  The Settlement was reached after years of litigation by Plaintiffs' counsel and over a year of spirited negotiations among the parties, as well as participation in multiple mediations and in person meetings.

The key question at this preliminary approval stage is whether the Settlement is "within the range of possible approval."  *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (internal quotation marks omitted).  In determining whether a district court should exercise its discretion to approve a class settlement as "fair," the Seventh Circuit has explained that district courts should "consider the facts in the light most favorable to the settlement," *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996) (*citing E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 888-89 (7th Cir. 1985)), and has identified several factors for analyzing whether a class action settlement should be given approval including:

1. the strength of the plaintiff's case on the merits measured against the terms of the settlement;
2. the complexity, length, and expense of continued litigation;
3. the amount of opposition to the settlement;
4. the presence of collusion in gaining a settlement
5. the stage of the proceedings; and
6. the amount of discovery completed.

*General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997); *see also, e.g., Am. Civil Liberties Union of Ill. v. U.S. Gen. Servs. Admin.*, 235 F. Supp. 2d 816, 818 (N.D. Ill. 2002).  In weighing these factors, the district court should "recognize[] that the first factor, the relative strength of the plaintiffs' case on the merits as compared to what the defendants offer by way of settlement, is the most important consideration."  *Isby*, 75 F.3d at 1199.

The Settlement reached by the parties is fair and should be granted preliminary approval. The case has been pending for six years, and the parties have fought vigorously to defend each of their respective positions. Many thousands of pages have been reviewed, and many depositions have been taken. On June 4, 2009, this Court certified a Fed. R. Civ. P. 23(b)(3) limited liability issue class of current owners of Pella ProLine aluminum clad casement windows; the certification was affirmed by the Seventh Circuit Court of Appeals; and, thereafter challenged in the United States Supreme Court which denied Pella's petition for writ of certiorari on January 18, 2011. By virtue of the Court's certification of a six state, statutory consumer fraud, liability class only with manifest defect, the issues of causation and damages were found to be individualized and not suitable for class certification. In this Settlement a mechanism for resolution of causation and damages is established for class members who expended funds to repair and replace of their windows in the past; class members whose windows are in current need of repair and replacement; and class members whose windows may in the future manifest the alleged defect and will need to repair and or replace those windows in the future.

Given the nature of the Court's certification order, if the case does not settle and continues to move forward, *and* if the Plaintiffs were to be successful at a liability trial, there would still be individual proceedings for the determination of causation and damages in later phases of the litigation for each class member. This two-phase trial structure would likely take several years for anyone to receive a benefit even if the Plaintiffs were to be successful each step of the way.

On the other hand, the Settlement provides immediate benefits for members in the Settlement Class, which includes both current owners and former owners who have paid out of pocket to repair damage to Pella ProLine Casement Windows, as well as those who experience

3

damage in the future, a wider-reaching class than is currently certified by this Court. The Court's class certification severs causation and damage determinations, however the Settlement provides a direct means by which Settlement Class members may be eligible to claim up to $750 per Structure under the claims process, or up to $6,000 per Structure under an expedited arbitration process. The Settlement provides enhanced benefits beyond the warranty, free and expedited resolution of eligibility, causation and damage determinations, and provides significant benefits to the class beyond previous window defect class action settlements,[1] and it compares favorably to other home products settlements for products such as shingles and heating hoses.[2]

The Parties hereby request that the Court enter an Order under Rule 23(e) of the Federal Rules of Civil Procedure:

a. Granting preliminary approval of the Settlement as fair, reasonable, and adequate to the Settlement Class;

b. Conditionally certifying the Settlement Class, as defined as all persons in the United States who are current or former owners of Structures containing Pella ProLine® brand casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation between January 1, 1991 and December 31, 2006, with the exclusions set forth in the Agreement, for the purpose of effectuating the Settlement;

c. Designating Named Plaintiffs, Dr. Leonard E. Saltzman, Brad Zurn, Tim Bastiaanse, Joseph Palmiotto, and Judith McClosky, as representatives of the Settlement Class;

d. Designating Class Counsel, Richard J. Burke, Paul Weiss, and Julie D. Miller and the law firm of Complex Litigation Group, LLC; Jonathan Shub, Christopher Seeger and the law firm of Seeger Weiss LLP; Steven Jaffe and Mark Fistos and the law firm of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.; Ben Schwartzman and the

