IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. LEONARD E. SALTZMAN, BRAD ZURN, TIM BASTIAANSE, JOSEPH PALMIOTTO, AND JUDITH MCCLOSKY, individually and on behalf of all others similarly situated;

Plaintiffs,

v.

PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation,

Defendants.

06 CV 4481
Judge James Zagel

**PRELIMINARY APPROVAL ORDER**

This matter came before the Court on October 15, 2012 in the joint motion of the Plaintiffs and Defendants requesting an Order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, preliminarily approving the proposed settlement agreement between the parties and scheduling a date for final hearing on the proposed Agreement. (attached hereto as Exhibit 1) Richard Burke, Paul Weiss and Julie Miller of Complex Litigation LLC and Jonathan Schub of Seeger Weiss LLP appeared on behalf of the Class; George Lang, Lang Law Offices and David Oppenheim, Anderson & Wanca appeared on certain objecting class members; James O'Neal and John Mandler, Faegre Baker Daniels LLP, and John Roberts, Edwards Wildman Palmer LLP appeared on behalf of the Defendants Pella Corporation and Pella Windows and Doors, Inc. (collectively "Defendants").

The proposed Agreement, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement of the case, and provides for the dismissal of the Plaintiffs individual and class claims relating to Pella ProLine Casement Windows (as defined in the Agreement) against Defendants with prejudice upon final approval of the Agreement. Having considered the Agreement and the exhibits attached thereto, the memorandums in support, the arguments of counsel, and the requirements of Rule 23(e) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1. The terms Arbitration Form, Claim Deadline, Claim Form, Days, Defendants, Lawsuit, Named Plaintiffs, Opt-Out List, Pella ProLine Casement Windows, Preliminary Approval Order, and Structures have the same meaning as the defined terms of the same designation in the Agreement, attached hereto as Exhibit 1.

2. **Proposed Settlement Agreement.** The agreements, terms and conditions of the parties' proposed settlement, as embodied by the Agreement and the exhibits attached thereto, appear upon the Court's preliminary review to be fair, reasonable, and adequate and accordingly preliminarily approved pending a final hearing on the proposed settlement.

3. **Conditional Certification of the Settlement Class.** The following Settlement Class is conditionally certified for the purpose of effectuating the settlement: All persons in the United States who are current or former owners of Structures containing Pella ProLine® brand casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation between January 1, 1991 and December 31, 2006.

2

The Settlement Class excludes:

1. All persons who timely opt out of the Lawsuit pursuant to the terms of this Agreement.

2. All persons who, individually or as a member of a class, initiated legal proceedings against Defendants (other than this Lawsuit initiated by the Named Plaintiffs), whether resolved or not, before the entry of the Preliminary Approval Order by settlement, judgment, release, dismissal, or other final disposition resulting in the termination of the proceedings.

3. All owners of Pella ProLine® brand casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation on or after January 1, 2007.

4. All of Defendants' current employees. All of Defendants' current employees.

4. **Designation of the Class Representatives.** Dr. Leonard E. Saltzman, Brad Zurn, Tim Bastiaanse, Joseph Palmiotto, Elizabeth D'Angelo, and Judith McClosky (the "Named Plaintiffs") are designated as representative for the Settlement Class and Plaintiffs' Motion for Leave to Amend, Dkt. 275, is hereby conditionally granted subject to Final Settlement Approval.

5. **Designation of Class Counsel.** Richard J. Burke, Paul Weiss, and Julie D. Miller and the law firm of Complex Litigation Group, LLC; Jonathan Shub, Christopher Seeger and the law firm of Seeger Weiss LLP; Steven Jaffe and Mark Fistos and the law firm of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.; Ben Schwartzman and the law firm Banduccie Woodward Schwartzman PLLC are

designated as Class Counsel. Richard J. Burke, Paul M. Weiss and Julie D. Miller and the law firm of Complex Litigation Group, LLC; and Jonathan Shub, Christopher Seeger and the law firm of Seeger Weiss LLP are designated as Lead Class Counsel.

6. **Scheduling of the Final Approval Hearing.** A hearing ("Final Approval Hearing") will be held by this Court in Courtroom 2503 at 11:00 am on April 9, 2013, to determine (a) whether the proposed settlement, including payment of the requested attorneys' fees and litigation costs, should be approved as fair, reasonable, and adequate; and (b) whether final judgment should be entered dismissing with prejudice all claims against Defendants herein pursuant to the Agreement. The Court will also hear from any objectors during the Final Approval Hearing.

