**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, BRAD ZURN, TIM BASTIAANSE, JOSEPH PALMIATTO, and JUDITH MCCLOSKY, individually and on behalf of all others similarly situated, <br> Plaintiffs, <br> v. <br> PELLA CORP. and PELLA WINDOWS AND DOORS, INC., <br> Defendants. | No. 06 C 4481 <br><br> The Hon. James B. Zagel |

**OBJECTION TO SETTLEMENT AND MOTION FOR ATTORNEYS' FEES
AND NOTICE OF INTENTION TO APPEAR
OF CLASS MEMBER LYLE SCHULTE**

Class member Lyle Schulte, 1443Abbots Pond Circle NE, Canton OH 44172, hereby objects to the proposed Settlement and Motion of Class Counsel for an Award of Attorneys' Fees and Expenses. Mr. Schulte is the current owner of a home located at 1443 Abbots Pond Circle NE, Canton OH 44172 that is equipped with 20 Pella ProLine casement windows manufactured by Pella between 1991 and 2006. Mr. Schulte intends to appear and be heard at the fairness hearing scheduled for April 9, 2013 through his undersigned counsel.

**I.    The Proposed Settlement Is Grossly Inadequate And Makes
        Class Members Worse Off Than If There Were No Settlement At All.**

Objector Schulte adopts the Class Representatives' Combined Response In Opposition to the Motion for Preliminary Approval of the Class Action Settlement (Document 286) previously filed by Kent Eubanks, Thomas Riva and William and Nancy

Ehorn in this matter, and incorporates the arguments set forth in that document as if fully set forth herein.

To summarize the pertinent objections, this case has a litigation value of $308 million, calculated pursuant to the Seventh Circuit's methodology as set forth in *Reynolds v. Beneficial*, 288 F.3d 277 (7th Cir. 2002). Even according to Class Counsel's best case valuation, the settlement has a value of only $90 million, and according to the Eubanks objectors, it has a value of no more than $17 million. Under either valuation, the settlement is grossly inadequate when compared to this case's litigation value.

The ***$750 per structure*** cap on class member recovery is also grossly inadequate, considering that a typical structure could have anywhere from 20 to 30 Pella ProLine windows, each of which would be subject to the same propensity to fail. Mr. Schulte's house contains 20 Pella ProLine windows. The settlement offers him the amount of just $37.50 per window. Indeed, it is for this reason that Lead Plaintiff Saltzman rejected a prior settlement offer that is superior to the proposed class-wide settlement.

Finally, the proposed arbitration process actually makes class members' worse off than they would be in the absence of this litigation, since it provides class members with nothing that they do not already possess under the law, but imposes a cap of $6000 on their recovery, before fees are deducted, and imposes a pre-filing notice requirement, which would not exist if a class member were to sue in small claims or another civil court. The arbitration process also deprives the class member of the right to appeal, as well as the right to seek an award of attorneys' fees in addition to damages. In similar circumstances, the Seventh Circuit has not hesitated to reject a settlement that was approved by the district court. *Crawford v. Equifax*, 201 F.3d 877, 882 (7th Cir. 2000)

(settlement deprives class members of right to file other lawsuits as class actions, which "cuts [class members] off at the knees. They gain nothing, yet lose the right to the benefits of aggregation in a class.").

> They gain nothing (the settlement does not include a concession of liability that would facilitate individual suits), but lose something: the possibility of any collective proceeding for damages. Because these are small-stakes cases, a class suit is the best, and perhaps only, way to proceed.

*Id.* at 880.

A proposed settlement that gives nothing to class members, yet deprives them of remedies to which they would be entitled in an civil lawsuit, is not within the range of reasonableness. Because they would need to retain counsel and hire an expert in order to prevail in the arbitration process, that process offers class members no prospect of an adequate recovery.

## II. Class Counsel's Fees May Not Exceed Their Lodestar Calculated At Reasonable Market Rates Under Clear Supreme Court Precedent.

