IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, BRAD ZURN, TIM BASTIAANSE, JOSEPH PALMIOTTO, AND JUDITH MCCLOSKY, individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, <br><br> Defendants | 1:06-CV-04481 <br><br> MICHAEL J. SCHULZ' OBJECTION TO CLASS ACTION SETTLEMENT AND APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

Class member **MICHAEL J. SCHULZ** objects to this settlement as unfairly structured to benefit the attorneys at the expense of the class. *See In re Bluetooth Headset Prod. Liab. Litigation,* 654 F.3d 935 (9th Cir. 2011). While plaintiffs claim that the settlement benefit is $90 million, in reality there is a cumbersome claims process that will likely result in less than $1 million actually paid to the class—a fact hidden by the fact that the fairness hearing is scheduled well before the claims deadline, but the attorneys will be paid years before class members will. The settlement is thus objectively unreasonable self-dealing: it will pay the attorneys **$11.42 MILLION**, but class members likely less than a tenth of that. The settlement benefit should reflect the amount the class **ACTUALLY RECEIVES**, and should not include money paid to third parties such as notice and administration expenses.

But the settlement is subjectively unreasonable as well!! Lead counsel was under investigation by the Illinois ARDC. Given the uncertainty over recent Seventh Circuit rulings

about ethics violations affecting whether a class counsel can satisfy Rule 23(g), there is a substantial chance that class counsel rushed a settlement at the expense of the class to avoid the risk of being disqualified. The problem is exacerbated by a second independent reason for class decertification: lead plaintiff Leonard Saltzman is, on information and belief, a relative of lead counsel Paul Weiss and his wife, Jamie Saltzman Weiss (who is a partner at the firm of lead class counsel). Someone with so **BLATANT A CONFLICT OF INTEREST** between the interests of the class and the interests of the attorney cannot serve as class representative—especially when they sign off on a settlement that has all three *Bluetooth* indicia of impermissible self-dealing.

I. **MICHAEL J. SCHULZ IS A MEMBER OF THE CLASS.**

Michael J. Schulz objects to the unfair settlement of *Dr. Leonard Saltzman et al. v. Pella Corporation et al.*, Case No. 06 C 4481. As documented by the attached declaration, his current address is 4N600 Powis Road, Wayne, IL 60184. That address, which Schulz currently owns, contains Pella ProLine Casement Windows manufactured by Pella from 1991 to 2006. Indeed, Schulz received mailed individualized notice of this settlement that Pella would be limiting its liability for any future problems Schulz may have with his windows—while paying class counsel millions of dollars for the privilege.

II. **CLASS COUNSEL PAUL M. WEISS'S DISCIPLINARY PROBLEMS COMPROMISED HIM AS AN ADEQUATE ATTORNEY.**

Class counsel Paul M. Weiss has been the subject of disciplinary investigation from the Illinois ARDC, with an ARDC complaint alleging multiple occasions of sexual harassment. *See* Steve Korris, "ARDC files additional charge against class action lawyer Weiss," *Madison Record* (Jul. 26, 2011) (attached as Exhibit 1); Steve Schmadeke, "State panel adds to sexual harassment complaints against Chicago attorney," *Chicago Tribune* (Nov. 26, 2010) (attached as Exhibit 5).

Sexual harassment allegations are not necessarily disqualifying under Rule 23(g). *Cf. Reliable Money Order Inc. v McKnight Sales Co Inc.*, No. 12–2599, -- F.3d – (7th Cir. Jan. 9, 2013). And Weiss, according to press accounts, denied the allegations.

