**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, BRAD ZURN, TIM BASTIAANSE, JOSEPH PALMIOTTO, and JUDITH MCCLOSKY, individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, <br><br> Defendants. | 06 CV 4481 <br> Judge James Zagel <br><br> **OBJECTIONS OF DAVE THOMAS TO SETTLEMENT AND NOTICE OF INTENT TO APPEAR THROUGH COUNSEL** |

## I. INTRODUCTION AND CLASS MEMBERSHIP

Come now, class member, Dave Thomas ("Objector"), by and through his counsel, hereby: (i) files these Objections to the Proposed Class Action Settlement (the "Proposed Settlement") which is based on the "Class Action Settlement Agreement" (the "Settlement Agreement") executed by some of the Named Plaintiffs and Defendants Pella Corporation and Pella Doors and Windows, Inc. (jointly, "Pella"); (ii) object to Class Counsel's notice of motion and motion for attorneys' fees; (iii) gives notice of his counsel's intent to appear at the April 9, 2013 settlement hearing; and (iv) requests an award of incentive fees for serving as an unnamed class member objector.

Objector represents to the court that he is a Class Member who owns a home in El Cajon, California, in which ProLine casement windows manufactured by Pella between

1

1991 and 2006 were installed. Therefore, Objector is qualified to make a claim for the proposed relief as set forth in the notice.

## II. LEGAL AUTHORITY

It is well established that the court has a duty under Rule 23 of the Federal Rules of Civil Procedure as the guardian of the absent class members' interests to independently determine whether the settlement agreement is fair, reasonable, and in the best interests of the class. *Waters* v. *City of Chicago*, 95 Ill. App. 3d 919, 924, 420 N.E.2d 599, 603 (Ill. App. Ct. 1981). The Seventh Circuit has warned that "the structure of class actions under Rule 23 ... gives class action lawyers an incentive to negotiate settlements that enrich themselves but give scant reward to class members, while at the same time the burden of responding to class plaintiffs' discovery demands gives defendants an incentive to agree to early settlement that may treat the class action lawyers better than the class." *Thorogood* v. *Sears, Roebuck & Co.*, 627 F.3d 289, 293 (7th Cir.2010) (emphasis omitted). Accordingly, courts are instructed to "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Synfuel Techs., Inc.* v. *DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir.2006.)

The district court's scrutiny does not end with a detailed analysis of the settlement terms, but rather, extends to the fee request made by counsel as well. The 2003 Committee Notes to Rule 23(h) state that "[a]ctive judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process. Continued reliance on case law development of fee-award measures does not diminish the court's responsibility. In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a

common fund or are otherwise paid. Even in the absence of objections, the court bears this responsibility." Committee Notes to Rule 23(h), 2003. Therefore, the Court becomes the fiduciary for the class and must monitor disbursement to the class and attorneys. *Skelton v. General Motors Corp.*, 860 F.2d 250, 253 (7th Cir. 1988), cert denied, 493 US 810, 110 S. Ct. 53, 107 L. Ed. 2d 22 (1989.)

The Proposed Settlement is not reasonable, fair or adequate. Due to the objections to the Proposed Settlement, the settlement should be set aside in its entirety. See *Trotsky* v. *Los Angeles Fed. Sav. & Loan Assn.* (1975) 48 Cal.App.3d 134, 153, a settlement must be approved or rejected as a whole since it is impossible to determine whether the parties considered the different portions of the agreement to be interdependent.)

### III.  OBJECTIONS

**A.  THE PROPOSED SETTLEMENT IS NOT FAIR, ADEQUATE AND REASONABLE**

Rule 23 provides that a class action settlement must be "fair, adequate, and reasonable." As discussed below the Proposed Settlement does not meet the standards of Rule 23.

**1. LACK OF INFORMATION REGARDING THE VALUE OF THE SETTLEMENT RENDERS THE PROPOSED SETTLEMENT UNREASONABLE**

The Proposed Settlement does not provide a total value for the settlement and therefore, it is not possible to determine whether the Proposed Settlement is a better result than a potential recovery at trial. There is no information regarding the expected number of claimants or the potential recovery by each claimant, information which would permit the class members to understand the value of the Proposed Settlement. Without this

information, class members, Objectors and the Court cannot determine if the Proposed Settlement offers a better chance of recovery compared to continuing the litigation through trial. Under the circumstances, the court must reject the Proposed Settlement.

