IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, and WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation,<br><br>Defendants. | 06 CV 4481<br>Judge James Zagel<br><br>**ADMINISTRATIVE ORDER IMPELMENTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT** |

On April 24, 2013, the Court issued a Final Approval Order, approved the class settlement (the "Settlement") and on April 29, 2013, the Court issued an Order approving Class Counsel's application for attorneys fees (Dkt. 353, 355).

**NOW,** based on the Parties Joint Motion for and Administrative Order Implementing the Final Approval of the Class Action Settlement,

**IT IS HEREBY ORDERED THAT:**

1. The terms Agreement, Class Counsel, Class Notice, Defendants, Final Approval Order, Lawsuit, Named Plaintiffs, Notice Plan, Opt-Out List, Party, Parties, Pella ProLine Casement Windows, Preliminary Approval Order, Released Claims, Settlement, Settlement Administrator, Settlement Claims, Settlement Class, Settlement Class Members, and Structures have the same meaning as the defined terms of the same designation in the Agreement. (*See* Dkt. 277-1.)

2

2. **Certification of the Settlement Class.** The following Settlement Class is certified for the purpose of effectuating the Settlement:

All persons in the United States who are current or former owners of Structures containing Pella ProLine® brand casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation between January 1, 1991 and December 31, 2006.

The Settlement Class excludes:

1. All persons who timely opt out of the Lawsuit pursuant to the terms of this Agreement.

2. All persons who, individually or as a member of a class, initiated legal proceedings against Defendants (other than this Lawsuit initiated by the Named Plaintiffs), whether resolved or not, before the entry of the Preliminary Approval Order by settlement, judgment, release, dismissal, or other final disposition resulting in the termination of the proceedings.

3. All owners of Pella ProLine® brand casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation on or after January 1, 2007.

4. All of Defendants' current employees. All of Defendants' current employees.

3. **Designation of Class Representatives.** Dr. Leonard E. Saltzman, Brad Zurn, Tim Bastiaanse, Joseph Palmiotto, Elizabeth D'Angelo, and Judith McClosky (the "Named Plaintiffs") are designated as representative for the Settlement Class. The conditions of the Court's grant of leave to file a Third Amended Complaint in

3

its Preliminary Approval Order (Dkt. 301) having been met, the Plaintiffs' Third Amended Complaint (Dkt. 275) is deemed filed as of June 19, 2012.

4. **Designation of Class Counsel.** Richard J. Burke, Paul Weiss, and Julie D. Miller and the law firm of Complex Litigation Group, LLC; Jonathan Shub, Christopher Seeger and the law firm of Seeger Weiss LLP; Steven Jaffe and Mark Fistos and the law firm of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.; Ben Schwartzman and the law firm Banduccie Woodward Schwartzman PLLC are designated as Class Counsel. Richard J. Burke, Paul M. Weiss and Julie D. Miller and the law firm of Complex Litigation Group, LLC; and Jonathan Shub, Christopher Seeger and the law firm of Seeger Weiss LLP are designated as Lead Class Counsel.

5. **Settlement Agreement.** The agreements, terms and conditions of the parties' proposed settlement, as embodied by the Agreement and the exhibits attached thereto, are fair, reasonable, and adequate. Because the proposed settlement is fair, reasonable, and adequate, the Court grants final approval of the Agreement.

6. **Notice.** The Class Notice and Notice Plan implemented for the Settlement Class Members were performed in a reasonable manner, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Lawsuit and the Settlement, and fully satisfied the requirements of due process and Fed. R. Civ. P. 23;

7. **Dismissal with Prejudice.** All claims, causes of action, and counts alleged in the Lawsuit relating to Pella ProLine Casement Windows, and incorporating by reference the releases and covenant not to sue as stated in the Agreement, are

4

hereby dismissed with prejudice with each of the Parties to bear its or his own costs and attorneys' fees, except as provided in the Agreement;

8. **Dismissal without Prejudice.** All claims in the Lawsuit that do not relate to Pella ProLine Casement Windows are hereby dismissed without prejudice;

9. **Release and Injunction.** All Released Claims are hereby released, and the Settlement Class Members are hereby permanently enjoined from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future;

10. **Attorneys Fees, Costs, Expenses, and Disbursements.**

    a. Defendants are hereby authorized and directed to pay attorney's fees, costs, expenses, and disbursements in the amount of $11 million—in a manner consistent with the terms of the Agreement— to Lead Counsel.

    b. Consistent with the manner and terms of the Agreement, Lead Class Counsel shall allocate such attorneys fees, costs, expenses, and disbursements in their sole discretion. Consistent with the Court's order (Dkt. 355) those original Class Representatives who subsequently joined the Objectors are to be treated as Class Representatives for purposes of the Class Representative incentive awards, and they are to receive any incentive award duly owed.

    c. This Order shall determine the extent of Defendants' obligation for the payment of attorneys' fees, costs, expenses, and disbursements; and

    d. Defendants have no obligation for any attorneys' fees, costs, expenses, or disbursements to any counsel or law firm, for any party, beyond that awarded in this Final Approval Order and consistent with the terms of the Agreement;

5

11. **Payment of Claims.** The Defendants are hereby authorized and directed to pay complete and valid Settlement Claims as approved by the Settlement Administrator as complete and valid Settlement Claims, in accordance with the terms of the Agreement;

12. **Continuing Jurisdiction.** The Court has continuing jurisdiction over the administration of the Settlement and enforcement of the Agreement;

13. **Discounts.** There shall be a two-year period to redeem a Discount from the date that the Discount is awarded to a Settlement Class Member. The date from which the two year redemption period starts to run will be the date of the letter from the Settlement Administrator to the Settlement Class Member notifying the Settlement Class Member that he or she is eligible for a Discount.

14. **No Admissions.** The Agreement and Settlement, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption of, concession of, or an admission by any Party of liability or non-liability or of the certifiability or non-certifiability of a litigation class, or of any alleged misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Agreement, as further set forth in the Agreement;

15. **Opt-Outs.** The Court approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely and

properly requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Approval Order and judgment;

16. **Amendments.** After considering paragraphs 50(12) and 127 of the Agreement, the Parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement and all Exhibits thereto as (1) shall be consistent in all material respects with the Final Approval Order and judgment and (2) do not limit the rights of the Settlement Class Members.

**LET JUDGMENT BE ENTERED ACCORDINGLY FORTHWITH.**

DATE: 24 May 2013

ENTER:

*/s/ James B. Zagel*
James B. Zagel
United States District Judge