# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DR. LEONARD E. SALTZMAN, BRAD ZURN, TIM BASTIAANSE, JOSEPH PALMIATTO, and JUDITH MCCLOSKY, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | No. 06 C 4481 |
| Plaintiffs, | ) | |
| v. | ) ) | The Hon. James B. Zagel |
| PELLA CORP. and PELLA WINDOWS AND DOORS, INC., | ) ) | |
| Defendants. | ) ) | |

## OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND

Class member Ron Pickering hereby opposes Plaintiffs' Motion for Appeal Bond that was filed on June 7, 2013.

Federal courts may not use an appeal bond as a *de facto supersedeas* bond, as the Plaintiffs request here. *Vaughn v. American Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007). The Plaintiffs' Motion is full of references to the "consequences of delay," but delay costs are not includable in a Rule 7 appeal bond, whether they are in the form of lost interest, or increased administrative costs. The Fifth Circuit in *Vaughn* observed that the reason that the settlement was delayed had nothing to do with the appellant, who did not request a stay, and everything to do with the settlement agreement that the parties had negotiated, which "does not become effective, by its terms, until any appeals are concluded." *Id.* at 299. "The parties to the settlement thus agreed that the financial time-value of the benefits to be paid under the settlement is not to be awarded to the plaintiffs." *Id.*

It is no different here. The "Effective Date" of the settlement is defined to be the date on which any appeals are finally concluded. Therefore, the class members' (and class counsel's) entitlement to any benefits does not arise until the appeals are exhausted, and thus the Appellants' appeal will not deprive the class members of anything to which they are currently entitled.

The parties could have defined the "Effective Date" to occur as soon as the district court entered its approval order, which would have permitted the settlement to be distributed immediately despite these appeals, unless the Appellants moved for a stay, in which case a *supersedeas* bond could have been required under FRAP 8. The parties did not do this, and, therefore, there is no basis whatsoever in law for the imposition of any bond for delay costs on Appellant Pickering.

The Ninth Circuit has held that an appeal bond may not include costs that are not specifically authorized by a fee-shifting statute underlying the litigation. *See Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007)(agreeing with Second, Sixth, and Eleventh Circuits). The Ninth Circuit went on, however, to hold that a fee-shifting statute must be symmetrical, *i.e.*, shift fees equally against a losing plaintiff or defendant, in order to supply a definition of "costs on appeal" for an appealing plaintiff class member. *Id*. at 959 ("a district court can order only a losing defendant – the party that has violated antitrust laws – to pay attorneys' fees under Section 4"). *See also, Adsani v. Miller*, 139 F.3d 67, 75 n.9 (2nd Cir. 1998)("the term 'costs' under Rule 7 may include the definition of 'costs' contained in the relevant substantive statute under which appeal is sought"); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004)

(**specific TN state statute** that *appellant* sued under authorized court to bond attorneys' fees and administrative costs).

Here, of course, there is no underlying fee-shifting statute that defines settlement administration costs or attorneys' fees as costs recoverable by a prevailing defendant, let alone one that Appellant Pickering has violated. 815 ILCS 505 is not a symmetrical fee-shifting statute, as the Illinois Supreme Court has held.

> We must examine the fee-shifting provision in light of the entire statute, keeping in mind the subject the statute expresses, the legislature's apparent objective in adopting the statute, and the evils sought to be remedied.... Because individual consumer fraud claims are frequently small, the attorney fee provision in section 10a(c) ensures that defrauded consumers will be able to exercise their rights under the statute.... Limiting a consumer fraud defendant's ability to recover fees to instances where the plaintiff acted in bad faith is consistent with the purpose of the Act. If this limitation did not exist, a prevailing defendant could be awarded fees simply because the plaintiff, although having a legitimate claim and proceeding in good faith, lost at trial on the proofs. The potential for such a penalty would act as a deterrent to the filing of valid consumer fraud claims. Our duty, of course, is to avoid a construction that would defeat the statute's purpose or yield absurd or unjust results.

