Christopher A. Bandas *(Admitted Pro Hac Vice)*
State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 N. Shoreline Blvd.
Corpus Christi, Texas 78401-0353
 (361) 698-5200 Telephone
 (361) 698-5222 Facsimile
cbandas@bandaslawfirm.com

Peter F. Higgins
Bar No. 6193907
Lipkin & Higgins
222 North LaSalle, Ste. 2100
Chicago, Illinois 60601
 (312) 857-1710 Telephone
 (312) 857-1711 Facsimile
phiggins@lipkinhiggins.com
**Local Counsel Pursuant to LR 83.15**

*Attorneys for Michael J. Schulz*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, BRAD ZURN, TIM BASTIAANSE, JOSEPH PALMIOTTO, AND JUDITH MCCLOSKY, individually and on behalf of all others similarly situated; | ) ) ) ) ) Case No. 1:06-CV-04481 ) ) Honorable Judge James B. Zagel |
| *Plaintiffs*, | ) ) |
| v. | ) **MEMORANDUM OF POINTS AND** ) **AUTHORITIES IN OPPOSITION TO** |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | ) **PLAINTIFFS' MOTION FOR** ) **APPEAL BOND** ) ) ) |
| *Defendants* | ) ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND

Plaintiffs request an appeal bond ("Pl. Mem.") that violates the law. As Fed. R. App. Proc. 7 states, an appeal bond is for appellate *costs*—*i.e.,* the costs that might be incurred under Fed. R. App. Proc. 39. Yet plaintiffs request costs that can only be requested in a *supersedeas* bond under Fed. R. App. Proc. 8 and Fed. R. Civ. Proc. 62, without correctly identifying the relevant standard of law or noting the adverse appellate precedent that precludes such application here. Plaintiffs further commit the sanctionable offense of misrepresenting precedent. The motion for an appeal bond fails to follow the law, and it would be error for this Court to grant it; indeed, as the Pickering Opposition (Dkt. 391) notes, the Seventh Circuit recently stayed (and thus *de facto* vacated) an appeal bond order even though it was less abusive than the $1.2 million order requested here. Plaintiffs' allegation that the appeal is frivolous or in bad faith is for the appeals court to determine: the Seventh Circuit has repeatedly stated that district courts may not interfere with the appellate process just because they disagree with appellants. The motion should be denied, and the Court should consider *sua sponte* sanctions for the frivolous request.

### Delays Costs Are Not Available in a Rule 7 Appeal Bond, and Plaintiffs Do Not Meet the Standard for a Rule 8 Appeal Bond.

Plaintiffs' motion to require objectors to post a Rule 7 appeal bond that includes over $1 million in the costs of delay is sanctionably frivolous. Plaintiffs fail to inform this Court that *every* appellate court to consider the question of whether "costs of delay" can be included in a Fed. R. App. Proc. 7 appeal bond has held that they cannot. *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). Delay costs are not properly included in those costs specified in Fed. R. App. Proc. 39(e) and 28 U.S.C. § 1920. *Vaughn; Am. Pres. Lines; In re Time Warner, Inc.*

2

*Securities and "ERISA" Litigation,* 2007 WL 2741033 (S.D.N.Y. 2007). The "costs of delay" are only covered in a ***supersedeas*** bond, which is only available under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985); *see In re Diet Drugs Products Liability Litigation,* 2000 WL 1665134 (E.D. Pa. 2000). A district court does ***not*** have any "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39." *American President Lines,* 779 F.2d at 716.

Plaintiffs admit that what they are really seeking is a Fed. R. App. Proc. 8 *supersedeas* bond. Pl. Mem. at 17-18. But, by its own terms, such a bond is only available if the appellant has *sought* a stay. Schulz has not sought any stay of judgment, so this court is without authority to issue a *supersedeas* bond. *American Presidential Lines,* 779 F.2d at 717-18; *see generally In re American Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 162 (E.D. Pa. 2010) (citing cases where *supersedeas* bond for appellant-objectors denied); *see also, e.g., Fleury v. Richemont North America, Inc.*, 2008 WL 4680033 at *7 (N.D Cal. Oct. 21, 2008) (cost of delay not appropriately part of appeal bond); *In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 69510, *12 (S.D.N.Y. Sept. 19, 2007) (same); *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011) (same, issuing order to show cause why party requesting excessive appeal bond should not be sanctioned for failing to cite to relevant precedent); *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 27605 at *9 (S.D.N.Y. Mar. 5, 2010) (same).

