IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation,<br><br>Defendants. | Civil Action No.: 06 CV 4481<br><br>Honorable James B. Zagel<br><br>*Electronically Filed* |

**MEMORANDUM IN SUPPORT OF INTERVENOR PLAINTIFF
RON NOLTE'S MOTION TO INTERVENE**

Intervenor Plaintiff Ron Nolte ("Intervenor Plaintiff" or "Mr. Nolte"), on behalf of himself and all others similarly situated, submits this memorandum in support of his Motion to Intervene.

**I. INTRODUCTION**

Mr. Nolte seeks to intervene in this class action following the Seventh Circuit's order (a) vacating this Court's order granting approval of the settlement, removing the previous Named Plaintiff Leonard Saltzman from the suit, (b) removing one class counsel and his firm from this suit, and (c) reinstating four of the objectors as Named Plaintiffs. Mr. Nolte's intervention is proper pursuant to Rule 24(b), which allows permissive intervention when such motion is timely, the putative intervenor shares a claim and common question of law or fact with the pending suit and no undue delay or prejudice to the original parties will result.

1

Here, that criteria is plainly met. Mr. Nolte has filed this motion just days after the mandate issued from the Seventh Circuit, whose sweeping order left a leadership void among Plaintiffs' counsel and much work to be done. The Intervenor Plaintiff will demonstrate herein that his counsel are uniquely qualified to fill that void and expeditiously prosecute this prolonged litigation. The Intervenor Plaintiff is a class member subject to the Court's jurisdiction and, accordingly, shares common issues of law and fact with the Named Plaintiffs and Intervenor Plaintiff's counsel will utilize their substantial experience in litigating complex class actions of this kind, including the related *Pella II* Multidistrict Litigation ("MDL") pending in the U.S. District Court of South Carolina, and marshal their significant resources, to help achieve a speedy and just resolution to the instant dispute without causing any delay or prejudice to the original parties.

## II. LEGAL STANDARD

Both the Seventh Circuit and this Court have held that "intervention is the proper mechanism for nonparties to protect interests that may be adversely affected by a trial court's judgment." *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 589 (N.D. Ill. 1998) (citing *Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998)). The Federal Rules contemplate two types of intervention: intervention as of right and permissive intervention. Permissive intervention is governed by Fed. R. Civ. P. 24(b), which provides, in pertinent part, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts have held that permissive intervention is appropriate where (1) the applicant shares "a common question of law or fact with a party," (2) its application is timely made, and (3) the court has independent jurisdiction over the claims. *Discovery Zone*, 181 F.R.D. at 598. Other than these requirements,

the decision to allow permissive intervention is committed to the sound discretion of the District Court, with consideration given to "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). When applying these requirements to the facts of a case the Court is to resolve any doubts in favor of the proposed intervenor. *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993)

### III. MOVANTS SHOULD BE PERMITTED TO INTERVENE BECAUSE THEY SATISFY ALL OF THE ELEMENTS FOR PERMISSIVE INTERVENTION

Mr. Nolte's intervention is proper pursuant to Rule 24(b), which allows permissive intervention because this motion is timely, the putative intervenor is a class member who shares claims and common questions of law and fact with the pending suit and because no undue delay or prejudice to the original parties will result.

First, the Intervenor Plaintiff shares a common question of law or fact with the present Named Plaintiffs and class members in this litigation. As this Court has previously held, "an absent class member would have little difficulty showing . . . a common question of law or fact with the class (Rule 24(b))." *Discovery Zone*, 181 F.R.D. at 589. Here, Mr. Nolte is an absent class member who owns a house built with Pella ProLine windows and, therefore, per the court's order granting class certification, necessarily has questions of law and fact in common with the Plaintiffs. *Compare Pella Corp. v. Saltzman*, 606 F.3d 391, 392 (7th Cir. 2010) (affirming class certification and setting forth definition of national and Illinois state classes as inclusive of those owners of property with "Pella ProLine aluminum-clad casement windows manufactured from 1991 to the present") *with* Plaintiff Nolte's Class Action Complaint, ¶ 51 (describing Pella ProLine windows purchased in 2004), attached hereto as Exhibit A.

3

Second, Mr. Nolte's application is timely made. "The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Sokaogon Chippewa Cmty. v. Babbitt,* 214 F.3d 941, 949 (7th Cir. 2000) (citations omitted). The test for timeliness is "essentially one of reasonableness: potential intervenors need to be reasonably diligent . . . ." *Blau v. Harrison*, No. 04-6592, 2006 WL 644016, at * 3 (N.D. Ill. Mar. 8, 2006) (quoting *Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 621 (7th Cir. 1995); *see also U.S. v. City of Chi.,* 870 F.2d 1256, 1263 (7th Cir. 1989) (permitting intervention when prospective intervenors could not have reasonably anticipated outcome that threatened their interests).

