IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>-against-<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware Corporation,<br><br>                    Defendants. | Civil Action No.: 06 CV 4481<br>Honorable James B. Zagel |

**MEMORANDUM IN SUPPORT OF CRAMPTON'S MOTION TO INTERVENE**

NOW COMES the Plaintiff-Intervenor, RICHARD CRAMPTON, individually and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 24, and in support of intervention, states as follows:

**I.    INTRODUCTION**

The Court is adequately apprised of the history of this pending litigation, and more recently of the Seventh Circuit's final ruling in connection with this case. In light of the Seventh Circuit's recent ruling, and given the Seventh Circuit's express instruction that intervention be granted freely to putative class members, *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012), this Court should grant the instant motion and allow Richard Crampton to intervene so that he and his counsel may pursue the case, take discovery, and otherwise fully litigate the claims on behalf of himself and others similarly situated. The instant application is

supported by the following facts, as well as the allegations set forth in the attached pleading required under Rule 24, which are expressly incorporated as if set forth fully herein. (*See* Crampton Complaint, attached as Exhibit A.)

## **LEGAL STANDARD**

Intervention is governed by Federal Rule 24, and is "the proper mechanism for nonparties to protect interests that may be adversely affected by a trial court's judgment." *Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir.1998), *petition for cert. granted in part*, 524 U.S. 980, 119 S.Ct. 29, 141 L.Ed.2d 789 (1998); *In re Discovery Zone Securities Litigation*, 181 F.R.D. 582, 589 (N.D. Ill. 1998). "In the class action context, absent (or unnamed) class members generally can intervene if the class representatives are no longer adequately representing their interests." *In re Discovery Zone Securities Litigation*, 181 F.R.D. at 589 (stating that "analyzing [Rule 24's] requirements is much simpler if the proposed intervener is a class member; for example, an absent class member would have little difficulty showing an interest in the action (Rule 24(a)) or a common question of law or fact with the class (Rule 24(b))".) (*citing* HERBERT NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 16.06 –16.07, at 16–35, 16–39 (3d ed.1992)); *see also Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 880-81 (7th Cir. 2000). When considering intervention, courts "accept as true the nonconclusory allegations of the motion" *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 321 (7th Cir.1995), and the motion shouldn't be dismissed "unless it appears to a certainty that the intervener is not entitled to relief under any set of facts…." *Id*. at 321 (*citing Lake Investors Dev. Group v. Egidi Dev. Group*, 715 F.2d 1256, 1258 (7th Cir.1983)).

# **ARGUMENT**

As demonstrated below, this Court should grant intervention for three reasons. First, the application is timely. Second, the remaining requirements for intervention as a matter of right under Rule 24(a) are satisfied: Intervenor is class members with an "interest" in the subject of the action, the present posture of the action, as a practical matter, threatens the protection of those interests, and the existing parties can no longer adequately represent the interests. And third, even if intervention as a matter of right were unavailable, all requirements for permissive intervention under Rule 24(b) are met. Accordingly, the application should be granted.

## I.     The Instant Application To Intervene Is Timely.

Both intervention as of right, as well as permissive intervention, require that the application be "timely." Fed. R. Civ. P. 24(a) and (b); *Zurich Capital Markets Inc. v. Coglianese*, 236 F.R.D. 379, 383 (N.D. Ill. 2006). "Whether a motion to intervene was made in a timely fashion is determined by reference to the totality of the circumstances." *Shea v. Angulo,* 19 F.3d 343, 348 (7th Cir.1994) (*citing Schultz v. Connery,* 863 F.2d 551, 553 (7th Cir.1988)).  There can be little doubt that the instant application has been timely filed. It is well settled that "only when the class members suspect that the representative is not acting in their best interests is there a need to intervene. *This means that delay must be measured from the time the would-be intervenors learned (or should have known) of the representative's shortcomings." Crawford, Inc.*, 201 F.3d at 880-81 (emphasis added) (*citing United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)); *see also Blau v. Harrison*, 04 C 6592, 2006 WL 644016 at *2 (N.D. Ill. Mar. 8, 2006) (intervention is timely where it is sought within a "reasonable amount of time after discovering that class counsel [i]s no longer litigating or negotiating on" the intervenors' behalves) (*quoting In re Discovery Zone*, 181 F.R.D. at 594).

