IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated; ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No.: 06 CV 4481 |
| ) | Honorable James B. Zagel |
| v. ) ) | *Electronically Filed* |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, ) ) ) ) | |
| Defendants. ) ) | |

**MEMORANDUM IN SUPPORT OF THE MOTION TO APPOINT WHITFIELD BRYSON & MASON LLP TO BE LEAD CLASS COUNSEL, AND CHILDRESS DUFFY, LTD. TO BE <u>LIAISON COUNSEL</u>**

Intervenor Plaintiff Ron Nolte ("Intervenor Plaintiff" or "Mr. Nolte"), on behalf of himself and all others similarly situated, submits this memorandum in support of his Motion to Appoint Whitfield Bryson & Mason LLP to be Lead Class Counsel, and Childress Duffy, Ltd. to be Liaison Counsel ("Motion to Appoint Lead Class Counsel and Liaison Counsel").

## I.  INTRODUCTION

Intervenor Plaintiff Nolte seeks appointment of Whitfield Bryson & Mason LLP ("WBM") as lead class counsel and Childress Duffy, Ltd. as liaison counsel following the Seventh Circuit's order (a) vacating this Court's order granting approval of the settlement, removing the previous Named Plaintiff Leonard Saltzman from the suit, (b) removing one class counsel and his firm from this suit, and (c) reinstating four of the objectors as Named Plaintiffs.

1

Plaintiff's motion for appointment of lead class counsel is proper pursuant to Rule 23(g), which sets forth a set of factors that the court must consider when appointing class counsel, because: (1) WBM has done significant work in identifying and investigating potential claims in the action since counsel is co-lead counsel in a parallel multidistrict litigation ("MDL") against Pella concerning the Architect and Designer series windows also at issue here, and has, based on its expertise in addressing these windows, also refined the theory of the defective ProLine windows, which are substantially similar; (2) WBM has significant experience in handling class actions and other complex litigation, particularly building defect litigation of the kind asserted in this action; (3) WBM is well-versed in the applicable law, considering that they (a) have obtained several favorable jury verdicts and settlements in numerous building defect cases alleging similar causes of action, and have been appointed as co-lead counsel in three building defect MDLs: *In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, MDL 2333 (D.S.C.) (defective windows); *In re: Pella Corp. Architect and Designer Series Windows Mktg., Sales Practices and Prods. Liab. Litig.*, MDL 2514 (D.S.C.) (defective Pella windows also alleged in this suit); and *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, MDL 2495 (D. Ga.) (defective roof shingles), and (b) are fluent in applicable insurance law as it pertains to potential coverage under commercial general liability policies for building product manufacturers, and (4) WBM has significant resources to commit to representing the class.

      Childress Duffy Ltd. should also be appointed as liaison counsel pursuant to the inherent powers of this court because the firm has a significant presence in the Northern District of Illinois and possesses the skill and capacity to execute the principally administrative tasks of liaison counsel.

## II.    LEGAL STANDARD

In selecting class counsel, courts look to the standard articulated in Rule 23(g)(2), which requires appointment of counsel "best able to represent the interests of the class." *See In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09- 3690, 2013 WL 6050431, at * 3 (N.D. Ill. Nov. 15, 2013) (quoting Fed. R. Civ. P. 23(g)(2)). This standard requires the Court to consider the factors under Rule 23(g)(1) and (4), including counsel's investigation of the potential claims, experience in relevant matters, knowledge of applicable law, resources to commit, and any other factors relevant to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(A). When evaluating a motion to replace or substitute counsel representing a class, courts have stated that they can "not allow decisions on behalf of the class to rest exclusively with the named plaintiffs." *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2013 WL 6050431, at * 3 (quoting *Maywalt v. Parker & Parsely Petroleum Co.,* 67 F.3d 1072, 1078 (2d Cir. 1995).

Liaison counsel may be appointed at the discretion of the Court. *See, e.g., In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.,* No. 05–7097, 2008 WL 5170769, at * 2 (N.D. Ill. Dec.10, 2008). The responsibilities of liaison counsel are as follows:

> Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court. The court may appoint (or the parties may select) a liaison for each side, and if their functions are strictly limited to administrative matters, they need not be attorneys.

*Walker v. Discover Fin. Servs.*, No. 10-6994, 2011 WL 2160889, at * 3 (N.D. Ill. May 26, 2011) (quoting MCL § 10.221).

### III. WBM SHOULD BE APPOINTED LEAD CLASS COUNSEL BECAUSE THEY ARE THE MOST FIT TO LEAD UNDER FED. R. CIV. P. 23(G)

Plaintiff's motion should be granted because WBM is best-suited as lead class counsel under Fed. R. Civ. P. 23(g).

