**UNITED STATES DISTRICT COURT DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. LEONARD E. SALTZMAN, KENT | ) | |
| EUBANK, THOMAS RIVA, WILLIAM and | ) | Civil Action No.: 06 CV 4481 |
| NANCY EHORN, individually and on behalf | ) | |
| of all others similarly situated, | ) | Honorable James B. Zagel |
| | ) | |
| Plaintiffs, | ) | *Electronically Filed* |
| v. | ) | |
| | ) | |
| PELLA CORPORATION, an Iowa corporation, | ) | |
| and PELLA WINDOWS AND DOORS, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF-INTERVENOR
KATHERINE HOWES' MOTION TO INTERVENE AND MOTION FOR
APPOINTMENT OF CO-LEAD COUNSEL**

Plaintiff-Intervenor, Katherine Howes, ("Plaintiff-Intervenor" or "Howes"), on behalf of

herself and all others similarly situated, submits this memorandum in support of her Motion to

Intervene.

## I.      INTRODUCTION

Ms. Howes seeks to intervene in this class action following the Seventh Circuit's recent

ruling vacating the approval of the previous class settlement and removing previous class

representative Leonard Saltzman and lead counsel.  Ms. Howes' intervention is proper pursuant

to Rule 24(b), is timely filed, and will in no way cause prejudice or undue delay.  Ms. Howes'

motion for appointment of leadership counsel, pursuant to Rule 23(g) of the Federal Rules of

Civil Procedure should be granted because proposed Co-Lead Counsel have a wealth of

experience and proven success in litigating complex class action cases, and can expeditiously

obtain the justice and finality this class needs.

Based on the following facts and the allegations set forth in the attached pleading and supporting documents, this Court should grant Ms. Howes' Motion to Intervene and Motion for Appointment of Co-Lead Counsel.

## II.       MOTION FOR INTERVENTION

### A.       Legal Standard

Under Rule 24 of the Civil Rules of Procedure, permissive intervention is appropriate where (1) the applicant shares "a common question of law or fact" with a party, (2) its application is timely made, and (3) the court has independent jurisdiction over the claims. Fed. R. Civ. P. 24(b)(1)(B); *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 589 (N.D. Ill. 1998) "[I]ntervention is the proper mechanism for nonparties to protect interests that may be adversely affected by a trial court's judgment." *Discovery*, 181 F.R.D. at 589 (citing *Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998)). Courts should find against intervention only if "intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Intervention should be granted freely to putative class members. *See Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012). "[A]n absent class member would have little difficulty showing [Rule 24's required] [] interest in the action or a common question of law or fact with the class." *In re Discovery Zone*, at 589 (internal citation omitted). In considering intervention, courts "accept as true the nonconclusory allegations of the motion." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995).

### B.       Plaintiff-Intervenor Satisfies the Requirements of Rule 24 and Should be Permitted to Intervene in this Action

Ms. Howes' intervention is proper pursuant to Rule 24(b) because her motion is timely,

the putative intervenor is a class member who shares claims and common questions of law and fact with the pending suit, and because no undue delay or prejudice to the original parties will result.

### 1.    *The present motion to intervene is timely*

"Whether a motion to intervene was made in a timely fashion is determined by reference to the totality of the circumstances." *Shea v. Angulo*, 19 F.3d 343, 348 (7th Cir. 1994) (internal citation omitted). A motion filed within a reasonable amount of time after discovering that class counsel is no longer litigating or negotiating on the intervenor's behalf is timely. *See Discovery Zone*, 181 F.R.D. at 594.

Here, the Seventh Circuit just issued its decision nullifying a potential settlement and discharging previous class counsel. *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Prior to this recent decision, Plaintiff-Intervenor believed her interests to be represented, but as the Seventh Circuit made clear, previous lead counsel was not representing her best interests. Plaintiff-Intervenor filed this motion very shortly after the Seventh Circuit's recent decision. Accordingly, Plaintiff-Intervenor has moved swiftly to assert her rights.

