UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, TIM BASTIAANSE, JOSEPH PALMIOTTO, BRAD ZURN, and JUDITH MCCLOSKY individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation,<br><br>Defendants. | No.: 06 C 4481<br><br>Honorable James B. Zagel |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF CLASS COUNSEL'S POSITION REGARDING SUBSTITUTION OF CLASS
COUNSEL AND APPOINTMENT OF ADDITIONAL COUNSEL**

**I.      Introduction**

This Court had appointed Seeger Weiss LLP and Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. ("Farmer Jaffe") (collectively, "Class Counsel" or "the Firms") as Co-Lead Class Counsel and Class Counsel, respectively. (ECF No. 301). The other Co-Lead Counsel appointed by the Court, Complex Litigation Group ("CLG"), was ordered removed by the Seventh Circuit in *Eubank v. Pella Corp*, 753 F.3d 718, 729 (7th Cir. 2014). The Seventh Circuit, though, did not order Seeger Weiss or Farmer Jaffe removed.

Class Counsel submit this short memorandum of law to address the two questions about which this Court inquired at the hearing on August 12, 2014. (ECF. No. 453): (1) whether Seeger Weiss and Farmer, Jaffe should continue in their respective roles as Lead Class Counsel and Class Counsel despite the removal of CLG; and (2) whether additional counsel should be added as Lead Counsel.

1

The Seventh Circuit was quite careful in its opinion to disqualify *only* CLG from further representation of the class, and did so for reasons unique to that Firm. *This Court's prior order appointing Class Counsel otherwise remains undisturbed*. The Seventh Circuit rightfully did not accuse of Seeger Weiss or Farmer, Jaffe of any misconduct, nor did the Court of Appeals believe that they were tainted in any way by the misconduct that the Court associated with CLG and Mr. Weiss. Accordingly, by *not* ordering the removal of these Firms, the Court implicitly endorsed their continued representation of the Class. Given their lack of wrongdoing, combined with the substantial amount of institutional knowledge about the extensive factual record in this case that they possess, the best interests of the class would be served by Seeger Weiss and Farmer Jaffe remaining in their present roles. The Firms, however, do not oppose one or more additional firms being appointed to fill the void in leadership created by the removal of CLG.

## II. Appointment of Seeger Weiss and Farmer, Jaffe

A court may appoint an applicant as class counsel only if the applicant is "adequate" as defined by Rules 23(g)(1)(B) and (C). *See* Fed. R. Civ. P. 23(g)(2)(B). In carrying out the analysis required by Rule 23(g), a court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). In addition, the court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C)(ii).

This Court carefully considered those standards when it appointed CLG and Seeger Weiss as Co-Lead Counsel, and Famer, Jaffe as Class Counsel. [ECF. 301]. The appointment was appropriate given the Firms' expertise in consumer class action litigation and the extensive work on behalf of the

Class that the Firms performed over the eight-year life of the litigation.[1]

### III. The Seventh Circuit's Opinion in *Eubank*

In *Eubank v. Pella Corp*, 753 F.3d 718 (7th Cir. 2014), the Seventh Circuit reversed this Court's approval of the class action settlement, finding that the settlement did not meet the standards for approval under Rule 23. The Court of Appeals held that this Court failed to provide the required factual and legal findings necessary to permit the Court of Appeals to determine whether the settlement was fair, reasonable and adequate as required by Rule 23(e)(2).

Moreover, in an unusual step, the Seventh Circuit ordered the removal of one of the Co-Lead Counsel, CLG. The Court's removal of CLG as a co-lead counsel was based solely on the Court's concern with certain ethical issues surrounding Paul Weiss, who the Court found was the *de facto* alter ego of CLG. The Court focused on Mr. Weiss's family ties to one of the class representatives, Leonard Saltzman, finding this relationship caused a "grave conflict of interest" between his Firm and the Class. *Id*. at 724.[2] The Court also found material Mr. Weiss' pending disciplinary proceeding before Illinois Attorney Registration and Disciplinary Commission, reasoning that the report recommending Mr. Weiss' suspension (issued after this Court had appointed CLG), may have

---

[1] As the Court will recall, Objectors' counsel, George Lang, sought the removal of CLG as Class Counsel in connection with the objection to the proposed settlement. The only allegations regarding inadequacy of Class Counsel Mr. Lang flung were directed at CLG, not Seeger Weiss or Farmer Jaffe. *See* ECF No. 255 (Lang's motion to substitute CLG as Class Counsel, but preserving the role of Seeger Weiss and Farmer Jaffe). The Court rejected Lang's motion. (ECF. No. 265). The Court's ruling, of course, came well before Mr. Weiss' disciplinary proceeding and subsequent report and recommendation issued by the Illinois Attorney Registration and Disciplinary Commission referenced by the Seventh Circuit in *Eubank*.

