**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KENT EUBANK, THOMAS RIVA, WILLIAM EHORN, and NANCY EHORN, individually and as the representative of all similarly-situated persons, | ) ) ) ) | No. 06 CV 4481 |
| | ) | |
| Plaintiffs, | ) | Hon. James B. Zagel |
| v. | ) | |
| | ) | |
| PELLA CORPORATION, an Iowa Corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware Corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF APPOINTMENT OF CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

Named Plaintiffs and Class Representatives, Kent Eubank, Thomas Riva, and William and Nancy Ehorn, individually and on behalf of all others similarly situated, bring this motion for appointment of Class Counsel pursuant to Fed. R. Civ. P. 23(g) and state as follows:

### INTRODUCTION AND BACKGROUND

At the hearing on August 12, 2014, the Court posed two issues for resolution: (1) "whether any of the class counsel ought to remain in this case," and (2) "once that is decided, whether additional class counsel are needed." (Ex. 1, Hr'g Tr. at 13). For the reasons set forth below, the Class Representatives do not consent to being represented by any prior class counsel or any attorneys affiliated with prior class counsel. They have chosen as their counsel George K. Lang and the law firm of Anderson + Wanca, and these attorneys have demonstrated they are best able to represent the Class. Regarding whether additional counsel are needed, the answer is no, except that the Class representatives would not be looking out for the best interests of the Class if they did not consider Robert A. Clifford's involvement should the matter go to trial.

-1-

## ARGUMENT

I.     **No Prior Class Counsel Ought to Remain in the Case.**

Prior class counsel Jonathan Shub and Steven Jaffe are seeking to maintain control of this case. Their sole argument is that the Seventh Circuit did not expressly remove them. (Ex. 1, Hr'g Tr., Aug. 12, 2014, at 8–9). As explained below, the Seventh Circuit's opinion disqualifies all prior class counsel who advocated for the settlement, and none of the attorneys associated with the settlement should retain a role in this case. Even apart from the Seventh Circuit's opinion, there are additional compelling reasons for reaching the same conclusion, not the least of which being that the Class Representatives terminated Shub and Jaffe's services, leaving Shub and Jaffe with no named plaintiff in the case.

A.     **Prior Class Counsel Have Been Fired, and They Have no Plaintiff in the Case.**

On February 14, 2012, the Class Representatives fired all class counsel. (Doc. 255-17). On February 28, 2012, the Class Representatives moved this Court to replace class counsel. (Doc. 255). The basis for the firing and motion to replace mirror the reasons the Seventh Circuit found prior class counsel unworthy of continuing to represent the Class. *Eubank v. Pella Corp.*, 753 F.3d 718, 726 (7th Cir. 2014). The Seventh Circuit ordered *all* of Shub and Jaffe's clients "discharged" and the original Class Representatives "reinstated." *Id.* at 729. The Seventh Circuit's ruling leaves Shub and Jaffe with no plaintiff in the case. Shub and Jaffe are not seeking to intervene a new plaintiff, and they most assuredly do not represent Plaintiffs, who terminated their services.[1]

B.     **All Class Counsel, Not Just Weiss or CLG, Failed the Class.**

The Seventh Circuit held that "[c]lass counsel sold out the class" by advocating for the settlement and replacing the Class Representatives. *Eubank*, 753 F.3d at 726. That is the law of the

---

[1] On June 13, 2012, Shub withdrew as counsel for Eubank, the Ehorns, and Riva. (Doc. 268).

case, and Shub and Jaffe may not "relitigate what has already been decided." *Indianapolis Power & Light Co. v. N.L.R.B.*, 898 F.2d 524, 529 (7th Cir. 1990). Going forward, the Class deserves counsel who are free from the taint of the prior proceedings. Continued involvement from prior class counsel could jeopardize any future resolution of this case.

