IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEIMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others similarly situated; | No.: 06 C 4481 |
| Plaintiffs, | Honorable Sharon Johnson Coleman |
| v. | Class Action |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

**PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF NOTICE PLAN, APPOINTMENT OF NAMED PLAINTIFFS AS REPRESENTATIVES OF SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AS COUNSEL FOR SETTLEMENT CLASS, AND RELATED RELIEF**

In accord with Federal Rule of Civil Procedure 23(e), named Plaintiffs, Kent Eubank, Jerry Davis, Ricky Falaschetti, Rita Cicinelli, Robert Josephberg, Jeffrey Acton, Kenneth Hetchman, James Neiman, Amy Chasin and Edward Ruhnke, on behalf of themselves and others similarly situated ("Plaintiffs"), through their undersigned counsel and without opposition by Defendants, move the Court for (1) the preliminary approval of a nationwide class action settlement, (2) the conditional certification of a settlement class, (3) the approval of the proposed notice plan, (4) the appointment of the named Plaintiffs as representatives of the settlement class, (5) the appointment of the undersigned Class Counsel as counsel of the settlement class, and (6) related relief. A written and fully executed Settlement Agreement ("Settlement" or "Settlement Agreement" or "Agreement") is attached as Exhibit 1 to Plaintiffs' Memorandum of Law in

Support of this Motion ("Plaintiffs' Memorandum of Law"), which Plaintiffs submit concurrently with this Motion.

As explained in more detail in Plaintiffs' Memorandum of Law, the Settlement provides substantial relief to thousands of consumers who own or owned homes or structures containing allegedly defective Pella ProLine brand wood casement, awning and/or transom windows manufactured by Pella Corporation between 1991 and 2009 ("Pella ProLine Casement Windows"). If approved, the Settlement creates a common fund of $25,750,000 to compensate prior and current owners of such structures for damages they have incurred or will incur to replace or repair eligible water-related damage to or from their Pella ProLine Casement Windows. Additionally, the Settlement provides Defendants will separately pay expenses related to effectuating and providing notice to the class in accord with the proposed settlement notice plan and, separately, will pay up to $9,000,000 for Plaintiffs' attorneys' fees, costs, and expenses, as approved by the Court.

The proposed notice plan is robust and targeted to reach at least 80% of likely class members throughout the country on average two times each, and the claim form and the claims process are simple and efficient. In exchange for these substantial benefits, members of the settlement class will provide Defendants with a release of their claims.

Therefore, Plaintiffs request that the Court issue an order substantively similar to the proposed Preliminary Approval Order, attached hereto as **Exhibit 1** ("Preliminary Approval Order"), which: (1) preliminarily approves the proposed settlement as fair, adequate, and reasonable; (2) conditionally certifies the settlement class for settlement purposes; (3) approves the proposed notice plan and related notices and forms; (4) appoints the named Plaintiffs as representatives of the settlement class; (5) appoints the undersigned Class Counsel as counsel for

the settlement class; (6) approves the procedures in the Settlement for settlement class members to opt out of the settlement class and to object to the proposed settlement; and (7) schedules a fairness and final approval hearing.

More specifically, Plaintiffs, without objection from Defendants, request that the Court enter a Preliminary Approval Order that affords the following relief:[1]

1. Preliminarily approves the Settlement and finds that the Agreement is fair, reasonable, and adequate to the Settlement Class.

2. Conditionally certifies the Settlement Class for the purpose of effectuating the Settlement.

3. Designates Named Plaintiffs as the representatives of the Settlement Class.

4. Designates Class Counsel as counsel for the Settlement Class.

5. Sets a date for the Final Approval Hearing no later than 210 Days after the entry date of the Preliminary Approval Order.

6. Regarding Class Notice,

    a. approves the form and content of the Class Notice attached as Exhibit 2 to the Agreement;

    b. directs the Notice and Settlement Administrator to mail the Class Notice no later than thirty (30) Days of the entry of the Preliminary Approval Order to all Settlement Class Members for whom the parties have addresses, using first-class mail, and having first updated the addresses using the National Change of Address database;

    c. directs the Notice and Settlement Administrator to post the Class Notice and the Agreement, along with other documents as agreed to by the Parties, on a

---

[1] The requested relief tracks the defined terms in Sections II and VII of the Settlement.

