**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEIMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others similarly situated; | No.: 06 C 4481 |
| Plaintiffs, | Honorable Sharon Johnson Coleman |
| v. | Class Action |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND
CONDITIONAL CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT**

WHEREAS Kent Eubank, Jerry Davis, Ricky Falaschetti, Rita Cicinelli, Robert Josephberg, Jeffrey Acton, Kenneth Hechtman, James Neiman, Amy Chasin and Edward Ruhnke ("Named Plaintiffs"), have moved unopposed pursuant to Federal Rule of Civil Procedure 23(e) for preliminary approval of a settlement (the "Settlement") with Defendants Pella Corporation and Pella Windows and Doors, Inc. (collectively "Defendants") in accordance

with the Settlement Agreement (Doc. 672-1) (the "Settlement Agreement"), which together with the exhibits attached thereto set forth the terms and conditions for a proposed settlement of this Lawsuit and for dismissal of this Lawsuit with prejudice upon the terms and conditions set forth therein;

WHEREAS, all defined terms herein have the same meanings as set forth in the Settlement Agreement;

**THE COURT HEREBY FINDS THAT:**

(1) With the able assistance and guidance of United States Magistrate Judge M. David Weisman, acting as the Court-appointed mediator, the Settlement Agreement has been negotiated by the parties at arms' length, is not collusive, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the proposed Settlement Class (as defined below);

(a). The Settlement Agreement provides cash benefits for some or all actual expenditures and expenses necessary to address Eligible Damage to or from Windows from Fund A of the Settlement Fund, limited to the availability of amounts provided in Fund A ($23.75 Million) as set forth in the Settlement Agreement. The cash award will be for the following four categories of costs:

  i.   The cost of the product (per window or sash);
  ii.  The cost of the installation labor (per window or sash);
  iii. The cost of finishing (per window or sash); and
  iv.  The cost to repair damage to other property.

(b). For Eligible Damage repaired or replaced within 15 years after the Date of Sale, subject to certain limitations, the Settlement Agreement provides a cash award that will be the sum of these four categories of costs. For Eligible Damage repaired or replaced more than 15 years after the Date of Sale, subject to certain

2

limitations, the cash award will be 25% of the sum of these categories.

(c). If Fund A of the Settlement is not sufficient to pay all Eligible Claimants in the full amounts stated above, Claimants shall be paid on the Claims Payment Date on a *pro rata* basis up to the available amounts in Fund A in a manner in a manner to be determined by the Notice Settlement Administrator. If there are amounts remaining in Fund A after the Notice and Settlement Administrator makes awards to the Eligible Claimants pursuant to the Settlement, the amounts shall be distributed in the following order: 1) first, to reimburse Defendants for Class Notice Expenses, 2) second, to increase the recovery, on a *pro rata* basis, of those Eligible Claimants whose claims were limited to 25% of Eligible Damages, and 3) third, in a manner directed by the Court.

(d). For Eligible Damage that manifests after the close of the Claims Period, but within the maximum period for which the Settlement provides benefits, class members may make a claim for warranty benefits and for Windows purchased before 2007 that are between 10-15 years old certain additional defined benefits to be paid from Fund B of the Settlement Fund ($2 million). If during the Extended Claims Period, Defendants provide benefits up to the total amount of Fund B, Defendants shall have no further obligation to provide further benefits to Settlement Class Members. Any unexpended amounts remaining in Fund B after the end of the Extended Claim Period shall revert to Pella.

(2) With respect to the proposed Settlement Class, this Court preliminarily finds, for purposes of effectuating the proposed Settlement, that conditional class certification is appropriate; and

(3) The Class Notice (Section 2.13 of the Settlement Agreement) and the Declaration and Notice Plan (Exhibit 2 of Settlement Agreement) are reasonable and comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this action.

