Brasley
3N680 E Laura Ingalls Wilder Rd.
St. Charles, IL 60175

May 30, 2018

Clerk of the Court
United States District Court
Northern District of Illinois, Eastern Division
219 S. Dearborn Street
Chicago, IL 60604



FILED
JUN 19 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RE: Objection to proposed settlement

To whom it may concern:

We are objecting to the proposed 25% prorated replacement value of our defective Pella windows. Our home was built in 2003 making them 15 years old so falling into this category. We also are objecting to the limitation on types of windows in the settlement agreement. According to court documents, only casement, awning or transom windows are covered. All of our Pella windows including single hung and double hung were manufactured with the same defective trait that causes water to penetrate between the aluminum cladding and window sash resulting in damage. Therefore arguably these types of windows should be included in the settlement agreement.

Supporting our objection argument due to the percentage of relief at 25% as follows:
1) In purchasing a new home, based on historical data and trends, the average life of window should be close to 30 years. You are depreciating the full value windows at a significantly higher rate for a brand new home at 20 years.
2) Our home is currently not re-sellable at its fully assessed value due to the fact that our home has defective windows that have visible mold and damage. An inspector noted that a new homeowner would likely require the replacement cost of these windows be factored into a reasonable selling price, lowering our home value by roughly $55,000. This is equity lost. We have no other options for financial support to replace our defective windows. We even attempted submitting a claim to insurance, which was denied as insurance companies do not cover product defects or damage related them. We are in need of having to sell our home within the next year and need to have the windows replaced to get the fair market value.
3) Pella has quoted a price for replacement that works in their own profits. We, the homeowners part of the settlement class, should not be paying anything but cost back to Pella or the percentage they are offering needs to be higher, putting their profits back in to that percentage for a zero sum gain to be completely fair. Why should Pella make any profit replacing the defective windows they sold to us back in 2003?

Supporting our objection argument that single hung and double hung windows should be included in the settlement agreement:

These windows were manufactured with the same defect found in casement, awning and transom windows. Excluding these will only result in multiple additional class action lawsuits as

they have incurred the same damage found in other types of windows. This appears to be an attempt for Pella to limit their liability. The same detoriation and damage that is a result of water penetrating between the aluminum cladding and window sash is occurring in these types of windows in our home.

The life expectancy of windows in a custom-built home should be closer to 30 years, not 15 years and we would like to request that the full replacement cost of the defective windows we have submitted be replaced at 100% because of the poor product quality they installed. I have also enclosed attached a letter from our insurance Company Farmers acknowledging visible water damage to the windows and denying an eligible claim for replacement because the product damage was not caused by an act of nature.

Thank you.

Michael Brasley

Amy Brasley



**FARMERS**
INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

May 24, 2018

AMY BRASLEY
3N680 E LAURA INGALLS WILDER RD
ST CHARLES IL 60175-7547

| RE: | Insured: | Amy Brasley |
|---|---|---|
| | Claim Unit Number: | 5005822339-1-1 |
| | Policy Number: | 0980361597 |
| | Loss Date: | 03/16/2015 |
| | Location of Loss: | 3n680 E Laura Ingalls Wilder Rd, ST Charles, IL |
| | Subject: | Claim Outcome Letter |

Dear Amy and Michael Brasley:

Thank you for choosing us to provide for your insurance needs. We value you as a customer and appreciate the opportunity to be of service.

You reported water damage to your windows

As we discussed on May 24, 2018, my investigation found water damage to your windows. The water damage to the interior of the windows was not caused by wind or hail damage. Your policy covers sudden, accidental, direct physical damage to your home. Unfortunately, there is no coverage for your claim based on the facts known to us at the present time.

You may wish to review these provisions of your Next Generation Homeowners Policy Illinois, 2nd Ed, as endorsed. They form the basis for our decision:

**DEFINITIONS**

...

11. **Fungus** or **fungi** - means any part or form of **fungus, fungi,** mold, mildew, spores, wet or dry rot, parasitic microorganisms, myceliel agent or fragment, scents, or mycotoxins. This includes any byproduct of any of the foregoing, whether germinated, whether forming a colony or infestation, whether aerosolized, and whether visible or not visible to the unaided human eye.

...

25. Remediate - means to:
    a. (1) decontaminate, abate, treat, contain, isolate, remove, extract, clean, mitigate, neutralize, quarantine or detoxify;
       (2) monitor, evaluate, detect, investigate, test or measure for;

KRB7B11M