**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEIMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others similarly situated; | No.: 06 C 4481 |
| Plaintiffs, | Honorable Sharon Johnson Coleman |
| v. | Class Action |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

**PLAINTIFFS' UNCONTESTED MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING SERVICE
AWARDS FOR THE CLASS REPRESENTATIVES AND OTHER RELIEF**

In accord with Federal Rule of Civil Procedure 23(e) and with the Court's February 16,

2018 Order Granting Preliminary Approval of Settlement and Conditional Certification for

Purposes of Settlement ("Preliminary Approval Order") (Doc. (675), designated representatives

of the Settlement Class, Named Plaintiffs Kent Eubank, Jerry Davis, Ricky Falaschetti, Rita

Cicinelli, Robert Josephberg, Jeffrey Acton, Kenneth Hetchman, James Neiman, Amy Chasin

and Edward Ruhnke, on behalf of themselves and others similarly situated ("Settlement Class

Representatives"), through their undersigned counsel and without opposition by Defendants,

move the Court for (1) the final approval of a nationwide class action settlement,[1] (2) the

certification of a settlement class, (3) the approval of the Class Notice and Notice Plan as

---

[1] The written, fully executed, and preliminarily approved Settlement Agreement and Release ("Settlement" or "Settlement Agreement") appears in the record at Doc. 672-1.

implemented by the Notice and Settlement Administrator, (4) the affirmation of the Court's

appointment of the Settlement Class Representatives, (5) the affirmation of the Court's

appointment of the undersigned Class Counsel, (6) the approval of service awards for the

Settlement Class Representatives, and (7) related relief.

As articulated in greater detail in Plaintiffs' Memorandum of Law in Support of Final

Approval ("Plaintiffs' Memorandum of Law"), submitted concurrently herewith, the Settlement

provides substantial relief to thousands of consumers who own or owned homes or structures

containing allegedly defective Pella ProLine brand wood casement, awning and/or transom

windows manufactured by Pella Corporation between 1991 and 2009 ("Pella ProLine Casement

Windows").  If finally approved, the Settlement creates a common fund of $25,750,000 to

compensate prior and current owners of such structures for damages they have incurred or will

incur to replace or repair eligible water-related damage to or from their Pella ProLine Casement

Windows.  Additionally, the Settlement provides that Defendants will separately pay expenses

related to effectuating and providing notice to the class in accord with the settlement notice plan

and, separately, will pay up to $9,000,000 for attorneys' fees, costs, and expenses, as approved

by the Court.

Further, as explained in more detail in Plaintiffs' Memorandum of Law, the class notice

and notice plan—as preliminarily approved by the Court and as implemented by Kurtzman

Carson Consultants LLC ("KCC"), the Court-appointed notice and settlement administrator—

were reasonable and constituted the best notice practicable under the circumstances, and

constituted the due and sufficient notice of this action and the of the Settlement, satisfying the

requirements of due process and Rule 23.  The class notice reached at least 80% of likely class

members throughout the country on average two times each, which yielded approximately 4,721

timely and already processed Claim Forms, with an additional 5,283 additional claims that have been opened by KCC and that KCC is in process of scanning and entering electronically. KCC received and processed 53 timely opt-outs. There have been 11 objections to the Settlement, which Plaintiffs address in Plaintiffs' Memorandum of Law.

Therefore, Plaintiffs request that the Court issue an order substantively similar to the proposed Final Approval Order, attached hereto as **Exhibit 1** ("Final Approval Order"), which, among other things: (1) finally approves the Settlement as fair, adequate, and reasonable; (2) certifies the Settlement Class, (3) approves the Class Notice and Notice Plan as implemented by the Notice and Settlement Administrator, (4) affirms the appointment of the Settlement Class Representatives, (5) affirms the appointment of the undersigned as Class Counsel, (6) approves the service awards for each of the Settlement Class Representatives, and (7) affording such other relief as provided in the Settlement and as the Court deems just and proper. Specifically, Plaintiffs—without objection from Defendants—request that the Court enter a Final Preliminary Approval Order that affords the following relief:[2]

1. Finally approves the Settlement and finds that the Settlement is fair, reasonable, and adequate to the Settlement Class, and that the Settlement comports with the criteria described in *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277 (7th Cir. 2002) and accords with the requirements of due process and Rule 23.

