# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEIMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others similarly situated; | No.: 06 C 4481 |
| Plaintiffs, | Honorable Sharon Johnson Coleman |
| v. | Class Action |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

**PLAINTIFFS' AMENDED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING SERVICE AWARDS FOR THE CLASS REPRESENTATIVES AND OTHER RELIEF**

In accord with Federal Rule of Civil Procedure 23(e) and with the Court's February 16, 2018 Order Granting Preliminary Approval of Settlement and Conditional Certification for Purposes of Settlement ("Preliminary Approval Order") (Doc. (675), designated representatives of the Settlement Class, Named Plaintiffs Kent Eubank, Jerry Davis, Ricky Falaschetti, Rita Cicinelli, Robert Josephberg, Jeffrey Acton, Kenneth Hetchman, James Neiman, Amy Chasin and Edward Ruhnke, on behalf of themselves and others similarly situated ("Settlement Class Representatives"), through their undersigned counsel and without opposition by Defendants, move the Court for (1) the final approval of a nationwide class action settlement,[1] (2) the certification of a settlement class, (3) the approval of the Class Notice and Notice Plan as

---

[1] The written, fully executed, and preliminarily approved Settlement Agreement and Release ("Settlement" or "Settlement Agreement") appears in the record at Doc. 672-1.

implemented by the Notice and Settlement Administrator, (4) the affirmation of the Court's

appointment of the Settlement Class Representatives, (5) the affirmation of the Court's

appointment of the undersigned Class Counsel, (6) the approval of service awards for the

Settlement Class Representatives, and (7) related relief.

As articulated in greater detail in Plaintiffs' Memorandum of Law in Support of Final

Approval ("Plaintiffs' Memorandum of Law"), submitted concurrently herewith, the Settlement

provides substantial relief to thousands of consumers who own or owned homes or structures

containing allegedly defective Pella ProLine brand wood casement, awning and/or transom

windows manufactured by Pella Corporation between 1991 and 2009 ("Pella ProLine Casement

Windows"). If finally approved, the Settlement creates a common fund of $25,750,000 to

compensate prior and current owners of such structures for damages they have incurred or will

incur to replace or repair eligible water-related damage to or from their Pella ProLine Casement

Windows. Additionally, the Settlement provides that Defendants will separately pay expenses

related to effectuating and providing notice to the class in accord with the settlement notice plan

and, separately, will pay up to $9,000,000 for attorneys' fees, costs, and expenses, as approved

by the Court.

Further, as explained in more detail in Plaintiffs' Memorandum of Law, the class notice

and notice plan—as preliminarily approved by the Court and as implemented by Kurtzman

Carson Consultants LLC ("KCC"), the Court-appointed notice and settlement administrator—

were reasonable and constituted the best notice practicable under the circumstances, and

constituted the due and sufficient notice of this action and the of the Settlement, satisfying the

requirements of due process and Rule 23. The class notice reached at least 80% of likely class

members throughout the country on average two times each, which yielded approximately 4,721

timely and already processed Claim Forms, with an additional 5,283 additional claims that have been opened by KCC and that KCC is in process of scanning and entering electronically. KCC received and processed 53 timely opt-outs. There have been 11 objections to the Settlement, which Plaintiffs address in Plaintiffs' Memorandum of Law.

Therefore, Plaintiffs request that the Court issue an order substantively similar to the proposed Final Approval Order, attached hereto as **Exhibit 1** ("Final Approval Order"), which, among other things: (1) finally approves the Settlement as fair, adequate, and reasonable; (2) certifies the Settlement Class, (3) approves the Class Notice and Notice Plan as implemented by the Notice and Settlement Administrator, (4) affirms the appointment of the Settlement Class Representatives, (5) affirms the appointment of the undersigned as Class Counsel, (6) approves the service awards for each of the Settlement Class Representatives, and (7) affording such other relief as provided in the Settlement and as the Court deems just and proper. Specifically, Plaintiffs—without objection from Defendants—request that the Court enter a Final Preliminary Approval Order that affords the following relief:[2]

1. Finally approves the Settlement and finds that the Settlement is fair, reasonable, and adequate to the Settlement Class, and that the Settlement comports with the criteria described in *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277 (7th Cir. 2002) and accords with the requirements of due process and Rule 23.

2. Finally certifies the Settlement Class, affirms the designation of the Named Plaintiffs as Settlement Class Representatives, and affirms the designation of the undersigned as Class Counsel for the Settlement Class.

---

[2] The requested relief tracks the defined terms in Sections II and VII of the Settlement.

3. Determines that the Class Notice and Notice Plan implemented for the Settlement Class Members were performed in a reasonable manner, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Lawsuit and the Settlement, and fully satisfied the requirements of due process and Rule 23 regarding Class Notice.

