# EXHIBIT C

# Data For Parcel 03-016-00-00-169-037

## Base Data

**Parcel:** 03-016-00-00-169-037
**Owner:** SHIFRIN SANFORD
**Address:** 195 BRIGHTON DR



[+] Map this property.

| Tax Mailing Address | | Owner Address | |
|---|---|---|---|
| **Tax Mailing Name:** | SHIFRIN SANFORD | **Owner Name:** | SHIFRIN SANFORD |
| **Address:** | 195 BRIGHTON DR | **Address:** | 195 BRIGHTON DR |
| **City State Zip:** | AURORA OH 44202 | **City State Zip:** | AURORA OH 44202 |

### Geographic

| | |
|---|---|
| **City:** | AURORA CITY |
| **Township:** | |
| **School District:** | AURORA C.S.D. |

### Legal

| | | | |
|---|---|---|---|
| **Legal Acres:** | 0 | **Homestead Reduction:** | YES |
| **Legal Description:** | CLUBSIDE MANOR COND #6 PHASE V | **2.5% Reduction** | YES |
| **Land Use:** | 550 - CONDOMINIUM RESIDENTIAL UNIT | **Foreclosure:** | NO |
| **Neighborhood:** | 03521 | **Board of Revision:** | NO |
| **Number Of Cards:** | 1 | **New Construction:** | NO |
| **Annual Tax (Does not include delinquencies.):** | $7,207.00 | **Divided Property:** | NO |
| **Map Number:** | | **Routing Number:** | |

Report Discrepancy

*GIS parcel shapefile last updated 8/16/2018 11:11:34 PM.*
*The CAMA data presented on this website is current as of 8/17/2018 3:41:14 AM.*

# Data For Parcel 03-016-00-00-169-037

## Sales Data

**Parcel:** 03-016-00-00-169-037
**Owner:** SHIFRIN SANFORD
**Address:** 195 BRIGHTON DR



[+] Map this property.

### Sales

| Sale Date | Sale Price | Seller | Buyer | No. Of Properties | Valid Sale | Land Only Sale | Deed Type | Conveyance Number |
|-----------|------------|--------|-------|-------------------|------------|----------------|-----------|-------------------|
| 1/17/2013 | $0.00 | SHIFRIN SANFORD & JUDITH ANN (J&S) | SHIFRIN SANFORD | 1 | UNKNOWN | N | Affidavit EX | |
| 12/18/2000 | $494,922.00 | BARRINGTON CLUSTERS LTD | SHIFRIN SANFORD & JUDITH ANN (J&S) | 1 | YES | N | | 3104 |
| 11/27/2000 | $0.00 | **PARCEL CREATED | BARRINGTON CLUSTERS LTD | 8 | YES | Y | Plat | 0 |
| 11/27/2000 | $0.00 | Unknown | **PARCEL CREATED | 1 | YES | Y | Plat | 0 |

Report Discrepancy

*GIS parcel shapefile last updated 8/16/2018 11:11:34 PM.*
*The CAMA data presented on this website is current as of 8/17/2018 3:41:14 AM.*



BONNIE M. HOWE
PORTAGE CO. RECORDER

20 1605467 ⏿18⏿

RECEIVED FOR RECORD
AT
FEE

**Open-End Mortgage**
**(Secured Personal Credit Line)**

INDEXED

388 4540

THIS INSTRUMENT SECURES LOAN ADVANCES, INCLUDING FUTURE LOAN ADVANCES, UP TO A MAXIMUM AMOUNT OUTSTANDING AT ANY TIME (THE "CREDIT LIMIT") OF $ 142,500.00 .
THIS OPEN-END MORTGAGE (this "Mortgage") is given by:

SANFORD SHIFRIN, UNMARRIED

(the "Mortgagor", whether one or more), whose address is
195 BRIGHTON DR AURORA, OH 44202                                              to    The
Huntington National Bank, a national banking association (the "Mortgagee"), whose address is Department NC1N04,
2361 Morse Road, Columbus, OH 43229.
WHEREAS , SANFORD SHIFRIN

