**U.S. District Court for the Northern District Illinois Eastern Division**

FILED SEP 17 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

2018 SEP 17 AM 10: 28
CLERK U.S. DISTRICT COURT

```
************************************************************
EUBANK, ET AL.              *
        Plaintiffs.         *   CASE NO. 1:06 –CV-04481
                            *
vs.                         *   OBJECTION TO SETTLEMENT
                            *
PELLA CORPORATION, ET AL.,  *
        Defendant.          *
************************************************************
```

OBJECTION IS MADE to the terms of the proposed settlement agreement in the above-encaptioned class-action lawsuit, for the following reasons:

1) The reduced payout of 25% of costs and expenses in the event the damaged windows have been replaced, or still need to be replaced, 15 years after date of sale is objected to because it is an arbitrary and capricious time-frame, and because it may result in a reduced payout to me that will result in less than what I have already paid, out-of-pocket, to replace damaged windows, and I have only replaced less than half of the total number of windows that are damaged in my home.

2) The damaged Pella windows in my home would have been replaced sooner than the 15 year time-frame that is denoted in the settlement agreement, if the settlement in the class action would have occurred sooner.

3) The damaged Pella windows in my home could have been replaced sooner, also, if the law firm that represents the class members would have responded to my inquiries.

4) The cost of the replaced Pella windows is less than what would have been put in my home if the class-action would have settled sooner, or the law firm for the class members would have responded to my inquiries. Because the cost of replacing the windows was being borne by myself, and I did not know the status of the lawsuit, less expensive windows were put in to replace the damaged Pella windows, in order to reduce the out-of-pocket expenses.

Dated this 18th day of June, 2018.

*Tamara Lee* (signature)
Tamara Lee
31089 451st Ave.
Gayville, SD 57031
(605) 267-2067
Class Member

Date: September 10, 2018
To: Hon. Sharon Coleman
U.S. District Court Judge, Northern Dist. of Illinois
219 S. Dearborn St.
Chicago, IL. 60604
CC: Robert A. Clifford; and John P. Mandler
From: Tamara Lee, Class Member

RE: Eubank, et al. v. Pella Corporation, et al.; Case No.: 1-06 –CV-04481
Objections to Settlement Agreement


Hon. Sharon Coleman:

An Objection to Settlement was filed in this matter on my behalf, and is attached for your reference.

Initially, I planned on attending the upcoming hearing on September 14, 2018; but, due to the costs of airfare and hotel, as well as the uncertainty of whether I would be allowed to speak at the hearing since I did not make that formal request in my Objections, I opted to explain the substance of my objections to you via this correspondence.

First, the part of the settlement that states the payout will be reduced to 25% of costs and expenses if it has been 15 years since the date of sale, has a negative impact on me. However, if the first settlement attempt would have been done fairly, I would be within that 15 year time-period. So it is unjust to impose the financial penalty on me, a home owner with moldy Pella windows, because of the unfairness of the first attempted settlement. Also, after learning (via the Internet) that the first law firm was no longer representing the plaintiffs, I had to research to find out who the new plaintiff's attorney's were. After finding out who the firm was, I attempted on several different occasions to contact them, but they never responded to my phone calls or emails. If they had done so, and answered my questions about the status of the case, I could have replaced the windows prior the 15-year timeframe. Again, it would be unjust to impose the financial penalty on me when I tried to contact the law firm for the plaintiffs and find out what was going on with the case.

The windows I have replaced the moldy Pella windows with are a less expensive design than the type I originally had installed. I had to do something due to the mold, and since this was an out-of-pocket expense, I went with the less expensive design. If I had known that the settlement was going to help pay for replacement of the windows, I would have gone with the same design I had originally installed.

All I am asking to receive from this settlement is the out-of-pocket costs of replacing the mold-laden Pella windows in my home. To-date, the cost I have incurred for the windows is: $4,595.83; and the labor cost we have calculated is: $3,000.00. The estimate to replace the remaining windows, plus labor, is: $21,452.13. This is a grand total of: $29,047.96. Under the existing settlement agreement, I would only receive 25% of my costs. This is unfair, as I am the one that has had to deal with all the mold and the burden of replacing the Pella windows.

Thank you for your consideration.