IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEIMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others similarly situated,<br><br>       *Plaintiffs*,<br><br>v.<br><br>PELLA CORPORATION and PELLA WINDOWS AND DOORS, INC.,<br><br>       *Defendants*. | No.: 06 C 4481<br><br>Hon. Sharon Johnson Coleman |

### THEODORE FRANK'S OPPOSITION TO
### PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

  Three months after the deadline for objecting to Mr. Frank's attorney's fees request, one month after the deadline to submit motions for final approval, and two weeks after the fairness hearing in this case, Class Counsel have returned to this Court with "supplemental authority" that, they say, demonstrates Mr. Frank is not entitled to attorney's fees for his successful efforts on appeal. That success resulted in reversal of the "inequitable" and "scandalous" settlement initially negotiated in this case, and paved the way for the vastly improved settlement now before the Court. *Eubank v. Pella Corp.*, 753 F.3d 718, 721 (7th Cir. 2014).

  The deadline for submitting this authority has long since passed, and it is irrelevant in any event. It does nothing to undermine Mr. Frank's entitlement to a fee award, and indeed Class Counsel ***do not cite a single case*** to even attempt to demonstrate relevance. Under controlling precedents, when an objector "persuade[s] the judge to disapprove" a deficient settlement "and

as a consequence a settlement more favorable to the class is negotiated and approved, the objectors will receive a cash award that can be substantial." *Eubank*, 753 F.3d at 720. By that standard, Mr. Frank is entitled to an award of attorney's fees. *See In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 748 (7th Cir. 2011).

## ARGUMENT

I.    **Class Counsel's Motion Is Untimely**

Class Counsel could have submitted the purported evidence attached to their motion long ago. For that fundamental reason their motion must be denied. *See Milligan v. Bd. of Trs., S. Ill. Univ.*, No. 09-cv-320, 2010 WL 4818387, at *1 (S.D. Ill. Nov. 16, 2010) (denying motion for leave to submit supplemental authority that "represent[ed] no ***new*** proposition of law and no ***new*** application of fact necessary or helpful to the resolution of this case" (emphasis added)). Indeed, Class Counsel fail not only to claim that they could not have located the attachments to their motion prior to the final fairness hearing on September 14, 2018; they do not even state that they ***had not*** located these documents by then. The Frank Declaration submitted by Class Counsel dates to 2015, *see* Dkt. 743-4—three years before the briefing on attorneys' fees in this case. And the *Edelson* offer of judgment became publicly available no later than September 4, 2018, Dkt. 743-2—over one week before the fairness hearing in this case. Class Counsel give no reason why these papers could not have been submitted with their earlier filings or, at the very least, before the fairness hearing. Their failure to do so is particularly egregious because Class Counsel were very aware of the *Edelson* case, given their efforts to make it relevant both in briefing on attorneys' fees, *see* Dkt. 698 at 16 (discussing *Edelson* case), and in their failed attempt to depose Mr. Schulz, *see* Dkt. 718. The Court should deny their motion on that basis alone. *Cf. United States v. Harris*, No. 99-3257, 2000 WL 1657963, at *2 (7th Cir. Nov. 3, 2000) ("sole purpose" of supplemental authority letter "is to bring to our attention pertinent

2

authorities *that were not previously available*" (emphasis added)); *PFS Distrib. Co. v. Raduechel*, 574 F.3d 580, 588 n.2 (8th Cir. 2009) (notification of supplemental authorities should "consist of intervening decisions or new developments" (quotation marks omitted)).

## II. The Supplemental Authority Is Irrelevant

Regardless of the timing, Class Counsel's proffered authorities have no bearing on Mr. Frank's entitlement to attorney's fees in this case. As one court stated in the appellate context, the submission of supplemental authorities "is not to be used as a vehicle to bombard [the] Court with distracting and irrelevant documents." *Rep. of Ecuador v. Chevron Corp.*, 638 F.3d 384, 388 n.2 (2d Cir. 2011). "[D]istracting and irrelevant" is precisely what these "new" authorities are; they do nothing to undermine Mr. Frank's entitlement to fees.

For example, Class Counsel invoke a Rule 68 offer of judgment in an unrelated case to attack Christopher Bandas, Mr. Frank's co-counsel in representing Objector Schulz. Dkt. 743 ¶¶ 4-9. But Mr. Bandas's offer of judgment *was not accepted*, *see* Plaintiff's Response to Defendants' Motion for Entry of Judgment at 1, *Edelson PC v. The Bandas Law Firm PC*, No. 16-cv-11057 (N.D. Ill. filed Sept. 12, 2018) (Dkt. No. 115), and Rule 68 makes clear that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs," Fed. R. Civ. P. 68(b). In other words, an unaccepted offer of judgment under Rule 68 is evidence of nothing at all.

