IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEIMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> PELLA CORPORATION and PELLA WINDOWS AND DOORS, INC., <br><br> *Defendants*. | No.: 06 C 4481 <br><br> Hon. Sharon Johnson Coleman |

### THEODORE FRANK'S RESPONSE TO
### PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

Theodore Frank opposes Plaintiffs' Motion for Leave to Submit Supplemental Authority, Dkt. 754, and Ron Pickering's Joinder, Dkt. 756, to the extent those filings demand that Frank withdraw his fee application and that Michael Schulz and Ted Frank withdraw their objection and response to Class Counsel's fee request.

First, nothing in the *Edelson* order requires withdrawal of Frank's fee petition (Dkts. 683, 720) or Frank's and Schulz's objection and response to Class Counsel's fee request (the "Fee Response") (Dkt. 701). The order states that it requires withdrawal of objections filed by the *Edelson* defendants—the Bandas Law Firm and a few others. Dkt. 754-1 ¶6.[1] Frank is not a

---

[1] Bandas did file an objection to the second settlement in this case. *See* Dkt. 695 (Objection of Donald Tucker). Frank takes no position on the fate of that objection.

party in *Edelson*, nor is he named in the order, nor does the order reach back and require the retroactive withdrawal of objections that have been upheld by a court of appeals and are no longer at issue. Frank's pending fee application and the Fee Response were filed by undersigned counsel. Without citation to any evidence, Plaintiffs assert that Bandas "caused" those papers "to be filed." Dkt. 754 ¶5. That is not true. Frank seeks attorneys' fees on his own behalf. Frank did not file a joint petition with Bandas and Bandas did not cause Frank to file the fee request in this Court. So too with the Fee Response. (Indeed, Bandas's current client, Tucker, is adverse to Frank's interests, by filing an objection that may delay resolution of the settlement. *See* p.1, n.1, *supra*.)

To be sure, Frank's agreement with Bandas required Frank to share a portion of any attorneys' fee award that might result from the successful appeal of an objection to the original settlement that Bandas filed. Dkt. 683 at 11 n.7. Frank's representation of Schulz in 2014 indeed was successful in appealing the denial of that objection. That successful appeal does not in any way equate to Bandas having "caused" Frank's recent filing seeking fees or the Fee Response. Both of those filings relate to attorneys' fees being paid from the second, successful settlement—the one made possible by Frank's advocacy on behalf of Schulz in the Seventh Circuit. As Frank explained in his fee application, his efforts on appeal were a but-for cause of that settlement. *Id.* at 8-11. At most, the only effect of the *Edelson* order on Frank or Schulz is to forbid Bandas from sharing in any fees awarded to Frank.

Second, even if the *Edelson* order were worded so that it applied to Frank's fee petition, it could not impair Frank's rights or his entitlement to attorneys' fees in *this* case because Frank was not a party in *Edelson*. Nor did he receive notice and an opportunity to be heard before the *Edelson* order issued. The order cannot bind Frank or any other non-party. To deny Frank

2

attorneys' fees on that basis would violate due process. *See, e.g.*, *Phillips Petro. Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

Finally, there is of course some irony in Plaintiffs' and Pickering's strategy of attempting to tie Frank to abusive objection practices. As Frank explained in his fee application, the Seventh Circuit agreed with his arguments. Dkt. 683 at 3-7. There is nothing abusive about a successful objection: "[A]ppellate correction of a district court's errors is a benefit to the class." *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000). Especially *this* objection and appeal, which unquestionably benefitted the class to the tune of millions of dollars. Dkt. 683 at 7. And, as Frank has previously explained, he was the *only* attorney representing an appellant in this case who was unwilling to "sell" the appeal for his own personal gain— something not true of either the Plaintiffs' or Pickering's attorneys, who *did* attempt to reach a *quid quo pro* agreement to drop their appeals in exchange for personal payment. *See* Dkt. 746 at 4 n.2. *Compare Pearson v. Target Corp.*, 893 F.3d 980 (7th Cir. 2018) (dispute over appeal dismissed by objector represented by Pickering's attorney without benefit to the class); Frank's Mem. in Support of Mot. to Disgorge Side Payments, *Pearson v. NBTY, Inc.*, No. 11-cv-7972, Dkt. 384 (N.D. Ill. filed Oct. 4, 2018) (same); Notice of Appeal, *Pearson v. NBTY, Inc.*, No. 11-cv-7972, Dkt. 289 (N.D. Ill. filed Sept. 23, 2016) (notice of appeal filed by Pickering's attorney in this case). That practice has been roundly criticized as detrimental to the class. *See, e.g.*, *Vollmer v. Selden*, 350 F.3d 656, 660 (7th Cir. 2003). Only Frank refused to engage in it here.

Dated: February 12, 2019            Respectfully submitted,

                                         */s/ Thomas J. Wiegand*
Thomas J. Wiegand
MoloLamken LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 450-6703 (telephone)
(312) 450-6701 (facsimile)
twiegand@mololamken.com

Eric R. Nitz
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2021 (telephone)
(202) 536-2021 (facsimile)
enitz@mololamken.com

*Attorneys for Theodore Frank*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed on February 12, 2019 the foregoing document, using the CM/ECF System, which will effect service on all parties.

/s/ *Thomas J. Wiegand*