**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

KENT EUBANK, JERRY DAVIS,
RICKY FALASCHETTI, RITA CICINELLI,
ROBERT JOSEPHBERG, JEFFREY ACTON,
KENNETH HECHTMAN, JAMES NEWMAN,          No.: 06 C 4481
AMY CHASIN and EDWARD RUHNKE,
individually and on behalf of all others          Hon. Sharon Johnson Coleman
of all others similarly situated;
                                                 Class Action
                              Plaintiffs,

v.

PELLA CORPORATION, an Iowa corporation,
and PELLA WINDOWS AND DOORS, INC., a
Deleware Corporation

                              Defendants.

_____

**OBJECTING CLASS MEMBER DONALD TUCKER'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

Objecting class member Donald Tucker opposes class counsels' motion for leave to submit

supplemental authority and their request that Mr. Tucker's objection and associated pleadings be

withdrawn. The order referenced by class counsel in *Edelson PC v. The Bandas Law Firm, et al*.

is currently before Judge Pallmeyer in a motion to correct the order. Exhibit 1, Motion to Correct

Order of January 17, 2019, 1:16-cv-11057, Dkt. 180. That motion deals directly with the parties'

agreement about the scope of the order and the extent to which it applies to this proceeding. *Id*.

Class counsel should not be heard to litigate collaterally the motion seeking to correct an order

pending in Judge Pallmeyer's court by seeking a premature order in this Court. *See McCall-Bey v.*

*Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985) (injunction should be "summarily enforceable through contempt or other supplementary proceedings *in the court that issued the injunction*") (emphasis added); *Edelson PC v. The Bandas Law Firm*, No. 1:16-cv-11057, Dkt. 178 at 3 ("Without affecting the finality of this judgment, the Court retains jurisdiction to enforce the injunction set forth herein"). This Court should await the outcome of the motion before Judge Pallmeyer, and any resulting appeal, before entertaining the relief sought by class counsel.

The Court should also not indulge class counsels' attempt to link Mr. Tucker's or Mr. Schulz's objections here to broader allegations in *Edelson PC v. The Bandas Law Firm*. Christopher Bandas was admitted *pro hac vice* in this matter on March 4, 2013. Dkt. 336.[1] He has worked together with local counsel on behalf of both Michael Schulz and Donald Tucker. And, Mr. Bandas' representation of Mr. Schulz played a role in reversal of the prior unfair settlement. *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Class counsels' suggestion that Mr. Schulz's objection was improper is refuted by the fact that the Seventh Circuit agreed with it.

Nor can any legitimate argument can be made that Mr. Tucker's objection to the latest settlement is anything less than meritorious. Without delving into the merits again, class counsel were reduced to misleading the Court about the supposed absence of a clear-sailing provision (Dkt. 688 at 19, 22-23; Dkt. 672-1 at 33, ¶ 6.02) and blatantly misrepresenting Mr. Tucker's testimony in countering his objection. Dkt. 738-1 at 1-4.

---

[1] To the extent there is any ambiguity in Mr. Bandas's appearance on behalf of Mr. Tucker, Mr. Bandas, contemporaneous with this response, is filing an entry of appearance based on the Court's prior admission *pro hac vice*. Dkt. 336.

Besides Mr. Tucker's objection, the Court should also not order Mr. Schulz's objection or fee motion withdrawn in light of the motion for correction pending before Judge Pallmeyer.[2] Further, as noted by Mr. Frank, nothing in the order requires the retroactive withdrawal of objections that have been upheld by a court of appeals and are no longer at issue.

## CONCLUSION

Objecting class member Donald Tucker thus requests that the Court deny class counsels' motion for leave to submit supplemental authority. The Court should await final disposition of motion for correction of the order in the *Edelson PC v. The Bandas Law Firm* before considering any of the relief requested by class counsel.

DATED:  February 12, 2019                    Respectfully submitted,

*/s/ Jonathan P. Novoselsky*
Johnathan P. Novoselsky
Jonathan Novoselsky, P.C.
330  Waukegan Road
Glenview, IL 60025
312-286-8429

s/ *Christopher A. Bandas*
Christopher A. Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401
361-558-3527
361-558-3527
Admitted *Pro Hac Vice*, March 4, 2013

***Attorneys for Objecting Class Member Donald Tucker***

---

[2] Though no actual conflict exists between Mr. Schulz and Mr. Tucker because they both share a mutual interest in obtaining the best settlement possible (Dkt. 738-1 at 3), they expressly waived any potential conflict. *Id.* (citing Dkt. 735-5 at 55-57).

**CERTIFICATE OF SERVICE**

The undersigned certifies that today he filed the foregoing Response and associated exhibit

on ECF which will send electronic notification to all attorneys registered for ECF-filing.


DATED:  February 12, 2019


/s/ *Jonathan P. Novoselsky*
Johnathan P. Novoselsky