IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEIMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> PELLA CORPORATION and PELLA WINDOWS AND DOORS, INC., <br><br> *Defendants*. | No.: 06 C 4481 <br><br> Hon. Sharon Johnson Coleman |

**THEODORE FRANK'S ADDITIONAL RESPONSE TO
PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

Pursuant to this Court's February 13, 2019 Order (Dkt. 760), and in addition to Theodore Frank's Response to Plaintiffs' Motion for Leave To Submit Supplemental Authority filed on February 12, 2019 (Dkt. 757), Theodore Frank hereby files this additional response to the supplemental authority attached to Plaintiffs' February 5, 2019 motion (Dkt. 754).

Plaintiffs' supplemental authority is a January 17, 2019 Order signed by Judge Rebecca Pallmeyer in *Edelson PC v. The Bandas Law Firm PC*, No. 1:16-cv-11057 (N.D. Ill.) (the "Edelson Order"). As set forth in Frank's February 12 filing before this Court (Dkt. 757), none of Frank's filings are subject to the Edelson Order—not Frank's fee petition (Dkts. 683, 720); not Frank's and Schulz's objection and response to Class Plaintiffs' fee request (the "Fee Response") (Dkt. 701); and not Frank's opposition to an earlier request by Class Plaintiffs' for

leave to file supplemental authority (Dkt. 746). All of those documents were filed by undersigned counsel, not Bandas.

Moreover, Judge Pallmeyer herself has since made clear that applications for attorneys' fees in this case do not fall within the scope of the Edelson Order. On February 13, 2019, Judge Pallmeyer heard argument on a motion filed by Bandas in the *Edelson* case. (A transcript of the argument is attached as Exhibit 1.) Bandas sought to modify the Edelson Order so that he would not have to withdraw the objection to the second settlement agreement in this case, which he filed on behalf of Donald Tucker and which is currently pending before the Court. Judge Pallmeyer denied Bandas's motion. Tr., Ex. 1 at 12:23. Further, Frank has no involvement with the Tucker objection and, as explained in his initial response, he takes no position on whether the Edelson Order requires Bandas to withdraw the Tucker objection.

During the hearing on Bandas' motion in *Edelson*, Judge Pallmeyer also made clear that the Edelson Order has no impact on the question of attorneys' fees in this case: "If the issue here is, can Mr. Bandas get his fees in the *Pella* window case, I don't think I'm talking about that." Tr., Ex. 1 at 8:15-17. "[I]f you're talking about fees in *Pella* windows," Judge Pallmeyer continued, "if that's the concern, I don't have a problem with allowing him [Bandas] to recover his fees in the *Pella* windows case." *Id.* at 9:15-18. Thus, in addition to the important due process violation that would occur if the Edelson Order were to affect Frank's fee petition (Dkt. 757 at 2-3), Judge Pallmeyer has stated that the Edelson Order does not extend to the question of fees arising from efforts to overturn the first settlement agreement. Finally, if this Court has any concern over fees being paid to Bandas from Frank's fee award, Frank of course will comply with this Court's direction.

Dated: February 19, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Thomas J. Wiegand*
　　　　　　　　　　　　　　　　　　　　Thomas J. Wiegand
　　　　　　　　　　　　　　　　　　　　MoloLamken LLP
　　　　　　　　　　　　　　　　　　　　300 North LaSalle Street
　　　　　　　　　　　　　　　　　　　　Chicago, IL  60654
　　　　　　　　　　　　　　　　　　　　(312) 450-6703 (telephone)
　　　　　　　　　　　　　　　　　　　　(312) 450-6701 (facsimile)
　　　　　　　　　　　　　　　　　　　　twiegand@mololamken.com

　　　　　　　　　　　　　　　　　　　　Eric R. Nitz
　　　　　　　　　　　　　　　　　　　　MoloLamken LLP
　　　　　　　　　　　　　　　　　　　　The Watergate, Suite 660
　　　　　　　　　　　　　　　　　　　　600 New Hampshire Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20037
　　　　　　　　　　　　　　　　　　　　(202) 556-2021 (telephone)
　　　　　　　　　　　　　　　　　　　　(202) 536-2021 (facsimile)
　　　　　　　　　　　　　　　　　　　　enitz@mololamken.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Theodore Frank*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed on February 19, 2019 the foregoing document with the Clerk of Court, using the CM/ECF System, which will effect service on all parties.

