IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENT EUBANK, JERRY DAVIS, RICKY FALASCHETTI, RITA CICINELLI, ROBERT JOSEPHBERG, JEFFREY ACTON, KENNETH HECHTMAN, JAMES NEWMAN, AMY CHASIN and EDWARD RUHNKE, individually and on behalf of all others of all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Deleware Corporation <br><br> Defendants. | No.: 06 C 4481 <br><br> Hon. Sharon Johnson Coleman <br><br> Class Action |

**OBJECTING CLASS MEMBER DONALD TUCKER'S RESPONSE TO
SUPPLEMENTAL AUTHORITY AND WITHDRAWAL OF OBJECTION**

On February 13, 2019, Judge Pallmeyer held a hearing on the motion to correct the January 17, 2019 order in *Edelson PC v. The Bandas Law Firm PC et al*, 1:16-cv-110-57 as it relates to this case. *See* Exhibit 1. Judge Pallmeyer verbally denied the motion during the hearing. *Id.* at 12; *see also* Dkt. 184. To comply with the January 17, 2019 order, Mr. Bandas and local counsel Jonathan Novoselsky, on behalf of and in consultation with his client Donald Tucker, unconditionally withdraw the objection of Donald Tucker and associated filings. Dkt. 695, 738, 747.

1

During the February 13th hearing, Judge Pallmeyer qualified that with respect to Mr. Bandas's role in the Seventh Circuit's reversal of the first settlement, "[i]f the issue here is, can Mr. Bandas get his fees in the Pella window case, I don't think I'm talking about that." *Id*. at 8. "[I]f you're talking about fees in Pella windows – if that's the concern, I don't have a problem with allowing him to recover his fees in the Pella windows case." *Id.* at 9. Thus, Judge Pallmeyer clearly indicated the order does not preclude Mr. Bandas's recovery of fees as petitioned for in the Motion for Attorneys' Fees filed by Theodore Frank. Dkt. 683.

Although Mr. Tucker understands his withdrawal of the objection is unconditional, he reminds the Court of its independent fiduciary duty to protect the best interests of the class. *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 279-80 (7th Cir. 2002). He remains convinced that the latest proposal, which punishes class members for delay from the prior "scandalous" settlement by limiting their recovery to 25% or less, disserves those interests.[1] In pushing this deal, class counsel lied that the settlement doesn't include a clear-sailing provision for their $9 million in fees, when it does,[2] and then used that false premise to distinguish Seventh Circuit authority rejecting similar arrangements. Dkt. 688 at 19, 22-23; Dkt. 672-1 at 33 ¶ 6.02. Class counsel also structured the settlement so that any reduction in fees won't benefit the class even though Judge Posner specifically identified this as a defect in the last settlement. *Eubank v. Pella*, 753 F.3d 718, 723 (7th Cir. 2014); *see also Pearson*, 772 F.3d at 786; *but see Martin v. Reid*, 818 F.3d 302, 309 (7th Cir. 2016) (failing to address *Pearson*, *Redman*, or *Eubank*).

---

[1] Though no actual conflict exists between Mr. Schulz and Mr. Tucker because they both share a mutual interest in obtaining the best settlement possible, they expressly waived any potential conflict.

[2] "Defendants will not object to or oppose an aggregate and total recovery of up to and including nine million U.S. dollars ($9 Millions) for all attorneys' fees, costs, expenses, and disbursements incurred." Dkt. 672-1, at 33.

In the face of clear sailing on $9 million in fees,[3] the parties deliberately submitted a class notice with pages of confusing descriptions of recoveries, and with more sections (30) than the last (27) which Judge Posner found excessive. *Eubank v. Pella*, 753 F.3d 718, 726 (7th Cir. 2014). The result was an even lower claims rate than the previously rejected settlement. Dkt. 735-1 at 3 (10,000 claims filed from this settlement); *Pella*, 753 F.3d at 726 (total of 12,163 claims filed). Perhaps most disturbing, a 1% claims rate ostensibly requires a *pro rata* reduction of settlement benefits. Dkt. 732 at 28-29. That means the parties were expecting even less class participation! *Cf. Rubio-Delgado v. Aerotek, Inc.*, No. 13-CV-03105-SC, 2015 WL 3623627, at *7 (N.D. Cal. June 10, 2015) (denying approval where parties sought "to inflate the appearance of an adequate *pro rata* settlement amount").

