

FILED
6/1/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS RIVA, et. al., | : | CASE NO. 1:06-CV-04481 |
| Plaintiff, | : | HON. SHARON JOHNSON COLEMAN |
| v. | : | |
| PELLA CORPORATION, et. al., | : | |
| Defendant. | : | |

MOTION OF ELIZABETH L. ROGERS, TO FILE PRO SE, AS MEMBER OF CLASS COVERED BY THE MARCH 15, 2019 ENTRY FINALLY APPROVING THE CLASS SETTLEMENT FOLLOWING THE FEBRUARY 16, 2018 ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT, FOR THE PURPOSE OF OBJECTING TO FURTHER CONTINUANCES AND DELAY IN DISBURSEMENT TO HER AND OTHERS OF THE SETTLEMENT PROCEEDS.

---

Now comes Elizabeth L. Rogers, and moves for the Court to approve her appearance pro se, and states that she was a purchaser of defective Proline Casement windows from Pella Coporation who submitted her claim with all required supporting documentation to the Settlement Claims Administrator prior to the June 20, 2018 deadline for submission of claims.

Elizabeth Rogers was given written notice by the Administrator that final approval of the settlement was set for hearing on September 14, 2018.

Elizabeth Rogers *never received any* notice from the Claims Administrator, or Plaintiff's class counsel, of any further action, delay or continuance of the settlement from then to the present.

The Court finally approved the settlement on March 15, 2019. On September 1, 2019 a motion was made by plaintiffs' counsel for further time to make distribution. The Court granted same on September 4, 2019 extending time to December 16, 2019. On December 16, 2019 plaintiffs' counsel requested and the Court granted an extension to February 14, 2020. On February 19, 2020 plaintiffs' counsel reported further work had to be done on the claims and the Court allowed an extension of time to April 20, 2020.

Apparently due to the coronavirus pandemic the Court has vacated the April 20, 2020 hearing.

Elizabeth Rogers wishes to strenuously object to any further delay in ordering disbursement of funds to claimants such as herself whose claims have been properly documented and attested to about two years ago. The coronavirus pandemic and the economic burden it is causing the general public and to Elizabeth Rogers and other claimants should spur the opposite result from continuance, and is a reason to expedite and speed up disbursement. The pandemic should not prevent the Court from conducting a hearing by telephone conference call. The Court could, at least, order disbursement of the funds to claims already verified. Even if there could possibly be other claims untimely made at this late date, the Court could order a reserve retained for any such claims.

Respectfully submitted,

*[signature]*

Elizabeth L. Rogers
4048 Tralee Drive
Lake Wales, FL 33859
419-708-3315
Lynrogers63@gmail.com

CERTIFICATE OF SERVICE

I hereby certify this Motion to Appear Pro Se has been filed by email with the Court pursuant to the Court's Fourth Amended General Order 20-0012 and service presumably will be made upon all counsel for plaintiffs and defendants by the Court's electronic service system this 31 day of May, 2020.

_____
Elizabeth L. Rogers