---

[1] *See, e.g.,* in *Cartwright v. Viking Indust., Inc.*, No. 07-cv-2159 (E.D. Cal. May 5, 2010), the parties agreed to a claims-made settlement with a cap of $500.00 per structure, compared to $750 under the Settlement and $6000 in arbitration under the Settlement per structure.

[2] *See, e.g., In re: CertainTeed Corp. Roofing Shingles Products Liability Litig.*, Order for Final Certification of the Class, Approval of Class Action Settlement, and Entry of Final Judgment and Opinion, 07-md-01817 Dkt. 213, 214 (E.D. PA Aug. 31, 2010) (approving settlement of current and previous owners of structures with CertainTeed Shingles providing a replacement process and reimbursement for expenses); *see also Galanti v. The Goodyear Tire & Rubber Co.*, No. 03-209 (D.N.J. Nov. 17, 2004).

law firm Banduccie Woodward Schwartzman PLLC., as counsel for the Settlement Class;

e.  Scheduling a date for the Final Approval Hearing that is no later than 175 Days after the date of the entry of the Preliminary Approval Order, for final approval of this Settlement, resolution of any objections to this Settlement, and dismissal with prejudice of Plaintiffs' claims;

f.  Granting approval of the Notice of Proposed Class Action Settlement ("Class Notice") and Notice Plan, as defined in the Agreement;

g.  Directing the Settlement Administrator, as defined in the Agreement, to mail the Class Notice, part C.1. within 45 Days of the entry of the Preliminary Approval Order (the "Initial Notice Date") to all Settlement Class Members for whom the parties have addresses, using first class mail, and having first updated the addresses using the National Change of Address database;

h.  Directing the Settlement Administrator to post the Class Notice and the Agreement on a website with the domain name "www.windowsettlement.com" within 45 Days of the entry of the Preliminary Approval Order;

i.  Directing Defendants to file with the Court a declaration of compliance with the notice requirements, including the CAFA notice requirements, after notice has been given;

j.  Finding that notice given pursuant to the terms of the Agreement is reasonable, constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23;

k.  Requiring that any member of the Settlement Class who desires to request exclusion from the Settlement Class submit to the Settlement Administrator an appropriate, timely request for exclusion in the form set forth in the Class Notice to the address stated in the Class Notice on or before a date set by the Court that is no later than 95 Days from the date of entry of the Preliminary Approval Order;

l.  Requiring that any exclusion be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such exclusion request may be submitted by a Settlement Class Member's attorney on an individual basis;

m.  Requiring that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit;

n. Requiring that any Settlement Class Member that has not submitted a timely request for exclusion from the Settlement Class, and each governmental entity, that wishes to object to the fairness, reasonableness, or adequacy of this Agreement or any term or aspect of the proposed Settlement, or to intervene in the Lawsuit, must provide to the Settlement Administrator (who shall forward it to Lead Class Counsel and Counsel for Defendants) and file with the Court no later than 95 Days after the Initial Notice Date a statement of the objection or motion to intervene, including any support the Settlement Class Member or governmental entity wishes to bring to the Court's attention and all evidence the Settlement Class Member or governmental entity wishes to introduce in support of his or her objection or motion, or be forever barred from objecting or moving to intervene. Such a statement must (1) be made in writing, including a heading that refers to the Lawsuit by name and number; (2) contain the objector's or putative intervener's full name and current address; (3) declare that the objector or putative Settlement Class Member intervener currently owns, or formerly owned, a Structure containing a Pella ProLine Casement Window(s); (4) provide a statement of the objector's or intervener's specific objections to any matter before the Court and the grounds and arguments for the objection or request to intervene; (5) include all documents and other writings the objector wishes the Court to consider and describe any and all evidence the objecting or intervening Settlement Class Member or governmental entity may offer at the Final Approval Hearing, including but not limited to, the names and expected testimony of any witnesses; and (6) be filed with the Court and served on the Settlement Administrator, Lead Class Counsel, and counsel for Defendants on or before a date set by the Court that is no later than 95 Days from the entry date of the Preliminary Approval Order;