7. **Objections.**

    a. Any Settlement Class Member that has not submitted a timely request for exclusion from the Settlement Class, and each governmental entity, that wishes to object to the fairness, reasonableness, or adequacy of this Agreement or any term or aspect of the proposed Settlement and show cause, if any, why the same should not be approved, or to intervene in the Lawsuit, if any, must provide to the Settlement Administrator (who shall forward it to Lead Class Counsel and Counsel for Defendants) and file with the Court no later than January 29, 2013 a statement of the objection or motion to intervene, including any support the Settlement Class Member or governmental entity wishes to bring to the Court's attention and all evidence

the Settlement Class Member or governmental entity wishes to introduce in support of his or her objection or motion, or be forever barred from objecting or moving to intervene. Such a statement must (1) be made in writing, including a heading that refers to the Lawsuit by name and number; (2) contain the objector's or putative intervener's full name and current address; (3) declare that the objector or putative Settlement Class Member intervener currently owns, or formerly owned, a Structure containing a Pella ProLine Casement Window(s); (4) provide a statement of the objector's or intervener's specific objections to any matter before the Court and the grounds and arguments for the objection or request to intervene; (5) include all documents and other writings the objector wishes the Court to consider and describe any and all evidence the objecting or intervening Settlement Class Member or governmental entity may offer at the Final Approval Hearing, including but not limited to, the names and expected testimony of any witnesses; and (6) be filed with the Court and served on the Settlement Administrator, Lead Class Counsel, and counsel for Defendants on or before January 29, 2013.

b. Any papers not filed and served in the prescribed manner and time will not be considered at the Final Approval Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.

c. Any Settlement Class Member who objects or requests to intervene shall make themselves available to be deposed by Class Counsel and counsel for Defendants in the county of the objector's or putative intervener's residence

5

within 21 Days of service of his or her timely written objection or motion to intervene.

d. Any objections or requests to intervene by a Settlement Class Member must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such objections or requests may be submitted by a Settlement Class Member's attorney on an individual basis.

e. Any member of the Settlement Class or governmental entity that desires to appear in person at the Final Approval Hearing for purposes of objecting to the Settlement or intervening in the Lawsuit file with the Court and serve on Lead Class Counsel and counsel for Defendants a notice of appearance in the Lawsuit, in addition to simultaneously filing and serving with the written objections or intervention requests described above, on or before a date set by the Court that is no later than January 29, 2013.

f. Any responses to objections or motions to intervene must be filed with the Court and served upon Lead Class Counsel and counsel for Defendants on or before March 11, 2013.

g. Service for Lead Class Counsel and Defendants can be made to the following:

FOR DEFENDANTS:
James A. O'Neal
John Mandler
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402

FOR THE SETTLEMENT CLASS:
Richard J. Burke
Paul M. Weiss

Complex Litigation Group
513 Central Avenue
Suite 300
Highland Park, IL 60035

| | |
|---|---|
| (612) 766-7000 | (847) 433-4500 |
| (612) 766-1600 (FAX) | (847) 433-2500 (FAX) |
| james.o'neal@FaegreBD.com | Info@ComplexLitigationGroup.com |
| john.mandler@FaegreBD.com | |

8. **Notice.** The parties' proposal as to the form and manner of notice to the Settlement Class are approved, including the Notice of Proposed Class Action Settlement attached to the Agreement, and the Notice Plan, as defined in the Agreement. The Court finds that notice given pursuant to the terms of the Agreement is reasonable and constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23.

9. **Settlement Administrator.** Epiq Class Action & Claims Solutions, Inc. is designated as the Settlement Administrator, as defined in the Agreement. The Settlement Administrator must perform the functions specified in the Agreement, including but not limited to:

   i. Implementing the Notice Plan;
   ii. Before mailing the Notice and Claim Form, establishing a toll-free telephone number that Settlement Class Members can call and which contains recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box, to request additional Claim Forms or Arbitration Forms or additional information regarding the Settlement;

    iii. mailing the Class Notice, part C.1. by December 10, 2012 (the "Initial Notice Date") to all Settlement Class Members for whom the parties have addresses, using first class mail, and having first updated the addresses using the National Change of Address database;

    iv. posting the Class Notice and the Agreement, along with other documents as agreed to by the Parties, on a website with the domain name "www.windowsettlement.com" by December 10, 2012;

    v. preparing a notice for publication, and publishing the notice within 45 Days of the entry of this Order in publications upon which the Parties and the Settlement Administrator mutually agree.