Class Counsel correctly concede that the lodestar method is the appropriate method for calculating their fees in this case, but incorrectly cite to outdated and overruled cases that no longer have any force after the United States Supreme Court's decision in *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010), which prohibited lodestar multipliers in all by the most "rare" and "exceptional" cases.

This case is clearly not a common fund, as demonstrated by the wide fluctuation in valuations assigned to it by Class Counsel and the objectors. Class Counsel contend that it has a value of $90 million based upon an assumption of a 100% take rate, whereas the Eubanks Objectors project a value of $2 million to $17 million. When valuations of a settlement range from $2 million to $90 million, and depend entirely upon unpredictable

3

future contingencies such as claims rates and assertion of defenses by Pella, there can be no reliable valuation necessary to support a common fund fee award.

In support of their application for a risk multiplier, Class Counsel cite exclusively to cases that predate, and are thus overruled by, *Perdue*, while failing to cite to or mention *Perdue* in any way, even to distinguish it. Objector submits that this is not mere inadvertence or negligence. Class Counsel have attempted to deliberately mislead this Court into approving a lodestar risk multiplier that has been expressly prohibited by the Supreme Court.

For the reasons stated above, this settlement is hardly rare or exceptional. Indeed, it may be one of the worst warranty settlements ever proposed. As the Eubanks objectors pointed out in their objections, two recently proposed window warranty settlements provided far greater benefits than this one. Therefore, there can be no argument that Class Counsel deserve a multiplier under the very narrow exception outlined by the Supreme Court in *Perdue*.

Class Counsel is entitled to no more than their reasonable lodestar as attorneys' fees in this case. No multiplier, whether for risk, public interest, or any other reason, is permissible here.

Class Counsel's asserted lodestar must be reduced significantly. Partner time is billed at rates up to $715/hour. While this is at the high end for partners in the Chicago market, it is the rates charged for associates that are the most egregiously excessive. Associates at Freed & Weiss LLC are billed at rates that range from $600 to $645 hour! Most of these associates' biographies do not even appear on the firm's website, and

therefore their experience and background cannot be verified. In any event, rates for associates in the Chicago area generally do not exceed $500.

The one associate whose bio is contained on the website, Grant Lee, a 2006 graduate of Notre Dame Law School, is billed out at $645/hour.[1] The Laffey Matrix, which is a widely used guide to reasonable hourly rates when awarding attorneys' fees in federal litigation, sets reasonable hourly rates for attorneys with four to seven years experience at $365. *See Exhibit A*. Rates as high as $600/hour are reserved for attorneys with 11-19 years experience. Clearly, Mr. Lee and all of the other associates at Freed & Weiss should be billed at rates of no more than $450/hour, commensurate with their experience and their market rate for paying clients. Recalculating the Freed & Weiss lodestar at this $450/hour rate for associates with less than seven years experience reduces Freed & Weiss' lodestar by $200,000.

Therefore, Class Counsel's total reasonable lodestar must be reduced from $9,155,566 to $8,955,566. Class Counsel should receive no more than $8,955,556 as attorneys' fees in this matter.

---

[1] In contrast, Seeger Weiss LLP associate Scott George, who graduated from law school in 1998 and has 15 years experience, is billed out at a rate of $595/hour.

## CONCLUSION

For the foregoing reasons, this Court should deny approval to the proposed Settlement. Should the Court approve the settlement, it should award Class Counsel no more than their unenhanced reasonable lodestar calculated at reasonable rates for this District, or $8.95 million.

Signed by Lyle Schulte this 26 day of January 2013.

Lyle Schulte

Respectfully submitted,
Lyle Schulte,
By his attorney,

*/s/ Hall Adams*
Hall Adams, Esq.
Law Offices of Hall Adams LLC
33 North Dearborn St., Suite 2350
Chicago, IL 60602
P: (312) 445-4900
F: (312) 445-4901

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system of the USDC for the ND IL on January 28, 2013, and that as a result electronic notice of the filing was served upon all attorneys of record.

*/s/ Hall Adams*
Hall Adams