But during the time this settlement was being negotiated, the Seventh Circuit was considering the extent to which ethical violations could require class decertification in cases such as *Creative Montessori Learning Ctrs. v. Ashford Gear, LLC*, 662 F.3d 913 (7th Cir. 2011). Class counsel had to be concerned that the combination of *Ashford Gear* and the disciplinary charges could lead to disqualification and class decertification. If so, class counsel's own legal troubles created **SETTLEMENT LEVERAGE** that prejudiced the class relative to a class counsel not facing sexual harassment allegations. Anything "pertinent to counsel's ability to fairly and adequately represent the interests of the class" bears on the class certification decision. Fed. R. Civ. P. 23(g)(1)(B); *Ashford Gear*. Here, class counsel's disciplinary troubles exposed the class to unique litigation risk and likely adversely affected the size of the settlement. Moreover, if Weiss were suspended or disbarred before the case settled, he might be precluded from obtaining his share of a multi-million-dollar fee, which created additional settlement pressure prejudicing the class. While Weiss has a reasonable argument that *Reliable Money Order* means that the sexual harassment would not now require his disqualification, he could not know that when he was negotiating the settlement. Schulz is not complaining that Weiss's alleged sexual harassment requires disqualification; Schulz is complaining that Weiss negotiating a settlement while laboring under the threat of disqualification instead of recusing himself is what requires disqualification now.

A class member who faces unique defenses is not an appropriate class representative under Rule 23(a). *E.g.*, *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990). There is no reason the same should not be true for class counsel under Rule 23(g). The class should be decertified unless new class counsel can be found unrelated and unbeholden to Weiss's firm who can independently negotiate a settlement. Given

that there are other named class plaintiffs who are represented by an attorney, and given that this is a plainly lucrative case, there are surely other firms who can prosecute this case.

As documented in Sections III and IV below, the Rule 23(g) problem is compounded and interrelated with Rule 23(a)(4) problems and Rule 23(e) fairness and self-dealing problems.

### III. CLASS REPRESENTATIVE SALTZMAN'S CONFLICT OF INTEREST DISQUALIFIES HIM AS A RULE 23(A)(4) REPRESENTATIVE.

Paul M. Weiss is married to Freed & Weiss partner Jamie Saltzman Weiss. *See, e.g.*, Sarah Zavala, "More litigation follows Freed & Weiss dispute," *Madison Record* (Mar. 8, 2012) (attached as Exhibit 2); Jack Bouboushian, "Attorney Claims Chase Bank Conspired," *Courthouse News Service* (Feb. 27, 2012) (attached as Exhibit 3). On information and belief, Jamie Saltzman Weiss is related to (and likely the daughter of) lead class representative Leonard E. Saltzman. *See* Radaris report on Leonard E. Saltzman (attached as Exhibit 4).

If Saltzman is an in-law of lead class counsel, that is a **CONFLICT OF INTEREST** that precludes Rule 23(a)(4) adequacy. *London v. Wal-Mart, Inc.*, 340 F.3d 1246 (11th Cir. 2003), is directly on point. In *London*, the lead plaintiff was the "close friend[] since high school" of lead class counsel Ader. *Id.* at 1249. Over the defendant's objection to the conflict of interest, the district court certified the class. The Eleventh Circuit reversed because the close friendship and former financial relationship created incentives to favor the attorneys over the class. *Id.* at 1255. Here, if Saltzman is an in-law of class counsel Weiss (and relative of a law partner of the lead class counsel firm), his ties are closer than those of London and Ader. He cannot serve as class representative. This is especially true given that (1) **EVERY OTHER NAMED CLASS PLAINTIFF OPPOSES THE SETTLEMENT** and (2) the settlement, as actually negotiated and discussed below, *does* "increase [Weiss's] fees at the expense of the class." *Id.*

The court has an obligation to determine the relationship between the lead plaintiff and the members of the lead class counsel law firm.

## IV. BECAUSE THE SETTLEMENT BENEFIT CALCULATED BY CLASS COUNSEL IS INFLATED, THE SETTLEMENT HAS ALL THREE SIGNS OF *BLUETOOTH* SELF-DEALING.