2. **THE DEFINITION OF THE CLASS AND THE EXCLUSIONS ARE NOT FAIR**

The definition of the Settlement Class is not sufficiently inclusive and is therefore not fair to the class members. The Settlement Agreement defines the "Settlement Class" as "all persons in the United States who are current or former owners of Structures containing Pella ProLine® brand casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation between January 1, 1991 and December 31, 2006." (Settlement Agreement, Doc. 277-1, para. I. 44) The Settlement Agreement also provides that the following are excluded from the Settlement Class: "All persons who, individually or as a member of a class, initiated legal proceedings against Defendants (other than this Lawsuit initiated by the Named Plaintiffs), whether resolved or not, before the entry of the Preliminary Approval Order by settlement, judgment, release, dismissal, or other final disposition resulting in the termination of the proceedings." (Settlement Agreement, Doc. 277-1, para. I. 44) The Notice provides a different version of the exclusion and states, "all persons who, individually or as a member of a class, initiated legal proceedings against Defendants (other than *Saltzman v. Pella*) prior to November 1, 2012." (Notice, para. 6) (This language of the Notice does not mirror the agreed upon terms in the Settlement Agreement and is in itself sufficient grounds to find the Notice inadequate, requiring a setting side of the Proposed Settlement.) These exclusions are not limited to prior lawsuits relating to the Pella product that is the subject of this action. Rather, the exclusion is very broadly worded

4

and would include any person who has previously initiated legal action against Pella for any purpose and for any product. The exclusion unreasonably excludes potential class members who may have previously sued Pella on claims unrelated to this lawsuit, from obtaining the benefit of the Proposed Settlement. Therefore, the Proposed Settlement is not fair and reasonable to the class members.

### 3. CLASS MEMBERS ARE NOT RECEIVING ANY REAL BENEFIT UNDER THE PROPOSED SETTLEMENT

The Proposed Settlement is not reasonable or fair to class members because many of the so called "benefits" of the Proposed Settlement are merely illusory and fail to provide any real benefit to class members. The relief available to class members and the procedure to obtain relief is outlined in Section V of the Settlement Agreement. The Claims Process under the Proposed Settlement is outlined in paragraphs 65 to 82 of the Settlement Agreement. Discussed below are some of the terms that render the Proposed Settlement unfair.

The Proposed Settlement promises that class members may receive cash benefits under the Settlement either through a Claims Process or an Arbitration Process. If a class member opts to use the Claims Process, "Eligible Claimants may receive a maximum cash benefit of up to $750 per Structure…." Through the Arbitration Process, "Eligible Claimants may receive up to $6,000 per Structure through participation in an expedited Arbitration Process in which the Settlement Class Member will not have to prove a window defect, however, Defendants will retain all other defenses." (Settlement Agreement, Doc. 277-1, para. 55) First, the offered $750 for an entire home provides very little value to a class member who has multiple Pella windows in his or her home. It is very typical for a home to have multiple windows from the same manufacturer. And

5

even the $750 in cash benefit is not assured to the class members. "Cash payments are only available for unreimbursed amounts shown on valid receipts or other financial records submitted by the Settlement Class Member." This places an onerous burden on class members who may not have retained records from as far back as 10 years (class period is 1991 to 2006). Also, it is possible that the Claims Process will not yield any benefit to class members because it is possible for the claim to be rejected. Under the circumstances, the Claims Process does not offer any real benefit to the class members.

Similarly, the Arbitration Process does not offer the class member any real advantage. Under the Proposed Settlement, class members will still have to "establish causation of damages from water intrusion behind the aluminum cladding due to the alleged defect." and "Pella may provide evidence to an alternative cause of damages for which he/she is seeking compensation in arbitration." (Settlement Agreement, Doc. 277-1, para. 61 b.) Therefore, class members who opt for using arbitration will have to engage an attorney and potentially experts to prove causation. Given that Pella can still deny causation and drag on the arbitration process and make the process cost prohibitive for class members. Therefore, a class member who chooses to submit to arbitration may in the end receive no benefit or a payment which would be far less than the amount he or she would have recovered in litigation. In addition, "Determinations under both the Claims Process and the Arbitration Process are binding, final, and not appealable." (Settlement Agreement, Doc. 277-1, para. 56) Therefore, a class member will be left with no recourse if his claim is rejected in either of the avenues proposed in the Proposed Settlement. Under the circumstances, neither the Claims Process nor the Arbitration Process assures the class member of a fair and reasonable settlement of their claims.

6

In addition to cash payment, the Proposed Settlement promises a "discount" to certain class members. However, this discount provision also fails to offer any real benefit to the class members. The discount "must be redeemed within two years of the date of the Final Approval Order," (Settlement Agreement, Doc. 277-1, para. 18) whereas the benefits under Proposed Settlement will only be available after exhaustion of all appellate remedies. Therefore, it is possible that the discount may lapse even before the class members become eligible for the benefits of the Proposed Settlement. Under the circumstances, this provision also offers no real benefit to the class members. Therefore, the terms of the Proposed Settlement do not favor the class members. The Proposed Settlement must be rejected in its entirety.