*Krautsack v. Anderson*, 223 Il. 2d 541, 556-558 (2006).

Taxing fees against Appellants here would not advance the purposes of the CFA, while it would deter participation by plaintiff class members in any class action in which a violation of the CFA is alleged. Appellants clearly did not violate the Consumer Fraud Act. Moreover, there is no indication in the CFA that the legislature intended it to be used to shift fees from one plaintiff to another plaintiff, an absurd result, as opposed to shifting them from a defendant to a prevailing plaintiff, which secures access to counsel.[1]

The Seventh Circuit has held that it is improper for a district court to attempt to prevent class action objectors from appealing its decisions.

---

[1] A pre-emptive finding of bad faith would invade the sole prerogative of the Court of Appeals under FRAP 38, and therefore may not be made by the District Court. *Azizian, supra*, 499 F.3d at 961.

> [A]ppellate correction of a district court's errors is a benefit to the class. Because only parties may appeal, it is vital that district courts freely allow the intervention of unnamed class members who object to proposed settlements and want an option to appeal an adverse decision.

*Crawford v. Equifax Check Svcs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000). *See also Adsani*, *supra*, 139 F.3d at 79 ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated").

Imposition of prohibitively expensive appeal bonds would undermine class action objectors' right to appeal more effectively than the denial of intervention did in *Crawford*, since the denial of intervention could always be appealed. When a court imposes a bond measured in the hundreds of thousands of dollars, it can effectively force the dismissal of an appeal, thereby depriving a class member if his or her rights under the law.

Finally, the $25,000 requested for routine FRAP 39(e) costs is grossly excessive. *See In re Starlink Corn Prods. Liab. Litig.*, 2002 U.S. Dist. LEXIS 10501 at *4 (ND Ill. 2002):

> Still, it is clear that the $100,000 bond, which plaintiffs concede is *not* a *supersedeas* bond, is excessive. The amount of the bond should have been $2500, and we see no reason to burden the Court of Appeals with an appellate issue that can be resolved here. The bond amount shall be $2500, which is consistent with allowable costs on appeal.... [T]hose are matters for determination by the Court of Appeals. For now, we believe our authority is limited to requiring a cost bond.

The judicial modesty embodied in *Starlink* was not only legally proper but prescient. In the *Anthem* case cited in Plaintiffs' memorandum, the district court imposed a $250,000 bond for various delay costs related to settlement administration, which resulted in an appeal of that bond, just as this Court predicted in *Starlink*. The appellants then moved to stay the bond order pending the outcome of the appeal, which the Seventh Circuit granted. *See* Stay Order attached hereto as *Exhibit A*.

Therefore, far from protecting the class or expediting the appeals, Plaintiffs' motion would merely burden the Seventh Circuit with another appeal and increase the delay they claim to want to minimize. As the Ninth Circuit recognized in *Azizian, supra*, Plaintiffs are free to move to dismiss the appeals in the Seventh Circuit, or to request attorneys' fees under FRAP 38 after the appeal is concluded. It would be improper for this Court to usurp the supervisory prerogatives of the Seventh Circuit by preemptively predicting that the Seventh Circuit will find the appeals to be frivolous.

WHEREFORE, the Motion for Appeal Bond should be DENIED.


Respectfully submitted,
Ron Pickering,
By his attorney,

*/s/ John J Pentz*
John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA  01776
Ph: (978) 261-5725
Fax: (978) 405-5161
jjpentz3@gmail.com

Hall Adams, Esq.
Law Offices of Hall Adams LLC
33 North Dearborn St., Suite 2350
Chicago, IL 60602
P: (312) 445-4900
F: (312) 445-4901

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system of the USDC for the ND IL on June 19, 2013, and that as a result electronic notice of the filing was served upon all attorneys of record.


*/s/ John J. Pentz*