While there are district courts that occasionally hold to the contrary, none address the reasoning of *American President Lines* and *Vaughn*. Requiring objectors to pay for delay "would be inappropriate because an objector has no obligation to ensure the availability of the judgment; the defendants, and not the objector, are charged with implementing the settlement." *American Investors Life*, 695 F. Supp. 2d at 162. Moreover, the only case cited by plaintiffs, *Checking Account Overdraft Litigation*, based its decision on "the highly detrimental impact of an appeal." The Seventh Circuit has explicitly held that this is an impermissible ground for deterring appeals. The fact that an objector is seeking appellate review that may lead to "correction of a district court's errors is a benefit to the class." *Crawford v. Equifax Payment Svcs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000) (Easterbrook, J.). Nor can this court issue an improper *supersedeas* bond by incorrectly calling it an appeal bond. To do so would be reversible error. *American Presidential Lines*, 779 F.2d at 717-18; *Vaughn*, 507 F.3d 295. The fact that the settling parties have voluntarily chosen, by the terms of the settlement, to delay execution is not the appellants' fault, and should not be billed to the appellant.

*American President Lines* and *Vaughn*—and Seventh Circuit precedent—demonstrate that Plaintiffs are simply not entitled to the relief they request. While Plaintiffs claim to be concerned about the cost of delay, a grant of this frivolous appeal bond request will result in more delay, as the parties engage in collateral litigation over the reversible error that the settling parties have asked this Court to commit.

### *Azizian* Holds That Attorneys' Fees Are Not Available Here.

Plaintiffs sanctionably misrepresent the holding of *Azizian v. Federated Dep't Stores Inc.*, 499 F.3d 950 (9th Cir. 2007). While *Azizian* holds that when there is an "*applicable* fee-shifting statute" that defines fees as costs, the district court is authorized to include attorneys' fees in the

4

bond. *Id*. at 958 (emphasis added). However, the Ninth Circuit laid down an indispensible caveat; the fee-shifting statute must be applicable to that appellant against whom the bond is sought. *Id.* at 959.

This holding conflicts with that of the majority of other circuits to consider the issue. *See Vaughn v. Am. Honda Motor Co., Inc.*, 507 F.3d 295 (5th Cir. 2007); *In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985); *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777, at *3 (3d Cir. Jun. 10, 1997). Schulz reserves the right to ask the Seventh Circuit to conform to the majority rule. But even under the Ninth Circuit's idiosyncratic standard, an appeal bond for fees is illegal in this case.

Determining that because Section 4 of the Clayton Act (15 U.S.C. § 15) allowed only for asymmetrical fee shifting (i.e. victorious plaintiffs could obtain fees, but not victorious defendants), *Azizian* reversed a district court that had imposed an attorneys' fees-inclusive appeal bond against objecting class members, absent plaintiffs. *Id*. at 959-60. Both statutes that the plaintiffs contend authorize fee-shifting against objectors are plainly asymmetrical in the very same way as Section 4 of the Clayton Act is. As plaintiffs themselves admit, the Illinois consumer fraud statute only allows asymmetric fee-shifting for plaintiffs. Objectors are plaintiffs and "Ordering one class member to pay other class members' appellate attorney's fees because of a disagreement about the propriety of settlement would not serve the purpose of Section 4 to penalize and deter those who have violated the antitrust laws." *Azizian*, 499 F.3d at 960. Plaintiffs' attempts to distinguish one asymmetrical fee-shifting consumer protection statute from another are contrived, and more importantly, without foundation in law.

Plaintiffs have misled the Court in representing that *Azizian* permits inclusion of attorneys' fees in an appeal bond, and the Court should consider *sua sponte* sanctions.