Here, the Intervenor Plaintiff learned of his threatened interest when the Seventh Circuit issued its opinion vacating this Court's order granting final approval to the settlement and leaving a leadership void among Plaintiffs' counsel in this complex, expansive and labor- and cost-intensive class action. *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). The mandate supplying this Court with jurisdiction following the appeal was issued just days ago. Accordingly, Plaintiff has moved with utmost expedition in asserting his rights. As the Seventh Circuit said in its order, "much remains to be done in this case," *Id.* at 729, so Plaintiff is no "tardy intervenor . . . derailing a lawsuit within sight of the terminal." *Sokaogon Chippewa Cmty.*, 214 F.3d at 949. In fact, he is the opposite, as his counsel are confident that they can drive this litigation in the best interest of the class given their wealth of experience in litigating complex class actions. They are co-lead counsel in *In re MI Windows & Doors, Inc. Prods. Liability Litig.*, MDL 2333 (D.S.C.), an MDL concerning defective windows; in *In re: Pella Corp. Architect and Designer Series Windows Marketing, Sales Practices and Prods. Liability Litig.*, MDL 2514 (D.S.C.), a parallel Pella MDL concerning the Architect and Designer series

windows also at issue here; and in *In re Atlas Roofing Corporation Chalet Shingle Prods. Liability Litig.*, MDL 2495 (D. Ga.), a pending MDL involving defective roof shingles. *See also* Whitfield Bryson & Mason LLP Firm Resume, attached hereto as Exhibit B.

Third, the court has jurisdiction over the claims because Plaintiff is already a class member subject to the Court's jurisdiction.

Fourth, the intervention will not unduly delay or prejudice the adjudication of the original parties' rights as "much remains to be done in this case," *Eubank*, 753 F.3d at 729, and the Intervenor Plaintiff is prepared to begin a full court press. Indeed, the facts here bear some similarity to those in the case before Your Honor: *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). Your Honor allowed intervention over objection and the Seventh Circuit affirmed, noting:

> Intervention was permitted in *Crider*; for the same reasons, Judge Zagel was correct in allowing it here. Security opposed LaSalle's petition to intervene because it wanted a quick, unopposed adjudication that it had no obligation to defend or indemnify Schipporeit. And Security, it seems, was on the verge of obtaining that result. It wanted to play the Washington Generals and get out of town with a quick win. The district court wisely allowed a more worthy opponent to get into and onto the court.

*Id.* at 1381 (emphasis added). The same result should obtain here.

Counsel for the Intervenor Plaintiff bring vast experience and resources in litigating complex class actions. Indeed, Daniel K. Bryson and Gary E. Mason each have decades of experience litigating building defect cases, and windows in particular, on both an individual, multi-family and class basis. Since 1990, Mr. Mason has served as class counsel in a wide variety of defective construction materials class actions, including polybutylene pipe ($950 million national settlement), Chinese drywall ($1 billion national settlement), Entran II radiant

5

heating systems ($330 million national settlement), Zurn Pex plumbing ($20 million national settlement fund), Gentek siding (national settlement), synethetic stucco (national settlement).

Mr. Bryson was also actively involved in several of the above cases, including as a member of the Plaintiffs' Steering Committee for Chinese Drywall litigation and on the trial team in federal court in Louisiana for three Chinese drywall bellwether cases. Mr. Bryson has obtained significant judgments after taking dozens of defective construction cases to trial recovering over $1.25 billion for clients throughout his career.

Mr. Lucey of the law firm Justin O'Toole Lucey, P.A. has likewise focused his career on litigating construction product class action defect claims, including specifically windows, and complex construction defect cases. Mr. Lucey has been appointed class counsel in multiple product liability and construction defect class actions, including serving on several Plaintiffs' Steering Committees, and as co-lead and liason counsel in a windows product liability action. Mr. Lucey has also obtained construction defect verdicts for his clients in the State of South Carolina in the amount of $55 million, $12.5 million and $7.7 million.

Intervenor's counsel is national in scope as Mr. Bryson and Mr. Mason's firm alone, Whitfield Bryson & Mason LLP, has 12 attorneys and offices in three states (Kentucky, North Carolina and Washington D.C.). Mr. Lucey, Mr. Eshoo, and Mr. Chaikin add an additional five states ( South Carolina, Illinois, Florida, New York, and New Jersey). Accordingly, counsel can leverage its considerable experience and resources to achieve a speedy and just resolution in this class action, avoiding "endless, circular and unnecessary litigation." *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381.

IV. **CONCLUSION**

For the reasons articulated herein, Plaintiff Intervenor Nolte's Motion to Intervene should be granted.

On this the 4th day of August, 2014.

Respectfully submitted,

By: /s/Edward Eshoo, Jr.
Edward Eshoo, Jr.
Michael W. Duffy
Childress Duffy, Ltd.
500 N. Dearborn Street, Suite 1200
Chicago, IL 60654
Tel: 312-494-0200
Fax: 312-494-0202
eeshoo@childresslawyers.com

Daniel K. Bryson
Matthew E. Lee
Whitfield Bryson & Mason LLP
900 W. Morgan St.
Raleigh, NC, 27603
Tel: 919-600-5000
Fax: 919-600-5035
dan@wbmllp.com
matt@wbmllp.com

Gary E. Mason
Jason S. Rathod
Whitfield Bryson & Mason LLP
1625 Massachusetts Ave. NW
Suite 605
Washington, D.C. 20036
Tel: (202) 429-2290
gmason@wbmllp.com
jrathod@wbmllp.com

Justin Lucey
Harper L. Todd
Justin O'Toole Lucey, P.A.
Post Office Box 806
Mount Pleasant, SC 29465-0806
Tel: 843-849-8400

Fax: 843-849-8406
jlucey@lucey-law.com
htodd@ lucey-law.com

Jordan L. Chaikin
Parker Waichman, LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
Tel: 239-390-1000
jchaikin@yourlawyer.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to send notification of such filing to all counsel of record.

/s/Edward Eshoo, Jr.
Edward Eshoo, Jr.