In the class context, this most often arises after a settlement has been filed, as "[u]nnamed members of the class rarely will suspect a shortfall in the adequacy of representation before learning of the terms of a (potentially inadequate) settlement or problems in the class definition— and given the possibility of opt-out, even that may not occasion intervention." *Crawford*, 201 F.3d at 880-81; *see also Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) ("In *Crawford*...we told district judges to grant intervention freely to persons who want to contest settlements in class actions under Fed. R. Civ. P. 23….")

The instant Application is being sought very soon after the Seventh Circuit's recent ruling concerning a potential settlement. As a result of the Seventh Circuit's ruling, it is now apparent that the putative class representatives cannot represent the class' interests. The current posture of the case makes evident that the existing plaintiffs no longer represent the class' interests. As this application is filed very soon after the Seventh Circuit's final ruling, the Court should have little trouble finding the instant application timely under both Rule 24(a) and (b).

As explained next, the Intervenor also satisfies the remaining requirements for intervention.

## II. Intervention Is Allowable As A Matter Of Right Under Rule 24(a).

Rule 24(a) governs intervention as a matter of right and establishes four requirements: (1) an "interest" in the property or transaction which is the subject of the action, (2) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest, (3) timeliness, and (4) no existing party adequately represents the applicant's interest. *In re Discovery Zone Securities Litigation*, 181 F.R.D. at 589 (*citing Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir.1995); *Reich,* 64 F.3d at 321.

The Intervenor meets each of these requirements here. As explained above, the application is timely. *See* Section III.A., *supra*. Furthermore, the Intervenor has an interest in the subject of

4

this action, and the current posture of this case impede the ability to protect those interests, and none of the existing parties will adequately represent those interests.

**A. Intervenor has an interest in the litigation.**

As Judge Castillo explained in *In re Discovery Zone*, "an absent class member would have little difficulty showing an interest in the action…." 181 F.R.D. at 589. The Intervenors unquestionably fall within the class definition, having purchased the windows at issue, and having incurred damages as a result of the windows' defective characteristics. Accordingly, the Parties can hardly contest that Intervenor has an interest in the litigation that satisfies the first requirement for intervention as a matter of right.

**B. The present posture of this case impedes the Intervenor's ability to protect his interests.**

The second element for intervention requires that resolution of the case impair Intervenor's ability to protect his interests. The burden to establish impairment of an applicant's ability to protect such an interest in the absence of intervention is minimal, and such a minimal showing is made here. If *Saltzman* is abandoned, dismissed, or allowed to continue without clear leadership, the Intervenor may be prevented from recovering damages sustained and incurred. Individuals would essentially be required to file separate individual lawsuits seeking compensation, assuming they can overcome statutes of limitations issues and other defenses. (*Id.*)

Clearly, the current posture of the case impairs the Intervenor's ability to protect his, and others', interests. Thus, the second element under Rule 24(a) is satisfied.

**C.     No existing party presently adequately represents the Intervenor's interests.**

The final prong for intervening as a matter of right requires that no existing party adequately represent the Intervenor's interests. That is met here. The Seventh Circuit's order has made clear that the existing parties are "no longer litigating or negotiating on" the intervenor's

5

behalves, *In re Discovery Zone*, 181 F.R.D. at 594. Consequently, the Court should grant the application under Rule 24(a).

## III. Even if Intervention As of Right Were Unavailable, This Court Should Still Permit Petitioner To Intervene In Accordance With Rule 24(b).