First, WBM has done meaningful work in identifying and investigating potential claims in this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). This case presents varied claims related to three series of Pella windows: (1) Architect, (2) Designer, and (3) ProLine. *See* First Amended Complaint, ¶ 53, November 8, 2006, Doc. #20. WBM is co-lead counsel in a parallel multidistrict litigation ("MDL") against Pella concerning the Architect and Designer series windows and has, accordingly, investigated the defects present in these windows, drafted complaints, responded to motions to dismiss, worked extensively with nationally recognized window experts and established a comprehensive electronic discovery protocol. *See In re: Pella Corp. Architect and Designer Series Windows Mktg., Sales Practices and Prods. Liab. Litig.*, MDL 2514 (D.S.C). WBM marshaled its expertise in litigating that MDL to refine the theory of the defective ProLine windows, which bears significant resemblance to the defects presented in the Architect and Designer windows, as reflected in Mr. Nolte's Complaint in Intervention.

Second, counsel has over twenty-five years experience in handling class actions and other complex litigation, particularly building defect litigation of the kind asserted in this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii); *see In re Terzaosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). WBM is co-lead counsel in *In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, MDL 2333 (D.S.C.), an MDL concerning defective windows; in *In re: Pella Corp. Architect and Designer Series Windows Mktg., Sales Practices and Prods. Liab. Litig.*, MDL 2514 (D.S.C.), a

parallel Pella MDL concerning the Architect and Designer series windows also at issue here; and in *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, MDL 2495 (D. Ga.), a pending MDL involving defective roof shingles. In addition, members of WBM were the co-chairs of the expert committee and insurance committee in *In re: Chinese Manufactured Drywall Products Liab. Litig.*, MDL 2047 (D.LA), an MDL involving defective Chinese drywall. *See also* Whitfield Bryson & Mason LLP Firm Resume, attached hereto as Exhibit A. WBM has also been named by U.S. News & World Report for the past two years as a "Tier 1" "Best Law Firm," and received special recognition for its construction law practice.

WBM partners Daniel K. Bryson and Gary E. Mason each have decades of experience litigating building defect cases, and windows in particular, on an individual, multi-family and class basis. Mr. Bryson is one of the nation's most respected and experienced attorneys in these areas and, over his 25 year career, has successfully represented thousands of owners in a wide variety of defective construction product suits, class actions, MDLs, and various mass torts, recovering more than $1.25 billion for his clients across the country. He frequently collaborates with other attorneys in order to assemble the most effective team possible. Mr. Bryson has also been lead, co-lead or a steering committee member in a number of successful MDLs and class actions.

Mr. Bryson is a frequent lecturer and writer on a variety of defective construction products, insurance, and consumer mass tort related disputes. *See* http://www.wbmllp.com/attorneys/daniel-bryson for a partial listing. He has been quoted by a variety of media outlets on construction product cases over the years including the Wall Street Journal, Washington Post, New York Times and Lawyers Weekly, to name a few. He has also been named as a member of the Legal Elite and Super Lawyers in North Carolina on numerous

occasions. Mr. Bryson is the past chair of the North Carolina Bar Association, Construction Law Section.

Mr. Bryson's recent experience includes serving as co-lead counsel in MDL No. 2514 against Pella Windows & Doors in Federal Court in Charleston, SC before the Honorable Judge David Norton. Dan has also served as lead counsel in MDL No. 2333 against MI Windows and Doors in Federal Court in Charleston, SC before the Honorable Judge David Norton. He is co-lead counsel in MDL 2495 against Atlas Roofing Corporation in Federal Court in Atlanta, GA before the Honorable Judge Thomas Thrash, Jr. He has also served as a member of the Plaintiffs' Steering Committee (Co-chair Science and Expert Committee) for MDL 2047 involving Chinese Drywall. A settlement valued at over $1 billion was approved in 2013 involving one of the primary defendants, Knauf Plasterboard Tianjin and hundreds of other defendants and insurance companies. Dan served on the trial team in Federal Court in Louisiana before the Honorable Eldon Fallon for each of the three Chinese Drywall bellwether cases.

He has also won a number of impressive jury and trial verdicts in building defect cases through the years involving windows and numerous other building products. Earlier in his career, Mr. Bryson also secured substantial sums for thousands of homeowners throughout the country who had synthetic stucco on their homes called Exterior Insulation Finish System ("EIFS"), which caused water damage. In another set of cases, he obtained relief for thousands of homeowners throughout Western Kentucky who had cracking concrete as a result of alkali carbonate reaction.