### 2.    *Plaintiff-Intervenor shares common questions of law and fact with existing class members*

"[A]n absent class member would have little difficulty showing . . . a common question of law or fact with the class." *Discovery Zone*, 181 F.R.D. at 589. Plaintiff-Intervenor shares common questions of law or fact with the presently named plaintiffs and class members in this litigation. Here, Ms. Howes is an absent class member who purchased Pella ProLine Windows for installation in her home. The facts and legal theories asserted by Plaintiff-Intervenor are nearly identical to those alleged by the named plaintiffs. Additionally, this Court has independent jurisdiction over Plaintiff-Intervenor. Ms. Howes seeks to represent more than 100

3

class members with aggregate damages exceeding $5,000,000.00. Ms. Howes is a citizen of a state different from Defendants, and none of the exceptions under 28 U.S.C. § 1332 apply. Therefore, Plaintiff-Intervenor shares common issues to warrant intervention in this case.

### 3. *Plaintiff-Intervenor's intervention will not cause undue delay or prejudice*

The present motion to intervene cannot conceivably cause undue delay or prejudice. Any possible prejudice or delay, at this point in the litigation is attributable to the previous lead counsel and class representatives' strategy and decisions. As the Seventh Circuit has just ordered the settlement void, lead counsel discharged, and reinstatement of previously dismissed class representatives, this is the perfect time for Plaintiff-Intervenor to join the case and aid in the speedy resolution of the matter at hand.

This Circuit freely allows intervention by absent class members, and should, correspondingly, permit the intervention of Ms. Howes.

## III. MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL

### A. Legal Standard

"Few decisions by the Court in complex litigation are as difficult and sensitive as the appointment of designated counsel." MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.224 (2004) [hereinafter MANUAL]. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, in appointing lead Counsel, a Court should consider the following factors:

- Work counsel has performed identifying or investigating potential claims in the action;

- Counsel's experience with claims of the type asserted in the action;

- Counsel's knowledge of applicable law;

- Resources counsel will commit to representing the class; and

- Any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(g)(1)(A) (i-iv) & (B). As discussed below, proposed Co-Lead Counsel more than satisfy these criteria.

The MANUAL provides addition identifies several factors that the Court should assess:

- [Q]ualifications, functions, organization, and compensation of designated counsel;

- [W]hether there has been full disclosure of all agreements and understandings among counsel;

- [W]ould-be designated attorneys' competence for assignments;

- [W]hether there are clear and satisfactory guidelines for compensation and reimbursement, and whether the arrangements for coordination among counsel are fair, reasonable, and efficient;

- [W]hether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests; and

- [T]he attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court—experience in similar roles in other litigation may be useful, but an attorney may have generated personal antagonisms during prior proceedings that will undermine his or her effectiveness in the present case.

§10.224. Appointment of Mr. Gustafson, Mr. Wexler, and their firms as Co-Lead Counsel would satisfy these factors as well.

### A. Proposed Co-Lead Counsel Satisfy the Requirements of Rule 23(g)

Due to the unusual procedural posture of this case, there has already been extensive identification and investigation of the claims in this matter, making this factor much less pertinent than in many cases. Moreover, the claims identifying in Plaintiff-Intervenor's complaint are substantially similar to the claims identified in nearly every other complaint filed with this Court. There is no need to reduplicate the efforts of the previously discharged Lead

5

Counsel; however, proposed Co-Lead Counsel is prepared to take over the pending suit without undue delay, and to expeditiously prosecute this case.

The remaining factors all go to a central question: which counsel is best situated to advance the interests of the class. We respectfully submit that numerous factors, including both those specifically identified in Rule 23(g) and "other matter[s] pertinent to counsel's ability to fairly and adequately represent the interests of the class," strongly support appointment of Gustafson Gluek and Wexler Wallace as Co-Lead Counsel in this case.

### 1. *The qualifications and competency of proposed Co-Lead Counsel weigh in favor of their appointment*

The qualifications and competency of individuals who propose to serve in leadership of any litigation should be carefully examined. The relevant inquiry should focus on both the quality and quantity of experience, including, particular relevant trial experience. When the Court is unfamiliar with many of the attorneys seeking appointment, "an evidentiary hearing may be needed to bring all relevant facts to light or to allow counsel to state their case for appointment and answer questions from the court about their qualifications." MANUAL at §10.224.

Counsel for the Plaintiff-Intervenor bring vast experience and resources in litigating complex class actions, including numerous product defect cases. As the Court can see from the descriptions below, as well as the attached resumes, proposed Co-Lead Counsel are lawyers with a wealth of both years of practice and specific leadership, in addition to the trial experience necessary to guide this case through the challenges of discovery, motion practice, and trial. The proposed counsel also have the skills to manage the large number of plaintiffs and plaintiffs' counsel involved in this case and work cooperatively with the South Carolina MDL, as has been shown through their past leadership experience and successes.