[2] Class Counsel note that Mr. Weiss' family relationship to Mr. Saltzman is not a per se bar to Mr. Saltzman acting as a class representative or for Mr. Weiss to be appointed as class counsel.. *See, e.g., Malchman v. Davis,* 588 F.Supp. 1047, 1057 (S.D.N.Y.1984) (one named plaintiff was a brother of class counsel, second named plaintiff was a sister of counsel's chauffeur, and third named plaintiff was a personal friend of class counsel); *Lewis v. Goldsmith,* 95 F.R.D. 15 (D.N.J.1982) (named plaintiff represented by uncle's law firm); *Fischer v. ITT Corp.,* 72 F.R.D. 170 (E.D.N.Y.1976) (named plaintiff was father of the class attorney).

influenced his interest in collecting fees before the suspension is to became effective. In sum, the Court concluded that "Weiss was unfit to represent the class." *Id*.

What is just as important for the present inquiry is what the Seventh Circuit did *not* order. Although the Court could have easily expanded its ruling to include Seeger Weiss and Farmer, Jaffe, it did not. Certainly if the Court believed these Firms were in any way also inadequate counsel under Rule 23 it would have ordered their removal as well. But, there is absolutely nothing in the factual record to suggest that Seeger Weiss or Farmer, Jaffe faced the issues unique to Mr. Weiss and CLG. *See Moreno v. AutoZone*, *Inc.*, 251 F.R.D. 417 (N.D. Cal. 2008) (refusing to impute the disqualified counsel's specific conflict of interest to co-counsel). Not only would their removal serve no beneficial purpose under the circumstances, it would significantly prejudice the class by depriving them of the expertise and experience that Class Counsel possess and that they have gained during the course of the litigation. *See White v. Experian Information Solutions, Inc*., 993 F. Supp. 2d 1154 (C.D. Cal. 2014) (noting inefficiency and prejudicial impact to the Class of replacing class counsel given absence of serious wrongdoing and counsel's institutional knowledge of the case). Accordingly, they should not be considered inadequate Class Counsel and should continue to represent the Class.

**IV.     Seeger Weiss and Farmer, Jaffe Should Maintain their Appointments**

Although certain firms vying to replace Class Counsel here may argue otherwise, counsel's adequacy should not be judged by the success or failure of their efforts in litigating or settling the case. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998). As the Second Circuit has recently explained, the adequacy of class counsel is not judged "by the results counsel achieves, but rather by determining whether they are 'qualified, experienced and generally able to conduct the litigation.'" *Vargas v. Capitol One Fin. Advisors,* 559 F.. Appx. 22, 26 (2d. Cir. 2014), quoting *In re Joint Eastern and Southern Dist. Asbestos Litig.,* 78 F.3d 764, 778 (2d Cir.1996) (internal quotation

4

marks omitted).  Moreover, a "mere disagreement over litigation strategy ... does not, in and of itself, establish inadequacy of representation." *Bradley v. Milliken,* 828 F.2d 1186, 1192 (6th Cir.1987).

Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983). Class counsel should only be removed where it has acted disloyally to the Class. *See Reliable Money Co., v. McNight Sales, Inc*., 704 F.3d 489 (7th Cir. 2013) (class counsel should be removed only where it engages in misconduct that prejudices the class, creates a conflict of interest or compromises the integrity of the lawsuit); *Reynolds v. Beneficial Nat'l.Bank,* 260 F. Supp. 680 (N.D. Ill. 2003) (class counsel deemed inadequate and removed following denial of settlement where it was demonstrated that class counsel had divided loyalties).  Here, Class Counsel has not engaged in such misconduct harming the Class and the Seventh Circuit's determination not to lump them in with CLG bears this out. Moreover, the Appeals Court did not upset any of this Court's other pre-settlement findings that this action satisfies the requirements of Rule 23, including the adequacy of counsel.