At the hearing on August 12, 2014, Shub and Jaffe argued the Seventh Circuit removed only Complex Litigation Group ("CLG") and Paul Weiss as class counsel and so Shub and Jaffe "remain co-lead counsel in this case." (Ex. 1, Hr'g Tr. at 8). The Seventh Circuit's opinion is much broader than that. Although the opinion singles out CLG and Weiss by name, the opinion excoriated *all* "class counsel," and mandated '"[Saltzman's] lawyers' removal" from the case. *Eubank*, 753 F.3d at 729. The opinion criticizes the "feeble efforts of class counsel led by Weiss to obtain benefits for the class (as distinct from benefits for themselves in the form of generous attorneys' fees)," *id.* at 726, and it refers specifically to Shub's firm, observing that the settlement agreement "designates still another firm as a lead class counsel as well; but the fee petition describes that firm as merely a class counsel." *Id.* at 721, 726. Shub argued when seeking preliminary approval of the settlement that he and his firm "participated in *all phases* of litigation, attended all but one mediation and participated fully in settlement" negotiations.[2] (Doc. 260 at 3). He cannot now argue he is not one of the "class counsel" referred to by the Seventh Circuit.

In fact, the Seventh Circuit's opinion carefully distinguishes between "lead class counsel" and "class counsel." *Compare Eubank*, 753 F.3d at 721 ("is a lead class counsel too," "[r]ealistically *he* was the lead class counsel"); *id.* at 722 ("as long as his son-in-law was lead class counsel"). *id.* at 723 ("improper for lead class counsel to be the son-in-law"); *id.* at 724 ("family

---

[2] Shub also argued that, in order for Lang's objections to have merit, "over a dozen people would have to be found by this Court to be scoundrels who have compromised legal judgment and a shocking ethical violation." (Doc. 260 at 3). As it turns out, it was the Seventh Circuit, and not this Court, that made this determination. *Eubank*, 753 F.3d at 726 (finding the settlement "scandalous").

relationship between the lead class representative and the lead class counsel," "selected by the conflicted lead class counsel); *id.* at 728 ("father-in-law of the lead class counsel"); *with id.* at 721 ("describes that firm as merely a class counsel," "among the class counsel"); *id.* at 723 ("fees to class counsel," "as distinct from class counsel," "class counsel to receive its entire award of attorneys' fees up front"); *id.* at 726 ("Class counsel sold out the class"); *id.* at 727 ("class counsel would incur"); *id.* at 728 ("selected by class counsel"). When the Seventh Circuit held "[c]lass counsel sold out the class" it was not referring solely to Weiss; it meant all class counsel, including Shub and Jaffe. Neither attorney may continue representing the Class under these circumstances.

### C.  Prior Class Counsel are Conflicted Out of Representing the Class.

Under Local Rule 83.50, the conduct of lawyers before this Court is governed by the ABA Model Rules. Under ABA Model Rule 1.2(a), an attorney must abide by a client's decision whether to settle a matter. Instead of following that rule when the Class Representatives rejected the settlement, Shub and Jaffe replaced them with more compliant representatives. *Eubank*, 753 F.3d at 722. That alone creates an irreparable conflict.

The record is indisputable that Shub and Jaffe supported the "defrocking" of the Class Representatives and defended the terms of the settlement. Not once did either undertake their independent fiduciary obligations to the Class and work to make the settlement stronger in light of their objections. Once before the Seventh Circuit, Shub and Jaffe even filed a motion to dismiss the Class Representatives' appeal for lack of standing, arguing that they were "made whole" by the settlement and so they had nothing to complain about. (*Eubank v. Pella*, No. 13-2091 (7th Cir.), Doc. 32 at 2–7). The Seventh Circuit denied this motion as so "frivolous" it would be sanctionable had it not been so ill-conceived that "little time was spent on it" by anyone. *Eubank*, 753 F.3d at 729. Shub and Jaffe are materially adverse to Plaintiffs. They cannot represent them or the Class.

Under ABA Model Rule 1.16(a)(3) and (7), when a lawyer is "discharged" or there is other "good cause," the lawyer must "withdraw from the representation." Instead of following this rule, Shub and Jaffe argue they continue to represent the Class Representatives, going so far as filing pleadings with this Court purportedly on their behalf. (*See* Doc. 459, ECF notice indicating "filers" included Eubank, the Ehorns, and Riva). The ethical rules prohibit this. No court can force a client to be represented by counsel that client has fired.