3

      website with the domain name "www.pellawindowsettlement.com" within ten (10) Days of the entry of the Preliminary Approval Order;

  d. directs the Notice and Settlement Administrator to prepare a notice for publication, to be published within forty-five (45) Days of entering the Preliminary Approval Order in publications that the Parties and the Notice and Settlement Administrator mutually agree.

  e. directs the Notice and Settlement Administrator to file proof of mailing of the Class Notice and proof of compliance with the Notice Plan at or before the Final Approval Hearing, along with the Opt-Out List;

  f. directs Defendants to file with the Court a declaration of compliance with the notice requirements, including the CAFA notice requirements, after notice has been given; and

  g. finds the Class Notice and the Notice Plan implemented under the Agreement is reasonable, constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the matters stated in said notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

7. Regarding requests for exclusion, or "opt-outs", requires that:

  a. Any member of the Settlement Class who desires to request exclusion from the Settlement Class submit to the Notice and Settlement Administrator an appropriate, complete, and timely request for exclusion or opt-out on or before a date set by the Court that is 120 Days from the entry date of the Preliminary Approval Order;

4

    b. Any request for exclusion or opt-out be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such exclusion request may be submitted by a Settlement Class Member's attorney on an individual basis;

    c. Any Settlement Class Member who does not submit a timely, written request for exclusion or opt-out from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit.

8. Regarding objections and requests to intervene, requires that:

    a. Any Settlement Class Member that has not submitted a timely request for exclusion from the Settlement Class, and each governmental entity, that wishes to object to the fairness, reasonableness, or adequacy of the Agreement or any term or aspect of the proposed Settlement, or to intervene in the Lawsuit, must provide to the Notice and Settlement Administrator (who shall forward it to Lead Class Counsel and counsel for Defendants) and file with the Court no later than 120 Days from the entry date of the Preliminary Approval Order a statement of the objection or motion to intervene, including any support the Settlement Class Member or governmental entity wishes to bring to the Court's attention and all evidence the Settlement Class Member or governmental entity wishes to introduce in support of his or her objection or motion, or be forever barred from objecting or moving to intervene. Such a statement must (1) be made in writing, including a heading that refers to the

5

    Lawsuit by name and number; (2) contain the objector's or putative intervener's full name and current address; (3) declare that the objector or putative Settlement Class Member intervener currently owns, or formerly owned, a Structure containing a Pella ProLine Casement Window(s); (4) provide a statement of the objector's or intervener's specific objections to any matter before the Court and the grounds and arguments for the objection or request to intervene; (5) include all documents and other writings the objector wishes the Court to consider and describe any and all evidence the objecting or intervening Settlement Class Member or governmental entity may offer at the Final Approval Hearing, including but not limited to, the names and expected testimony of any witnesses; (6) be signed and dated by the objector, and (7) be filed with the Court and served on the Notice and Settlement Administrator, Lead Class Counsel, and counsel for Defendants on or before a date set by the Court that is no later than 120 Days from the entry date of the Preliminary Approval Order.  Any papers not filed and served in the prescribed manner and time will not be considered at the Final Approval Hearing, and all objections not made in the prescribed manner and time shall be deemed waived;

b. Any Settlement Class Member who objects or requests to intervene shall make themselves available to be deposed by Class Counsel and counsel for Defendants in the county of the objector's or putative intervener's residence within thirty (30) Days of service of his or her timely written objection or motion to intervene;

    c. Any objections or requests to intervene by a Settlement Class Member must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such objections or requests may be submitted by a Settlement Class Member's attorney on an individual basis;

    d. Any member of the Settlement Class or governmental entity, or their respective counsel, that desires to appear in person at the Final Approval Hearing for purposes of objecting to the Settlement or intervening in the Lawsuit, file with the Court and serve on Lead Class Counsel and counsel for Defendants a notice of appearance in the Lawsuit, in addition to simultaneously filing and serving with the written objections or intervention requests described above that also contains a statement of desire to appear personally at the Final Approval Hearing for purposes of objecting to the Settlement, on or before a date set by the Court that is no later than 120 Days from the entry date of the Preliminary Approval Order;

    e. Any responses to objections or motions to intervene must be filed with the Court and served upon Lead Class Counsel and counsel for Defendants on or before a date set by the Court that is no later than 180 Days from the entry date of the Preliminary Approval Order;

9. Regarding attorneys' fees, costs and expenses, requires that:

    a. Lead Class Counsel, Class Counsel, any Settlement Class Member's counsel, and/or law firms who have entered appearances for Settlement Class Members

or Named Plaintiffs, must file and serve their Application(s) on or before a date set by the Court that is no later than 90 Days from the entry date of the Preliminary Approval Order;

b. Any objection to Lead Class Counsel's, Class Counsel's and any Settlement Class Member's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs' Application(s) be filed with the Court and served on Class Counsel and counsel for Defendants on or before a date set by the Court that is no later than 120 days from the entry date of the Preliminary Approval Order;

c. Lead Class Counsel, Class Counsel, any Settlement Class Member's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs must file and serve any reply in support of their Application(s) on or before a date set by the Court that is no later than 150 days from the entry date of the Preliminary Approval Order;

10. Regarding Settlement Claims, requires that all Claim Forms for damage up to the Claim Deadline must be either received by the Settlement Administrator or postmarked on or before the Claim Deadline set by the Court;