**IT IS THEREFORE ORDERED THAT:**

1. The settlement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement is therefore preliminarily approved, subject to further consideration at the Final Approval Hearing described below**.**

2. Pursuant to Fed. R. Civ. P. 23, and for purposes of effectuating the proposed settlement only, the Court hereby conditionally certifies the following class (the "Settlement Class"):

> All persons in the United States who are current or former owners of Structures containing Pella ProLine® brand wood casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation between January 1, 1991 and December 31, 2009 (hereinafter "ProLine casement Windows"). The Settlement Class excludes: (1) All persons who timely opt-out of the Lawsuit pursuant to the terms of the Settlement Agreement; (2) All persons who, individually or as a member of a class, have brought legal proceedings against Defendants (other than in the Lawsuit brought by the Named Plaintiffs), which, before entry of the Preliminary Approval Order in the Lawsuit brought by Named Plaintiffs, are resolved or agreed to be resolved by settlement, judgment, release, dismissal, or other final disposition resulting in the termination of the proceedings; and (3) All of Defendants' current employees.

3. Pursuant to Fed. R. Civ. P. 23, and solely for purposes of effectuating the proposed settlement, and without any bearing on any current or future litigation, the Court preliminarily finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Lawsuit is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class, and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of the separate, individual actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Lawsuit.

4. Plaintiffs Kent Eubank, Jerry Davis, Ricky Falaschetti, Rita Cicinelli, Robert Josephberg, Jeffrey Acton, Kenneth Hechtman, James Neiman, Amy Chasin and Edward Ruhnke are designated and appointed to serve as representatives of the Settlement Class.

5. Class Counsel Robert A. Clifford, George A. Lang, Shannon M. McNulty, John A. Yanchunis, Marcio W. Valladares, Joel R. Rhine, and Edward R. Moor and their respective law firms are designated and appointed to serve as counsel for the Settlement Class ("Class Counsel").

6. A hearing (the "Final Approval Hearing") shall be held before this Court on September 14, 2018 in Courtroom 1425 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn

Street, Chicago, IL 60604, to determine whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court and to determine any amount of fees and expenses that should be awarded to counsel for any Settlement Class Member and any Service Awards to be awarded to Named Plaintiffs for their efforts in this Lawsuit and in representing the certified classes and the conditionally certified Settlement Class.

7. The Court approves, as to form and content, the Notice Plan and Class Notice attached to the Settlement Agreement as **Exhibit 2** and finds that the Class Notice and the Notice Plan to be implemented pursuant to the Settlement Agreement are reasonable, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfy the requirements of due process and of Fed. R. Civ. P. 23.

8. Kurtzman Carson Consultants LLC ("KCC") is designated and appointed as the Notice and Settlement Administrator ("Settlement Administrator") under the Settlement Agreement to implement the notice plan, including the following:

    a. No later than 10 days after the date of this Order, the Settlement Administrator shall send notice to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

    b. Before mailing the Class Notice, the Settlement Administrator shall establish a toll-free telephone number that Settlement Class Members can call and which contains recorded answers to frequently asked questions, along with an

6

option permitting callers to speak to live operators or to leave messages in a voicemail box, to request additional Claim Forms or additional information regarding the Settlement.

c. No later than ten (10) Days after the date of this Order, the Settlement Administrator shall establish an internet website with the domain name www.pellawindowsettlement.com and shall post the Class Notice, the Settlement Agreement, and a copy of this Order on the website.

d. No later than thirty (30) Days after the date of this Order, the Settlement Administrator shall mail the Class Notice to all Settlement Class Members for whom the parties have addresses, using first-class mail, and having first updated the addresses using the National Change of Address database;

e. Settlement Administrator shall cause a publication notice to be published within forty-five (45) Days of the date of this Order in the following publications: Good Housekeeping, People and Reader's Digest.

f. At or before the Final Approval Hearing the Settlement Administrator shall file proof of mailing of the Class Notice and proof of compliance with the Notice Plan, along with the Opt-Out List;

9. After Notice has been given, Defendants shall file with the Court a declaration of compliance with the notice requirements, including the CAFA notice requirements.

10. Members of the Settlement Class may request exclusion from the Settlement Class as provided in the Settlement Agreement if such Class member strictly complies with the following:

a. Any member of the Settlement Class who desires to request exclusion from the Settlement Class must submit to the Settlement Administrator an

7

appropriate, complete, and timely request for exclusion or opt-out on or before
120 Days from the entry date of this Order;

b. Any request for exclusion or opt-out be exercised individually by a Settlement
Class Member, not as or on behalf of a group, class, or subclass, not by any
appointees, assignees, claims brokers, claims filing services, claims
consultants or third-party claims organizations; except that such exclusion
request may be submitted by a Settlement Class Member's attorney on an
individual basis;

c. Any Settlement Class Member who does not submit a timely, written request
for exclusion or opt-out from the Settlement Class will be bound by all
proceedings, orders, and judgments in the Lawsuit.