2. Finally certifies the Settlement Class, affirms the designation of the Named Plaintiffs as Settlement Class Representatives, and affirms the designation of the undersigned as Class Counsel for the Settlement Class.

---

[2] The requested relief tracks the defined terms in Sections II and VII of the Settlement.

3. Determines that the Class Notice and Notice Plan implemented for the Settlement Class Members were performed in a reasonable manner, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Lawsuit and the Settlement, and fully satisfied the requirements of due process and Rule 23 regarding Class Notice.

4. Dismisses with prejudice all claims, causes of action, and counts alleged in the Lawsuit relating to Pella ProLine Casement Windows, and incorporates by reference the releases and covenant not to sue stated in the Settlement, with each of the Parties bearing his or her own costs and attorneys' fees, except as provided in the Settlement.

5. Releases all Released Claims and permanently enjoins the Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future.

6. After having heard and considered any and all claims for attorneys' fees, costs, expenses, and disbursements by Lead Class Counsel, any Settlement Class Member's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs, and after having considered objections, responses, replies, and other pleadings or papers related to same:

    a) authorizes and directs the payment by Defendants, at the time and subject to the aggregate monetary limit set forth in the Settlement, into an account designated by Lead Class Counsel, for any such claims of attorneys' fees, costs, expenses, and disbursements approved by this Court; and

4

b)   determines the extent of Defendants' obligation for the payment of attorneys' fees, costs, expenses, and disbursements and orders that Defendants have no obligation for any attorneys' fees, costs, expenses, or disbursements to any counsel, any law firm, any party, or any Settlement Class Member beyond that awarded in the Final Approval Order and consistent with the terms of the Settlement.

7.  Authorizes and directs the payment of $23,750,000.00 by Defendants to create Fund A, at the time set forth in the Settlement, into an account identified by the Notice and Settlement Administrator, to be distributed as set forth in the Settlement.

8.  Reserves the Court's jurisdiction over the administration of the Settlement and enforcement of this Settlement.

9.  Determines that the Settlement, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption of, concession of, or an admission by any Defendant of liability or non-liability or of the certifiability or non-certifiability of a litigation class, or of any alleged misrepresentation or omission in any statement or written document approved or made by any Defendant.

10. Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely and properly requested exclusion from the Settlement Class and who, accordingly, shall neither share in nor be bound by the Final Approval Order and Judgment.

11. Permanently enjoins all Settlement Class Members and their legally authorized representatives, unless they have timely and properly excluded themselves from the Settlement Class, from:

   a) Filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims;

   b) Filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded his or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims; and

   c) Attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims.

12. Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement and all Exhibits thereto as (1) shall be consistent in all material respects with the Final

Approval Order and Judgment and (2) do not limit the rights of the Settlement

Class Members.

In addition to the pleadings and papers, extensive discovery, expert reports and opinions,

and other evidence in the record and argument to be presented to the Court, this motion is

supported by Plaintiffs' Memorandum of Law and related attachments, filed concurrently with

this motion.  As noted above, a proposed order is attached as **Exhibit 1**.

DATED:  August 20, 2018                Respectfully submitted,

*/s/ Shannon M. McNulty*
Robert A. Clifford
rac@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
(312) 899-9090

George K. Lang
langlawoffice@att.net
Lang Law Office
60 B W. Terra Cotta, No. 301
Crystal Lake, Illinois 60012
(773) 575-5848

John A. Yanchunis
JYanchunis@ForThePeople.com
Marcio W. Valladares
MValladares@ForThePeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505

Joel R. Rhine
jrr@rhinelawfirm.com
Rhine Law Firm, P.C.
1612 Military Cutoff Rd
Suite 300

7

Wilmington N.C. 28403
(910) 772-9960

Edward R. Moor
erm@moorlaw.net
Moor Law Office, P.C.
One N. LaSalle Street, Suite 600
Chicago, Illinois 60602
(312) 726-6207

## CERTIFICATE OF SERVICE

I certify that on August 20, 2018, a copy of the foregoing was filed and served on all

counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Shannon M. McNulty*
Robert A. Clifford
rac@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
(312) 899-9090