4. Dismisses with prejudice all claims, causes of action, and counts alleged in the Lawsuit relating to Pella ProLine Casement Windows, and incorporates by reference the releases and covenant not to sue stated in the Settlement, with each of the Parties bearing his or her own costs and attorneys' fees, except as provided in the Settlement.

5. Releases all Released Claims and permanently enjoins the Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future.

6. After having heard and considered any and all claims for attorneys' fees, costs, expenses, and disbursements by Lead Class Counsel, any Settlement Class Member's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs, and after having considered objections, responses, replies, and other pleadings or papers related to same:

    a) authorizes and directs the payment by Defendants, at the time and subject to the aggregate monetary limit set forth in the Settlement, into an account designated by Lead Class Counsel, for any such claims of attorneys' fees, costs, expenses, and disbursements approved by this Court; and

4

b)  determines the extent of Defendants' obligation for the payment of attorneys' fees, costs, expenses, and disbursements and orders that Defendants have no obligation for any attorneys' fees, costs, expenses, or disbursements to any counsel, any law firm, any party, or any Settlement Class Member beyond that awarded in the Final Approval Order and consistent with the terms of the Settlement.

7.  Authorizes and directs the payment of $23,750,000.00 by Defendants to create Fund A, at the time set forth in the Settlement, into an account identified by the Notice and Settlement Administrator, to be distributed as set forth in the Settlement.

8.  Reserves the Court's jurisdiction over the administration of the Settlement and enforcement of this Settlement.

9.  Determines that the Settlement, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption of, concession of, or an admission by any Defendant of liability or non-liability or of the certifiability or non-certifiability of a litigation class, or of any alleged misrepresentation or omission in any statement or written document approved or made by any Defendant.

10. Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely and properly requested exclusion from the Settlement Class and who, accordingly, shall neither share in nor be bound by the Final Approval Order and Judgment.

11. Permanently enjoins all Settlement Class Members and their legally authorized representatives, unless they have timely and properly excluded themselves from the Settlement Class, from:

   a)  Filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims;

   b)  Filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded his or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims; and

   c)  Attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims.

12. Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement and all Exhibits thereto as (1) shall be consistent in all material respects with the Final

Approval Order and Judgment and (2) do not limit the rights of the Settlement Class Members.

In addition to the pleadings and papers, extensive discovery, expert reports and opinions, and other evidence in the record and argument to be presented to the Court, this motion is supported by Plaintiffs' Memorandum of Law and related attachments, filed concurrently with this motion.  As noted above, a proposed order is attached as **Exhibit 1**.

DATED:  August 23, 2018                    Respectfully submitted,

*/s/ Shannon M. McNulty*
Robert A. Clifford
rac@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
(312) 899-9090

George K. Lang
langlawoffice@att.net
Lang Law Office
60 B W. Terra Cotta, No. 301
Crystal Lake, Illinois 60012
(773) 575-5848

John A. Yanchunis
JYanchunis@ForThePeople.com
Marcio W. Valladares
MValladares@ForThePeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505

Joel R. Rhine
jrr@rhinelawfirm.com
Rhine Law Firm, P.C.
1612 Military Cutoff Rd
Suite 300

Wilmington N.C. 28403
(910) 772-9960

Edward R. Moor
erm@moorlaw.net
Moor Law Office, P.C.
One N. LaSalle Street, Suite 600
Chicago, Illinois 60602
(312) 726-6207

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEIMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others similarly situated; | No.: 06 C 4481 |
| Plaintiffs, | Honorable Sharon Johnson Coleman |
| v. | Class Action |
| PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation, | |
| Defendants. | |

**ORDER FINALLY APPROVING CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING SERVICE AWARDS FOR THE CLASS REPRESENTATIVES, AWARDING ATTORNEYS' FEES, COSTS AND EXPENSES AND OTHER RELIEF**

WHEREAS, on February 16, 2018, this Court preliminarily approved ("Preliminary Approval Order") (Doc. 675) the settlement between designated representatives of the Settlement Class, Named Plaintiffs Kent Eubank, Jerry Davis, Ricky Falaschetti, Rita Cicinelli, Robert Josephberg, Jeffrey Acton, Kenneth Hechtman, James Neiman, Amy Chasin and Edward Ruhnke ("Settlement Class Representatives") and Defendants Pella Corporation and Pella Windows and Doors, Inc. (collectively "Defendants") in accordance with the Settlement Agreement ("Settlement" or "Settlement Agreement") (Doc. 672-1), which together with the exhibits attached

thereto, set forth the terms and conditions for a proposed settlement of this Lawsuit and for dismissal of this Lawsuit with prejudice upon the terms and conditions set forth therein;