                                                                              (the
"Borrower", whether one or more) is/are entering into or has/have entered into a Personal Credit Line Agreement and Disclosure Statement—Secured (the "Agreement") with Mortgagee, dated 04/07/2016 , for a line of credit in an amount not to exceed the Credit Limit amount shown above, which Agreement provides for Borrower to obtain loan advances thereunder from time to time during the draw period by use of certain access devices or other means (whether purchases or cash advances), and obligates Borrower to repay the loan advances according to certain payment requirements, including interest on the advances at a fixed or variable rate and other charges as set forth in the Agreement, with the unpaid balance due and payable on May 15, 2046 .

NOW, THEREFORE, IN CONSIDERATION of the Agreement and any and all indebtedness incurred thereunder and to secure to Mortgagee (a) the repayment of the indebtedness evidenced by the Agreement, or any one or more renewals, refinancings, modifications, extensions, replacements or substitutions thereof or of the terms thereof (including but not limited to any substitute or replacement credit line agreement or closed-end promissory note), including but not limited to loan advances made from time to time after this Mortgage is delivered to the County Recorder for record and regardless of whether the indebtedness secured hereby is paid in full and thereafter loan advances are made pursuant to the Agreement, and all interest and charges in connection therewith; (b) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage, including but not limited to payment of taxes, assessments, and insurance premiums; and (c) the performance of the covenants and agreements of Borrower contained in this Mortgage, in the Agreement and, if applicable, contained in a Construction Loan Agreement of same date (the "Construction Loan Agreement"), Mortgagor does hereby mortgage, grant, bargain, sell, and convey to Mortgagee, its successors and assigns, forever, the following described premises situated in PORTAGE County, Ohio:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

be the same more or less, subject to all legal highways, and together with all easements, privileges and appurtenances thereunto belonging, all estates in reversion or remainder, all rents, issues and profits arising therefrom and all improvements and fixtures of every kind, now or hereafter acquired, erected or attached to said premises (together with said premises, collectively, the "Property").

MORTGAGOR COVENANTS that Mortgagor has a good and marketable title in fee simple to the Property; that the same is free and clear from all encumbrances whatsoever except taxes and assessments payable hereafter and the balance presently due on a certain mortgage held of record by

_____ .
recorded in the Office of the County Recorder of _____ County, Ohio, mortgage records; and will warrant and defend the same with appurtenances unto Mortgagee, its successors and assigns, forever against all lawful claims and demands whatsoever, except as above noted.

OH DEED (PCL) (08/2009) Pg. 1 of 3





MORTGAGOR FURTHER COVENANTS AND AGREES:

1. To pay the obligations secured hereby as evidenced by the Agreement and, if applicable, the Construction Loan Agreement (but only for any Mortgagor who is also a Borrower), and all taxes, assessments and utilities against the Property as the same shall become due and payable; and to pay when due all other indebtedness secured by a lien upon the Property, or any part thereof, to the extent Mortgagor is obligated under the instrument of indebtedness; and to pay and properly discharge, at Mortgagor's expense, the lien of any mechanic, laborer, materialman, supplier or vendor.

2. To keep and maintain all improvements on the Property at all times in good repair and not to commit or suffer to be committed waste upon the Property. If this Mortgage is on a unit in a condominium or a planned unit development, Mortgagor shall perform all of Mortgagor's obligations under the declaration or covenants creating and governing the condominium or planned unit development, the bylaws and regulations of the condominium or planned unit development, and all constituent documents.