More fundamentally, whatever the allegations in the *Edelson* complaint say of **Mr. Bandas's** conduct in **other cases**, they say **nothing** of **Mr. Frank's** advocacy in **this case**. And Mr. Frank's advocacy in this case—and the merits of Mr. Schulz's objection to the prior settlement—were vindicated by the Seventh Circuit's decision reversing the district court's

approval of the "scandalous" and "inequitable" settlement that the parties reached initially. *Eubank*, 753 F.3d at 721.[1]

Class Counsel's reliance on the three-year-old Frank Declaration is also misplaced. Class Counsel argue that the declaration reveals "self-dealing" between Mr. Frank and Mr. Bandas. Dkt. 743 ¶12. If the Court accepts this late submission, we encourage the Court to read the declaration in its entirety; it reveals no such thing. In fact, Mr. Frank's declaration made clear that he eschewed the very objector model that Class Counsel now criticize—the practice of appealing approval of a class settlement not to vindicate the rights of an aggrieved class, but to extract payment from the settling class members in exchange for dismissing the appeal. *See, e.g.*, Dkt. 743-4 ¶¶4, 16-18, 24, 33, 52, 69, 71, 73, 77, 80, 82, 84; *In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 744 (7th Cir. 2018) (noting Mr. Frank's "Center for Class Action Fairness 'does not seek to obtain payments for withdrawing objections and appeals to settlement approvals'").[2] Nor does it matter that Mr. Bandas paid Mr. Frank independently of the fee award that Mr. Frank now seeks. *See Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, Nos. 07-cv-2898, 09-cv-2026 , 2012 WL 651727, at *15 (N.D. Ill. Feb. 28, 2012) (awarding common-fund attorneys' fees to class counsel who had been previously paid by third party); *see also*

---

[1] Class Counsel continue to maintain that Mr. Lang was responsible for the appellate success. As Mr. Frank has explained elsewhere, Mr. Lang was at most a joint cause of the appellate success alongside Mr. Frank. And Mr. Frank's fee request already takes account of Mr. Lang's efforts; Mr. Frank seeks only half the fees attributable to the appellate effort.

[2] There is irony in Class Counsel's attack on Mr. Frank's ethics. In this case, Mr. Frank was the **only** attorney who **did not** offer to dismiss his appeal in exchange for payment from the conflict-ridden class counsel that negotiated the initial settlement. *See* Pet. for Rehr'g at 12-13 & n.6, *Eubank v. Pella Corp.*, No. 13-2091 (7th Cir. June 16, 2014), Doc. 98-1. Even Mr. Lang, who Class Counsel praise, apparently sought such payment and was willing to relinquish his challenge to a "scandalous" and "inequitable" settlement for the right price. *Id.* "Only Ted Frank did not make these demands." *Id.*

*Fairley v. Patterson*, 493 F.2d 598, 605-06 (5th Cir. 1974) (court properly awarded attorneys' fees where attorneys had already received compensation from tax-free foundation).

Ultimately, when an objector's efforts yield a better deal for the class, the objector is entitled to compensation. *Eubank*, 753 F.3d at 720. That is true where, as here, the successive efforts of multiple parties were a joint cause of the improved value. *Trans Union*, 629 F.3d at 747-48. And any such fee award should approximate the fee paid on the open market in an *ex ante* negotiation. Under those principles, Mr. Frank is entitled to his requested attorney's fee. Nothing in Class Counsel's "new" authorities changes that.

## CONCLUSION

The Court should deny Class Counsel's motion.

Dated: October 1, 2018

Respectfully submitted,

*/s/ Thomas J. Wiegand*
Thomas J. Wiegand
MoloLamken LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 450-6703 (telephone)
(312) 450-6701 (facsimile)
twiegand@mololamken.com

Eric R. Nitz
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2021 (telephone)
(202) 536-2021 (facsimile)
enitz@mololamken.com

*Attorneys for Theodore Frank*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 1, 2018, I filed with the Clerk of the Court for the Northern District of Illinois the foregoing Opposition to Plaintiffs' Motion for Leave To Submit Supplemental Authority using the CM/ECF System, which will effect service on all registered parties.

/s/ *Thomas J. Wiegand*