/s/ *Thomas J. Wiegand*

# Exhibit 1

```
         IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

EDELSON PC, an Illinois         )
professional corporation,       )
individually and on behalf      )  Docket No. 16 C 11057
of all others similarly         )
situated,                       )
                                )
              Plaintiff,         )
                                )
         vs.                     )
                                )
THE BANDAS LAW FIRM PC, et      )
al.,                            )  Chicago, Illinois
                                )  February 13, 2019
              Defendants.        )  8:57 a.m.


           TRANSCRIPT OF PROCEEDINGS - Motion
       BEFORE THE HONORABLE REBECCA R. PALLMEYER

APPEARANCES:

For the Plaintiff:          EDELSON PC
                            BY:  MR. ALEXANDER G. TIEVSKY
                                 MR. RYAN D. ANDREWS
                            350 North LaSalle Street, Suite 1300
                            Chicago, Illinois  60654


For the Defendants          FALKENBERG IVES LLP
Christopher Bandas and      BY:  MR. DARREN VAN PUYMBROUCK
The Bandas Law Firm:        30 North LaSalle Street, Suite 4020
                            Chicago, Illinois  60602

                            NORMAN HANSON DeTROY LLC
                            BY:  MR. ROBERT P. CUMMINS
                                 (Telephonically)
                            Two Canal Plaza, P.O. Box 4600
                            Portland, Maine  04112

Court Reporter:             FRANCES WARD, CSR, RPR, RMR, FCRR
                            Official Court Reporter
                            219 S. Dearborn Street, Suite 2144D
                            Chicago, Illinois  60604
                            (312) 435-5561
                            frances_ward@ilnd.uscourts.gov
```

```
 1              THE CLERK:  16 C 11057, Edelson versus The Bandas
 2    Law Firm on a motion.
 3              MR. TIEVSKY:  Good morning, your Honor.
 4              Alexander Tievsky.  I'm here with Ryan Andrews for
 5    the plaintiff.
 6              THE COURT:  Good morning.
 7              MR. VAN PUYMBROUCK:  Good morning, your Honor.
 8              I'm Darren Van Puymbrouck here on behalf of the
 9    defendants.  And my cocounsel, Mr. Robert Cummins, will be
10    appearing by telephone.
11              MR. CUMMINS (Telephonically):  Hello.
12              THE COURT:  Good morning, Mr. Cummins.
13              I think we are here on --
14              MR. CUMMINS:  Hello.
15              THE COURT:  Good morning, Mr. Cummins
16              We are here on a motion --
17              MR. CUMMINS:  Good morning.
18              THE COURT:  -- to amend the judgment order.
19              As of yesterday, I think both sides filed
20    additional briefs.
21              I guess, tell me what the significance of this
22    mistake or difference of opinion is.
23              MR. TIEVSKY:  Sure.  The difference of opinion is
24    that we think that we all agreed that Mr. Bandas would
25    withdraw his pending objections in Illinois state and federal
```

1   court.  That's within the document.  That's what was agreed
2   to.
3           They came back later, after they realized that it
4   would require them to withdraw an objection in the *Pella*
5   windows case, also in this building in front of
6   Judge Coleman, and they decided they didn't want to do that.
7   So they are asking to change the order to apply to only two
8   cases instead of all of the cases like we agreed upon.
9           THE COURT:  Out of curiosity, is your office
10  counsel in that case, the *Pella* window case?
11          MR. TIEVSKY:  We are not.
12          MR. CUMMINS:  Judge, I'm sorry to interrupt, but
13  that's the problem when you are doing this.  But I think
14  there is a couple of really fundamental things here that
15  there really should be no confusion, because I know that
16  before that final document with the admission was handed to
17  you, there were seven lawyers or so in that witness room that
18  had agreed on what took place.
19          And it's probably all right.  I kick myself in the
20  pants now, because when -- after the hearing in front of your
21  Honor on January 17th, a couple of hours later I sent the
22  Edelson folks a draft order.  It was plain and simple.  And,
23  in fact, I asked Darren to bring a copy of it to court if you
24  would be interested in seeing it.  It was plain and simple.
25  It dealt with the issues before your Honor in your case.