Class counsel cannot explain why members with a date of sale before March 2003 should receive 25% or less of what other members receive when the delay was the fault of Pella and prior class counsel. Nor should it be ignored that the $23.5 million Fund A is about how Pella valued the last rejected settlement ($22.5 million). *Pella*, 753 F.3d at 726.

To go along with these inequities, the class representatives were promised a disproportionate $25,000 each. In the aggregate, the representatives take 1% of the gross fund, far above the norm. *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 CV -2898, 2012 WL 651727, at *17 (N.D. Ill. Feb. 28, 2012). Notwithstanding Mr. Tucker's withdrawal of his objection, the Court would be remiss to ignore the clear sellout of the absent class members'

---

[3] Pella didn't just acquiesce. It affirmatively argued, though subtly, in favor of class counsels' proposed $9 million. Dkt. 732 at 34 ("a conservative estimate of the contemplated attorneys' fee as a percentage of total recovery is less than 30%[;] calculating a 28.1% recovery by failing to exclude administration expenses that come out of Fund A).

interests for an uncontested $9 million to class counsel and $25,000 each to the class representatives.

Finally, even though class counsels' obligation is to represent the best interests of Mr. Tucker and the rest of the class rather than sell them out for a meager benefit and $9 million fee, they continue to smear Mr. Tucker personally. Dkt. 753 at 3 (falsely claiming Mr. Tucker waged a bet for financial gain). There is no evidence of any impropriety by Mr. Tucker. He was a member of the class. He prepared his own objection before contacting Mr. Bandas. Mr. Bandas would not have known that Mr. Tucker was a member of the class unless objector Mr. Tucker made initial contact with him. And, their representation agreement only provided a service fee of $5,000 if the objection were successful. Mr. Tucker was never offered nor did he accept any fee as incentive to raise an objection to the current settlement that is as flawed as the previously reversed settlement and for which class counsel seeks an uncontested $9 million fee. Considering class counsels' lawyering did nothing to bring about the exit of Mr. Tucker's bona fide objection in this case, to then disparage Mr. Tucker---a New York attorney for 27 years with no disciplinary record and an innocent objector in this case---only further shows that class counsel will stop at nothing to satisfy their pecuniary interests. Additionally, nothing in Judge Pallmeyer's order purports to impute Ms. Bandas's conduct in other cases to Mr. Tucker.

Class counsel have distorted Mr. Tucker's deposition testimony to suggest he objected for financial gain. But, he was adamant that he was not in it for money:

> A. I never said that it was just me that I was concerned about. I'm concerned about the other 650,000 people that won't be submitting claims. I'm concerned about my neighbor, who I -- who I've offered to assist in filling out the claims form, and they said, for what, 400 bucks? I'm concerned about my friend who lives in Lancaster, New York, who says why am I going to fill out this claim form, it's going to take me more time than it's worth. Those are the people that I'm concerned about. I just don't care about myself.

4

Dkt. 735-5 at 136.

> Q. Is it your position that the parties in this case have created a selfish deal?
>
> A. Yes.
>
> Q. And how so?
>
> A. Because I think the defendant is paying a lot less than they should be paying in order to settle this case. I think the attorneys are getting a lot more than they should be, if the settlement numbers are what I may think they will come out to be. I think the class representative getting $25,000 is ridiculous. That's selfish. So yeah, I think there's a lot of indications that this is a settlement that benefits everybody but the class.

Dkt. 735-5 at 154.

Mr. Tucker's objection is withdrawn unconditionally to comply with Judge Pallmeyer's order. But Mr. Tucker reminds the Court that this settlement is no more deserving of approval than the last inequitable arrangement which the Seventh Circuit cast aside.

DATED: February 19, 2019                    Respectfully submitted,

/s/ *Jonathan P. Novoselsky*
Johnathan P. Novoselsky
Jonathan Novoselsky, P.C.
330 Waukegan Road
Glenview, IL 60025
312-286-8429
872-228-8085 – fax

s/ *Christopher A. Bandas*
Christopher A. Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401
361-558-3527
361-558-3527
Admitted *Pro Hac Vice*, March 4, 2013

***Attorneys for Objecting Class Member Donald Tucker***

6

## CERTIFICATE OF SERVICE

The undersigned certifies that today he filed the foregoing Response and Withdrawal of Objection and associated exhibit on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED:  February 19, 2019

                                               /s/ *Jonathan P. Novoselsky*
                                               Johnathan P. Novoselsky