o. Providing that any objection papers not filed and served in the prescribed manner and time will not be considered at the Final Approval Hearing, and all objections not made in the prescribed manner and time shall be deemed waived;

p. Requiring that any Settlement Class Member who objects or requests to intervene shall make themselves available to be deposed by Class Counsel and counsel for Defendants in the county of the objector's or putative intervener's residence within 21 Days of service of his or her timely written objection or motion to intervene;

q. Requiring that any objections or requests to intervene by a Settlement Class Member must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such objections or requests may be submitted by a Settlement Class Member's attorney on an individual basis;

r. Requiring that any member of the Settlement Class or governmental entity that desires to appear in person at the Final Approval Hearing for purposes of objecting to the Settlement or intervening in the Lawsuit file with the Court and serve on Lead Class Counsel and counsel for Defendants a notice of appearance in the Lawsuit, in

addition to simultaneously filing and serving with the written objections or intervention requests described above, on or before a date set by the Court that is no later than 95 Days from the entry date of the Preliminary Approval Order;

s.  Requiring that any responses to objections or motions to intervene must be filed with the Court and served upon Lead Class Counsel and counsel for Defendants on or before a date set by the Court that is no later than 135 Days from the entry date of the Preliminary Approval Order;

t.  Requiring that Class Counsel, and any party's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs as of June 19, 2012, must file and serve their Application(s), as defined in the Agreement, on or before a date set by the Court that is no later than 75 Days from the entry date of the Preliminary Approval Order;

u.  Requiring any objection to the Application(s) be filed with the Court and served on Class Counsel and Counsel for Defendants on or before a date set by the Court that is no later than 105 Days from the date of entry of the Preliminary Approval Order;

v.  Requiring Class Counsel, and any party's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs to file and serve any reply in support of their Application(s) on or before a date set by the Court that is no later than 115 Days from the date of entry of the Preliminary Approval Order;

w.  Requiring that all Claim Forms or Arbitration Forms for damage up to the date of the Claim Deadline must be either received by the Settlement Administrator or postmarked on or before the Claim Deadline set by the Court.  The Claim Deadline is a date set by the Court 270 Days after entry of the Preliminary Approval Order;

x.  Designating Epiq or a similarly qualified firm as the Settlement Administrator and instruct the Settlement Administrator to perform the functions specified in the Agreement;

y.  Preliminarily enjoining all Settlement Class Members and their legally authorized representatives, unless and until they have timely and properly excluded themselves from the Settlement Class from:

   a.  Filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims;

   b.  Filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded his or herself (including by

seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims; and

c. Attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims.

A proposed order entitled "Preliminary Approval Order" is attached to the Agreement (Exhibit 1 hereto), as Exhibit E. This proposed order, if entered by the Court, would: (i) conditionally certify the Settlement Class; (ii) preliminarily approve the Settlement; (iii) prescribe the form of Class Notice and direct its issuance; (iv) prescribe the date and manner by which the Class Members can object to the Settlement; and (iv) set a hearing on the Settlement and any objections thereto for a date as is convenient to the Court, no later than 175 Days from the entry date of the Preliminary Approval Order.

The proposed Class Notice entitled "Notice of Proposed Class Action Settlement" is attached to the Agreement (Exhibit 1 hereto), as Exhibit C. This proposed notice form is the Notice of Proposed Class Action Settlement referenced in the Preliminary Approval Order.