    vi. receiving, evaluating, and either approving as meeting the requirements of the Agreement or disapproving as failing to meet those requirements, Claim Forms and Arbitration Forms sent by Settlement Class Members seeking to receive benefits provided for in the Agreement, all in accordance with the Agreement;

    vii. Providing to Defendants and Lead Class Counsel respectively true and accurate lists of the names and addresses of all Settlement Class Members who have submitted Claim Forms or Arbitration Forms and whose Claim Forms or Arbitration Forms the Settlement Administrator has determined to be (i) complete and valid or (ii) incomplete or invalid;

    viii. Sending to each Settlement Class Member who has submitted a Claim Form or Arbitration Form that the Settlement Administrator has

determined not to be a valid Settlement Claim, and by e-mail to Lead Class Counsel and Defendants' Counsel, a Notice of Denied Claim, as defined in the Agreement, or a Notice of Arbitration Ineligibility, as defined in the Agreement, respectively;

ix. Sending to each Settlement Class Member who has submitted a Claim Form that the Settlement Administrator has determined to be a complete and valid Settlement Claim for which the appropriate relief is determined under the terms of the Agreement, a Notice of Approved Claim, as defined in the Agreement;

x. Sending to Lead Class Counsel, Defendants' counsel, and each Settlement Class Member who has submitted a Arbitration Form that the Settlement Administrator has determined to be a complete and valid Settlement Claim qualifying the Settlement Class Member for arbitration under the terms of the Agreement, a Notice of Arbitration Eligibility, as defined in the Agreement;

xi. Processing requests for exclusion from the Settlement in accordance with the terms of the Agreement;

xii. Within 30 days after paying valid settlement claims for monetary compensation by the Settlement Administrator, providing (i) to Defendants' counsel and Lead Class Counsel a statement of the total number of Settlement Claims submitted, the total number of Settlement Claims determined to be valid, and the total dollar amount paid to Settlement Class members pursuant to the Agreement; and (ii)

        to Defendants' counsel all original Claim Forms, Arbitration Forms, and supporting documentation for each Settlement Claim determined to be valid pursuant to this Agreement, with a copy set to Lead Class Counsel.

    xiii. Filing with the Court proof of mailing of the Class Notice, part C.1. and proof of compliance with the Notice Plan at or before the Final Approval Hearing, along with the Opt-Out List.

10. **Declaration of Compliance.** Defendants shall file with the Court a declaration of compliance with the notice requirements, including the CAFA notice requirements, after Class Notice has been given following the terms of the Agreement and this Order.

11. **Exclusions.**

    i. Any member of the Settlement Class who desires to request exclusion from the Settlement Class must submit to the Settlement Administrator a request for exclusion in the form set forth in the Class Notice to the address stated in the Class Notice on or before January 29, 2013.

    ii. Any exclusion must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such exclusion request may be submitted by a Settlement Class Member's attorney on an individual basis.

    iii. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit.

12. **Attorney Fees.**

    i. Class Counsel, and any party's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs as of June 19, 2012, shall file and serve their Application(s), as defined in the Agreement, on or before January 9, 2013;

    ii. Any objection to Class Counsel's, and any party's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs' Application(s) shall be filed with the Court and served on Class Counsel and Counsel for Defendants on or before February 8, 2013;

    iii. Class Counsel, and any party's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs shall file and serve any reply in support of their Application(s) on or before February 18, 2013.

13. **Claim Deadline.** All Claim Forms or Arbitration Forms for damage up to the date of the Claim Deadline must be either received by the Settlement Administrator or postmarked on or before the Claim Deadline set by the Court. The Claim Deadline is July 23, 2013.

14. **Preliminary Injunction.** All Settlement Class Members and their legally authorized representatives, unless and until they have timely and properly excluded themselves from the Settlement Class are preliminarily enjoined from:

   i. Filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims;

   ii. Filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded his or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims; and

   iii. Attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims.

15. **Schedule**. Based on the Foregoing, the Court has established the following schedule and deadlines in this matter:

| Date | Deadline / Event |
|---|---|
| 12/10/12 | Deadline for Settlement Administrator to mail Class Notice and post settlement information to website (¶9). |
| 1/09/23 | Deadline for filing Application(s) for Attorneys' Fees (¶12i). |
| 1/29/13 | Deadline for filing of Statements by Objectors / Interveners (¶7a.); Deadline for filing Notice of Intent to Appear at Final Approval Hearing (¶ 7e); Deadline for class members to opt out of settlement (¶11i). |
| 2/08/13 | Deadline for filing Objection(s) to Application(s) for Attorneys Fees' (¶12ii). |
| 2/18/2013 | Deadline for filing Reply Briefs(s) in support of Application(s) for Attorneys Fees' (¶12ii). |
| 3/11/13 | Deadline for filing Responses to Objections or Motions to Intervene (¶7e). |
| 4/9/13 11:00 am | Final Approval Hearing (¶6) |
| 7/23/13 | Claim Deadline (¶13). |

DATE: NOV 0 1 2012

ENTER:

James B. Zagel
United States District Judge

13