Class counsel values the settlement benefit at $90 million because that's what class members might claim under the settlement. This is wrong. The benefit to the class is the amount **actually received** by the class. *See, e.g.,* Advisory Committee Notes to 2003 Amendments to Rule 23.[1] Moreover, class counsel argues that the settlement benefit includes notice and administration expenses. This is also wrong. Benefits to third parties such as settlement administrators are not benefits to the class; rather, as the Seventh Circuit has held, they are social costs of class actions. *In re Aqua Dots*, 654 F.3d 748 (7th Cir. 2011). Moreover, notice is a benefit to the *defendants*, not to the class: the defendants rely on notice to comply with due process and create claim preclusion. Without notice, absent class members might be able to bring identical claims against the defendant in a new lawsuit. *E.g.*, *Hecht v. United Collection Bureau*, 691 F.3d 218 (2d Cir. 2012). Class members are not indifferent to whether 5% or 50% of the cost of a settlement is for notice and administration expenses, but treating those third-party expenditures as a class benefit implies that class members do not care whether the defendant pays $1 to a class member or $1 to Epiq Systems.

Here, the claims process is sufficient onerous and confusing that less than 1-2% of claims are likely to be made. **THE CLASS WILL ALMOST CERTAINLY RECEIVE LESS THAN $2 MILLION, AND PERHAPS EVEN LESS THAN $1 MILLION**. Though the claims process has already started, class counsel's brief makes no disclosure about the number of claims that have been made under the unfairly burdensome process. Schulz submits that they would be embarrassed to disclose on the record how few claims there have been and predicts they will not do so in response to this brief.

---

[1] Furthermore, most of the class benefits will not be realized for several years, while class counsel collects today. As the Seventh Circuit has repeatedly recognized, the value of a dollar in five years or ten years is not the value of a dollar today.

**YET CLASS COUNSEL IS COLLECTING $11.42 MILLION FOR THEMSELVES**. Thus, the settlement contains all three indicia of self-dealing criticized by *Bluetooth*: disproportionate relief for the attorneys relative to the class; a clear-sailing clause forbidding defendants from challenging the fee; and a "kicker" protecting the proposed fee from the class by reverting any excess back to the defendant in the event of an order reducing the fee. 654 F.3d at 946-49. While this is not a "common fund" settlement, it should be treated like a constructive common fund—and one that awards the lion's share of the benefit to the attorneys, rather than the class. *Id.*

The combination of problems requires settlement rejection. At a minimum, the fees should be held in trust and paid only upon a showing by class counsel that the class has actually received the $90 million in benefits they have represented to the court will exist.

## CONCLUSION

Pella was willing to pay approximately $12 million to $13 million to settle this case—an amount that might well have been higher if class counsel was not laboring under the threat of Rule 23(g) *Ashford Gear* disqualification. That unique class-counsel-specific defense should have precluded class certification. But class counsel is collecting the vast majority of the amount Pella was willing to pay, leaving the class in the cold with defective windows. This, by itself demonstrates the Rule 23(a)(4) inadequacy of the class representative. But to top it all off, the majority of named plaintiffs oppose the settlement and the class representative appears to be a relative of a class counsel firm partner and an in-law of lead class counsel. The settlement must be rejected.

Schulz joins the objections of any other objection filed to the extent it is not inconsistent with this one.

Dated: January 29, 2013       Respectfully submitted,

      /s/ Peter F. Higgins
Peter F. Higgins
Bar No. 6193907
Lipkin & Higgins
222 North LaSalle, Ste. 2100
Chicago, Illinois 60601
T:  (312) 857-1710
F:  (312) 857-1711
Email: phiggins@lipkinhiggins.com
**Local Counsel Pursuant to LR 83.15**


Christopher A. Bandas *(Pro Hac Vice Pending)*
State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 N. Shoreline Blvd.
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile
Email: cbandas@bandaslawfirm.com

ATTORNEYS FOR MICHAEL J. SCHULZ

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of January I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via first class mail to the following participants, at the addresses listed below:

Richard Burke
Paul Weiss
Complex Litigation Group, LLC
513 Central Avenue, Ste. 300
Highland Park, IL 60035
CLASS COUNSEL

James A. O'Neal
John P. Mandler
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
COUNSEL FOR PELLA

                                                          /s/ Peter F. Higgins
                                                          Peter F. Higgins