4. **THE ATTORNEYS' FEE PROVISIONS IN THE SETTLEMENT FAVOR CLASS COUNSEL**

The provisions of the Proposed Settlement regarding attorneys' fee to be paid to class counsel are unreasonable to class members. In fact, when the attorneys' fee provisions are considered in light of the unfair provisions for class members, it is evident that the Proposed Settlement is most favorable to class counsel and not the class members. For instance, the Settlement Agreement provides that within ten days after an order approving the settlement, Pella will deposit $11 million into an escrow account for attorneys' fees and Class Counsel can immediately withdraw $2 million of these funds. (Settlement Agreement, Doc. 277-1 par. 102.) This "quick pay" provision which permits class counsel to recover attorneys' fees even prior to the court approving a fee order and prior to class members being provided an opportunity to object is not in the interest of class members. Similarly, Class counsel can recover all of their $11 million in fees even if an appeal is pending, while class members would not receive any benefits during the

7

pendency of an appeal. Class counsel will have no incentive to vigorously pursue resolution of the appeal because they will have already been paid. These provisions of the Settlement Agreement are so favorable to Class Counsel that it casts a shadow on the entire Proposed Settlement. It calls into question the fairness of the Proposed Settlement to class members.

**C.     THE REQUESTED ATTORNEYS' FEES IS EXCESSIVE**

Attorneys' fees must reflect the actual value recouped by the class members. *In re Excess Value Ins. Coverage Litig.*, No. M-21-84RMB, MDL-1139, 2004 WL 1724980, at 13 (S.D.N.Y. July 30, 2004). When the process for awarding attorneys' fees is non-adversarial, courts must be particularly diligent in comparing the value of the settlement with the fee award. See *Weinberger* v. *Great N. Nekoosa Corp.,* 925 F.2d 518, 525 (1st Cir. 1991) Here, the court does not have sufficient information regarding the value of the Proposed Settlement and therefore cannot award attorneys' fees at this time. Although Pella has agreed to pay attorneys' fees of $11 million to class counsel independent of the cash distributions to class members under the Proposed Settlement, it is only logical than an excessive payment to class counsel will have an negative impact on the funds available for class members.

Class counsel argue that the fee of $11 million is reasonable using a percentage of recovery method. Counsel argues that the Proposed Settlement offers an immediate benefit to the class. However, as argued above, the "benefit" to the class from the Proposed Settlement is arguable at best. In addition, the fee request is particularly suspect where such a high request of $10 million is being made when the total value of the Proposed Settlement is as yet unascertained. In the motion for attorneys' fees (Doc.

312), Class Counsel makes a self serving statement that the Proposed Settlement is worth $90 million; but there is no expert opinion, no forensic evidence, only speculation. However, neither this Court nor the Objectors have a sense of the class size, the amount of the average class member's out-of-pocket expenses, or the number of class members who will take advantage of or be entitled to receive benefits from the Proposed Settlement. Under the circumstances, any award of attorneys' fees must be made only after the period for submitting claims has expired and the value of the Proposed Settlement is fully ascertained. Without this information, it is not possible to ascertain whether Class Counsel actually obtained a benefit for class members and the value of this benefit, which is an important factor in awarding attorneys' fees.

Class Counsel also argue that the $10 million is reasonable based on a determination of attorneys' fees on a lodestar method with a multiplier of 1.14. However, a lodestar multiplier is only used in rare and exceptional cases, which is not found here. (See *Purdue* v. *Kenny* 130 S.Ct. 1662) In addition, any enhancement for such compensation requires the adducement of evidence to show that the lodestar method warrants enhancement. Id. 1672-1673. The burden of proof is upon the applicants of the fee request and must be carried by a preponderance of the evidence. *Chamberlain v. Kula (In re Kula),* 213 B.R. 729, 739 (8th Cir.BAP1997). Here, Class Counsel have not made the necessary evidentiary showing required to enhance the lodestar fee request. In fact, even the amount claimed under lodestar method is unreasonably high where the hourly rates of attorneys does not reflect the prevailing rates of attorneys with similar experience. Therefore, Objectors request that, if the court is inclined to award attorneys' fees before the value of the Proposed Settlement is known, the court not award an

enhanced lodestar compensation, instead, it must carefully consider and reduce the lodestar amount to a reasonable amount.

## IV. JOINDER IN OTHER OBJECTIONS

This Objector adopts and joins all other well pled, bona fide objections filed by other class members in this case, and incorporates them by reference as if he appeared in full herein. This Objector also adopts all arguments raised in Class Representative's Combined Response in Opposition to Motion for Preliminary Approval of the Class Action Settlement (Doc. 286).

## V. CONCLUSION

For the foregoing reasons and all others presented at oral argument, this Objector respectfully requests that the Court sustain his objections and grant the following relief:

A. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

B. Award an incentive fee to the Objector for his service in improving the fairness of the settlement, as well as consider awarding an attorneys' fee to his attorney.

LAW OFFICES OF DARRELL PALMER PC

Dated: January 29, 2013

By: /s/ Joseph Darrell Palmer_____
Joseph Darrell Palmer
Law Offices of Darrell Palmer PC
603 N. Highway 101, Suite A
Solana Beach, CA 92075
Phone: 858-792-5600
Fax: 866-583-8115
Email: Darrell.palmer@palmerlegalteam.com

Attorney for Objector Dave Thomas

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2013, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of Illinois by using the USDC CM/ECF system.

I certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.


   /s/ Joseph Darrell Palmer\_\_\_\_
Joseph Darrell Palmer
Attorney for Objector