5

### Rule 39 Costs Could Not Conceivably Be $25,000.

Plaintiffs request $25,000 in appeal-bond costs. The request is frivolous. Plaintiffs' Rule 39 appellate costs will only be copying costs for a single appellees' response brief. But, given Seventh Circuit page limits, and the fact that the Rule 30 appendix is the responsibility of the *appellants*, there is no earthly possibility of appellees copying hundreds of thousands of pages to generate $25,000 in costs. *Cobell v. Salazar*, 816 F. Supp. 2d 10, 16, 20 (D.D.C. 2011) (finding costs to "be closer to $200 than the $34,000 or so asserted by the plaintiffs" in appeal involving $3.4 billion settlement of 1997 complaint with thousands of docket entries) (denying bond and issuing order to address "unsupported arguments and representations"); *Azizian*, 499 F.3d at 962 (vacating $40,000 of $42,000 initial bond order); *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 300 (5th Cir. 2007) (reducing bond from $150,000 to $1,000); *Dennis v. Kellogg Co.*, No. 09-cv-1786, 2011 U.S. Dist. LEXIS 89322 (S.D. Cal. Aug. 10, 2011) ($3,000 bond for costs); *In re Enfamil Lipil Mktg. and Sales Prac. Litig.*, No. 11-md-02222, 2012 U.S. Dist. LEXIS 49254 (S.D. Fla. April 9, 2012) ($1,000 bond for costs).

### This Court Has No Authority to Determine an Appeal Frivolous.

Schulz has paid his filing fee. There is thus no power for this Court to determine the appeal frivolous and attempt to deter an appeal. Whether an appeal is frivolous is decided by courts of appeal, not the trial court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell,* 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985). And only the appellate court has the authority to impose sanctions for a frivolous appeal. *In re Vasseli,* 5 F.3d 351, 353 (9th Cir. 1993) (citing *In re American President Ines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985)). If the Seventh Circuit determines that Objector's appeal is frivolous, it has the option of taking action at that time. But

as the Seventh Circuit has held repeatedly, this Court does not have the authority to deter an appeal by an objector. "A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review." *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) (Easterbrook J.) (*citing Crawford*, 201 F.3d at 881). *Accord Azizian*, 499 F.3d at 961 ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." (*quoting Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998))).[1]

### Adoption and Incorporation of Other Responses to Motion for Bond Appeal.

Appellant Schulz adopts and incorporates the oppositions to Plaintiffs' motion for an appeal bond of Objector Ron Pickering (Dkt. 391) and any and all other responses in opposition to Plaintiffs' appeal bond motion that are timely and properly submitted to the Court that do not contradict this brief.

### Conclusion.

For the foregoing reasons, the Court should deny the appeal bond request. The Court should consider *sua sponte* sanctions for the misstatements of law in Plaintiffs' memo. *Cobell v. Salazar*, 816 F. Supp. 2d 10, 20 (D.D.C. 2011). In no event should the Court issue an appeal bond greater than $2,000.

---

[1] Moreover, plaintiffs cannot both claim that the appeal is frivolous and that they will incur $1.2 million in costs in defending the appeal. If the appeal were really frivolous, then the costs of defending are minimal. *Budget Rent A Car System Inc. v. Consolidated Equity*, 428 F.3d 717 (7th Cir. 2005) (Posner, J.) (holding $4,626.50 attorney fee request under Fed. R. App. Proc. 38 for responding to frivolous appeal "inconceivable"). If the appeal requires that much attorney work to respond, it plainly isn't frivolous.

Dated: June 24, 2013                    Respectfully submitted,

                              By:        /s/ Christopher A. Bandas
                                        Christopher A. Bandas *(Admitted Pro Hac Vice)*
                                        State Bar No. 00787637
                                        BANDAS LAW FIRM, P.C.
                                        500 N. Shoreline Blvd.
                                        Corpus Christi, Texas 78401-0353
                                        T: (361) 698-5200
                                        F: (361) 698-5222
                                        cbandas@bandaslawfirm.com

                                        Peter F. Higgins
                                        Bar No. 6193907
                                        Lipkin & Higgins
                                        222 North LaSalle, Ste. 2100
                                        Chicago, Illinois 60601
                                        T: (312) 857-1710
                                        F: (312) 857-1711
                                        phiggins@lipkinhiggins.com
                                        **Local Counsel Pursuant to LR 83.15**

                                        *Attorneys for Michael J. Schulz*

### CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of June 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case.

              */s/ Christopher A. Bandas*
              Christopher A. Bandas

8