Under Rule 24(b) "[p]ermissive intervention is proper if a common question of law or fact exists, the petition to intervene was timely made, and there is an independent basis for the court's jurisdiction." *Barrett v. Fox & Grove, Chartered*, 01 C 5910, 2003 WL 1702250 (N.D. Ill. Mar. 28, 2003) (*citing Sec. Ins. Co. of Hartford*, 69 F.3d at 1381; *Blau*, 04 C 6592, 2006 WL 644016 at *3 (the court has discretionary authority to permit a nonparty to intervene when "an applicant's claim or defense and the main action have a question of law or fact in common."). Otherwise it is discretionary. *Keith v. Daley,* 764 F.2d 1265, 1272 (7th Cir.1985). Again, as explained above, the application is timely. Further, the Intervenor, as members of the putative class, shares common issues of law and fact with the claims asserted in the action, and jurisdiction exists under the Class Action Fairness Act to proceed before this Court. As a result, the Court shouldn't hesitate to allow intervention.

### A. The Applicant shares issues of law and fact with the named plaintiffs.

As explained above, "analyzing [Rule 24's] requirements is much simpler if the proposed intervener is a class member; for example, an absent class member would have little difficulty showing….a common question of law or fact with the class (Rule 24(b))." *In re Discovery Zone*, 181 F.R.D. at 589. Here, nearly all of the questions of law and fact are common. The Intervenor falls under the class definition set forth in the pleadings. The case similarly challenges Defendant's conduct with respect to the defects and failures associated with the windows, and Defendant's handling of the complaining consumers. Similarly, the legal theories are essentially identical. Discovery in the cases would significantly overlap, as would the evidence ultimately presented.

6

Hence, and consistent with Judge Castillo's reasoning in *In re Discovery Zone*, 181 F.R.D. at 589, Intervenors share common issues to warrant permissive intervention.

### B. This Court has CAFA jurisdiction over the Intervenors' claims.

Intervenors likewise meet the requirement of independent jurisdiction. The Intervenor seeks to represent over 100 class members with aggregate damages exceeding $5,000,000, at least one Intervenor is a citizen of a state different from the Defendant, and none of the exceptions under 28 U.S.C. § 1332 applies. Therefore, jurisdiction cannot be seriously questioned.

### C. The named parties have already abdicated their control over Intervenor's claims, and intervention won't result in prejudice.

Finally, any objection based on supposed prejudice to the proposed class representatives cannot be sustained. Indeed, any prejudice the named parties could invent is a by-product of their own strategy and decisions. The Defendant can claim neither prejudice nor inconvenience by the intervention. As a result, the Intervenor is able to satisfy each of the requirements of Rule 24(b), and the Court should permit his intervention.

## IV. CONCLUSION

Courts in the Seventh Circuit are required to freely allow intervention by absent class members (*See Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 880-81 (7th Cir. 2000)), and this Court should have little difficulty granting the instant application.

WHEREFORE, the Intervenor, RICHARD CRAMPTON, respectfully request that this Honorable Court grant the instant application to intervene and award such additional relief as the Court deems necessary, reasonable, and just.

DATED: August 5, 2014

    Respectfully submitted,

    /s/ Robert A. Clifford
    Robert A. Clifford
    rac@cliffordlaw.com
    Shannon M. McNulty
    smm@cliffordlaw.com
    CLIFFORD LAW OFFICES
    120 N. LaSalle Street, Suite 3100
    Chicago, IL 60602
    T: 312-899-9090

    John A. Yanchunis
    JYanchunis@ForThePeople.com
    MORGAN & MORGAN
    COMPLEX LITIGATION GROUP
    201 N. Franklin Street, 7th Floor
    Tampa, Florida 33602
    T: (813) 223-5505

    *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I, Robert A. Clifford, an attorney, hereby certify that on August 5, 2014, I served the above and foregoing ***Motion to Intervene***, by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, on this the 5th day of August 2014.

              /s/ Robert A. Clifford
              Robert A. Clifford
              RAC@cliffordlaw.com
              CLIFFORD LAW OFFICES
              120 N. LaSalle Street, Suite 3100
              Chicago, IL 60602
              T: 312-899-9090