Mr. Mason is a nationally recognized leader of the class action bar and, for 2013-2014, co-chaired the American Association of Justice ("AAJ") Class Action Litigation Group. Focusing on consumer class actions and mass torts, he has recovered more than $1.5 billion in

the 22 years he has represented plaintiffs. He has served as lead counsel or class counsel in numerous defective construction material class actions, including FRT plywood, polybutylene pipe, CCA wood, HTPV pipe, EIFS, Entran II and ACR concrete. Mr. Mason was recognized by Washingtonian Magazine as one of the top forty lawyers in Washington, DC under the age of 40 and received a Public Justice Achievement Award for his work on the polybutylene pipe litigation. He is a member of the AAJ Chinese Drywall Litigation Group, Class Action Litigation Group, Preemption Law Litigation Group, and the Products Liability Section. Mr. Mason has also been named a "Super Lawyer" list for the past three years and is frequent continuing legal education speaker on issues such as class certification, consumer warranty law, construction defect litigation and the economic loss rule.

Third, counsel is well-versed in the applicable law, having obtained several favorable jury verdicts and settlements in building defect cases similar to this one, and having been appointed as co-lead counsel in three building defect MDLs. WBM is also fluent in applicable insurance law as it pertains to potential coverage under commercial general liability policies for building product manufacturers. WBM's wealth of experience in the substantive areas of law presented by this suit was set forth in the previous paragraphs and should be incorporated as if fully set forth here.

Fourth, WBM has significant resources to commit to representing the class. WBM's appointment as co-lead counsel in three building defect MDLs speaks to their ability to finance complex class action litigation, select and collaborate with the nation's top experts, coordinate among plaintiffs' counsel, and lead discovery efforts including organization of defendant document productions. WBM has 12 attorneys and offices in three states (Kentucky, North Carolina and Washington D.C.). Its co-counsel – who also represent Intervenor Nolte – Mr.

Lucey, Mr. Eshoo, and Mr. Chaikin add an additional five states (South Carolina, Illinois, Florida, New York, and New Jersey). Accordingly, counsel can leverage considerable experience and resources to achieve a speedy and just resolution in this class action, avoiding "endless, circular and unnecessary litigation." *Sec. Ins. Co. of Hartford v. Shipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995).

**IV.  CHILDRESS DUFFY, LTD. SHOULD BE APPOINTED LIASION COUNSEL**

Childress Duffy is a well-established Chicago-based law firm with 12 attorneys and robust insurance and civil litigation practices that are international in scope. *See generally* Childress Duffy, at http://www.childresslawyers.com. Partner Edward Eshoo has noteworthy experiences litigating construction defect cases in relation to his expansive portfolio of insurance cases, and is a widely published authority on both topics. Childress Duffy's Chicago presence and proficiency in managing hefty case files, particularly in the insurance realm, render it more than capable of carrying out the administrative role of liaison counsel

**V.  CONCLUSION**

For the reasons articulated herein, Plaintiff Intervenor Nolte's Motion to Appoint Lead Class Counsel and Liaison Counsel should be granted.

On this the 8th day of August, 2014.

                                         Respectfully submitted,

                                         By:   /s/Edward Eshoo, Jr.
                                                   Edward Eshoo, Jr.
                                                   Childress Duffy, Ltd.
                                                   500 N. Dearborn Street, Suite 1200
                                                   Chicago, IL 60654
                                                   Tel: 312-494-0200
                                                   Fax: 312-494-0202
                                                   eeshoo@childresslawyers.com

Daniel K. Bryson
Matthew E. Lee
Whitfield Bryson & Mason LLP
900 W. Morgan St.
Raleigh, NC, 27603
Tel: 919-600-5000
Fax: 919-600-5035
dan@wbmllp.com
matt@wbmllp.com

Gary E. Mason
Jason S. Rathod
Whitfield Bryson & Mason LLP
1625 Massachusetts Ave. NW
Suite 605
Washington, D.C. 20036
Tel: (202) 429-2290
gmason@wbmllp.com
jrathod@wbmllp.com

Justin Lucey
Harper L. Todd
Justin O'Toole Lucey, P.A.
Post Office Box 806
Mount Pleasant, SC 29465-0806
Tel: 843-849-8400
Fax: 843-849-8406
jlucey@lucey-law.com
htodd@ lucey-law.com

Jordan L. Chaikin
Parker Waichman, LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
Tel: 239-390-1000
jchaikin@yourlawyer.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to send notification of such filing to all counsel of record.

                                              /s/Edward Eshoo, Jr.
                                              Edward Eshoo, Jr.