Beyond the vast experience that each of the proposed Co-Lead Counsel has in complex class actions, mass tort litigation, and consumer and product cases, both are uniquely situated to assist the Class and the Court here. Both Gustafson Gluek and Wexler Wallace have been appointed by courts in prior litigation to step in and represent the class when previous counsel were unable to, due to disagreements or conflicts among lead counsel.

In *Dryer v. NFL*, Civ. No. 09-cv-2182-PAM-AJB (D. Minn.), the court had appointed three Interim Lead Counsel to represent a class of former NFL players. After over a year of settlement negotiations between Interim Lead Counsel and the NFL discussions broke down, "in part due to disagreements that [had] arisen among Plaintiffs three lead counsel." *Dryer v. NFL*, Civ. No. 09-cv-2182-PAM-AJB, Dkt. 250 at 2 (D. Minn.). Those disagreements include accusations between the co-lead counsel about how best to represent various class interests. The court then appointed Gustafson Gluek and Mr. Gustafson, one of the proposed Co-Lead Counsel here, as Plaintiffs' Lead Settlement Counsel and instructed Mr. Gustafson to "act on behalf of all putative class members" *id.* at 1, noting that his duties were "to the class as a whole." *Id.* at 2. Gustafson Gluek was able to step into the case, having only been involved on a project by project basis up to that point, and was ultimately able to reach a settlement with the NFL on behalf of the class. The court approved the settlement on November 1, 2013. *Dryer v. NFL*, Civ. No. 09-cv-2182-PAM-AJB, Dkt. 430 (D. Minn.).

This Court has previously appointed Wexler Wallace and Mr. Wexler to represent class members after an attorney's disqualification for conflict of interest. In *Coburn v. DaimlerChrysler Servs. N. Am., L.L.C.*, No. 03-C-759 (N.D. Ill. 2003), Mr. Wexler and Wexler Wallace were retained as independent counsel by the co-lead counsel team after one of their members was disqualified for a conflict of interest. Subsequently, co-lead counsel went on to

7

secure a favorable settlement outcome for a nationwide class of consumers. *See id*, ECF Nos. 261, 263-64.

### Gustafson Gluek

Gustafson Gluek PLLC is a Minneapolis law firm with a national practice, with emphasis in antitrust, consumer protection, and class action litigation. The six principal members of the firm have over one-hundred years of experience in these areas, as well as in the areas of intellectual property litigation involving patents, trademarks and trade dress, complex business litigation, and securities fraud litigation. Gustafson Gluek PLLC practices before state and federal courts throughout the country and works with and opposes some of the nation's largest companies and law firms. Gustafson Gluek's attorneys are consistently recognized for the quality of their legal work and their commitment to their clients and the community.

Mr. Gustafson, a founding a member of Gustafson Gluek PLLC, has more than twenty-two years of experience litigating complex cases. Mr. Gustafson has devoted his entire career to the prosecution of complex cases including antitrust, patent, consumer protection, and product liability matters in federal and state courts across the country. Mr. Gustafson has been named Lead Counsel, Co-Lead Counsel, or a member of the Executive Committee in many complex cases across the country, including: *In re Medtronic, Inc. Sprint Fidelis Leads Products Liability Litig.* (D. Minn.); *National Arbitration Forum Litig.* (D. Minn.); *In re Comcast Corp, Set-Top Cable Television Box Antitrust Litig.* (E.D. Pa.); *In re DRAM Antitrust Litig.* (N.D. Cal. and multiple state court actions); *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litig.* (D. Minn.); *St. Barnabas Hospital, Inc. et al. v. Lundbeck, Inc. et al.* (D. Minn.); *In re Vitamin C Antitrust Litig.* (E.D.N.Y.) (indirect purchaser class); *In re Flash Memory Antitrust Litig.* (N.D. Cal.); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.); *Aspartame Antitrust Litig.* (E.D. Pa.) (direct purchaser class); and *Yarrington v.*

*Solvay Pharmaceuticals, Inc. et al.* (D. Minn.).