It cannot be disputed that Class Counsel has devoted thousands of hours litigating this case for the benefit of the class, including obtaining class certification in this Court.  *See Saltzman v. Pella Corp.,* 257 F.R.D. 471 (N.D. Ill. 2009).  They have worked with experts, taken depositions and reviewed thousands of documents.  It is clearly unwarranted, and indeed unprecedented, to replace Class Counsel merely because a settlement that they proposed – and, indeed, which this Court approved – was ultimately rejected by an appellate court.   If anything, the normal expectation is that the same class counsel will remain in place "to go back to the drawing board." *Cf. Olden v. Garner*, 294 F. App'x 210, 216, 220(6th Cir. 2008) (affirming district court's approval of settlement; noting that district court rejected same class counsel's first settlement)*; Billetteri v. Sec. Am., Inc*., 2011 WL 3585983, at *2 (S.D. Tex.Aug. 4,  2011) (in approving settlement, court discussed its rejection of first

class settlement offered by settling class counsel). In other words, in the absence of some disqualifying factor, a rejection of a settlement should not result in the removal of class counsel. *See In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 713 (E.D. Mo. 2002).

Class Counsel's knowledge, experience and resources also render them qualified to continue representing the Class. Seeger Weiss and Farmer, Jaffe have litigated dozens of class cases of this type over two decades and no court has ever deemed them inadequate class counsel. *See Sullivan v. Chase Inv. Servs. of Boston, Inc.,* 79 F.R.D. 246, 258 (N.D.Cal.1979) (in determining adequacy of counsel, appropriate to consider whether there was any prior failure to proceed in the best interests of putative class in litigation). In fact, as their resumes reveal, they have been the recipient of extremely favorable comments from courts across the country. [ECF No. 312-02; 312-03]. While the Firms' qualifications are not at issue, it is another factor that weighs in favor of their retention.

Disqualification, on the other hand, would impose a hardship on the Class. Without Seeger Weiss and Farmer, Jaffe, the class would be represented by attorneys who would have to familiarize themselves with the history of the litigation, the thousands of documents reviewed, the technical aspects of the products at issue and the intricacies involved in this case. Replacing the expertise and experience of Class Counsel would be challenging and costly, particularly given the long history of the litigation and its factual and legal complexities.[3] To disqualify them would be a "serious blow to the class's legal team, weighing against disqualification." *White v. Experian Information Sol.*, Civ. No. 05-01070, 2014 WL304270, *12 (C.D. Cal. May 1, 2014).

In conclusion, Seeger Weiss' and Farmer, Jaffe's continued representation is appropriate and in the best interest of the Class. Nothing in the record, or in the Seventh Circuit's opinion in *Eubanks*,

---

[3] Seeger Weiss is also Co-Lead Counsel in the Multidistrict Litigation currently pending in the District of South Carolina against Pella for alleged defects in the architect and designer windows series. *In Re: Pella Corporation Architect and Designer Series Windows*, MDL No. 2514 (D.S.C.). As the Court is aware, there is substantial overlap in these cases.

compels a different conclusion. In fact, replacing Class Counsel with a firm unfamiliar with the litigation at this late juncture will undoubtedly prejudice the Class.

## V. Appointment of Additional Counsel

The Court's second inquiry focused on whether another firm should be appointed to either join current Class Counsel. To that end, Class Counsel has no opposition to the appointment of one or more firms as a Co-Lead Counsel to fill void left by the Seventh Circuit's removal of CLG.

## VI. Conclusion

For all the reasons stated herein, the Court should retain Seeger Weiss and Farmer Jaffe LLP as a Lead Class Counsel and as Class Counsel, respectively.


Dated: August 26, 2014                     Respectfully submitted,


                                           /s/ Jonathan Shub

                                     Jonathan Shub
                                     **SEEGER WEISS LLP**
                                     1515 Market St.
                                     Suite 1380
                                     Philadelphia, PA 19102
                                     (215) 564-2300
                                     jshub@seegerweiss.com

                                     Steven R. Jaffe Mark Fistos
                                     **FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.**
                                     425 North Andrews Ave., Suite 2 Ft.
                                     Lauderdale, FL 33301
                                     (954) 524-2820
                                     SJaffe@pathtojustice.com

                                     **Class Counsel for the Certified Plaintiff Classes**