Under Model Rule 1.7(a)(2), an attorney is conflicted where the representation would be "materially limited" by "a personal interest of the lawyer." Here, Shub and Jaffe are conflicted based on the potential for litigation against them by the Class. Lawsuits against class counsel for breaches of fiduciary and ethical duties are not without precedent. *See, e.g.*, *Cont'l Cas. Co. v. Law Offices of Melbourne Mills, Jr., PLLC*, 676 F.3d 534 (6th Cir. 2012); *Huber v. Taylor,* 469 F.3d 67 (3d Cir. 2006) (suing class counsel for breach of fiduciary duty); *Achtman v. Kirby, McInerney & Squire, LLP*, 2005 WL 2277719 (2d Cir. Sept. 19, 2005); *Pigford v. Veneman*, 292 F.3d 918, 926 (D.C. Cir. 2002) (remedy is to sue class counsel for malpractice); *Kamilewicz v. Bank of Boston Corp.*, 100 F.3d 1348 (7th Cir. 1996); *Durkin v. Shea & Gould*, 92 F.3d 1510 (9th Cir. 1996); *Diaz v. Sheppard*, 85 F.3d 1502 (11th Cir. 1996); *Johnson v. Nextel Commc'ns, Inc.*, 293 F.R.D. 660 (S.D.N.Y. 2013); *Hays v. Pearlman*, 2010 WL 4510956 (D. S.C. Nov. 2, 2010) (denying motion to dismiss putative class plaintiffs' professional malpractice, breach of fiduciary, and negligent misrepresentation claims); *City of Dubuque v. Iowa Trust*, 519 N.W.2d 786 (Iowa 1994); *Janik v. Rudy, Exelrod & Zieff*, 119 Cal. App. 4th 930 (Cal. Ct. App. 1st Dist. 2004); *Smith v. McCleskey, Harriger, Brazill, & Graf, L.L.P.*, 15 S.W.3d 644 (Tex. App. 2000). Because prior class counsel currently stand in conflict with the Class, they are prohibited from further representation.

In sum, the Seventh Circuit remanded for "further proceedings in conformity with this opinion." *Eubank*, 753 F.3d at 729. Conformity with the opinion requires that all prior class counsel be removed from the case.

## II.    The Class Representatives' Counsel are Best Able to Represent the Class, and No Additional Class Counsel are Needed at this Time.

Rule 23(g)(2) states that where "more than one adequate applicant" seeks appointment as class counsel, the court "must appoint the applicant best able to represent the interests of the class." Typically, this determination is made shortly after a case is filed. Here, an uncommon scenario has presented itself where the Class is certified and a settlement is reversed on appeal with an order requiring new class counsel. Five firms or groups are vying for leadership. Two have been involved in the case from the beginning, and three are newcomers. Against this backdrop, this Court must determine which group or groups is best able to represent the class. *See Zawikowski v. Beneficial Nat'l Bank*, 2000 WL 1051879, at *6 (N.D. Ill. July 28, 2000) (holding this Court is charged with protecting the interests of class members, not class counsel). If the newcomers' motions to intervene are denied, which the Class Representatives argue the Court should do in a separate brief, then the Court need not consider them. If the Court analyzes the Rule 23(g) factors, a careful comparison shows that the Class Representatives' counsel have demonstrated they are best able to represent the Class and that there is no need for additional counsel at this time.

### A.    The Competing Groups

The following are the firms or groups that have asked to represent the Class, along with their respective clients:

| Firm or Group | Client(s) | Referenced Name |
|---|---|---|
| George Lang and Anderson + Wanca | Kent Eubank, William and Nancy Ehorn, Thomas Riva | "Class Representatives' Counsel" |

| Jonathan Shub and Steve Jaffe | None | "Prior Class Counsel" or "Shub / Jaffe" |
| Daniel Bryson and Edward Eshoo | Ron Nolte | "Nolte Counsel" |
| Robert Clifford and John Yanchunis | Richard Crampton | "Crampton Counsel" |
| Kenneth Wexler and Daniel Gustafson | Katherine Howe | "Howe Counsel" |