11. Designates Kurtzman Carson Consultants LLC ("KCC") or a similarly qualified firm as the Notice and Settlement Administrator and instructs the Notice and Settlement Administrator to perform the functions specified in the Settlement Agreement, including:

a. Implement the Notice Plan;

b. Provide Lead Class Counsel and Defendants with copies of the Claim Form and supporting documentation submitted with each Settlement Claim upon request within five (5) Days after determining that the Claim Form was fully and properly submitted;

c. Review and take into consideration any timely submitted objections before making a good-faith determination on whether and to what extent the Settlement Class Member has established Eligible Damage and entitlement to benefits under the terms of the Agreement;

d. Receive, evaluate, and either approve as meeting the requirements of the Agreement or disapprove as failing to meet those requirements, Claim Forms sent by Settlement Class Members seeking to receive benefits provided for in the Agreement, all in accordance with the Agreement;

e. Provide to Defendants and Lead Class Counsel respectively true and accurate lists of the names and addresses of all Settlement Class Members who have submitted Claim Forms and whose Claim Forms the Notice and Settlement Administrator has determined to be (i) complete and valid or (ii) incomplete or invalid;

f. Send to each Settlement Class Member who has submitted a Claim Form that the Notice and Settlement Administrator has determined not to be a valid Settlement Claim, and to Lead Class Counsel and Defendants' counsel, a Notice of Denied Claim;

g. Send to each Settlement Class Member who has submitted a Claim Form that the Notice and Settlement Administrator has determined to be a complete and

      valid Settlement Claim for which the appropriate relief is determined under the terms of the Agreement, a Notice of Approved Claim;

  h.  Process requests for exclusion from the Settlement in accordance with the terms of the Agreement;

  i.  Before mailing the Class Notice establish a toll-free telephone number that Settlement Class Members can call and which contains recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box, to request additional Claim Forms or additional information regarding the Settlement; and

  j.  Within thirty (30) Days after the payment of valid Settlement Claims for monetary compensation by the Notice and Settlement Administrator, provide (i) to Defendants' counsel and Lead Class Counsel a statement of the total number of Settlement Claims submitted, the total number of Settlement Claims determined to be valid, the total dollar amount paid to Settlement Class members pursuant to the Agreement, the total dollar amount paid to Settlement Class Members for each category of benefits for both sash and full units (product, installation, finishing, other property) and (ii) to Defendants' counsel all original Claim Forms and supporting documentation for each Settlement Claim determined to be valid pursuant to the Agreement, with a copy set to Lead Class Counsel.

12. Regarding Extended Period Claimants who have Eligible Damage and otherwise meet the eligibility criteria of the Settlement Agreement and who seek relief as provided under Fund B of the Settlement Agreement within the Extended Claims

10

Period, approves Defendants to take steps that provide Settlement Class Members who contact Pella Customer Service Department at 888-977-6387, certain defined benefits under Fund B, and administer the provision of those benefits directly. During the Extended Claims period, Defendants shall be responsible for determining whether an Extended Period Claimant has experienced qualifying Eligible Damages.

13. Preliminarily enjoins all Settlement Class Members and their legally authorized representatives, unless and until they have timely and properly excluded themselves from the Settlement Class from:

   a. Filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims;

   b. Filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded his or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims; and

   c. Attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating

to or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims.

14. Adopts any additional provisions agreeable to the Parties that might be necessary to implement the terms of the Settlement.

In addition to the pleadings and papers, extensive discovery, expert reports and opinions, and other evidence in the record and argument to be presented to the Court, this motion is supported by Plaintiffs' Memorandum of Law and related attachments, filed concurrently with this motion. As noted above, a proposed order is attached as **Exhibit 1**.

DATED: February 8, 2018  Respectfully submitted,

/s/ Shannon M. McNulty
Robert A. Clifford
rac@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
(312) 899-9090

George K. Lang
langlawoffice@att.net
Lang Law Office
60 B W. Terra Cotta, No. 301
Crystal Lake, Illinois 60012
(773) 575-5848

John A. Yanchunis
JYanchunis@ForThePeople.com
Marcio W. Valladares
MValladares@ForThePeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505

Joel R. Rhine
jrr@rhinelawfirm.com
Rhine Law Firm, P.C.
1612 Military Cutoff Rd
Suite 300
Wilmington N.C. 28403
(910) 772-9960

Edward R. Moor
erm@moorlaw.net
Moor Law Office, P.C.
One N. LaSalle Street, Suite 600
Chicago, Illinois 60602
(312) 726-6207

## CERTIFICATE OF SERVICE

I certify that on February 8, 2018, a copy of the foregoing PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF NOTICE PLAN, APPOINTMENT OF NAMED PLAINTIFFS AS REPRESENTATIVES OF SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AS COUNSEL FOR SETTLEMENT CLASS, AND RELATED RELIEF was filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Shannon M. McNulty
Robert A. Clifford
rac@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
(312) 899-9090