11. The Settlement Administrator shall file documents with the Court reporting on the
Settlement Class Members timely and validly requesting exclusion before the Final Approval
Hearing.

12. Any Settlement Class Member that has not submitted a timely request for exclusion
from the Settlement Class, and each governmental entity, that wishes to object to the fairness,
reasonableness, or adequacy of the Settlement Agreement or any term or aspect of the proposed
Settlement, or to intervene in the Lawsuit may do so, only if undertaken in strict conformity with
the following:

a. Any Settlement Class Member and each governmental entity that wishes to
object or intervene must provide to the Settlement Administrator (who shall
forward it to Lead Class Counsel and counsel for Defendants) and file with
the Court no later than 120 Days from the entry date of this Order a statement

8

of the objection or motion to intervene, including any support the Settlement Class Member or governmental entity wishes to bring to the Court's attention and all evidence the Settlement Class Member or governmental entity wishes to introduce in support of his/her/its objection or motion, or be forever barred from objecting or moving to intervene. Specifically, the objector or putative intervenor's statement must: (1) be made in writing, with a heading that refers to this Lawsuit by name and docket number; (2) contain the objector's or putative intervenor's full name and current address; (3) declare that the objector or putative Settlement Class Member intervenor currently owns, or formerly owned, a Structure containing a Pella ProLine Casement Window(s); (4) provide a statement of the objector's or intervenor's specific objections to any matter before the Court and the grounds and arguments for the objection or request to intervene; (5) include all documents and other writings the objector or intervenor wishes the Court to consider and describe any and all evidence the objecting or intervening Settlement Class Member or governmental entity may offer at the Final Approval Hearing, including but not limited to, the names and expected testimony of any witnesses; and (6) be signed and dated by the objector or intervenor; and (7) be filed with the Court and served on the Settlement Administrator, Lead Class Counsel, and counsel for Defendants no later than 120 Days from the entry date of this Order. Any papers not filed and served in the prescribed manner and time will not be considered at the Final Approval Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.

b. Any Settlement Class Member who objects or requests to intervene shall make themselves available to be deposed by Class Counsel and counsel for Defendants in the county of the objector's or putative intervenor's residence within thirty (30) Days of service of his or her timely written objection or motion to intervene;

c. Any objections or requests to intervene by a Settlement Class Member must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such objections or requests may be submitted by a Settlement Class Member's attorney on an individual basis;

d. Any member of the Settlement Class or governmental entity, or their respective counsel, that desires to appear in person at the Final Approval Hearing for purposes of objecting to the Settlement or intervening in the Lawsuit, file with the Court and serve on Lead Class Counsel and counsel for Defendants a notice of appearance in the Lawsuit, in addition to simultaneously filing and serving with the written objections or intervention requests described above that also contains a statement of desire to appear personally at the Final Approval Hearing for purposes of objecting to the Settlement, no later than 120 Days from the entry date of this Order; and

e. Any responses to objections or motions to intervene must be filed with the Court and served upon Lead Class Counsel and counsel for Defendants no later than one hundred eighty (180) Days from the entry date of this Order.

13. Lead Class Counsel, Class Counsel, any Settlement Class Member's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs must file and serve any Application(s) for attorney's fees, costs and expenses and for Service Awards ("Motion for Fees and Service Awards") no later than 90 Days from the entry date of this Order.

14. Members of the Settlement Class shall have the right to object to any Application for attorneys' fees, and any request for Service Awards. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless, no later than 120 Days from the entry date of this Order, the Settlement Class Member files with the Clerk of Court and concurrently personally serves or mails to addresses of Class Counsel and Defendants' Counsel, an objection meeting the requirements of paragraph 12(a) of the Order, above..

15. Counsel must file and serve any reply in support of their Application for attorneys' fees and Service Awards no later than 150 days from the date of this Order.