WHEREAS, Settlement Class Representatives, on behalf of themselves and others similarly situated ("Plaintiffs"), through their undersigned counsel and without opposition by Defendants, move pursuant to Federal Rule of Civil Procedure 23(e) for final approval of the Settlement and for other relief (Doc. _____);

WHEREAS, all defined terms herein have the same meanings as set forth in the Settlement Agreement;

WHEREAS, on September 14, 2018, the Court held a fairness hearing ("Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order;

**THE COURT HEREBY FINDS THAT:**

(1) With the able assistance and guidance of United States Magistrate Judge M. David Weisman, acting as the Court-appointed mediator, the Settlement has been negotiated by the parties at arms' length, is not collusive, and is determined to be fair, reasonable, adequate, and in the best interests of the proposed Settlement Class (as defined below);

    (a). The Settlement Agreement provides cash benefits for some or all actual expenditures and expenses necessary to address Eligible Damage to or from Windows from Fund A of the Settlement Fund, limited to the availability of amounts provided in Fund A ($23.75 Million) as set forth in the Settlement Agreement. The cash award will be for the following four categories of costs:

        i.    The cost of the product (per window or sash);

        ii.   The cost of the installation labor (per window or sash);

iii.   The cost of finishing (per window or sash); and

iv.   The cost to repair damage to other property.

(b).  For Eligible Damage repaired or replaced within 15 years after the Date of Sale, subject to certain limitations, the Settlement Agreement provides a cash award that will be up to the sum of these four categories of costs. For Eligible Damage repaired or replaced more than 15 years after the Date of Sale, subject to certain limitations, the cash award will be up to 25% of the sum of these categories.

(c).  If Fund A of the Settlement is not sufficient to pay all Eligible Claimants in the full amounts stated above, Claimants shall be paid on the Claims Payment Date on a *pro rata* basis up to the available amounts in Fund A in a manner to be determined by the Notice and Settlement Administrator.  If there are amounts remaining in Fund A after the Notice and Settlement Administrator makes awards to the Eligible Claimants pursuant to the Settlement, the amounts shall be distributed in the following order: 1) first, to reimburse Defendants for Class Notice Expenses, 2) second, to increase the recovery, on a *pro rata* basis, of those Eligible Claimants whose claims were limited to 25% of Eligible Damages, and 3) third, in a manner directed by the Court.

(d).  For Eligible Damage that manifests after the close of the Claims Period, but within the Extended Claims Period, class members may make a claim for benefits as set forth in the Settlement, to be paid from Fund B.  Pella shall reserve $2 million for Fund B.  If during the Extended Claims Period, Defendants provide benefits up to the total amount of Fund B, Defendants shall have no further obligation to provide further benefits to Settlement Class Members.        Any

3

unexpended amounts remaining in Fund B after the end of the Extended Claim Period shall revert to Pella.

(2) The Class Notice and Notice Plan—as preliminarily approved by the Court and as implemented by Kurtzman Carson Consultants LLC ("KCC"), the Court-appointed notice and class administrator—were reasonable and constituted the best notice practicable under the circumstances, and constituted the due and sufficient notice of this action and the of the Settlement, satisfying the requirements of due process and Rule 23.

**IT IS THEREFORE ORDERED THAT:**

1. The Court finally approves the Settlement and finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class; the Court further finds that the Settlement comports with the criteria described in *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277 (7th Cir. 2002) and accords with the requirements of due process and Rule 23.

2. Pursuant to Fed. R. Civ. P. 23, and for purposes of effectuating the proposed Settlement only, the Court hereby finally certifies the following settlement class ("Settlement Class"):

> All persons in the United States who are current or former owners of Structures containing Pella ProLine® brand wood casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation between January 1, 1991 and December 31, 2009 (hereinafter "ProLine casement Windows"). The Settlement Class excludes: (1) All persons who timely opt-out of the Lawsuit pursuant to the terms of the Settlement Agreement; (2) All persons who, individually or as a member of a class, have brought legal proceedings against Defendants (other than in the Lawsuit brought by the Named Plaintiffs), which, before entry of the Preliminary Approval Order in the Lawsuit brought by Named Plaintiffs, are resolved or agreed to be resolved by settlement, judgment, release, dismissal, or other final disposition resulting in the termination of the proceedings; and (3) All of Defendants' current employees.

3. Pursuant to Fed. R. Civ. P. 23, and solely for purposes of effectuating the proposed settlement, and without any bearing on any current or future litigation, the Court finds that: (a) the

4

Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Lawsuit is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Settlement Class Representatives are typical of the claims of the Settlement Class; (d) Settlement Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class, and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of separate, individual actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Lawsuit.

4. The Court affirms its prior designation (Doc. 675 at 5, ¶ 4) of Settlement Class Representatives, Kent Eubank, Jerry Davis, Ricky Falaschetti, Rita Cicinelli, Robert Josephberg, Jeffrey Acton, Kenneth Hechtman, James Neiman, Amy Chasin and Edward Ruhnke as representatives of the Settlement Class.