3. To keep the improvements on the Property insured against loss or damage by fire, windstorm, flood, and such other hazards as Mortgagee requires for the benefit of Mortgagee and the holder of any prior mortgage encumbering the Property, in the aggregate amount of the total indebtedness secured by this Mortgage and any prior mortgage, with insurance companies acceptable to Mortgagee, and to deposit with Mortgagee the policies of insurance or copies or other evidence thereof acceptable to Mortgagee. Subject to the rights of the holder of any prior mortgage, Mortgagee is hereby authorized to adjust and compromise any loss covered by such insurance, to collect the proceeds thereof, indorse checks and drafts issued therefor in its own name and/or as attorney-in-fact for Mortgagor, and to apply such proceeds as a credit upon any part of the indebtedness secured hereby, whether then due or thereafter becoming due, or to permit the use of the same for the purpose of rebuilding or repairing the improvements. Mortgagor shall name Mortgagee as an additional insured or loss payee on all such policies, which policies shall contain a 10-day written notice of cancellation clause in favor of Mortgagee.

4. To perform all the covenants on the part of Mortgagor to be performed under the provisions of this Mortgage and any prior mortgage, and upon failure of Mortgagor to perform such covenants, Mortgagee may at its option do so. Mortgagee shall have a claim against Mortgagor for all sums so paid by it for Mortgagor plus interest as hereinafter provided; it being specifically understood that although Mortgagee may take such curative action, Mortgagor's failure to comply with any of the covenants of this Mortgage or any such prior mortgage shall constitute a breach of a condition of this Mortgage.

5. To make no sale or transfer of the legal title to the Property or any equitable interest therein without obtaining prior written consent of Mortgagee. Mortgagee is under no obligation to grant consent, other than as may be required by federal law.

6. To pay Mortgagee interest at the highest rate from time to time in effect, as provided for in the Agreement, on all credit extended and all sums advanced by Mortgagee for the benefit of Mortgagor pursuant to the provisions hereof.

7. That, subject to the rights of the holder of any prior mortgage, Mortgagee is authorized to collect all damages paid and awards made as the result of the appropriation by or in lieu of eminent domain of all or part of the Property, and apply the net proceeds therefrom as a credit upon any part of the indebtedness secured hereby whether then due or thereafter becoming due.

8. That upon the occurrence of any Termination Event of Default as set forth in the Agreement, and following any notice and/or the expiration of any time period required by law, Mortgagee may declare all amounts secured by this Mortgage to be immediately due and payable without further notice or demand, and may foreclose this Mortgage by judicial proceeding in accordance with applicable law. Mortgagee shall be entitled to collect in such proceeding all costs and disbursements to which Mortgagee may become entitled by law, including but not limited to Mortgagee's attorney fees to the extent not prohibited by applicable law.

9. That upon commencement of any judicial proceeding to enforce any right under this Mortgage, the court in which such proceeding is brought, at any time thereafter, without notice to Mortgagor or any party claiming under Mortgagor (except as may be required by law), such notice being hereby expressly waived, and without reference to the then value of the Property, to the use of the Property as a homestead or to the solvency or insolvency of any person liable for the indebtedness secured hereby or other grounds for extraordinary relief, may appoint a receiver for the benefit of Mortgagee with power to take immediate possession of the Property and to manage, rent and collect the rents, issues and profits thereof, and such rents, issues and profits when collected may be applied toward the payment of any indebtedness then due and secured hereby and the payment of costs, taxes, insurance or other items necessary for the protection and preservation of the Property, including the expenses of such receivership.

10. That each of the covenants and agreements hereof shall be binding upon and shall inure to the benefit of the respective heirs, executors, administrators, successors and assigns of Mortgagor and Mortgagee. Mortgagee has the right to assign this Mortgage, and the obligations secured hereby, without notice to Mortgagor, except as may be required by law. The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located, except that if the Agreement specifies the law of a different jurisdiction as governing, such law shall be the applicable law governing the interest rate, fees, charges, and other terms of the credit transaction secured hereby. The foregoing sentence shall not limit the applicability of federal law to this Mortgage or to the obligations secured hereby. If more than one person is a Mortgagor, all covenants and agreements of Mortgagor hereunder shall be joint and several. Any Mortgagor who signs this Mortgage, but does not sign the Agreement: (a) is signing this Mortgage only to mortgage, grant, bargain, sell, and convey that Mortgagor's interest in the Property to Mortgagee under the terms of this Mortgage; (b) is not personally liable on the Agreement or, if applicable, the Construction Loan Agreement, or this Mortgage; and (c) agrees that Mortgagee and any other holder of this Mortgage may agree one or more times to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the obligations secured hereby without notice to that Mortgagor or that Mortgagor's consent and without releasing that Mortgagor or modifying this Mortgage as to that Mortgagor's interest in the Property.