1       When we got into that room -- and you will recall
2 you stopped by essentially to get us focused on putting a
3 final order together -- there was a laundry list of things
4 that they had there that they didn't include in it -- in
5 their draft, a provision for exempting cases.
6       And what happened in the course of the discussion
7 was, Mr. Edelson and Mr. Bandas spoke to each other
8 about parting ways and no longer cross paths and all that
9 sort of thing.
10       The deal was that, therefore, Mr. Bandas, with the
11 approval of his clients, would withdraw any objection from
12 any Edelson case. And those were the two cases that were
13 supposed to have been put in there when Ms. Ventura was good
14 enough to be typing things up. I don't know what happened.
15 I mean, during that meeting there were six or seven lawyers.
16       And frankly, I got involved in this thing just a
17 few days before I appeared before you, and I got involved
18 with the singular purpose of ending the litigation and
19 getting Mr. Bandas back on the road to recover his
20 reputation.
21       And he added this -- you know, he was willing to
22 agree with Mr. Edelson that he wouldn't be involved in those
23 other two cases. It was an oversight that that wasn't
24 included in the final judgment.
25       THE COURT: But, Mr. Cummins -- I'm sorry to

1    interrupt you -- but it can't just be -- it can't be that
2    Mr. Bandas was concerned only about his reputation vis-à-vis
3    Edelson.  That can't be.
4                MR. CUMMINS:  Oh, no, Judge.  Of course not.  He
5    wasn't.  No.
6                THE COURT:  So the concern -- do you agree with
7    Mr. Tievsky that the objection that was filed in the *Pella*
8    window case is of a similar nature to the ones that generated
9    this litigation?
10               MR. VAN PUYMBROUCK:  I would --
11               MR. CUMMINS:  Judge, here's the problem.  I don't
12   know a whole lot about it, but I know this:  The objection in
13   which -- as I understand it, the objection in which
14   Mr. Bandas participated had to do with the original case --
15   and this was like, you know, a quick learning for me -- had
16   to do with the original settlement that was approved by
17   Judge Zagel and reversed rather solemnly by the Seventh
18   Circuit.
19               As I understand it, the issue before the Court in
20   the *Pella* case was whether or not the lawyers who
21   participated in getting the case reversed in the first
22   instance in the Seventh Circuit before it came back to the
23   current settlement was whether they are entitled to fees.  It
24   was not -- it's my understanding it was not the same kind of
25   thing.

1    And, Judge, the fact of the matter was, if I were
2    to press and you would have entered the order that I
3    submitted initially, none of this would have been involved --
4    it wouldn't have involved any other cases, and it should not
5    have.
6            The deal that Mr. Bandas and Mr. Edelson cut was a
7    deal that they allowed that so that they would not cross
8    paths again.  It wasn't because Mr. Bandas did something
9    wrong in those other two cases.  It was that they were
10   parting ways.  And those two cases should have been there.
11           There is no basis to say that any other case that
12   Mr. Bandas would have been involved in -- now I'm not
13   speaking with knowledge.  But there certainly was no generic
14   combination of his conduct across the board in every case he
15   has ever been involved in.
16           THE COURT:  Mr. Cummins, your posture when you came
17   into this case was not, we want to resolve whatever
18   differences there may be in this nasty dispute between Bandas
19   and Edelson.  Your posture was that Mr. Bandas was not going
20   to be engaged in the conduct that generated this litigation.
21           MR. CUMMINS:  That's right.
22           THE COURT:  That's what makes this -- that's the
23   significance of this case.
24           And Mr. Bandas and you and Mr. Van Puymbrouck had
25   ample opportunity to review the language of that order before