This motion is based on the attached Agreement and exhibits thereto, upon all the files, records, and proceedings herein, and upon the memoranda in support to be filed pursuant to the scheduling order to be set by the Court.

8

WILDMAN, HARROLD, ALLEN &
DIXON LLP
John A. Roberts
225 West Wacker Drive, 30th Floor
Chicago, IL 60606-1229
Phone: (312) 201-2121

June 19, 2012                          FAEGRE BAKER DANIELS LLP

                                       s/ *James A. O'Neal*
                                       James A. O'Neal
                                       John P. Mandler
                                       Amy R. Fiterman
                                       Aaron Van Oort
                                       2200 Wells Fargo Center
                                       90 South Seventh Street
                                       Minneapolis, MN 55402-3901
                                       Phone: (612) 766-7000

                                       *Attorneys for Defendants*


June 19, 2012                          COMPLEX LITIGATION GROUP LLC

                                       s/ *Richard J. Burke*
                                       Richard J. Burke
                                       Paul M. Weiss
                                       Julie D. Miller
                                       513 Central Avenue, Suite 300
                                       Highland Park, IL 60035

                                       *Attorneys for Plaintiffs and Settlement Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DR. LEONARD E. SALTZMAN, BRAD
ZURN, TIM BASTIAANSE, JOSEPH
PALMIOTTO, and JUDITH MCCLOSKY ,
individually and on behalf of all others similarly
situated;

                                Plaintiffs,

       v.

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC., a
Delaware corporation,

                                Defendants.

**06 CV 4481
Judge James Zagel**

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2012, I caused the following:

- **Joint Motion for Preliminary Approval of the Class Action Settlement,
  with Exhibit 1**

to be served on the following attorneys by Electronic Court Filing:

- **Tod N. Aronovitz**
  ta@aronovitzlaw.com
- **Eric C. Brunick**
  ebrunick@brunickllc.com
- **Richard J. Burke**
  richard@complexlitgroup.com,debs@complexlitgroup.com
- **Angela M. Crandall**
  acrandall@faegre.com
- **Mark S. Fistos**
  mark@pathtojustice.com
- **Amy Rae Fiterman**
  afiterman@faegre.com
- **Scott A. George**
  sgeorge@seegerweiss.com,lgriffith@seegerweiss.com,kwickline@seegerweiss.com
- **Steven R. Jaffe**
  steve@pathtojustice.com,beth@pathtojustice.com
- **John P. Mandler**
  jmandler@faegre.com,sveenendall@faegre.com,sanderson2@faegre.com

- **James A O'Neal**
  joneal@faegre.com
- **Douglas L. Prochnow**
  dprochnow@edwardswildman.com,lkachurik@edwardswildman.com,ecffilings@edwardswildman.com
- **John A. Roberts**
  roberts@wildman.com,ecf-filings@wildman.com,hanlon@wildman.com
- **Benjamin A. Schwartzman**
  bschwartzman@bwslawgroup.com,ksavell@bwslawgroup.com,krowland@bwslawgroup.com,mream@bwslawgroup.com
- **Jonathan Shub**
  jshub@seegerweiss.com,lgriffith@seegerweiss.com,kwickline@seegerweiss.com
- **Hillard M. Sterling**
  hsterling@lbbslaw.com,ggnolfo@lbbslaw.com
- **William M Sweetnam**
  wms@sweetnamllc.com
- **Paul M. Weiss**
  paul@complexlitgroup.com,juliem@complexlitgroup.com
- **John A. Yanchunis**
  jyanchunis@forthepeople.com

and I certify that I caused a copy of the same to be mailed by U.S. mail to the following attorney:

> George K. Lang
> Lang Law Office
> 415 N. LaSalle Street, Suite 301
> Chicago, IL 60654

Dated:  June 19, 2012

*s/ John P. Mandler*
John P. Mandler
FAEGRE BAKER DANIELS, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

*Attorneys for Defendants*