In these, and other, leadership roles, in complex class action or mass tort proceedings, Gustafson Gluek, and Mr. Gustafson, have repeatedly demonstrated that they have the skill and experience needed for, and the resources at the ready to devote to, this litigation. *See* Gustafson Gluek PLLP Firm Resume, attached hereto as Exhibit A.

Mr. Gustafson also serves as an adjunct professor at the University of Minnesota Law School teaching a course on the "Fundamentals of Pretrial Litigation." In 2009, he was helped found the Federal Bar Association's *Pro Se* Project, which coordinates volunteer representation for *pro se* litigants. In 2001-2014, Mr. Gustafson was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer," in the fields of business litigation, class actions, and antitrust. He was also ranked in the Top 100 MN Super Lawyers in 2012-2014.

## Wexler Wallace

Wexler Wallace LLP is nationally recognized as a leading firm in complex class action and multidistrict litigation, from investigation to trial and appeals, within the following legal areas: consumer protection, antitrust, mass torts, business and commercial litigation, securities & corporate governance, healthcare, whistleblower-false claims, and government representation. Wexler Wallace is frequently retained by clients to pursue high-stakes litigation – often against some of the largest corporations represented by the largest law firms in the country. The firm is regularly asked by co-counsel to work with them and their clients on cases of wide-ranging importance. Wexler Wallace and its attorneys have been recognized by their peers, as well as legal organizations, for their outstanding level of service and commitment.

The firm, which has an AV rating from LexisNexis Martindale-Hubbell and has been named a Highly Recommended Illinois litigation firm since the inaugural edition of *Benchmark*

*Plaintiff* in 2011, has worked hard to earn the respect of judges, co-counsel, and its clients. The firm has a diverse practice, which includes both private and public institutional clients, consumers and advocacy organizations. Wexler Wallace is proud to provide those same clients with an absolute focus on practical, innovative, and cost-effective solutions. Mr. Wexler, the founder of the firm, and Wexler Wallace have held leadership positions in a number of settled and pending consumer-oriented complex class action proceedings, including the following:

- *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-02409 (D. Mass.) (co-lead counsel for consumer and third-party payor class);

- *In re Suboxone Antitrust Litig.*, No. 13-md-02445 (E.D. Pa.) (co-lead counsel for consumer and third-party payor class);

- *In re Niaspan Antitrust Litig.*, No. 13-MD-2460 (E.D. Pa.) (co-lead counsel for consumer and third-party payor class);

- *In re Wellbutrin XL Antitrust Litig.*, No. 08-cv-02433 (E.D. Pa.) (co-lead counsel for consumer and third-party payor class; case partially settled $10 million);

- *In re Pharmaceutical Industry Average Wholesale Price Litig.*, MDL No. 1456, No. 01-cv-12257-PBS (D. Mass.) (pharmaceutical overpricing) (settlements with various defendants totaling approximately $350 million; co-lead counsel);

- *New England Carpenters Health Benefits Fund v. First Databank, Inc. and McKesson Corp.*, No. 05-cv-11148 (D. Mass.) ($350 million settlement, exclusive of non-monetary relief valued at hundreds of millions of dollars; co-lead counsel);

- *In re Pet Food Prods. Liability Litig.*, MDL No. 1850 (D.N.J.) ($24 million settlement; co-lead counsel);

- *Roberts, et al. v. Electrolux Home Products, Inc.*, No. SACV12-1644-CAS (C.D. Cal.) (briefing on final approval of settlement underway that has been valued between $35 million and $155 million; co-lead counsel);

- *United Desert Charities v. Sloan Valve Co.*, No. CV12-06878 SJO (SHx) (C.D. Cal.), related action *Dimov, et al. v. Sloan Valve Co.*, No. 12-cv-09700 (N.D. Ill.) (nation-wide class action settlement totaling $18 million; co-lead counsel); and

- *Terrill, et al. v. Electrolux Home Products, Inc., d/b/a Frigidaire*, No. 08-cv-00030-

10

LGW-BKE (S.D. Ga.) (appointed co-lead class counsel in a consumer fraud and breach of warranty action in court's order certifying a Texas and California class of consumers who purchased certain models of front-loading washing machines).