Based on the 23(g) papers submitted and the statements made by counsel before the Court on August 12, 2014, the following table illustrates how the five groups compare with regards to the Rule 23(g) factors ("√" is counsel's own point "(√)" is a conceded point):

| Rule 23(g) Cite and Characteristic | Class Representative's Counsel | Prior Class Counsel | Nolte Counsel | Crampton Counsel | Howe Counsel |
|---|---|---|---|---|---|
| 23(g)(1)(A)(i) – the work counsel has done in identifying or investigating potential claims in the action | Investigated the case; initiated challenge to the settlement | Claims this factor, but much of the work was done by Lang | | Claims this factor, but provides no dates or details (Doc. 427 at 3) | Argues this factor is "less pertinent than in many cases." (Doc. 447 at 5). |
| 23(g)(1)(A)(ii) – experience in class actions, other complex litigation, and types of claims asserted | √ | √ | √ | √ | √ |
| 23(g)(1)(A)(iii) – counsel's knowledge of the applicable law | √ | √ | √ | √ | √ |
| 23(g)(1)(A)(iv) – the resources that counsel will commit to representing the class | √ | (√) | √ | (√) | √ |

| 23(g)(1)(B) –any other matter pertinent to ability to fairly and adequately represent the class | Overturned the settlement; ousted class counsel | Participated in inequitable settlement | | | |
|---|---|---|---|---|---|
| Pella Architect and Designer series MDL | √ - being brought into the MDL by Shub | √ | √ | | |
| Number of attorneys | 8 | (√) | 12 | (√) | (√) |
| Trial experience | √ - class action trial experience | | | √ | |
| Have litigated this case | √ | √ | | | |
| Record of Protecting the interests of the Class | √ | | | | |
| Represents the Class Representatives appointed by the Seventh Circuit | √ | | | | |

As demonstrated above, each group has the ability and resources to be class counsel. The other factors, however, weight overwhelmingly in favor of appointing the Class Representatives' counsel, George Lang and Anderson + Wanca, as class counsel.

**B.      The Class Representatives' Counsel are Best Able to Represent the Class.**

Under Fed. R. Civ. P. 23(g)(1), in identifying counsel best able to represent the class, the Court must consider four factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly

and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Under these

factors, George Lang and Anderson + Wanca are best able to represent the Class.

### 1.    Work identifying or investigating the case.

Lang was responsible for identifying and investigating the claims in this suit before it was

filed in 2006. He was instrumental in conducting discovery and drafting the pleadings. He has

performed more of the work on this case than any other single attorney. The Seventh Circuit

recognized Lang's contributions to the case, holding he had no conflict in continuing to represent

the Class Representatives given his "substantial familiarity with the prior proceedings, the fruits of

discovery, [and] the actual potential of the litigation." *Eubank*, 753 F.3d at 722. The court held

Lang should continue his representation in this case because "when an action has continued over

the course of many years, the prospect of having those most familiar with its course and status be

automatically disqualified whenever class members have conflicting interests would substantially

diminish the efficacy of class actions as a method of dispute resolution." *Id.* at 723.

Anderson + Wanca came into the case when it joined Lang in objecting to the settlement

before this Court. Since then, the firm has worked closely with Lang in briefing the appeal, which

entailed an enormous amount of work considering the multiple briefs and motions to dismiss from

prior class counsel. Anderson + Wanca attorney David Oppenheim argued the appeal on April 22,

2014. Although the first Rule 23(g)(1) factor normally concerns pre-suit activities, in this situation

these factors apply equally to investigating and pursuing the challenge to the settlement. Assuming

each competing group investigated their "own" case, all firms are equal, but when factoring in the

main case filed in 2006 *and* the challenge to the settlement, the Class Representatives' counsel

stand alone. No other firm can come close to the work and commitment that George Lang and

Anderson + Wanca have done for the benefit of the Class.

## 2.    Counsels' Class Action Experience.

George Lang has a demonstrated track record of litigating complex class actions throughout the country, and has been appointed as lead counsel or in other leadership positions in numerous class actions, such as *In re LG Front Load Washing Machine Class Action Litig.*, No. 2:08-cv-00051 (D.N.J.); *In re Whirlpool Corp. Front Loading Washer Prods. Liability Litig.*, No. 1:08-wp-6500, MDL No. 2001 (N.D. Ohio); and *Butler v. Sears, Roebuck & Co.*, No. 06 C 7023 (N.D. Ill.). Lang is also the originator of this case, having the largest individual attorney lodestar and performing a substantial amount of work in this action, including obtaining class certification, which was affirmed by the Seventh Circuit, *Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010), and was involved in defeating Pella's petition for writ of certiorari, *see Pella Corp. v. Saltzman*, (U.S. Jan. 18, 2011). (*See* Doc. 255-17). These facts alone demonstrate Mr. Lang's qualifications as class counsel.