16. The Settlement Administrator is further directed and ordered to undertake the functions specified in the Settlement Agreement, including:

    a. Provide Lead Class Counsel and Defendants with copies of the Claim Form and supporting documentation submitted with each Settlement Claim upon request within five (5) Days after determining that the Claim Form was fully and properly submitted;

    b. Receive and take into consideration any timely submitted objections before making a good-faith determination on whether and to what extent the Settlement Class Member has established Eligible Damage and entitlement to benefits under the terms of the Settlement Agreement;

11

c. Receive, evaluate, and either approve as meeting the requirements of the Settlement Agreement or disapprove as failing to meet those requirements, Claim Forms sent by Settlement Class Members seeking to receive benefits provided for in the Settlement Agreement, all in accordance with the Settlement Agreement;

d. Provide to Defendants and Lead Class Counsel respectively true and accurate lists of the names and addresses of all Settlement Class Members who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined to be (i) complete and valid or (ii) incomplete or invalid;

e. Send to each Settlement Class Member who has submitted a Claim Form that the Settlement Administrator has determined not to be a valid Settlement Claim, and to Lead Class Counsel and Defendants' counsel, a Notice of Denied Claim;

f. Send to each Settlement Class Member who has submitted a Claim Form that the Settlement Administrator has determined to be a complete and valid Settlement Claim for which the appropriate relief is determined under the terms of the Settlement Agreement, a Notice of Approved Claim;

g. Process requests for exclusion from the Settlement in accordance with the terms of the Settlement Agreement;

h. Within thirty (30) days after the payment of valid Settlement Claims for monetary compensation by the Settlement Administrator, provide (i) to Defendants' counsel and Lead Class Counsel a statement of the total number of Settlement Claims submitted, the total number of Settlement Claims

determined to be valid, the total dollar amount paid to Settlement Class members pursuant to the Settlement Agreement, the total dollar amount paid to Settlement Class Members for each category of benefits for both sash and full units (product, installation, finishing, other property) and (ii) to Defendants' counsel all original Claim Forms and supporting documentation for each Settlement Claim determined to be valid pursuant to the Settlement Agreement, with a copy set to Lead Class Counsel.

17. For Extended Period Claimants who have Eligible Damage and otherwise meet the eligibility criteria of the Settlement Agreement and who seek relief as provided under Fund B of the Settlement Agreement within the Extended Claims Period, Defendants will take steps that provide Settlement Class Members who contact Pella Customer Service Department at 888-977-6387, certain defined benefits under Fund B, which will be administered by Defendants directly and not the Notice and Settlement Administrator. During the Extended Claims period, Defendants shall be responsible for determining whether an Extended Period Claimant has experienced qualifying Eligible Damages.

18. Class Counsel shall file a Motion for Final Approval of the Settlement Agreement no later than 180 Days from the date of this Order.

19. All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, and this Order, are hereby **STAYED** and suspended until further order of this Court.

20. In aid of the Court's jurisdiction to implement and enforce the proposed settlement, and this Order, Plaintiffs and all Settlement Class Members and their legally authorized representatives, unless they have timely and properly excluded themselves from the Settlement

Class, shall be and are hereby **PRELIMINARILY ENJOINED**, during the period from the entry of this Order to the date of the Final Approval Hearing, from:

      a.   Filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims;

      b.   Filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded his or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims; and

      c.   Attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims.

21. All Claim Forms from Settlement Class Members must be either received by the Notice and Settlement Administrator or postmarked on or before the Claim Deadline.

22. The Claim Deadline is 120 Days from the date of this Order.

23. If the settlement proposed in the Settlement Agreement, this Order and the Judgment and Order contemplated by the Settlement Agreement do not receive full and final judicial

approval in all material respects, or are reversed, vacated, or modified in any material respect, then neither the Settlement Agreement, this Order, nor the contemplated Final Judgment and Order shall have any force or effect; the Parties shall be restored, without waiver or prejudice, to their respective positions immediately prior to entering into the Settlement Agreement; any conditional certification of the Settlement Class shall be vacated; the Action shall proceed as though the Settlement Class had never been conditionally certified.

24. The Court may supplement this Order as it deems necessary and appropriate, may extend any of the deadlines set forth in this Order, and may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

**IT IS SO ORDERED.**

DATED: 2/16/2018

_____

Sharon Johnson Coleman
UNITED STATES DISTIRCT JUDGE