5. The Court affirms it prior designation (Doc. 675 at 5, ¶ 5) of Robert A. Clifford, George A. Lang, Shannon M. McNulty, John A. Yanchunis, Marcio W. Valladares, Joel R. Rhine, and Edward R. Moor as Class Counsel.

6. The Court determines that the Class Notice and Notice Plan implemented for the Settlement Class Members were performed in a reasonable manner, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Lawsuit and the Settlement, and fully satisfied the requirements of due process and Rule 23 regarding Class Notice.

5

7.   The Court dismisses with prejudice all claims, causes of action, and counts alleged in the Lawsuit relating to Pella ProLine Casement Windows, and incorporates by reference the releases and covenant not to sue stated in the Settlement, with each of the Parties bearing its, his, or her own costs and attorneys' fees, except as provided in the Settlement.

8.   All Released Claims are released by the Settlement Class; the Court permanently enjoins the Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future.

9.   After having heard and considered any and all claims for attorneys' fees, costs, expenses, and disbursements by Lead Class Counsel, any Settlement Class Member's counsel, and/or law firms who have entered appearances for Settlement Class Members or Named Plaintiffs, and after having considered objections, responses, replies, and other pleadings or papers related to same, the Court hereby:

a)   authorizes and directs the payment by Defendants, at the time and subject to the aggregate monetary limit set forth in the Settlement, into an account designated by Lead Class Counsel, for any such claims of attorneys' fees, costs, expenses, and disbursements approved by this Court regarding pending motions for attorneys' fees, cost, expenses, and disbursements; and

b)   determines the extent of Defendants' obligation for the payment of attorneys' fees, costs, expenses, and disbursements and orders that Defendants have no obligation for any attorneys' fees, costs, expenses, or disbursements to any counsel, any law firm, any party, or any Settlement Class Member beyond that awarded in this Final Approval Order and consistent with the terms of the Settlement.

10. The Court authorizes and directs the payment of $23,750,000.00 by Defendants to create Fund A, at the time set forth in the Settlement, into an account identified by the Notice and Settlement Administrator, to be distributed as set forth in the Settlement.

11. The Court reserves jurisdiction over the administration of the Settlement and enforcement of this Settlement.

12. The Court determines that the Agreement and Settlement, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption of, concession of, or an admission by any Defendant of liability or non-liability or of the certifiability or non-certifiability of a litigation class, or of any alleged misrepresentation or omission in any statement or written document approved or made by any Defendant.

13. The Court approves the Opt-Out List prepared by KCC, attached to this Order as Appendix X, and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely and properly requested exclusion from the Settlement Class and who, accordingly, shall neither share in nor be bound by this Order.

14. The Court permanently enjoins all Settlement Class Members and their legally authorized representatives, unless they have timely and properly excluded themselves from the Settlement Class, from:

a) Filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims;

b) Filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded his or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims; and

c) Attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to or arising out of the Claims and causes of action, or the facts and circumstances at issue, in the Lawsuit and/or the Released Claims.

15. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement and all Exhibits thereto as (1) shall be consistent in all material respects with the Final Approval Order and Judgment and (2) do not limit the rights of the Settlement Class Members.

16. The Court overrules the objections to the Settlement (Docs. 676, 691, 695, 702, 703, 704, 705, 706, 711, 713; Papke Objection (Exhibit B to Plaintiffs' Memorandum of Law in Support of Final Approval).

17. The Court has considered the motions for fees, costs, and expenses timely submitted by Class Counsel (Doc. 687) and other counsel of record (Docs. 683, 684, 690), the responses (Docs. 698, 697, 620), the objections, and the replies (Docs. 719, 720, 724) related to same. The Court awards attorneys' fees, costs, and expenses to _____, in the amount of $_____, comprising $_____ in fees and $_____ for reimbursement of costs and expenses.

18. The Court grants each of the Settlement Class Representatives, Kent Eubank, Jerry Davis, Ricky Falaschetti, Rita Cicinelli, Robert Josephberg, Jeffrey Acton, Kenneth Hechtman, James Neiman, Amy Chasin and Edward Ruhnke, $_____ as Service Awards, to be paid out of Fund A. The Court finds that this award is justified by the Settlement Class Representatives' service to the Settlement Class.

19. Class Counsel and the Notice and Settlement Administrator shall file a final accounting detailing the distribution of the Settlement Amount on or before [**DATE**].

20. The Court may supplement this Order as it deems necessary and appropriate, and may extend any of the deadlines set forth in this Order.

**IT IS SO ORDERED.**

DATED: _____                    _____
                                          Hon. Sharon Johnson Coleman
                                          UNITED STATES DISTIRCT JUDGE

9