11. That the Mortgagee is empowered to do all things provided to be done by a mortgagee under Section 1311.14 of the Revised Code of the State of Ohio and amendments thereto and, if applicable, under the Construction Loan Agreement.

12. That this Mortgage shall remain in full force and effect notwithstanding one or more renewals, refinancings, modifications, extensions, replacements, or substitutions of the Agreement or of the terms thereof (including but not limited to any substitute or replacement credit line agreement or closed-end promissory note) and notwithstanding the fact that any such renewals, refinancings, modifications, extensions, replacements, or substitutions of the Agreement or of the terms thereof may be evidenced by a document or documents signed and dated after the date of this Mortgage or the recording of this Mortgage.

13. That no delay by Mortgagee in the exercise of any of its rights hereunder shall preclude the exercise thereof so long as Mortgagor is in default hereunder, and no failure of Mortgagee to exercise any of its rights hereunder shall preclude the exercise thereof in the event of a subsequent default by Mortgagor hereunder. Mortgagee may enforce any one or more of its rights or remedies herein successively or concurrently. If the lien of this Mortgage is invalid or unenforceable as to any part of the obligations hereby secured or as to any part of the Property, the unsecured or partially secured portion of the obligations shall be completely paid prior to the payment of the secured or partially secured portion of the obligations hereby secured. In the event any provision of this Mortgage is deemed invalid or unenforceable for any reason, such invalidity shall not affect the other provisions of this Mortgage, which shall be deemed severable and shall remain in full force and effect.

PROVIDED ALWAYS that these presents are upon the following conditions: That upon payment in full of all amounts secured by this Mortgage, including but not limited to payment in full of all indebtedness incurred under the Agreement or any renewals, refinancings, modifications, extensions, replacements or substitutions thereof or of the terms thereof, and, if applicable, the Construction Loan Agreement, and provided that Borrower is permanently unable to obtain further loan advances under the Agreement and Borrower has returned all access devices to Mortgagee, including but not limited to any credit cards or unused checks, all outstanding checks, credit card purchase tickets, or other items have been paid, and upon performance by Mortgagor of all of Mortgagor's covenants and agreements contained in this Mortgage, then this Mortgage shall be void and Mortgagee shall release this Mortgage without charge to Mortgagor, except that Mortgagor shall pay the cost of recording any release or satisfaction of this Mortgage.

MORTGAGOR AND ANY MORTGAGOR'S SPOUSE who signs this Mortgage (whether or not such spouse is named in this Mortgage as a Mortgagor) do hereby waive, remise, release, and forever quitclaim unto Mortgagee any homestead or other exemption rights with respect to the Property and all rights of dower in and to the Property.

IN WITNESS WHEREOF, this Mortgage has been executed at __Aurora O__ this __7__ day of __April__, 20__16__.