1    I signed it.
2             The notion that it came as a surprise that the
3    *Pella* window case was somehow neglected or forgotten does not
4    sound compelling to me.  I don't see any reason that I should
5    be altering the order that the parties agreed to.  I didn't
6    draft it.  It was submitted to me.
7             MR. CUMMINS:  Judge, if I might?
8             The *Pella* window case didn't even come up in
9    discussions.  There was no reason to be talking about the
10   *Pella* window case when we were back in that witness room.
11            What happened was -- the only reason those other
12   two Edelson cases came up was because Bandas and Edelson
13   decided this was the way for them to part ways.
14            And you're right.  I was not championing any
15   position taken by Mr. Bandas.  I was -- the reason I filed
16   that motion was to end the litigation and to have Mr. Edelson
17   stand in front of you, as he did, and acknowledge his need to
18   get straightened out in his current situation.
19            THE COURT:  Mr. Bandas.
20            MR. VAN PUYMBROUCK:  Mr. Bandas, yes.
21            THE COURT:  Mr. Bandas.
22            And that's why I asked whether the nature of the
23   objection that he filed in the *Pella* windows case was akin to
24   the one that generated the controversy that's before me.
25            MR. VAN PUYMBROUCK:  Can I speak to that just for a

1 second?

2 THE COURT: Sure.

3 MR. VAN PUYMBROUCK: It's not. It's not. It's a
4 very different case.

5 First of all, Mr. Bandas was admitted *pro hac* in
6 the *Pella* case. And the *Pella* case is one in which the
7 objection was initially overruled by the trial court, went up
8 on appeal, was reversed by Posner. And now there is a
9 petition for an attorney fee award to Mr. Bandas and his
10 cocounsel in that case.

11 There is a second iteration of *Pella*. I'll stop
12 there.

13 MR. TIEVSKY: That's not an accurate statement of
14 what happened.

15 THE COURT: If the issue here is, can Mr. Bandas
16 get his fees in the *Pella* window case, I don't think I'm
17 talking about that.

18 I thought the order simply prohibits him from doing
19 what he has been doing that's been the subject of the Court's
20 opinion.

21 MR. VAN PUYMBROUCK: With regard to not filing a
22 *pro hac* and not appearing in the case. And in the *Pella* case
23 which preceded all this --

24 THE COURT: Also making what are arguably -- and I
25 don't want to go too far down this road -- extortionate

1    objections.

2         MR. VAN PUYMBROUCK:  No.  But, Judge,
3    Judge Posner actually --

4         THE COURT:  Understood.  I know that case.

5         MR. VAN PUYMBROUCK:  Okay.

6         THE COURT:  Judge Posner felt that the class
7    representation had been mishandled.  Again, for the record,
8    not Mr. Edelson's firm involved, as I understand it.

9         MR. VAN PUYMBROUCK:  Right.

10        THE COURT:  The nature of the concern here was what
11   I believe -- putting what went on in *Pella* windows aside --
12   what I believed were objections for purposes no other than,
13   give me some money.  That's what it seemed like.  That's what
14   it appears, from the surface of this, what was going on.

15        Now, with respect to *Pella* windows -- if you're
16   talking about fees in *Pella* windows -- if that's the concern,
17   I don't have a problem with allowing him to recover his fees
18   in the *Pella* windows case.

19        What I do have a problem with is Mr. Bandas'
20   decision to say, okay, I won't do this kind of stuff in any
21   case where Edelson might catch me, but otherwise I'm going to
22   go right ahead and do it, which I understand Mr. Cummins
23   acknowledged was not the right way for him to proceed.

24        MR. VAN PUYMBROUCK:  And that's not what we are
25   saying, Judge.

```
1              MR. CUMMINS:  Judge --
2              MR. VAN PUYMBROUCK:  I apologize.
3              MR. CUMMINS:  Excuse me.  Darren, excuse me one
4   second.
5              MR. VAN PUYMBROUCK:  Sure.
6              MR. CUMMINS:  Judge, there is not a moment that I
7   would endorse a darn thing that you found or my client found.
8   None of that is appropriate or proper.
9              When Mr. Bandas contacted me, I told him precisely
10  the way this had to go down was not one more act of -- any
11  time that you have characterized or my client has
12  characterized that we are being pursued by Mr. Bandas again,
13  because that is exactly what your order contemplates.
14             And I'm not here with Darren asking you to give him
15  a pass on any kind of conduct.  He is not getting that.
16             In fact, the next challenge I had with him
17  was (unintelligible).
18             THE COURT REPORTER:  I'm sorry.  I can't understand
19  you.
20             MR. CUMMINS:  The fact is --
21             THE COURT:  Mr. Cummins, it's really -- we are
22  having a lot of difficulty understanding you.
23             But let me just say this.
24             MR. CUMMINS:  I'm sorry.
25             THE COURT:  And I know my court reporter, who's
```