Mr. Wexler has been engaged in complex commercial class action litigation for the better part of his thirty-four years in practice. He has been designated an Illinois "Super Lawyer" for multiple years running, and has served as an adjunct professor at Loyola University Chicago School of law, teaching Complex Litigation. A number of the courts in which Mr. Wexler has practiced have recognized him and Wexler Wallace for their professional, vigorous advocacy on the behalf of class members and their experience in prosecution of complex class action claims. *See* Wexler Wallace LLP Firm Resume, attached hereto as Exhibit B.

Proposed Co-Lead Counsel indisputably have the resources necessary to adequately represent the class and foster this important litigation to a successful conclusion. As explained above, both firms possess significant financial resources, are substantial in size, and have pledged legal and support personnel, as well as the necessary resources to effectively and efficiently prosecute the class claims.

### 2. *Proposed Co-Lead Counsel satisfy the additional suggested requirements in the Manual*

Proposed Co-Lead Counsel offer a transparent, forthright proposal for leadership. Other than their agreement to submit this application and to conduct the litigation in the manner set forth herein, there are no fee division, work assignment, or other agreements among the applicants, or with any other counsel involved in this litigation or in the South Carolina MDL. Proposed Co-Lead Counsel represent various interests in this litigation, representing both local attorneys who practice in Illinois and those located outside the state. These attorneys both bring a perspective to leadership that is important.

Proposed Co-Lead Counsel have proven track records of working hard to establish

11

cooperative, inclusive working relationships with others. Indeed, to achieve success as a plaintiffs' practitioner in this type of complex case, cooperation with co-counsel is key. Both attorneys have served on a number of executive committees in large complex litigation matters and worked collaboratively with other firms to bring about successful and appropriate resolution to these cases. Perhaps even more indicative of their ability to work with others, are the number of settlement negotiations Gustafson Gluek and Wexler Wallace have handled where both adverse parties were satisfied with the outcome.

Moreover, proposed Co-Lead Counsel have the ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court. Both Mr. Gustafson and Mr. Wexler have demonstrated in prior litigation that they have the ability to lead a complex case to completion. Both attorneys communicate effectively and efficiently with colleagues, and are committed to keeping all counsel and parties informed of the status of the case. They both have an excellent reputation among other Plaintiffs' counsel and have earned the respect of their colleagues. The collective experience and knowledge, as well as the well-deserved respect of their peers earned by Co-Lead Counsel cannot be disputed.

Proposed Co-Lead Counsel bring a record of extraordinary success in complex class actions and product liability cases, an experienced and skilled litigation team, and a demonstrated commitment to zealous advancement of the best interests of the class, as well as the public, in numerous litigation matters. Co-Lead Counsel will ensure that this case proceeds effectively and efficiently toward a resolution that will serve the best interests of the class.

## IV. CONCLUSION

For the reasons stated above, Plaintiff-Intervenor Katherine Howes, on behalf of herself and all other similarly situated, respectfully requests that the court:

1. Grant her Motion to Intervene in the present case;

2. Grant her Motion for Appointment of Co-Lead Counsel; and

3. Enter any such further relief deemed appropriate.

On this the 11th day of August, 2014

                                           Respectfully submitted,

                                    By:   /s/ Kenneth A. Wexler
                                          Kenneth A. Wexler
                                        Edward A. Wallace
                                        Thomas A. Doyle
                                        Justin N. Boley
                                        **WEXLER WALLACE LLP**
                                        55 West Monroe Street, Suite 3300
                                        Chicago, IL 60603
                                        Phone: 312.346.2222
                                        Fax: 312.346.0022
                                        kaw@wexlerwallace.com
                                        eaw@wexlerwallace.com
                                        tad@wexlerwallace.com
                                        jnb@wexlerwallace.com

                                        Daniel E. Gustafson
                                        Jason S. Kilene
                                        Sara J. Payne
                                        **GUSTAFSON GLUEK PLLC**
                                        120 South Sixth Street, Suite 2600
                                        Minneapolis, MN 55402
                                        Tel: 612-333-8844
                                        Fax: 612-339-6622
                                        dgustafson@gustafsongluek.com
                                        jkilene@gustafsongluek.com
                                        spayne@gustafsongluek.com

                                        *Attorneys for Plaintiff-Intervenor*

13

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 11, 2014, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system to send notification of such filing to all counsel of

record.

 /s/ Kenneth A. Wexler          
Kenneth A. Wexler