Lang has associated with Anderson + Wanca to litigate this case, giving the team a combined eight attorneys at its disposal. Anderson + Wanca is one of the leading firms in the country in prosecuting consumer class actions, including under the Telephone Consumer Protection Act of 1991, having filed and settled more of these cases than any other two firms combined. (*See* Ex. 2, Anderson + Wanca Firm Resume). Anderson + Wanca attorneys bring a wealth of experience in all types of class actions, including consumer fraud, ERISA, securities fraud, and civil rights. Anderson + Wanca has been appointed class counsel in over 100 class action cases and maintains dedicated discovery, briefing, settlement, trial, and appellate teams. Anderson + Wanca is also one of the few firms to have substantial class action trial experience, having recently tried *Mixon v. Taylorville Chiropractic Clinic*, No. 09 L 0509 (Cir. Ct. St. Clair Cty., Ill.) (awaiting verdict), and *Reliable Money Order, Inc. v. McKnight Sales Co.*, No. 10-C-242

(E.D. Wis.) (judgment for defendant). It has settled several cases after trial has begun, including *CE Design v. Cy's Crab House N., Inc.*, No. 07 C 5456 (N.D. Ill.) (Kennelly, J.), as well as many cases that settled on the eve of trial, *e.g.*, *C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 13-80561 (S.D. Fla.). There is no aspect of this case that Lang and Anderson + Wanca cannot handle.

### 3. Counsels' Knowledge of the Law.

The institutional knowledge of this eight-year-old case is known best by one person: Lang. As the transcripts and documents submitted for certification reveal, Lang attended more depositions, reviewed more documents, and was at more home inspections than any other attorney. The participation of Shub/Jaffe combined is less than that of Lang alone. In comparison, Nolte Counsel, Crampton Counsel, and Howe Counsel will all be required to learn the case anew.

### 4. Counsels' Resources Devoted to the Case.

Lang and Anderson + Wanca have more than adequate resources ready to devote to the case. Their combined eight attorneys are highly experienced. Glenn Hara is the second-most junior attorney, and he has been practicing class action law almost exclusively (both for plaintiffs and defendants) for over 10 years. (*Id.*) Anderson + Wanca has a support staff of eight, including three paralegals. Anderson + Wanca has significant financial resources at its disposal, and has already designated a working group of four attorneys to get on with the business of litigating this case against Pella, in accordance with the Seventh Circuit's mandate.

### 5. Other pertinent matters.

This is an unusual case presenting several "other matters" pertinent to the leadership decision under Rule 23(g)(1)(B), all of which weigh heavily in favor of appointing Lang and Anderson + Wanca. Differences between the competing groups emerge when considering (1) the record of protecting the interests of the Class in this case, (2) counsels' involvement in the MDL

proceedings, (3) protection against objectors in the future, (4) current conflicts with the Class, (5) whether counsel are authorized to represent the Class Representatives, and (6) whether applicants have incorporated the Seventh Circuit's rulings in their bid for leadership.

### (a)      Record of Protecting the Interests of the Class in This Case

Of the competing groups, up to the point of settlement only Lang and Shub/Jaffe were involved in this case. Their respective records of protecting the interests of the Class are equal up to that point. But once the settlement was near final the record shows that Lang alone, and later with the assistance of Anderson + Wanca, acted to protect the interests of the Class. Prior class counsel "sold out" the Class. Each of the other four competing groups would need to add Class Representatives' counsel to their roster to meet this criteria. For this factor, Class Representatives' counsel do not need any other group.