SANFORD SHIFRIN

STATE OF OHIO,
COUNTY OF __Portage__ SS:

The foregoing instrument was acknowledged before me this __7__ day of __April__, 20__16__

by __SANFORD SHIFRIN, UNMARRIED__

This Instrument Prepared By and Return to:
The Huntington National Bank
P.O. Box 122620-SW30
Covington, KY 41012-9956
Christina Davis


Notary Public

TIFFANY HARRIS
Notary Public, State of Ohio
My Commission Expires June 13, 2016
Recorded in Portage County

30660771404360  04/07/2016 - 12:20:42
OH DEED (PCL) (08/2009) Pg. 3 of 3

**EXHIBIT A**

THE FOLLOWING DESCRIBED PREMISES: SITUATED IN THE CITY
OF AURORA, COUNTY OF PORTAGE, AND STATE OF OHIO:
AND KNOWN AS BEING UNIT NO. 6 IN CLUBSIDE MANOR
CONDOMINIUM, PHASE NO. V, AS ESTABLISHED BY THE
FOURTH AMENDMENT TO DECLARATION RECORDED AS
INSTRUMENT NO. 200025763 IN VOLUME 585, PAGE 053 OF THE
PORTAGE COUNTY RECORDS, AND DRAWINGS AS SHOWN BY
CONDOMINIUM PLAT VOLUME 2000-85, ET SEQ. OF THE
PORTAGE COUNTY RECORDS, THE ORIGINAL DECLARATION OF
CONDOMINIUM OWNERSHIP (DECLARATION) AND BY LAWS
BEING ESTABLISHED AND RECORDED BY RECORDERS
INSTRUMENT NO. 200009379 OF THE PORTAGE COUNTY
RECORDS AND DRAWINGS AS SHOWN BY THE ORIGINAL
CONDOMINIUM PLAT RECORDED IN PLAT VOLUME 2000-25 ET
SEQ. OF PORTAGE COUNTY RECORDS. WITH ADDITIONAL
AMENDMENTS, IF ANY, TOGETHER WITH AN UNDIVIDED
PERCENTAGE INTEREST IN AND TO ALL THE COMMON AREAS
AND FACILITIES APPURTENANT TO SAID UNIT AS SET FORTH IN
THE DECLARATION, AS THE SAME MAY BE AMENDED FROM
TIME TO TIME, WHICH PERCENTAGE SHALL AUTOMATICALLY
CHANGE IN ACCORDANCE WITH THE AMENDMENTS TO THE
DECLARATION AS THE SAME ARE FILED OF RECORD PURSUANT
TO THE PROVISIONS OF SAID AMENDMENTS AND WILL ATTACH
TO THE COMMON ARES AND FACILITIES IN THE PERCENTAGES
SET FORTH IN SUCH AMENDMENTS TO THE DECLARATION,
WHICH PERCENTAGES SHALL AUTOMATICALLY BE DEEMED TO
BE CONVEYED EFFECTIVE ON THE RECORDING OF EACH SUCH
AMENDMENTS TO THE DECLARATION AS THOUGH CONVEYED
HEREBY, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL
LEGAL HIGHWAYS.
TOGETHER WITH AND SUBJECT TO ALL RIGHTS, DUTIES,
EASEMENTS, RESERVATIONS, LIMITATIONS, RIGHTS-OF-WAY,
CONDITIONS AND RESTRICTIONS CONTAINED IN THE
DECLARATION, AMENDMENTS THERETO, ALLOTTED DRAWINGS
AND BYLAWS REFERRED TO ABOVE AND INCORPORATED
HEREIN AS THOUGH SET FORTH IN FULL. RESERVING UNTO THE
GRANTORS, ITS SUCCESSORS AND ASSIGNS, THE RIGHT TO
SELL, LEASE OR ENCUMBER THE REMAINING UNITS, AND
UNDIVIDED PERCENTAGE INTERESTS IN THE COMMON AREAS
AND FACILITIES AND LIMITED COMMON AREAS IN SAID
CONDOMINIUM PROPERTY.
THIS BEING THE SAME PROPERTY CONVEYED TO SANFORD
SHIFRIN, DATED 11/22/2000 AND RECORDED ON 12/18/2000 IN
INSTRUMENT NUMBER 200027229, IN THE PORTAGE COUNTY
RECORDERS OFFICE.

PARCEL NUMBER: 03-016-00-00-169-037
2309392
Address: 195 BRIGHTON, AURORA,OH