1  much better at this than I am, is struggling with it, too.
2       Let me just say this.  Again, if we are talking
3  about fees in *Pella* window, then maybe you should talk with
4  Mr. Tievsky and his colleagues about that.
5       If you are talking about some kind of an alteration
6  to this judgment order so that all it does is make sure that
7  Edelson doesn't complain again, then I'm not altering the
8  order for that.
9       MR. VAN PUYMBROUCK:  Can I speak to that just one
10 second, Judge?
11      And I apologize.  I'm sorry we are back in before
12 you.
13      THE COURT:  I am, too.
14      MR. VAN PUYMBROUCK:  We thought this was all behind
15 us.  And I appreciate that.
16      The order is very clear that, going forward,
17 whether it's in the *Edelson* case or the *Clifford* case or any
18 case, Mr. Bandas has to follow the rules that are set forth
19 in terms of appearing, getting *pro hac*, any settlements that
20 are going to be brought before the court.  That doesn't
21 change.
22      It was the currently pending cases that were
23 discussed between the principals, Mr. Edelson and Mr. Bandas.
24 And Mr. Bandas said, these are -- this deal is only with
25 regard to your cases, isn't it, Mr. Edelson?  And Mr. Edelson

1  said, absolutely.  We want to get rid of you.  We don't want
2  to see you.
3           THE COURT:  That's not the way you drafted the
4  order.  You had a chance to review it.  Mr. Cummins did.
5  Mr. Tievsky did.
6           MR. VAN PUYMBROUCK:  We made a mistake.  The
7  lawyers made a mistake, Judge.  We did.
8           MR. TIEVSKY:  There was no mistake.
9           MR. VAN PUYMBROUCK:  Yes, it was, Judge.  I made a
10 mistake.  We did.
11          THE COURT:  But the Edelson people are saying, no,
12 this was what we intended.
13          MR. VAN PUYMBROUCK:  That apparently is what they
14 intended.  That's not what we understood.
15          And remember, Judge, we were many iterations back
16 and forth.
17          THE COURT:  In that case, it's a mistake of fact.
18          MR. VAN PUYMBROUCK:  It's a mistake of drafting.
19 We did not intend that Paragraph 6 would apply to currently
20 pending cases not in which Edelson was class counsel.
21          THE COURT:  Sir, the language is very clear.
22          MR. VAN PUYMBROUCK:  I agree.  I agree.
23          THE COURT:  This motion is denied.
24          MR. VAN PUYMBROUCK:  We made a mistake, Judge.
25          MR. TIEVSKY:  Your Honor, may I clarify one thing

1    in case there is an appeal?
2            THE COURT:  Sure.
3            MR. TIEVSKY:  There is a document that has my
4    signature on it.  It's Exhibit 2 on Docket 183.  I did not
5    sign that document.
6            MR. VAN PUYMBROUCK:  Your Honor, with regard --
7            THE COURT:  Who signed it?
8            MR. TIEVSKY:  It was a draft, and
9    Mr. Van Puymbrouck put my signature upon it.
10           MR. VAN PUYMBROUCK:  Not intentionally, your Honor.
11           MR. TIEVSKY:  I think it was unintentional, but I
12   want it to be clear that I didn't sign the document.
13           MR. VAN PUYMBROUCK:  Your Honor, may I just one
14   more second?
15           THE COURT:  Sure.
16           MR. VAN PUYMBROUCK:  So with regard to the *Pella*
17   case, because Edelson --
18           THE COURT:  If you want to talk with the Edelson
19   people about the *Pella* case and if you want to carve out
20   something about fees in that case, I would consider this.
21   But the idea that this language of all other pending cases
22   was a mistake, I can't accept that.
23           MR. TIEVSKY:  Thank you, your Honor.
24           MR. VAN PUYMBROUCK:  We will submit another order
25   to you, your Honor.

1                THE COURT:  Why don't you talk with counsel about
2     that.
3                Thank you.
4                          *   *   *   *   *
5     I certify that the foregoing is a correct transcript from the
      record of proceedings in the above-entitled matter.
6
7     /s/ Frances Ward_____February 14, 2019.
      Official Court Reporter
8     F