### (b)      Involvement in the MDL Proceedings

Plaintiffs' First Amended Complaint ("FAC") alleges claims regarding Pella's ProLine Series, Architect Series, and Designer Series. (Doc. 20, FAC ¶¶ 53, 56–57). Prior class counsel stripped out the Architect and Designer Series claims in the Third Amended Complaint in order to implement the settlement.[3] Then they and others began filing Architect and Designer cases, many of which are now consolidated in the District of South Carolina by the MDL Panel. Consideration of the Pella Architect and Designer MDL must begin with how that MDL came about. Consideration of how the MDL came about must begin with a finding this Court made in *Williams v. Balcor Pension Investors,* 150 F.R.D. 109, 120 (N.D. Ill. 1993), when in discussing inadequacy of counsel this Court agreed with Judge Rovner and found the filing of a "duplicative" action was

---

[3] There was a proposed Second Amended Complaint (Doc. 245), but it was never filed and the request for leave was denied as moot on September 24, 2012, after prior class counsel proposed the Third Amended Complaint with the replacement class representatives to effectuate the settlement.

"a blatant example of forum shopping" and did "no more than squander the resources of the parties, their counsel, and the judiciary."

### (i)      Origination of the MDL – Weiss, Leon, Shub, Bryson

But for the acts of prior class counsel (Shub, Jaffe, Weiss, Leon, etc.) the Architect and Designer windows would have been part of the *Eubank* case without interruption. Instead, class counsel (Shub, Jaffe, Weiss, Leon, etc.) "threw out" the Architect and Designer claims of Eubank, the Ehorns, and Riva, the "defrocked" Class Representatives. The briefs and arguments before the Seventh Circuit clearly showed the "defrocked" Class Representatives wanted to continue to prosecute those claims. The Seventh Circuit rejected the settlement *and* held "the plaintiffs named in the third amended complaint, whom that agreement caused to be substituted for the original named plaintiffs (other than Saltzman), must be discharged and the four original named plaintiffs (whom we've called the "defrocked" plaintiffs) reinstated." *Eubank,* 753 F.3d at 729. That means the FAC is the operative complaint, covering all three Pella lines.

Knowing this scenario was likely to play out if they lost the appeal of the settlement, Shub, Weiss, Leon, and Bryson began "loading up" Architect and Designer cases to gain control of those cases. Shub, Weiss, Leon, and Bryson were all involved in the early stages of the MDL while Eubank, the Ehorns, and Riva were seeking reinstatement of their Architect and Designer claims in the Seventh Circuit. Shub, Weiss, Leon, and Bryson used the obvious MDL stacking offense of piling complaint upon complaint to shore up their leadership position in the MDL. The problem here is that the prior representation of the *Saltzman* class was unethical.

It was only after Shub and Leon and the remaining class counsel in the *Eubank / Saltzman* case "defrocked" the Class Representatives that they began filing Architect and Designer complaints "on top of" their own *Eubank / Saltzman* case. Bryson was also aware of the *Eubank /*

*Saltzman* case and actively participated with Shub in filing over the *Eubank / Saltzman* case. The MDL would not have come about but for the participation of Weiss and Leon who were specifically removed from this case. These acts are even worse than the acts cited in the *Balcor Pension* case.

(ii)    **MDL Lead Counsel's August 7 Motion to Transfer the *Eubank* case to the MDL – Which They Failed to Disclose to this Court at the August 12 Hearing**

On August 12, 2014, Shub and Bryson represented themselves to the Court as co-lead counsel in the Pella Architect and Designer MDL. (Ex. 1 at 6, 8). What Shub and Bryson failed to disclose is that on August 7, 2014, five days earlier, they filed a Notice of Potential Tag-Along Action with the MDL seeking to transfer <u>this case</u> to the District of South Carolina. (Ex. 3). Candor and honesty, as well as an obligation to this Court and the Class, should have required Shub and Bryson to disclose that they were seeking to move this case from this Court to another jurisdiction at the August 12 hearing. Class Representatives' counsel did not learn about the effort to move this case until later on August 12, when the MDL entered a conditional transfer order ("CTO").

The Class Representatives' response to the CTO is due September 3, 2014. Shub and Bryson's motion to transfer now makes the Class Representatives participants in the MDL. The MDL issues will be addressed in that forum, but the conduct of Shub and Bryson in seeking to move this case to another jurisdiction without informing the Court should not be ignored.

(c)    **Protection Against Objectors in the Future**

Given the scathing *Eubank* opinion, anyone associated with removed class counsel who has a leadership role in this case would become a liability when defending any future resolution of this case, particularly another settlement. It is easily foreseeable that objectors of all types could seize upon any hint of such a tainted relationship to argue that the Class was "sold out" for yet a

second time—no matter how favorable the settlement terms might be for the Class. Anyone who participated in the prior settlement and/or is associated with removed class counsel would be an easy target to criticize a settlement and should not be allowed to remain in the case.

### (d)    Current Conflicts With the Class

Because of their prior unethical conduct, Shub and Jaffe currently stand in conflict with the Class. (*See* Section I, above). Moreover, as an active participant along with Weiss, Leon, and Shub in the MDL, and in dozens of other cases, Bryson too stands in conflict with the Class. These current conflicts are a liability to representing the Class and the Class Representatives. Instead of protecting the interests of the Class, these individuals have put their own interests first, going so far as to hide their act of seeking to transfer this case from this Court.

The relationship between Weiss, Shub, and Bryson is extensive. Weiss and Shub have been on over fifty cases together, and Shub testified as a character witness for Weiss at his ARDC hearing. Bryson is on two Pella complaints with Shub, and Shub is on three Pella complaints with Weiss. As Shub explained at the August 12 hearing, he and his firm "have a special relationship with Mr. Bryson's firm" due to their work in the Pella MDL. (Hr'g Tr. at 8). This "special relationship" is a not a reason to allow Bryson's firm into this case. It is a reason to exclude that firm because, at the least, its involvement would create an appearance of impropriety that could jeopardize any future resolution of the case.

### (e)    Current Representation of the Class Representatives

Only the Class Representatives' counsel represent the individuals the Seventh Circuit assigned as Class Representatives. On this factor the Class Representatives' counsel will not need to add any counsel to their roster, and all other competing counsel will need to add counsel to their roster to meet this criteria.

-15-

**(f)      Failure to Incorporate the Seventh Circuit's Rulings**

None of the motions or arguments, except those of Class Representatives' counsel,

recognize the full extent of the rulings in the *Eubank* opinion. Prior class counsel, Nolte Counsel,

Crampton Counsel, and Howe Counsel all overlook that Eubank, the Ehorns, and Riva are the

Class representatives. They all overlook that the Seventh Circuit went out of its way to find that

their counsel, Lang, was free of conflicts and stood in a knowledgeable position to represent the

Class. Not one of those four competing groups reached out or even considered the Class

Representatives and their counsel as participating in this case going forward prior to filing their

motions.

**C.      No Additional Class Counsel are Needed at this Time.**

Given the combined resources of Lang and Anderson + Wanca, there is no need for

additional class counsel at this time. However, Class Representatives' counsel concede they must

consider the skills and trial record of Crampton's counsel, Robert A. Clifford. Should this case

appear as if it will go to trial, which remains the exception in class actions, having Mr. Clifford on

the trial team would be a plus. It would be a disservice to the Class to not take advantage of Mr.

Clifford's skill set in a trial, provided he was interested. That recognition, though, does not

translate into a concession that Crompton's Counsel deserves a lead counsel position in the case.

Similarly, there is no need for appointment of liaison counsel, as requested by Nolte

Counsel. (Doc. 434). The Class Representatives' counsel are located in the Chicago area, and Lang

has attended nearly every status and hearing in this case since it was filed. Liaison counsel will be

unnecessary.

## **CONCLUSION**

Prior class counsel want to proceed as if nothing happened, and the newcomers want to proceed as if the case was just filed. But this case presents a unique situation where years of litigation provides a record of one counsel's consistent dedication to the Class. The Seventh Circuit recognized the important role the Class Representatives and their counsel played in protecting the interests of the Class in this case, and the Seventh Circuit expects them to get on with litigating the case against Pella. The Court should appoint George K. Lang and Anderson + Wanca as class counsel and set a scheduling conference where the parties can discuss a schedule for moving forward.

Respectfully submitted,

 /s/ Glenn L. Hara

Glenn L. Hara
David M. Oppenheim
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Fax: (847) 368-1501
ghara@andersonwanca.com
doppenheim@andersonwanca.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 27, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ Glenn L. Hara

Glenn L. Hara
David M. Oppenheim
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ghara@andersonwanca.com
doppenheim@andersonwanca.com